William N. Hebert (SBN 136099)
CALVO & CLARK, LLP
One Lombard Street
San Francisco, California 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

Charles L. Babcock, Texas SBN 01479500
*Admitted Pro Hac Vice*
Amanda L. Bush, Texas SBN 24042161
*Admitted Pro Hac Vice*
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

ATTORNEYS FOR DEFENDANTS
MARK CUBAN AND DALLAS
BASKETBALL, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD ROE, RICHARD ROE, II and DON A. NELSON, Individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOE, MARK CUBAN, an individual; and DALLAS BASKETBALL, LTD., a partnership, and DOES 1 through 10,<br><br>Defendants. | ) | Civil Action No. 3:09-CV-682 ECF<br><br>**DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL, LTD.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants Mark Cuban and Dallas Basketball, Ltd. ("Defendants") and respectfully file their First Amended Answer to Plaintiff Don A. Nelson's First Amended Complaint for Damages, and in support thereof, show the Court as follows:

## I. PARTIES

1. Defendants admit that Plaintiff Don A. Nelson ("Plaintiff") is an individual and admit upon information and belief that Plaintiff is a citizen of California.

2. Defendants admit that Defendant Mark Cuban resides in and is a citizen of Texas.



Dockets.Justia.com

3. Defendants admit that Defendant Dallas Basketball, Ltd. is a limited partnership but otherwise deny the remaining allegations in paragraph 3. Defendant Dallas Basketball, Ltd. is organized under the laws of the State of Texas and is a citizen of Texas. All of its partners reside in a state other than California and are citizens of states other than California.

4. Defendants admit that Defendants John Doe and Does 1 through 10, inclusive, are allegedly unknown and have been sued by Plaintiff under fictitious names. Defendants are without information sufficient to form a belief as to the truth of the allegations in the remaining sentences in paragraph 4, and therefore they are denied.

5. Deny.

## II. JURISDICTION AND VENUE

6. Deny. This case has been removed to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332(a) and 1441(a) because diversity jurisdiction exists over this action. There is complete diversity between Plaintiff and Defendants in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embraces the District Court of the State of California for Alameda County, the forum in which the removed action was pending.

## III. GENERAL ALLEGATIONS

7. Defendants admit that Nelson has been the General Manager and Head Coach for the Dallas Mavericks (the "Club"), a basketball franchise in the National Basketball Association,

[1] The citizenship of "John Doe" defendants sued under fictitious names is disregarded for purposes of diversity under 28 U.S.C. § 1441(a).

but deny the remaining allegations in the first sentence of paragraph 7. Defendants admit the allegations in the second sentence but deny the allegations in the third sentence of paragraph 7.

8. Defendants admit that Nelson's employment contract with the Club provided that he perform coaching and General Manager duties for the Dallas Mavericks through June 30, 2006 and that Nelson was to thereafter perform five years of consulting services for the Club. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that Nelson earned certain deferred compensation as coach and General Manager for the Club in the amount of approximately $9 million to be paid in periodic payments from the year 2003 through the year 2012 but deny the remaining allegations in the second sentence of paragraph 9.

10. Defendants admit that the Club and Nelson agreed that Nelson would step down as Coach and General Manager of the Club and that Nelson would continue to be paid as if he were still acting as Coach and General Manager. Defendants admit that there was no written amendment to the written contract to reflect the agreement.

11. Defendants deny the allegations in the first, second, and third sentences and admit the allegations in the fourth sentence of paragraph 11.

12. Defendants admit the allegations in the first sentence and deny the allegations in the second and third sentences of paragraph 12.

13. Defendants deny the allegations in the first sentence of paragraph 13. Defendants admit that the Club's CFO asked Nelson whether he would be interested in taking less than the payments scheduled under his employment agreement. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that Nelson expressed interest in a lump sum, accelerated, discounted payment of $500,000. Defendants admit that the employment agreement provided

that Nelson would be paid $1 million for consulting services and deny the remaining allegations in paragraph 14.

15. Defendants admit that the Club's CFO sent Nelson a proposed agreement reflecting a settlement, denominated the Sixth Amendment to the employment agreement, but deny the remaining allegations of the first sentence of paragraph 15. Defendants admit that the Sixth Amendment provided that Nelson was going to perform consulting services for the Club for five years in exchange for a lump sum, accelerated, discounted payment.

16. Defendants admit that no settlement agreement was reached, but deny the remaining allegations in paragraph 16.

17. Defendants deny the allegations in the first sentence of paragraph 17.

A. Defendants admit that the discussion was initiated by the Club's CFO but denying the remaining allegations in paragraph 17A.

B. Deny.

C. Deny.

D. Deny.

E. Deny.

18. Defendants admit that the Club did not make payments to Nelson on July 30, 2006 and August 15, 2006. Defendants admit that sometime in August, 2006, the Club received notice of an alleged breach of Nelson's contract. Defendants deny the remaining allegations in paragraph 18.

19. Defendants deny that they breached the contract or that Nelson was free to obtain alternative employment. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore they are denied.

20. Defendants admit that the Club withheld Nelson's consulting payments and deferred compensation as of August 30, 2006 but otherwise deny the remaining allegations in paragraph 20.

21. Defendants admit that the deferred compensation payments were for services performed by Nelson from July 1, 1998 through June 30, 2006 and were for amounts earned by Nelson but deny the remaining allegations in paragraph 21.

