William N. Hebert (SBN 136099)
CALVO & CLARK, LLP
One Lombard Street
San Francisco, California 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

Charles L. Babcock (Texas SBN 01479500)
*Admitted Pro Hac Vice*
Amanda L. Bush (Texas SBN 24042161)
*Admitted Pro Hac Vice*
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

ATTORNEYS FOR DEFENDANTS
MARK CUBAN AND DALLAS
BASKETBALL, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD ROE, RICHARD ROE, II and DON A. NELSON, Individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOE, MARK CUBAN, an individual; and DALLAS BASKETBALL, LTD., a partnership, and DOES 1 through 10,<br><br>Defendants. | Civil Action No. 3:09-CV-682 PJH ECF<br><br>**CASE MANAGEMENT PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

Pursuant to the Court's May 21, 2009 Order, counsel for the Parties in the above-captioned action conducted a telephone conference in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9 and Local Standing Order for the Contents of Joint Case Management Statement. John D. O'Connor participated in the Rule 26(f) Conference on behalf of Plaintiff Don A. Nelson, ("Plaintiff") and Amanda L. Bush participated in the Rule 26(f) Conference on behalf of Defendants Mark Cuban and Dallas Basketball, Ltd. ("Defendants").



Dockets.Justia.com

The Parties hereby submit the following Joint Report detailing the results of the Rule 26(f) Conference.

As an initial matter, on June 21, 2009, the Parties filed an Agreed Stipulation to Continue the Case Management Conference until August 12, 2009 in order to give the Court an opportunity to rule on Defendants' Special Motion to Strike prior to a Case Management Conference. Assuming the Stipulation is granted, if the Court denies Defendants' Special Motion to Strike and this case goes forward, the Parties will amend this Case Management Plan to set forth an agreed case schedule.

**1. <u>Jurisdiction and Service.</u>**

Plaintiff resides in Oakland, California and is a citizen of California. Defendant Mark Cuban is an individual residing in Dallas, Texas and is a citizen of Texas. Defendant Dallas Basketball, Ltd. is a limited partnership organized under the laws of the State of Texas and is a citizen of Texas. All of its partners reside in a state other than California and are citizens of states other than California. Both of these defendants have been served with process and have filed Answers. Defendants John Doe and Does 1 through 10, inclusive, are allegedly unknown and have been sued by Plaintiff under fictitious names.

Defendants removed this action to this Court under 28 U.S.C. §§ 1332(a) and 1441(a) because diversity jurisdiction exists over this action. There is complete diversity between Plaintiff and Defendants in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

**2. <u>Facts</u>.**

Nelson sues Defendants for defamation, asserting that Cuban published false statements about Nelson during a September 21, 2007 radio show called "The Murph & Mac Show," broadcast on KNBR, Channel 680 in San Francisco, California on which Defendant Cuban, majority owner of the Dallas Mavericks NBA basketball team, appeared as a guest and in alleged

newspaper publications published on the internet on or about July 31, 2008 and August 1, 2008. (First Am. Complaint at ¶¶ 24-25, 32-33).

**3.** **<u>Legal Issues.</u>**

The legal issues in this case are anticipated to be: (1) whether the challenged statements are substantially true; (2) whether Defendant Mark Cuban made the challenged statements with actual malice, *i.e.*, with knowledge of their falsity or with reckless disregard of the truth; (3) whether the challenged statements are "of and concerning" Plaintiff; (4) whether the challenged statements are capable of defamatory meaning; (5) whether some or all of complained of statements are opinion, rhetoric, and/or hyperbole and therefore are not actionable under the United States Constitution, Article I Section 2(a) of the California Constitution and the common law; (6) whether Plaintiff is an all-purpose or limited-purpose public figure; (7) whether the challenged statements are privileged as fair comment on a matter of public concern; and (8) the calculation and proof of Plaintiff's alleged damages, if any.

**4.** **<u>Motions.</u>**

***a.*** ***Special Motion to Strike.*** Defendants filed their Special Motion to Strike Complaint Pursuant to California Code of Civil Procedure § 425.16 on February 23, 2009. Plaintiff filed a Memorandum of Points and Authorities in Opposition to Defendants' Special Motion to Strike on April 1, 2009, and Defendants filed a Reply on April 6, 2009. Thereafter, on April 14, 2009, Plaintiff filed a Motion to Strike Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Special Motion to Strike Complaint or, in the Alternative, for Leave to File a Sur-Reply. In his Motion to Strike, Plaintiff alternatively sought leave to conduct limited discovery on the issue of "actual malice." On April 20, 2009, the Court granted leave for Plaintiff to conduct limited discovery and for the parties to file supplemental briefs as to the issue of actual malice. After conducting written discovery and taking the depositions of Mark Cuban and Floyd

Jahner, on June 3, 2009, Plaintiff filed his Supplemental Memorandum of Points and Authorities in Opposition to Defendants' Special Motion to Strike. Defendants filed a Supplemental Reply on June 12, 2009. *The Court has not yet ruled on Defendants' Special Motion to Strike.*

***b. Motions for Summary Judgment.*** If Defendants' Special Motion to Strike is denied, Defendants will most probably file a motion for summary judgment.

