# EXHIBIT A

Dockets.Justia.com

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

TRABER & VOORHEES
BERT VOORHEES (137623)
bv@tvlegal.com
THERESA M. TRABER (116305)
tmt@tvlegal.com
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: 626/585-9611
626/ 577-7079 (fax)

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (121156)
wiebe@pacbell.net
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415/433-3200
415/433-6382 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,, | No. C-06-0672-VRW |
| Plaintiffs, | **<u>CLASS ACTION</u>** |
| v. | **STIPULATION REGARDING JUSTICE DEPARTMENT REQUEST AND HEARING DATE FOR PLAINITFFS MOTION FOR PRELIMINARY INJUNCTION** |
| AT&T CORP., et al., | |
| Defendants. | Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn Walker Chief Judge |

2. The Justice Department will expeditiously review the documents and will provide its views about whether the documents contain classified information to plaintiffs, defendants, and the Court no later than April 4, 2006.

3. The parties request a conference with the Court to discuss the procedures for filing the two declarations and the brief in support of plaintiffs' motion as soon thereafter as possible and no later than April 10, 2006.

**IT IS SO STIPULATED**

DATED: April 5, 2006

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
CORYNNE MCSHERRY
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (121156)
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

By ______________________________
[signer]
ATTORNEYS FOR PLAINTIFFS

Dated: March ___, 2006

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
PATRICK S. THOMPSON
JACOB R. SORENSEN
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD BERENSON
EDWARD R. McNICHOLAS
DAVID L. LAWSON
1501 K Street, N.W.
Washington, DC 20005

By ________________________________

ATTORNEYS FOR DEFENDANTS
AT&T CORP. and AT&T INC.

ANTHONY J. COPPOLINO
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 6102
Washington, D.C. 20530
Tel.: (202) 514-4782
Fax: (202) 616-8460

By ________________________________
ATTORNEYS FOR NONPARTY UNITED STATES OF AMERICA

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ________________, 2006

________________________________
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
PATRICK S. THOMPSON #160804
JACOB R. SORENSEN #209134
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (pro hac vice application pending)
BRADFORD A. BERENSON (pro hac vice application pending)
DAVID L. LAWSON (pro hac vice application pending)
EDWARD R. McNICHOLAS (pro hac vice application pending)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**STIPULATION TO UNIFORM HEARING DATE FOR PRELIMINARY MOTIONS; AND [PROPOSED] ORDER**<br><br>Proposed Date: June 8, 2006<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

## RECITALS

A. On January 31, 2006, plaintiffs filed a complaint for damages, declaratory and injunctive relief. Dkt. 1.

B. On February 22, 2006, plaintiffs filed an amended complaint for damages, declaratory and injunctive relief. Dkt. 8.

C. On February 24, 2006, plaintiffs served defendants. Dkt. 12.

D. On March 6, 2006, the parties stipulated to an extension of defendants' time to respond to the amended complaint to and including April 28, 2006. Dkt. 13. Defense counsel have told plaintiffs' counsel that they intend to move to dismiss the action.

E. On March 30, 2006, plaintiffs notified defendants of their intention to move for preliminary injunctive relief and their desire to file that motion promptly.

F. In support of their preliminary injunction motion, plaintiffs intend to file what they describe as internal AT&T documents marked "AT&T Proprietary" that are relevant to their allegations ("the subject documents").

G. The parties have agreed to provide the subject documents to the Department of Justice for review.

H. Plaintiffs wish to file the portions of their preliminary injunction motion that do not contain or refer to the subject documents promptly, without waiting for completion of the Department of Justice review.

I. Plaintiffs desire a June [15]8, 2006 hearing date on plaintiffs' motion for a preliminary injunction. Defendants do not object to that date, provided that their motions to dismiss be heard on or before that date.

## STIPULATION

Plaintiffs TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN (collectively, "plaintiffs"), through their attorneys of record, and defendant AT&T CORP. and specially appearing defendant AT&T INC. (collectively, "defendants"), through their attorneys of record, hereby stipulate to the following:

1. Pursuant to plaintiffs' request (recital I above), the parties are agreeable to a

June [15]8, 2006 hearing date on plaintiffs' motion for a preliminary injunction and on defendants' motions to dismiss.

