Trone et al v. Peanut Corporation of America Doc. 48

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
PATRICK S. THOMPSON #160804
JACOB R. SORENSEN #209134
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (pro hac vice application pending)
BRADFORD A. BERENSON (pro hac vice application pending)
DAVID L. LAWSON (pro hac vice application pending)
EDWARD R. McNICHOLAS (pro hac vice application pending)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**MOTION OF DEFENDANT AT&T CORP. TO FILE UNDER SEAL DEFENDANT AT&T CORP.'S MEMORANDUM IN SUPPORT OF FILING DOCUMENTS UNDER SEAL [DKT. 30-32]**<br><br>**[Civ. L.R. 7-11, 79-5]**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br><br>Filed concurrently:<br>1. Declaration of Bruce A. Ericson<br>2. Proposed Order |



Dockets.Justia.com

**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, defendant **AT&T CORP.** ("AT&T") hereby moves the Court for an Order allowing it to file under seal Defendant AT&T Corp.'s Memorandum in Support of Filing Documents Under Seal [Dkt. 30-32] (the "Confidential Memorandum"). AT&T respectfully submits that good cause exists for filing the Confidential Memorandum under seal.

This motion is based on the following Memorandum of Points and Authorities, the Declaration of Bruce A. Ericson in Support of Motion of Defendant AT&T Corp. to File Under Seal Defendant AT&T Corp.'s Memorandum of Points and Authorities in Support of Filing Documents Under Seal filed herewith ("Ericson Decl.") and the documents in the Court file.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

This action arises from plaintiffs' allegations that AT&T assists the government in carrying out a surveillance program to prevent terrorist attacks on the United States. In support of a motion for preliminary injunction that plaintiffs filed on April 5, 2006, plaintiffs filed under seal the declaration of a former AT&T employee. The employee's declaration attaches three documents containing confidential, proprietary information (the "Confidential Documents") that he took from AT&T. The plaintiffs also filed on April 5, 2006 their Notice of Motion and Administrative Motion to Lodge Documents with the Court Pursuant to Civil Local Rules 7-11 and 79-5 ("Plaintiffs' Administrative Motion") in which plaintiffs argue that the Confidential Documents, and the preliminary injunction papers that rely upon them ("Lodged Documents", *see* Dkts. 30-32), should be made publicly accessible.

The Confidential Documents were taken outside of the discovery process. They contain confidential and proprietary AT&T information, which constitutes trade secrets.

AT&T therefore has filed the Confidential Memorandum in response to Plaintiffs' Administrative Motion in support of its argument that the Lodged Documents remain under seal. The Confidential Memorandum describes in detail the nature and content of the Lodged Documents and that of the declaration of James W. Russell (filed under seal, *see* Dkt. 42, "Confidential Russell Declaration"), which itself analyzes the Lodged Documents and the impact publicly filing them would have on AT&T and its customers. As a consequence, the Confidential Memorandum contains highly sensitive information that, if disclosed, could result in harm to AT&T and to its customers—harm completely unrelated to the allegations in plaintiffs' complaint. Putting the Confidential Memorandum in the public record would undermine the purpose of the Confidential Motion.

## II. ARGUMENT.

Northern District Civil Local Rule 79-5(b) provides that counsel seeking to file documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which sealing is requested. Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as a trade secret or otherwise entitled to protection under the law . . . ." AT&T has lodged the Confidential Memorandum that is the subject of this motion in the manner provided for in Civil Local Rule 79-5(b). There is good cause for filing it under seal.

This Court has the power to seal records to protect confidential and proprietary business information. Both federal and California law recognize that courts should protect trade secrets or other confidential commercial information by reasonable means, and that allowing the filing under seal of documents containing such information is one of these means. *See* Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7) and (8) (a court may enter an order protecting the confidentiality of "a trade secret or other confidential research, development or commercial information," including a direction that documents or information be filed under seal); Cal. Civ. Code § 3426.5 ("a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings,

sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval").

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court in *Warner Communications* indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it,

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to,* trade secrets or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

As the Confidential Memorandum explains, publicly filing the Lodged Documents in this action would harm AT&T's competitive standing by disclosing proprietary processes and techniques developed through investment of substantial AT&T resources. Allowing public access to the Lodged Documents would make the Court a "vehicle for improper purposes" in other ways as well. As the Confidential Russell Declaration explains, making the Lodged Documents public would expose AT&T to a variety of physical and electronic threats, including disruption of service, interception of data and theft of AT&T customer information. Exposure to these threats would harm both AT&T and its customers. Ericson Decl. ¶ 5.

The Lodged Documents contain detailed non-public information about critical communications infrastructure operated by AT&T. *Id.* ¶ 3. The information contained in the Lodged Documents is confidential and proprietary, and has value to AT&T not generally known to the public or AT&T's competitors. *Id.* ¶ 4. AT&T takes great care in preserving the confidentiality of the Confidential Documents. *Id.* ¶ 5. Public disclosure of their contents would endanger AT&T's ability to provide services and carry out its business activities. *Id*. The Confidential Memorandum describes the contents of the Lodged Documents in great detail. Publicly filing it would injure AT&T in the same way that publicly filing the Lodged Documents would. *Id.* ¶ 6.

In *Nixon*, the Supreme Court asserted that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In *Phillips*, the Ninth Circuit said much the same thing. *Phillips,* 307 F.3d at 1211. The relevant facts and circumstances of this case argue for sealing the Confidential Memorandum. Doing so will protect the interests of both AT&T and those that rely on its services.

//

//

//

## III. CONCLUSION.

For the foregoing reasons, AT&T submits that good cause exists for the filing of the Confidential Memorandum under seal and respectfully requests that the Court so order.

Dated: April 12, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
PATRICK S. THOMPSON
JACOB R. SORENSEN
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.