United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TASH HEPTING, et al,

Plaintiffs,

v

AT&T CORPORATION, et al,

Defendants.
_________________________________/

No C-06-672 VRW

ORDER

As in any case, the court has reviewed this matter for possible recusal. In this case, because of the circumstances and reasons discussed below, the court's review has been more extensive than in the usual instance. Based on this review, the court concludes that recusal is not necessary here, but wishes to apprise the parties of the court's analysis.

The undersigned informs the parties that for many years he was a residential subscriber to AT&T long-distance and PT&T/SBC local telephone services. As such, he apparently is encompassed by the proposed class, which is broadly defined as "[a]ll individuals in the United States that are current residential subscribers or customers of Defendants' telephone services or Internet services, or that were residential telephone or Internet subscribers or customers at any time after September 2001." Doc #8, ¶ 65.

Dockets.Justia.com

The undersigned discontinued telephone service from AT&T/SBC, thereby eliminating any possible interest in the declaratory and injunctive relief sought by plaintiffs. The undersigned also is prepared to opt out of any class that is certified in this case and disclaim interest in any monetary or other award that might be recovered in this case.

In determining whether recusal is appropriate under these circumstances, the court focuses on certain potentially relevant provisions of 28 USC § 455. In particular, the undersigned examines whether: (1) he is "a party to the proceeding," § 455(b)(5)(i); (2) he has a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding," § 455(b)(4); or (3) "his impartiality might reasonably be questioned" in this proceeding, § 455(a).

First, it appears that a putative class member is not a party within the meaning of § 455(b)(5)(i). See In Re Initial Public Offering Sec Litigation, 174 F Supp 2d 70, 93 (SDNY 2001), aff'd on recusal sub nom, In Re Certain Underwriter Defendants, 294 F3d 297 (2d Cir 2002). On this point, accord Tramonte v Chrysler Co, 136 F3d 1025, 1030 (5th Cir 1998) ("[M]embers of a putative class are not 'parties' to a class action * * *.") (citing New Orleans Public Service, Inc v United Gas Pipe Line Co, 719 F2d 733, 735 (5th Cir 1983) (reporting opinion of the Advisory Committee on Codes of Conduct of the Judicial Conference of the United States)). But see Gordon v Reliant Energy, Inc, 141 F Supp 2d 1041, 1043 (SD Cal 2001). Hence, recusal under this provision would be inappropriate. Moreover, this issue is moot because the

undersigned has waived his status as a potential class member and discontinued service with AT&T. In Re Certain Underwriter Defendants, 294 F3d at 305 ("Congress did not consider judges with minor interests in a class action to be parties to a proceeding once they have divested themselves of said financial interest.").

Second, it appears that whatever interest, if any, that the undersigned previously had in this case is highly speculative and is insufficient to constitute a "financial interest" within the meaning of § 455. See In re Virginia Electric & Power Co, 539 F2d 357, 366-67 (4th Cir 1976); id at 366 (finding that a judge "did not 'own' a legal or equitable interest in the subject matter of the controversy" because his only interest was "the remote contingent possibility that he may *in futuro* share in any refund that might be ordered for all [utility] customers * * *."); In re New Mexico Natural Gas Antitrust Litigation, 620 F2d 794, 795-96 (10th Cir 1980) (finding no financial interest in a case in which a judge had "opt[ed] out as a class member to avoid receipt of any potential refund"); Christiansen v Natl Savings and Trust Co, 683 F2d 520, 526 (DC Cir 1982). But see Tramonte, 136 F3d at 1030. At most, the undersigned's previous interest as a former putative class member was some "other interest" that was not substantial enough to require recusal. See In re New Mexico, 620 F2d at 796 (finding that "a remote, contingent benefit, such as a possible beneficial effect on future utility bills, is not a 'financial interest'" but an "other interest" that was "too insubstantial to require recusal"). Compare Aetna Life Insurance Co v Lavoie, 475 US 813, 826-27 (1986) (noting that state supreme court justices' interest as members of an uncertified class seeking pecuniary



United States District Court
For the Northern District of California

relief was "clearly highly speculative and contingent" and that "there is no basis for concluding these justices were disqualified under the Due Process Clause").

Moreover, even if the undersigned previously had a financial or other substantial interest in this case, by opting out of the class and discontinuing service with AT&T, the undersigned has eliminated any need for recusal here. In Union Carbide Corp v US Cutting Serv, 782 F2d 710 (7th Cir 1986), Judge Posner stated that when a judge "divested himself of [a financial] interest [in a party] as soon as he discovered it[,] and made no rulings between the date of discovery and the date of divestment," the "statutory purpose [of § 455] would not be served by forcing [the judge] to recuse [himself]." Id at 714. Similarly, the undersigned has divested any potential interest of which he is aware in this case prior to making any rulings. "[T]he legislative history [of § 455] contains no indication that Congress would have wanted a judge to recuse himself in such a case." Id. Also compare Tramonte, 136 F3d at 1030 (suggesting that passage in 1988 of 28 USC § 455(f) limited circumstances in which divestment obviated the need for recusal to cases in which "substantial judicial time had been devoted to the matter") with In Re Initial Public Offering, 174 F Supp 2d at 87 (finding that "nothing in subsection (f) affected the ability of a court to take steps prospectively to eliminate a potential conflict" and that § "455(f) simply added one more safety valve") and id at 86-90.

//

//

//



United States District Court
For the Northern District of California

For these same reasons, the undersigned finds that the facts here do not raise an appearance of partiality requiring recusal under 28 USC § 455(a). See, e g, In re Certain Underwriter Defendants, 294 F3d at 306. Having no interest in this matter of which he is aware, the undersigned "concludes that he can fairly sit and that it makes judicial sense that he continue in the trial of the case * * *." In re Virginia Electric, 539 F2d at 369.

The undersigned also notes that recusal seems especially inappropriate here given the broad swath cut by the proposed class. Although the undersigned has not canvassed the other judges in this district, given the ubiquity of AT&T telephone services, it seems highly unlikely that there would be any judge who is not a class member or has a family member encompassed by the proposed class, thereby implicating 28 USC § 455. Accordingly, if the undersigned were to recuse himself, every other judge in the district might very well follow suit for similar reasons. This "would cause great inconvenience to the counsel, parties, or judge, particularly if the litigation takes several years to complete." See In re New Mexico, 620 F2d at 797. See also United States v Will, 449 US 200, 213, 217 (1980) (noting the continued vitality of "the time-honored Rule of Necessity," which may require a judge to decide a case in which he has a personal interest if the case cannot be heard otherwise). The undersigned believes it would be imprudent and impractical to recuse himself and therefore potentially set this litigation on such a course.

//

//

//



United States District Court
For the Northern District of California

Although the court has reached the conclusion that recusal is not necessary here, the court has reached this conclusion without the benefit of guidance from the parties. Accordingly, the court invites the parties to submit on or before April 21, 2006, briefs no longer than 10 pages in length that address the matters stated above.

If, following such guidance, the court believes that recusal is not appropriate, the court will address the various motions that the parties have filed thus far.

**IT IS SO ORDERED.**



**VAUGHN R WALKER**
**United States District Chief Judge**