PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**MOTION OF DEFENDANT AT&T INC. TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; SUPPORTING MEMORANDUM**<br><br>[Fed. R. Civ. P. 12(b)(2), 12(b)(6)<br><br>Date: June 8, 2006<br>Time: 2 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Filed concurrently:<br>1. Declaration of Starlene Meyerkord<br>2. Proposed order |


Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS....................iv
ISSUE TO BE DECIDED....................iv
MEMORANDUM OF POINTS AND AUTHORITIES....................1
I. INTRODUCTION....................1
II. STATEMENT OF FACTS....................1
  A. Background on AT&T Inc....................1
  B. AT&T Inc.'s lack of contact with the State of California....................2
  C. AT&T Inc.'s lack of involvement in the conduct alleged in the Amended Complaint....................2
III. ARGUMENT....................4
  A. Principles governing motions to dismiss for lack of personal jurisdiction....................4
  B. AT&T Inc. lacks the "minimum contacts" necessary to create jurisdiction in the State of California....................4
    1. Plaintiffs cannot establish general jurisdiction over AT&T Inc....................5
    2. Plaintiffs cannot establish specific jurisdiction over AT&T Inc....................7
  C. The activities of AT&T Corp. within California do not subject AT&T Inc. to the Court's jurisdiction....................8
  D. AT&T Inc. should also be dismissed for the reasons stated in the motion to dismiss filed concurrently by AT&T Corp....................9
IV. CONCLUSION....................10

## TABLE OF AUTHORITIES

**Page**

### Cases

Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,
223 F.3d 1082 (9th Cir. 2000) ........ 5

Brand v. Menlove Dodge,
796 F.2d 1070 (9th Cir. 1986) ........ 5

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) ........ 7, 8

Covad Communications Co. v. Pacific Bell,
1999 U.S. Dist. LEXIS 22789 (N.D. Cal. Dec. 14, 1999) ........ 6

Cubbage v. Merchant,
744 F.2d 665 (9th Cir. 1984) ........ 4

Directory Dividends, Inc. v. SBC Communications, Inc.,
2003 WL 21961448 (E.D. Pa. July 2, 2003) ........ 9

Doe v. Unocal Corp.,
248 F.3d 915 (9th Cir. 2001) ........ 4, 5, 8

Gammino v. SBC Communications, Inc.,
2005 WL 724130 (E.D. Pa. Mar. 29, 2005) ........ 6

GoInternet.net, Inc. v. SBC Communications, Inc.,
2003 WL 22977523 (Pa. Com. Pl. Dec. 17, 2003) ........ 9

Gordy v. Daily News, L.P.,
95 F.3d 829 (9th Cir. 1996) ........ 8

Go-Video Inc. v. Akai Electric Co., Ltd.,
885 F.2d 1406 (9th Cir. 1989) ........ 4

Helicopteros Nacionales de Colombia v. Hall,
466 U.S. 408 (1984) ........ 5

International Shoe Co. v. Washington,
326 U.S. 310 (1945) ........ 4

Newman v. Motorola, Inc.,
125 F. Supp. 2d 717 (D. Md. 2000) ........ 7

Pena v. Valo,
563 F. Supp. 742 (C.D. Cal. 1983) ........ 4

Perkins v. Benguet Consolidated Mining Co.,
342 U.S. 437 (1952) ........ 5

Phonetel Communications, Inc. v. U.S. Robotics Corp.,
2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001) .......... 7

Shaffer v. Heitner,
433 U.S. 186 (1977) .......... 5

Von Grabe v. Sprint PCS,
312 F. Supp. 2d 1285 (S.D. Cal. 2003) .......... 7

### Constitution

United States Constitution
Amendment V .......... 4, 7

### Statutes and Codes

California Code of Civil Procedure
Section 410.10 .......... 4

### Rules

Federal Rules of Civil Procedure
Rule 12(b)(1) .......... iv
Rule 12(b)(2) .......... iv, 4
Rule 12(b)(6) .......... iv

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, June 8, 2006, at 2:00 p.m., before the Honorable Vaughn R. Walker, United States District Chief Judge, in Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, specially appearing defendant **AT&T INC.** will move and hereby does move, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint for Damages, Declaratory and Injunctive Relief (Dkt. 8, referred to hereafter as the "Amended Complaint" or the "FAC") filed by plaintiffs Tash Hepting, Gregory Hicks, Carolyn Jewel and Erik Knutzen (collectively, "plaintiffs") on February 22, 2006, for lack of personal jurisdiction over AT&T Inc.