22. Defendants admit that the Club withheld deferred compensation payments and that Nelson filed an arbitration claim, but deny the remaining allegations in paragraph 22.

23. Defendants admit that Nelson's arbitration claim received great national and worldwide attention and publicity and became a matter of heightened public scrutiny, but deny the remaining allegations in paragraph 23.

24. Defendants admit that Cuban appeared on the Murph & Mac Show in order to promote his appearance on the television show, "Dancing with the Stars." Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations in the first and second sentences of paragraph 25. Defendants are without information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 25, and therefore they are denied.

26. Deny.

27. Deny.

28. Deny.

29. Defendants deny the allegations in the first sentence of paragraph 29.

A. Deny.

B. Defendants admit that the Club's CFO asked Nelson whether he would be interested in taking less than the payments scheduled under his employment agreement, but deny the remaining allegations in paragraph 29B.

C. Deny.

D. Deny.

E. Deny.

F. Deny.

G. Deny.

H. Deny.

I. Deny.

J. Deny.

K. Deny.

L. Deny.

M. Deny.

30. Deny.

31. Defendants admit that the arbitrator determined Nelson's claim against the Club and the Club's counterclaim in favor of Nelson and ordered that Nelson be paid the deferred compensation as well as costs and attorneys' fees. Defendants admit that the arbitrator held that the Club breached the agreement. Defendants deny the remaining allegations in paragraph 31.

32. Deny.

33. Deny.

## IV. CAUSE OF ACTION FOR DEFAMATION

34. Defendants admit that Plaintiffs incorporated and re-alleged the facts stated in Paragraph 1 through 33.

35. Deny.

36. Deny.

## V. PRAYER FOR RELIEF

Defendants deny the allegations contained in Plaintiff's WHEREFORE clause.

## VI. DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff has demanded a trial by jury and Defendants likewise demand a trial by jury as to all genuine issues of material fact.

## VII. AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint is a meritless Strategic Lawsuit Against Public Participation under California Code of Civil Procedure § 425.16.

2. Plaintiff's First Amended Complaint, and each and every cause of action set forth therein fails to state a claim upon which relief can be granted.

3. The complained of statements are literally or substantially true.

4. Some or all of complained of statements are opinion, rhetoric, and/or hyperbole and therefore are not actionable under the United States Constitution, Article I Section 2(a) of the California Constitution and the common law.

5. Some or all of the complained of statements are not of and concerning the Plaintiff.

5. The complained of statements are not capable of defamatory meaning.

6. Plaintiff is an all-purpose, or at the very least a limited purpose, public figure.

7. Under the First Amendment to the United States Constitution as well as Article I Section 2(a) of the California Constitution Plaintiff cannot recover in this case unless he proves by clear and convincing evidence that the complained of statements are: (i) false, and (ii) made

by Defendants with "actual malice" as that term has been defined by United States and California Courts.

8. The statements were not published with the requisite degree of fault required by California and federal Constitutional and common law.

9. Plaintiff's claims are barred because the alleged injuries to the Plaintiff and his damages, if any, are due solely to other causes of matters which are not related to Defendants' statements, actions, acts, operations or conduct.

10. Pursuant to Section 461 of the California Code of Civil Procedure, Defendants allege the truth of the matter charged, recognizing that the burden of proving material falsity rests with the Plaintiff.

11. Plaintiff has suffered no actual damages, nor has Plaintiff suffered any special damages.

12. As to all causes of action asserted by Plaintiff, Defendants deny that they were or are guilty of any conduct which would authorize the allowance of any damages, exemplary or otherwise, and further that the allowance of any damages under the facts of this case against these Defendants would amount to a restraint and deterrent to freedom of speech and thus violate the First and Fourteenth Amendments of the United States Constitution, the California Constitution, and California statutory law.

13. As to all causes of action, Defendants' complained of conduct at all times related to matters of legitimate public concern, interest, and controversy, and the allowance of any damages under the facts of this case against these Defendants would violate the First Amendment to the United States Constitution, the California Constitution, and California statutory law.

14. An award of punitive or exemplary damages on the facts of this case would be unconstitutional. Any recovery of punitive or exemplary damages by Plaintiff in this civil lawsuit would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the California Constitution, and California statutory law. Any such award of punitive or exemplary damages in this case would amount to nothing less than a denial to Defendants of due process and equal protection of the laws as are guaranteed under both the United States and California Constitutions. Furthermore, an award of punitive or exemplary damages on the facts of this case would constitute a violation of the First Amendment to the United States Constitution and the California Constitution. Additionally, if an award of punitive or exemplary damages on the facts of this case is not held to be unconstitutional, such damages may not be awarded without clear and convincing proof that the complained of statements were published with "actual malice," as that term is defined by the United States and California Courts, which "actual malice" Defendants deny.

WHEREFORE, PREMISES CONSIDERED, Defendants Mark Cuban and Dallas Basketball, Ltd. pray for relief as follows:

1. That the Court enter a judgment dismissing Plaintiff's First Amended Complaint;

2. That Defendants be awarded their reasonable attorneys' fees;

3. That Defendants be awarded their costs of suit incurred herein; and

4. That Defendants be awarded such other and further relief at law or in equity to which they may show themselves justly entitled and which the Court deems just and proper.

Dated: March 19, 2009

By: *s/ Amanda L. Bush*

William N. Hebert
**CALVO & CLARK, LLP**

Charles L. Babcock
Amanda L. Bush
**JACKSON WALKER L.L.P.**

ATTORNEYS FOR DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL, LTD.