**5. Amendment to Pleadings.**

The Parties do not anticipate any amendments to the pleadings at this time.

**6. Evidence Preservation.**

Plaintiff has undertaken efforts to preserve relevant discovery in this matter, including with respect to electronic materials. Defendant has also undertaken efforts to preserve relevant discovery in this matter, including with respect to electronic materials.

**7. Disclosures.**

The Parties have not exchanged Initial Disclosures since Defendants filed their Special Motion to Strike with their Answer, and discovery has been limited to the issue of actual malice by Court Order.

**8. Discovery.**

Pursuant to the Court's Order allowing Plaintiff to conduct limited discovery on the issue of actual malice, Plaintiff took the depositions of Mark Cuban and Floyd Jahner on May 20, 2009 and served Plaintiff's First Request for Production to Mark Cuban and First Request for Production to Dallas Basketball, Inc. on April 22, 2009. Defendants served their Responses to these Requests for Production on May 22, 2009. In addition, Mark Cuban served his Privilege Log on May 22, 2009. No other discovery is pending.

The subjects and scope of discovery in this action are likely to include: (1) whether the challenged statements are substantially true; (2) whether Defendant Mark Cuban made the challenged statements with actual malice, *i.e.*, with knowledge of their falsity or with reckless

disregard of the truth; (3) whether Plaintiff is an all-purpose or limited-purpose public figure; (4) Plaintiff's reputation; and (5) Plaintiff's alleged damages. The Parties do not propose to conduct discovery in phases nor do they anticipate any unusually privilege issues in this case. The Parties do not propose any enlargement of the permitted number of depositions. The Parties do not request that the Court issue any additional discovery orders at this time.

**9. Class Actions.**

This case is not a class action.

**10. Related Cases.**

There are no related cases.

**11. Relief.**

Plaintiff seeks general and special damages as well as punitive damages in an amount to be determined by the Court. Plaintiff also seeks its costs and attorneys' fees associated with his lawsuit. Defendants also seek their costs and attorneys' fees if they are determined to be prevailing parties under California Code of Civil Procedure § 425.16.

**12. Settlement and ADR.**

On June 21, 2009, the Parties filed an Agreed Stipulation to Continue the Case Management Conference until August 12, 2009 in order to give the Court an opportunity to rule on Defendants' Special Motion to Strike prior to a case management conference. Accordingly, the Parties have not yet conferred about an ADR process in this case. If Defendants' Special Motion to Strike is denied and this case goes forward, the Parties will amend this Case Management Plan and file an ADR Stipulation pursuant to the Local Rules.

**13. Consent to Magistrate Judge for All Purposes.**

The Parties do not consent to have a United States Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14. Other References.**

The Parties do not propose to have the case referred to binding arbitration, a special master,

or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

The Parties have not identified any issues that can be narrowed by agreement or motion.

**16. Expedited Schedule.**

The Parties do not seek an expedited case schedule.

**17. Scheduling.**

The Parties have not discussed an agreed case schedule at this time since Defendants' Special Motion to Strike is pending before the Court. The Parties request that they not be required to agree to a case schedule or attend a Case Management Conference until after the Court rules upon Defendants' Special Motion to Strike. If the Court denies Defendants' Special Motion to Strike and this case goes forward, the Parties will amend this Case Management Plan to set forth an agreed case schedule.

**18. Trial.**

If this case reaches trial, it will be tried to a jury. The Parties preliminarily estimate that the jury trial of this matter will last 1-2 weeks.

**19. Disclosure of Non-Party Interested Entities or Persons.**

Plaintiff has not filed his Certificate of Interest Parties. Defendants filed their Certificate of Interested Parties on February 17, 2009, stating that there are no other interested parties.

**20. Other Matters to Facilitate Just, Speedy and Inexpensive Disposition of Matter.**

The Parties request that the Court rule on Defendants' Special Motion to Strike before the Court conducts a Case Management Conference.

Dated: June 25, 2009

By: *s/ William N. Hebert*

William N. Hebert
**CALVO & CLARK, LLP**

Charles L. Babcock
Amanda L. Bush
**JACKSON WALKER L.L.P.**

ATTORNEYS FOR DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL, LTD.

By: *s/ John D. O'Connor*

John D. O'Connor
**O'CONNOR & ASSOCIATES**

ATTORNEYS FOR PLAINTIFFS RICHARD ROE, RICHARD ROE II, AND DON A. NELSON