2. The parties and the Department of Justice will meet and confer about the appropriate disposition of the subject documents. If unable to agree, the parties agree to request a conference with the Court on the matter. The Department of Justice may participate in that conference or otherwise seek to present its position to the Court on the matter.

3. Plaintiffs may promptly file that portion of their moving papers that does not contain or refer to the subject documents, without prejudice to the later completion of their filing, subject to the Department of Justice review of the subject documents.

4. At plaintiffs' request, the parties stipulate pursuant to Civil Local Rule 7-11 and respectfully request that, notwithstanding Civil Local Rule 7-4(b), the Court allow in connection with plaintiffs' preliminary injunction motion that plaintiffs' memorandum of points and authorities, defendants' opposition memorandum and any memorandum filed by the Department of Justice each not exceed 35 pages of text.

IT IS SO STIPULATED.

Dated: March ___, 2006

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
PATRICK S. THOMPSON
JACOB R. SORENSEN
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD BERENSON
EDWARD R. McNICHOLAS
DAVID L. LAWSON
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

By ______________________________
Bruce A. Ericson
ATTORNEYS FOR DEFENDANTS
AT&T CORP. and AT&T INC.

DATED: March ___, 2006

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
CORYNNE MCSHERRY
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (121156)
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

By ______________________________
Lee Tien
ATTORNEYS FOR PLAINTIFFS
TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ______________, 2006

______________________________
Hon. Vaughn R. Walker
United States Chief District Judge

# EXHIBIT C

March 31, 2006

**EFF Motion in AT&T Surveillance Case Draws Government's Eye**

DOJ Demands First Look at Documents It Claims Might Be Classified

San Francisco - The Electronic Frontier Foundation (EFF) filed a motion for a preliminary injunction in its class-action lawsuit against AT&T today. However, much of the evidence that was to be included in the motion—as well as the legal arguments based on that evidence—was held back temporarily at the request of the Department of Justice (DOJ). While the government is not a party to the case, DOJ attorneys told EFF that even providing the evidence under seal to the court—a well-established procedure that prohibits public access and permits only the judge and the litigants to see the evidence—might not be sufficient security.

EFF's motion seeks to stop AT&T from violating the law and the privacy of its customers by disclosing to the government the contents of its customers' communications, as part of the National Security Agency's (NSA's) massive and illegal program to wiretap and data-mine Americans' communications. The motion was supported by a number of internal AT&T documents that the government now claims might include classified information.

EFF will seek the Court's permission to publicly release the preliminary injunction motion and supporting documents, and hopes to have redacted versions available after further discussions with the government.

"Openness in court proceedings is fundamental to a free society," said EFF Staff Attorney Kurt Opsahl. "The facts supporting our motion are not classified and are important to the public debate over the propriety of the NSA domestic spying program. The public deserves to know the truth."

The NSA program came to light in December, when the New York Times reported that the President had authorized the agency to intercept telephone and Internet communications inside the United States without the authorization of any court. Over the ensuing weeks, it became clear that the NSA program has been intercepting and analyzing millions of Americans' communications, with the help of the country's largest phone and Internet companies, including AT&T. This surveillance is ongoing, and today's injunction motion seeks to stop the spying while the case is pending.

"AT&T's wholesale diversion of communications into the hands of the NSA violates federal wiretapping laws and the Fourth Amendment," said EFF Staff Attorney Kevin Bankston. "More than just threatening individuals' privacy, AT&T's shameful choice to allow the government to

spy on millions of ordinary Americans' communications is a threat to the Constitution itself. We are asking the Court to put a stop to it now."

In the lawsuit, EFF is representing the class of all AT&T residential customers nationwide. Working with EFF in the lawsuit are the law firms Traber & Voorhees, Lerach Coughlin Stoia Geller Rudman & Robbins LLP and the Law Office of Richard R. Wiebe.