This motion is made on the grounds that there is no basis for personal jurisdiction over AT&T Inc. This motion is based on this notice of motion and motion, the memorandum that follows, the declaration of Starlene Meyerkord filed herewith, the administrative motion filed herewith, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion.

AT&T Inc. also joins in the motion to dismiss filed concurrently by AT&T Corp. under Rules 12(b)(1) and 12(b)(6).

## ISSUE TO BE DECIDED

Does a court in the State of California have personal jurisdiction over AT&T Inc. where AT&T Inc. is a holding company that does not do business in California, AT&T Inc. has no presence in California and the Amended Complaint contains no specific factual allegations that AT&T Inc. was involved in the conduct challenged by the Amended Complaint?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

There is no basis for personal jurisdiction over AT&T Inc. A pure holding company, AT&T Inc. does not make or sell goods or services to residents of California or to anyone at all. AT&T Inc. is incorporated in Delaware and headquartered in Texas and has no offices or employees in California. No factual allegations tie it to any of the activities underlying the claims asserted by the Amended Complaint. In short, AT&T Inc. has no business presence in California. Because AT&T Inc. lacks the minimum contacts with the State of California needed to subject it to the Court's jurisdiction, the Amended Complaint should be dismissed as to it.

Plaintiffs appear to have named AT&T Inc. as a defendant because they misunderstand its activities. If plaintiffs have a dispute with anyone, it is not AT&T Inc.

### II. STATEMENT OF FACTS.

#### A. Background on AT&T Inc.

AT&T Inc. is incorporated in Delaware. Its principal (and only) place of business is in San Antonio, Texas. Declaration of Starlene Meyerkord in Support of Motion of Defendant AT&T Inc. to Dismiss Plaintiffs' Amended Complaint, filed concurrently ("Meyerkord Decl.") ¶¶ 2-3; *see also* FAC ¶ 18.

AT&T Inc. is a holding company, conducts no business of its own and has no assets other than stock in its  subsidiaries. AT&T Inc. provides no telecommunications services or Internet services to the public, and does not itself make or sell any products or services. Meyerkord Decl. ¶¶ 4-5.

AT&T Inc. does not provide telecommunications or Internet services to the public or, for that matter, make or sell any products or services. *Id.* ¶ 5. It owns various subsidiaries, some of which offer telecommunications services. *Id.* ¶¶ 4, 8. Each of its affiliated subsidiaries that does business in the State of California has its own, separate corporate, partnership or limited liability company identity and structure. *Id.* ¶ 7.

**B. AT&T Inc.'s lack of contact with the State of California.**

AT&T Inc. is a foreign holding company without any operations in California. It does not do business in the State. In particular:

- It has no employees or distributors resident in California.
- It does not have an office or mailing address in California, and it does not own or lease any real property in California.
- It has never been registered or otherwise qualified to do business in the State of California, and did not appoint an agent for service of process in California for such purpose.
- It does not pay income, property or use taxes to the State of California.
- It does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into the State of California.
- It has not chosen to avail itself of the privilege of doing business in the State of California.
- It is a pure holding company that conducts no business itself.

Meyerkord Decl. ¶¶ 4, 11-14.

**C. AT&T Inc.'s lack of involvement in the conduct alleged in the Amended Complaint.**

The Amended Complaint accuses defendants of violating the rights of telecommunications customers of AT&T Corp. It says that defendants did so by allowing the government to intercept or gain access to certain information about these customers.

The claims alleged in the Amended Complaint apparently arose in California. Because AT&T Inc. has no business presence in California, these allegations do not and cannot apply to AT&T Inc. Meyerkord Decl. ¶ 17. AT&T Inc. has no customers and offers no telecommunications services. As noted, it is a pure holding company.