For the motion for preliminary injunction:
Brief and some evidence NOT AVAILABLE BY DOJ REQUEST

# EXHIBIT D

CNET NEWS.COM
NEWS OF CHANGE

# Sensitive documents surface in AT&T-NSA spy lawsuit

March 31, 2006 7:31 PM PST

It looks like the Electronic Frontier Foundation may have unearthed some highly sensitive documents about the National Security Agency's supersecret spy program.

The San Francisco-based advocacy group said on Friday that the Bush administration had objected to it including some internal AT&T documents with a scheduled court filing because the information may be classified. (In January, EFF sued AT&T over its alleged participation in the possibly-illegal scheme.)

Here's what Kurt Opsahl, an EFF staff attorney, told me late Friday:

"We're having some discussions with the Department of Justice about what can be placed in the public record, what can be redacted. While those discussions are ongoing I can't really discuss it fully."

"Their position is that they need time to review the documents to make a determination about them (regarding classification)."

"It's fairly obvious that we believe (the internal AT&T documents) support the allegations in our complaint."

In a legal brief also filed Friday, fellow EFF attorney Lee Tien described his conversations with Justice Department attorney Anthony Coppolino. Tien wrote: "Mr. Coppolino also stated that in such case it believed that lodging the AT&T documents according to this court's sealing procedures would be inadequate." (The Justice Department is not a party to the case but seems unusually interested anyway.)

EFF gave copies of the AT&T documents to the Feds on Thursday and is also asking for a preliminary injunction to halt the allegedly illegal surveillance activity.

Posted by Declan McCullagh

# EXHIBIT E

U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
20 Massachusetts Avenue, NW
Washington, DC 20044

***By E-Mail and First Class Mail***

April 4, 2006

Cindy Cohn
Lee Tien
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
E-mail: cindy@eff.org; tien@eff.org

Re: *Hepting, et al. v. AT&T Corp., et al.*, Civil Action No. 06-672 (N.D. Cal.)

Dear Counsel:

The Department of Justice does not object to your filing under seal, in the above-referenced action, the three documents you provided to us on Friday, March 31, 2006. Of course, you should consult with AT&T regarding their position.

Sincerely,

Anthony J. Coppolino
Special Litigation Counsel
Federal Programs Branch

# EXHIBIT F

# The Electronic Frontier Foundation

April 5, 2006

Pillsbury Winthrop Shaw Pittman LLP
Bruce A. Ericson
50 Fremont Street
San Francisco, CA 94105
(415)983-1200 (fax)

Re: Hepting v. AT&T C-06-0672-VRW
By facsimile transmission and electronic mail

Dear Bruce:

We write to respond to your letter of April 4, 2006, as well as to the draft stipulation concerning the motion for preliminary injunction that you sent to us on March 31, 2006.

Initially, it appears that events have overtaken most of the draft stipulation. Since we have now filed our notice of motion for preliminary injunction, we do not require a stipulation setting that date, and we do not agree to set your planned motion to dismiss to be heard concurrently or before our motion for preliminary injunction. We do appreciate your agreement to allow us to file a 35 page brief and we of course extend you the same courtesy.

More importantly, we address your April 4, 2006 letter. As you know, this filing for a Motion for Preliminary Injunction has already been delayed significantly by the concerns raised by the DOJ last week, which we accommodated. AT&T raised no additional concerns in the intervening time. Indeed, the first we learned of any issues from AT&T was over an hour after we received the government's approval for us to file the documents under seal.

As you know, the First Amendment protects the right to litigate, and that right is especially strong in public interest litigation such as this. Moreover, the First Amendment right of Plaintiffs to present information on a matter of important public interest to the court would exist even if it was proven that a third party violated law in obtaining the information. Obviously this case raises matters critical to the public interest, since it alleges that millions of AT&T customers are having their private communications illegally diverted to the government. And of course this conclusion is supported by the press attention that has been given to both this case and the issues surrounding the admission of warrantless wiretapping by the President. In this instance, as we have explained, copies of the two-year-old documents were given to plaintiffs by a third party to this litigation and are not being used by plaintiffs as a means to circumvent limitations on discovery, avoid the civil discovery process or to advantage that third party's financial interest. AT&T has copies of the documents and so can continue to use them for its own purposes.