The Amended Complaint acknowledges the separate corporate identities of AT&T Inc. and AT&T Corp. *See, e.g.,* FAC ¶¶ 17-18. But plaintiffs incorrectly assert that both

"AT&T Corp. and AT&T Inc. are telecommunications carriers, and both offer electronic communications service(s) to the public and remote computing service(s)." FAC ¶ 19. Plaintiffs further allege that "[p]rior to the acquisition and merger, AT&T Corp. and SBC [Communications Inc.] both had a significant business presence in California for many years. The new AT&T Inc. and its subsidiary, AT&T Corp., continue to have a significant business presence in California." FAC ¶ 21; *see also* FAC ¶¶ 48, 49. These allegations are flat wrong as to AT&T Inc. *See, e.g.,* Meyerkord Decl. ¶¶ 4-5.

The FAC's conclusory allegations about AT&T Inc. are accompanied by no factual detail. The FAC alleges that AT&T Corp.—not AT&T Inc.—provided the United States with access to its telecommunications network. FAC ¶¶ 42-47, 51-61. AT&T Inc. is not singled out once in the FAC's description of its seven claims. *See* FAC ¶¶ 78-149 (describing claims against AT&T Corp. and "defendants" generically, but not describing any conduct by AT&T Inc.). Plaintiffs concede that the challenged conduct "began before AT&T Corp. was acquired by AT&T Inc. (formerly known as SBC Communications, Inc.)." FAC ¶ 7. Plaintiffs appear to have named AT&T Inc. as a defendant in the belief that AT&T Inc. may some day integrate its subsidiaries' telecommunications networks and become involved in the challenged conduct. Plaintiffs state as much on their website:

**Why Is the Case Against Both AT&Ts?**

> While the case focuses on the acts of AT&T Corp. (pre-merger), AT&T Inc. has begun a transition process designed to integrate the former SBC's telecommunications network with AT&T Corp.'s network, ultimately leading into unified networks. The lawsuit alleges that the facilities and technologies of the former SBC are being or will imminently be used to transmit the communications of AT&T Corp. customers, and will continue the violation of the privacy of its customers.

Electronic Frontier Foundation, *ATT-NSA FAQ*, http://www.eff.org/legal/cases/att/faq.php. *See also* FAC ¶¶ 62-63. Even if plaintiffs are correct in asserting that the networks of the former SBC and the former AT&T are being integrated now or may be integrated in the future, that does not implicate AT&T Inc.: It remains a holding company that does not itself make or sell any products or services. Meyerkord Decl. ¶¶ 4-5.

## III. ARGUMENT.

### A. Principles governing motions to dismiss for lack of personal jurisdiction.

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. Plaintiffs have the burden of establishing that the Court has personal jurisdiction over the defendants. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984)). In assessing the plaintiffs' showing, the Court may consider evidence presented in affidavits. *Unocal*, 248 F.3d at 922. The allegations in a plaintiff's complaint, if contradicted by a defendant's affidavits, are insufficient. *See Pena v. Valo,* 563 F. Supp. 742, 747 (C.D. Cal. 1983) (holding that plaintiff failed to make even a *prima facie* showing that the court had jurisdiction where plaintiff attempted to rely on "the conclusory allegations of his complaint" in response to the allegations set forth in defendants' affidavits).

To exercise personal jurisdiction over a nonresident defendant in a federal question case like this, the Court must first determine that "'a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process.'" *Unocal*, 248 F.3d at 921-22 (quoting *Go-Video Inc. v. Akai Electric Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989)). This means that the Court may exercise jurisdiction over a party where doing so comports with the law of the State of California and meets the requirements of due process. *Unocal*, 248 F.3d at 923.

California Code of Civil Procedure section 410.10 extends the jurisdiction of the state's courts to circumstances consistent with the state and federal constitutions. Thus, the analysis focuses on constitutional limits rather than state law.

### B. AT&T Inc. lacks the "minimum contacts" necessary to create jurisdiction in the State of California.

Under the due process clause of the federal Constitution, it is a prerequisite to a court's jurisdiction that a foreign defendant have such "minimum contacts" with the forum state that maintenance of suit would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984), the United States Supreme Court set forth the standards for both general and specific jurisdiction. If a defendant has sufficient "contacts" with the forum, it may be subject to suit there on all claims wherever they arise (general jurisdiction). In other cases the jurisdictional sufficiency of the defendant's contacts depends on an assessment of the "relationship among the defendant, the forum and the litigation" (specific jurisdiction). *Id.* at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Neither general nor specific jurisdiction over AT&T Inc. exists here.