We do understand the concerns that you raise regarding these three documents, however. While we do not necessarily agree with your assertions, we are lodging the documents under seal according to Local Rule 79-5(d) in order to preserve AT&T's ability to make such arguments to the Court. We

believe that these already-established procedures are sufficient to protect any legitimate interest that AT&T may have to prevent further dissemination of any proprietary information contained in the documents. You have presented us with no authority or argument that the court processes for handling documents under seal are inadequate to protect AT&T's interests here, nor any authority that requires us to forego those processes and instead seek leave of court prior to lodging the documents. As a result, we will be lodging the documents under seal.

Nonetheless, we are willing to enter into discussions with you about an appropriate protective order to govern the three documents. We are concerned, however, that your blanket demand here for protection of all of the over 140 pages in the three documents, without any specificity about the information contained within them, is not justified by good cause. In fact, such blanket requests are specifically disfavored by the Northern District of California Local Rules. Accordingly, we ask that in addition to providing us with a proposed order, that you outline which specific portions of the documents you believe should be protected under the order. For instance, you assert that the documents contain trade secrets, but do not identify them or indicate where in the documents they can be found. Similarly, please indicate which portions of the documents you contend could be used by criminals to "hack" into AT&T's telephone network. We of course wish to respect any trade secrets of AT&T and wish to prevent any damage to AT&T's telephone network due to illegal behavior of others, but we do believe that more specificity is required for a protective order under both the Federal Rules and Local Rules.

Additionally, you have asked us to identify the former AT&T employee and/or his or her counsel. The employee's counsel is Miles Ehrlich, Esq., Ramsey & Ehrlich. His telephone number is (510) 548-3600.

We remain willing to work with you to ensure that AT&T's legitimate concerns are addressed. However, we must reject your demand that we seek prior court approval before lodging documents under seal that are key to our motion for preliminary injunction, and must defer your other demands pending court consideration. Our case alleges that every day AT&T is violating the law and privacy of millions of AT&T customers, and those who communicate with them, by diverting their communications to the government. These allegations are critical to the public interest and are supported by the documents. We must take appropriate steps to stop what we believe is a gross violation of law as soon as possible and those steps must include presenting our evidence to the court.

Sincerely,

ELECTRONIC FRONTIER FOUNDATION

CINDY A. COHN
Legal Director

# EXHIBIT G

Electronic Frontier Foundation
Defending Freedom in the Digital World

April 06, 2006

**EFF Files Evidence in Motion to Stop AT&T's Dragnet Surveillance**

Internal AT&T Documents Had Been Temporarily Held Back Due To Government's Concerns

San Francisco - The Electronic Frontier Foundation (EFF) on Wednesday filed the legal briefs and evidence supporting its motion for a preliminary injunction in its class-action lawsuit against AT&T. After asking EFF to hold back the documents so that it could review them, the Department of Justice consented to EFF's filing them under seal -- a well-established procedure that prohibits public access and permits only the judge and the litigants to see the evidence. While not a party to the case, the government was concerned that even this procedure would not provide sufficient security and has represented to the Court that it is "presently considering whether and, if so, how it will participate in this case."

"The evidence that we are filing supports our claim that AT&T is diverting Internet traffic into the hands of the NSA wholesale, in violation of federal wiretapping laws and the Fourth Amendment," said EFF Staff Attorney Kevin Bankston. "More than just threatening individuals' privacy, AT&T's apparent choice to give the government secret, direct access to millions of ordinary Americans' Internet communications is a threat to the Constitution itself. We are asking the Court to put a stop to it now."

EFF's evidence regarding AT&T's dragnet surveillance of its networks includes a declaration by Mark Klein, a retired AT&T telecommunications technician, and several internal AT&T documents. This evidence was bolstered and explained by the expert opinion of J. Scott Marcus, who served as Senior Technical Advisor for Internet Technology to the Federal Communications Commission from July 2001 until July 2005.