**1. Plaintiffs cannot establish general jurisdiction over AT&T Inc.**

"If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Unocal*, 248 F.3d at 923 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446 (1952)). "The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted) (quoting *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)). To establish the "minimum contacts" necessary to support general jurisdiction, plaintiffs must establish that AT&T Inc. has "continuous and systematic" contacts with California tantamount to doing business within the state. *Helicopteros*, 466 U.S. at 416. Plaintiffs cannot meet this burden because AT&T Inc. does not engage in activities of the sort or scope that constitute "continuous and systematic" contacts with the State of California.

AT&T Inc.'s relationship to the acts alleged in the Amended Complaint is based solely on its stock ownership in AT&T Corp. Contrary to plaintiffs' conclusory allegations (FAC ¶ 21), AT&T Inc. does not do business in the State of California and lacks contacts with the State of California that are "continuous and systematic." *See* Meyerkord Decl. ¶¶ 11-17. AT&T Inc. has never been registered or otherwise qualified to do business in California, and did not appoint an agent for service of process in California for such

purpose. It has no employees or distributors resident in California. *Id*. It owns or leases no property in California, has no office or mailing address in California, and provides no telecommunication, Internet or any other services in California. *Id.* Further, AT&T Inc. does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into California. *Id.* AT&T Inc. conducts no business itself. *Id.* ¶ 4. These facts demonstrate that plaintiffs' allegations are incorrect: AT&T Inc. does not have the systematic business contacts with California required to establish general jurisdiction.

It is predictable that plaintiffs will direct the Court to the existence of the AT&T family brand as a supposed basis for imposing jurisdiction on AT&T Inc. This family brand is used by the AT&T operating companies that are direct and indirect subsidiaries of AT&T Inc. This family brand is maintained through advertising, the AT&T website, and other marketing activities. Although a layperson might attribute these marketing activities to AT&T Inc., the fact is that these activities are undertaken by AT&T's subsidiaries, not by the holding company itself. As discussed below, the activities of these subsidiaries are not attributable to AT&T Inc. without a finding of agency or alter ego, which cannot be made here.

Plaintiffs may rely on two cases that mistakenly attribute marketing activities to AT&T Inc.'s predecessor corporation, SBC. In *Covad Communications Co. v. Pacific Bell,* 1999 U.S. Dist. LEXIS 22789 (N.D. Cal. Dec. 14, 1999), jurisdiction rested on a news release speaking broadly about the scope of the operating companies' networks and expenditures, and apparently on Internet job postings. The court's opinion is far from clear, stating at one point that "plaintiff has presented a powerful case that SBC *may* conduct a variety of activities" (emphasis added), and at another point stating that SBC is *either* "present in California" *or* is "more than a simple holding company." *Id* at 21. To similar effect, in *Gammino v. SBC Communications, Inc.*, 2005 WL 724130 (E.D. Pa. Mar. 29, 2005), the court found, without any evident basis, that statements appearing on the SBC brand website should be attributed to the holding company.

Following a more rigorous analysis, a greater number of courts have rejected jurisdiction over SBC and other telephone holding companies, notwithstanding the existence of family brands, websites or marketing activities undertaken by their subsidiaries. In *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717 (D. Md. 2000), the court required plaintiffs to show that the products and services appearing on the SBC brand website were to be supplied by the holding company rather than one of its subsidiaries. Plaintiffs could not make the showing because the facts would not support it. Courts also rejected jurisdiction over telephone holding companies in *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) (holding that use of a common trade name on website and in other marketing activities did not provide a basis for jurisdiction over Sprint Corp.) and *Phonetel Communications, Inc. v. U.S. Robotics Corp.*, 2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001) (holding that although the Verizon website offered goods and services to customers in Texas, plaintiff failed to show that the holding company was responsible for the website).

The record here shows that the AT&T brand website is maintained and administered by a subsidiary of AT&T Inc., not by AT&T Inc. Meyerkord Decl. ¶ 15. None of the goods or services offered on the AT&T brand website are provided by AT&T Inc. *Id.* ¶ 16.