The internal AT&T documents and portions of the supporting declarations have been submitted to the Court under a tentative seal, a procedure that allows AT&T five court days to explain to the Court why the information should be kept from the public.

"The public deserves to know about AT&T's illegal program," said EFF Legal Director Cindy Cohn. "In an abundance of caution, we are providing AT&T with an opportunity to explain itself before this material goes on the public docket, but we believe that justice will ultimately require full disclosure."

The NSA program came to light in December, when the New York Times reported that the President had authorized the agency to intercept telephone and Internet communications inside the United States without the authorization of any court. Over the ensuing weeks, it became clear that the NSA program has been intercepting and analyzing millions of Americans'

communications, with the help of the country's largest phone and Internet companies, including AT&T.

"Mark Klein is a true American hero," said EFF Staff Attorney Kurt Opsahl. "He has bravely come forward with information critical for proving AT&T's involvement with the government's invasive surveillance program."

In the lawsuit, EFF is representing the class of all AT&T residential customers nationwide. Working with EFF in the lawsuit are the law firms Traber & Voorhees, Lerach Coughlin Stoia Geller Rudman & Robbins LLP and the Law Office of Richard R. Wiebe.

For the notice of motion for preliminary injunction:
http://www.eff.org/legal/cases/att/NotMot.pdf

For the motion to lodge under temporary seal:
http://www.eff.org/legal/cases/att/MotionReSealing.pdf

For more on EFF's suit:
http://www.eff.org/legal/cases/att/

Contacts:

Derek Slater
Acting Media Coordinator
Electronic Frontier Foundation
derek@eff.org

For Mark Klein:
Miles Ehrlich, Esq.
Ramsey & Ehrlich
miles@ramsey-ehrlich.com

Posted at 12:01 AM

# EXHIBIT H

CNET NEWS.COM
NEWS OF CHANGE

# AT&T whistleblower claims to document illegal NSA surveillance

April 6, 2006 12:26 AM PDT

Evidence provided by a former AT&T technician proves that the telecommunications company secretly and unlawfully opened its networks to government eavesdroppers, the Electronic Frontier Foundation said Thursday.

Alert readers may remember that EFF sued AT&T in January, alleging it illegally cooperated with the National Security Agency's secret eavesdropping program. Then, in an odd twist last week, the Bush administration objected to EFF including some internal AT&T documents in court (the Feds claimed they might be classified).

Now EFF seems to have cleared that up and has filed them in court, although they're still under seal.

EFF claims that it has a sworn statement by Mark Klein, a retired AT&T telecommunications technician -- and several internal AT&T documents -- that show a "dragnet surveillance" has been put into place to facilitate the NSA's controversial surveillance scheme. (Here's our survey of telecom companies regarding NSA cooperation.)

Alas, we likely won't know details until the judge decides to release them.

Even if the documents prove everything that EFF claims, it's not a slam dunk for the group.

The state secrets privilege, outlined by the Supreme Court in a 1953 case, permits the government to derail a lawsuit that might otherwise lead to the disclosure of military secrets.

In 1998, the 9th Circuit Court of Appeals elaborated on the state secret privilege in a case where former workers at the Air Force's classified Groom Lake, Nev., facility

alleged hazardous waste violations. When requested by the workers' lawyers to turn over information, the Air Force refused.

The 9th Circuit upheld a summary judgment on behalf of the Air Force, saying that once the state secrets "privilege is properly invoked and the court is satisfied as to the danger of divulging state secrets, the privilege is absolute" and the case will generally be dismissed.

That "absolute privilege" case is still good law and is binding on the judge that will hear EFF's case.

Posted by Declan McCullagh

# EXHIBIT I

The New York Times
nytimes.com

PRINTER-FRIENDLY FORMAT SPONSORED BY THA FOR S

April 7, 2006

# Court Filings Tell of Internet Spying

By THE NEW YORK TIMES

WASHINGTON, April 6 — A former AT&T technician said on Thursday that the company cooperated with the National Security Agency in 2003 to install equipment capable of "vacuum-cleaner surveillance" of e-mail messages and other Internet traffic.