**2. Plaintiffs cannot establish specific jurisdiction over AT&T Inc.**

It is possible to assert jurisdiction over a foreign corporation that does not do business within the state if the plaintiffs can demonstrate a sufficient nexus between the foreign corporation and the activities within the state that gave rise to the cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). As interpreted by the Supreme Court, the due process clause requires that a foreign corporation have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign. *Id.* Where a forum state seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit, this "fair warning" requirement can only be satisfied if the defendant has "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id.* The Ninth Circuit has

> established a three-part test to evaluate the nature and quality of a defendant's contacts so as to determine the availability of specific jurisdiction:
>
> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> (3) Exercise of jurisdiction must be reasonable.

*Unocal*, 248 F.3d at 923 (citing *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)).

The allegations of the Amended Complaint are directed at activities allegedly committed by AT&T Corp. Plaintiffs cannot establish any activities undertaken by AT&T Inc. itself (*i.e.*, not through a subsidiary) within the State of California, let alone any that were "purposefully directed" at residents of California or caused the injuries at issue. Accordingly, there has been no "fair warning," or any warning, to AT&T Inc. that its activities would subject it to the jurisdiction of courts in California. Absent such warning, due process precludes the exercise of that jurisdiction. *Burger King*, 471 U.S. at 472.

### C. The activities of AT&T Corp. within California do not subject AT&T Inc. to the Court's jurisdiction.

Where plaintiffs can meet the high burden of showing that a holding company and its subsidiaries operate as a single functioning entity, they may establish jurisdiction over a foreign parent corporation by relying on the activities of a domestic subsidiary. To meet this burden, plaintiffs must show that the subsidiary is an agent or alter ego of the parent. Plaintiffs have not and cannot meet this burden here.

The alter-ego test requires plaintiffs to prove that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist, and that failure to disregard their separate identities would result in fraud or injustice. *Unocal*, 248 F.3d at 926. The agency test requires proof that the subsidiary functions as the parent corporation's representative in performing services that are so important to the foreign

parent corporation that if it did not have a representative to perform them, the corporation's own officials would be required to undertake substantially similar activities. *Id.* at 928.

Agency and alter ego theories have been previously litigated by plaintiffs attempting to impose jurisdiction on SBC, the corporate predecessor of AT&T Inc. To counsels' knowledge, only once has a district court held that SBC is the alter ego or agent of its subsidiaries. In that case, *Directory Dividends, Inc. v. SBC Communications, Inc.*, 2003 WL 21961448 (E.D. Pa. July 2, 2003), the court found that SBC and its subsidiaries were presented as an integrated entity on the SBC website, and that SBC controlled the activities of its subsidiaries. The court appears to have been particularly moved by its website analysis, finding it to be "compelling" grounds to disregard the corporate form.

*Directory Dividends* is wrongly decided. A later opinion distinguished it on the basis of its mistaken factual finding that SBC has ignored the corporate form of its subsidiaries. *See GoInternet.net, Inc. v. SBC Communications, Inc.*, 2003 WL 22977523, *7-*8 (Pa. Com. Pl. Dec. 17, 2003) ("That the companies may have a close relationship or may coordinate and cooperate is not sufficient to impute foreign contacts.") (internal quotations omitted).

The record before this Court shows that AT&T Corp. is separate and distinct from AT&T Inc. and is capable of satisfying any potential judgment. Meyerkord Decl. ¶ 10. AT&T Corp. has its own management, its own board of directors, and maintains its own corporate minutes. *Id.* AT&T Corp.'s management and board of directors are responsible for the management and operations of AT&T Corp. *Id.* There is nothing in this record to support a claim by plaintiffs to collapse these distinct legal entities and impose jurisdiction on AT&T Inc. because of the in-state activities of AT&T Corp.

**D. AT&T Inc. should also be dismissed for the reasons stated in the motion to dismiss filed concurrently by AT&T Corp.**

AT&T Inc. also urges the Court to dismiss it on the grounds urged by AT&T Corp. in its separate motion. Rather than burden the Court with repetitive briefing, AT&T Inc. simply incorporates the arguments of AT&T Corp. by reference.

## IV. CONCLUSION.

For the foregoing reasons, defendant AT&T Inc. submits that this action should be dismissed with prejudice as to it.

Dated: April 28, 2006.

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.