A statement by the technician, Mark Klein, and several company documents he saved after retiring in 2004, were filed on Wednesday in a class-action lawsuit against AT&T. The suit, filed in January in federal court in San Francisco by the Electronic Frontier Foundation, a civil liberties group, says the company helped the security agency invade its customers' privacy. The documents provided by Mr. Klein were filed under seal because of concerns about disclosing proprietary information.

Mr. Klein's documents, some of which he had provided to The New York Times, describe a room at the AT&T Internet and telephone hub in San Francisco that contained a piece of equipment that could sift through large volumes of Internet traffic.

Copyright 2006 The New York Times Company

# EXHIBIT J

# Wiretap Whistleblower's Statement

By 12:25 PM Apr, 07, 2006

*Former AT&T technician Mark Klein has come forward to support the EFF's lawsuit against AT&T for its alleged complicity in the NSA's electronic surveillance. Here, Wired News publishes Klein's public statement in its entirety.*

**Full story:** Ex-AT&T Worker Tells Of NSA Op

---

**Statement:** Mark Klein, April 6, 2006

**My background:**
For 22 and 1/2 years I worked as an AT&T technician, first in New York and then in California.

**What I observed first-hand:**
In 2002, when I was working in an AT&T office in San Francisco, the site manager told me to expect a visit from a National Security Agency agent, who was to interview a management-level technician for a special job. The agent came, and by chance I met him and directed him to the appropriate people.

In January 2003, I, along with others, toured the AT&T central office on Folsom Street in San Francisco -- actually three floors of an SBC building. There I saw a new room being built adjacent to the 4ESS switch room where the public's phone calls are routed. I learned that the person whom the NSA interviewed for the secret job was the person working to install equipment in this room. The regular technician work force was not allowed in the room.

In October 2003, the company transferred me to the San Francisco building

to oversee the Worldnet Internet room, which included large routers, racks of modems for customers' dial-in services, and other equipment. I was responsible for troubleshooting problems on the fiber optic circuits and installing new circuits.

While doing my job, I learned that fiber optic cables from the secret room were tapping into the Worldnet circuits by splitting off a portion of the light signal. I saw this in a design document available to me, entitled "Study Group 3, LGX/Splitter Wiring, San Francisco" dated Dec. 10, 2002. I also saw design documents dated Jan. 13, 2004 and Jan. 24, 2003, which instructed technicians on connecting some of the already in-service circuits to the "splitter" cabinet, which diverts some of the light signal to the secret room. The circuits listed were the Peering Links, which connect Worldnet with other networks and hence the whole country, as well as the rest of the world.

One of the documents listed the equipment installed in the secret room, and this list included a Narus STA 6400, which is a "Semantic Traffic Analyzer". The Narus STA technology is known to be used particularly by government intelligence agencies because of its ability to sift through large amounts of data looking for preprogrammed targets. The company's advertising boasts that its technology "captures comprehensive customer usage data ... and transforms it into actionable information.... (It) provides complete visibility for all internet applications."

My job required me to connect new circuits to the "splitter" cabinet and get them up and running. While working on a particularly difficult one with a technician back East, I learned that other such "splitter" cabinets were being installed in other cities, including Seattle, San Jose, Los Angeles and San Diego.

**What is the significance and why is it important to bring these facts to light?**

Based on my understanding of the connections and equipment at issue, it appears the NSA is capable of conducting what amounts to vacuum-cleaner surveillance of all the data crossing the internet -- whether that be peoples' e-mail, web surfing or any other data.

Given the public debate about the constitutionality of the Bush

administration's spying on U.S. citizens without obtaining a FISA warrant, I think it is critical that this information be brought out into the open, and that the American people be told the truth about the extent of the administration's warrantless surveillance practices, particularly as it relates to the internet.

Despite what we are hearing, and considering the public track record of this administration, I simply do not believe their claims that the NSA's spying program is really limited to foreign communications or is otherwise consistent with the NSA's charter or with FISA. And unlike the controversy over targeted wiretaps of individuals' phone calls, this potential spying appears to be applied wholesale to all sorts of internet communications of countless citizens.

Ads by Google

Chainflex® Flexible Cable
Tested for millions of flex cycles
Next-day delivery. Free samples.
www.igus.com

E1 & Fiber Mux / Modem
SDH, PDH, Mux/Modem, 5.8G Radio &
Converter from China in Great Price
www.aisaicom.com

Fiber Optic Training
The Spot To Find It!
It Is All Here.
efiberoptictraining.com

IC2S - Business Cabling
Nationwide network of 10,000 techs
for network, voice, fiber, & more
www.ic2s.com

**Wired News:** Contact Us | Advertising | Subscribe
We are translated daily into Korean and Japanese

© Copyright 2006, Lycos, Inc. Lycos is a registered trademark of Lycos, Inc. All Rights Reserved.
Your use of this website constitutes acceptance of the Lycos **Privacy Policy** and Terms & Conditions

# EXHIBIT K

**Court filings may reveal role of AT&T in federal Net spying**

- Bob Egelko, Chronicle Staff Writer
Saturday, April 8, 2006

A privacy rights group that is suing AT&T over its alleged role in secret government electronic surveillance says internal company documents support its claim that the telecommunications giant has illegally funneled millions of private Internet communications to the National Security Agency.

The documents, filed this week in federal court in San Francisco, were obtained by a former AT&T communications technician who spent 22 years with the company before retiring in 2004, the Electronic Frontier Foundation said.

The papers will help to establish that "AT&T is diverting Internet traffic into the hands of the NSA wholesale, in violation of federal wiretapping laws and the Fourth Amendment," Kevin Bankston, a lawyer for the foundation, said in a statement Thursday. The Fourth Amendment forbids unreasonable searches.

"More than just threatening individuals' privacy, AT&T's apparent choice to give the government secret, direct access to millions of ordinary Americans' Internet communications threatens the Constitution itself," Bankston said.

The foundation withheld details of the documents, which were filed under seal after both AT&T and the Bush administration opposed their disclosure. But the New York Times on Friday quoted the former employee, Mark Klein, as saying AT&T had cooperated with the National Security Agency in 2003 by installing computer equipment at a company facility in San Francisco that was capable of "vacuum-cleaner surveillance" of e-mail messages and other Internet traffic.

The Times, which disclosed the existence of the federal agency's surveillance program in December, said Klein had provided some of his documents to the newspaper.

President Bush has acknowledged ordering the agency, shortly after the Sept. 11 terrorist attacks, to intercept phone calls and e-mails between U.S. residents and alleged terror suspects abroad, without seeking court approval as required by the Foreign Intelligence Surveillance Act of 1978.

Bush has maintained that the program was authorized by his constitutional power as commander-in-chief of the armed forces, and implicitly by the post-Sept. 11 congressional resolution authorizing use of military force against terrorists.

In the lawsuit, filed in January on behalf of AT&T residential customers, the Electronic Frontier Foundation accused the company of giving the National Security Agency access to its voice and data network and its databases of records of customers' calls and e-mails.

Other suits have been filed against the government over the program, but the foundation's suit is the only one against a telecommunications company. The suit seeks damages and a ban on AT&T's participation in the program.

AT&T has declined comment on the suit. But in a letter to the foundation on Tuesday, Bruce Ericson, a lawyer for the company, said the documents contained trade secrets and should be returned. The foundation instead filed them on Wednesday with Chief U.S. District Judge Vaughn Walker under rules that give AT&T until next Wednesday to ask Walker to keep them permanently sealed.

Derek Slater, a spokesman for the foundation, said Friday it wants Klein's documents released. "This information is very important to the public," he said.

*E-mail Bob Egelko at begelko@sfchronicle.com.*

Page A - 5
URL: http://sfgate.com/cgi-bin/article.cgi?file=/c/a/2006/04/08/MNGESI61P81.DTL