PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**DECLARATION OF STARLENE MEYERKORD IN SUPPORT OF MOTION OF DEFENDANT AT&T INC. TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date: June 8, 2006<br>Time: 2 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br><br>Filed concurrently:<br>1. AT&T Inc.'s Motion to Dismiss<br>2. Proposed order |

I, STARLENE MEYERKORD, declare as follows:

1. My job title is Director, Office of Vice President and Secretary of AT&T Inc. I make this declaration in support of the motion of defendant **AT&T INC.** to dismiss plaintiffs' Amended Complaint for lack of jurisdiction. The facts stated herein are based upon my own personal knowledge, or upon the corporate business records of AT&T Inc., or, where so indicated, upon my information and belief. If called as a witness, I could and would competently testify thereto.

**Background on AT&T Inc.**

2. AT&T Inc. was incorporated in Delaware in October 1983 under the name Southwestern Bell Corporation. Since then it has changed its name twice. In 1995 it changed its name to SBC Communications Inc. More recently, in November 2005, it changed its name to AT&T Inc. after the merger of AT&T Corp. with a subsidiary of SBC Communications Inc. Throughout, it has remained a Delaware corporation.

3. AT&T Inc.'s principal and only place of business is in San Antonio, Texas. Before it moved to San Antonio, its principal and only place of business was St. Louis, Missouri.

4. AT&T Inc. is and always has been purely a holding company. It was created as one of seven regional holding companies that were divested on January 1, 1984, by the American Telephone and Telegraph Company as part of the settlement of *United States v. Western Electric Company, Inc.,* Civil Action No. 82-0192 (D.D.C.). As part of that divestiture, it received equity interests in the Southwestern Bell Telephone Company and certain other companies. It remains a holding company that conducts no business itself. It has no assets other than stock in its subsidiaries.

5. AT&T Inc. does not provide telecommunications services or Internet services to the public. AT&T Inc. does not itself make or sell any products or services.

6. AT&T Inc. has a 17-member board of directors. Only two of the 17 directors are officers of AT&T Inc. or any of its subsidiaries. The other 15 directors are non-employee directors.

7. AT&T Inc. is a legally and factually separate corporate entity, distinct from its subsidiaries. Each of the affiliated subsidiaries maintains its own independent corporate, partnership or limited liability company identity and structure.

8. Some of AT&T Inc.'s subsidiaries are, among other things, engaged in the development and sale of telecommunications services to the public.

**AT&T Inc.'s Relationship to AT&T Corp.**

9. AT&T Corp. is a direct subsidiary of AT&T Inc.

10. AT&T Corp. is a corporation separate and distinct from AT&T Inc. that is capable of satisfying any potential judgment. It has its own management and board of directors, and it keeps its own corporate minutes. Its management and board of directors are responsible for the management and operations of AT&T Corp. AT&T Corp. has two directors.

**AT&T Inc.'s Lack of Contacts with the State of California**

11. AT&T Inc. does not do business in the State of California. It has no employees or distributors resident in California. It does not have an office or mailing address in California, and it does not own or lease any real property in California. It provides no telecommunications, Internet, or any other services in California.

12. AT&T Inc. has never been registered or otherwise qualified to do business in the State of California, and therefore, AT&T Inc. did not appoint an agent for service of process in California for such purpose.

13. AT&T Inc. does not pay income, property, or use taxes to the State of California.

14. AT&T Inc. does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into

California. It has not chosen to avail itself of the privilege of doing business in the State of California.

15. The AT&T brand website at att.com is maintained and administered by a subsidiary of AT&T Inc., not AT&T Inc.

16. The att.com website is an online marketing channel that markets the goods and services of AT&T Inc.'s subsidiaries and business partners. I am familiar with the goods and services that may be purchased or contracted for on the att.com website. AT&T Inc. does not provide goods or services to the public and therefore, none of the goods or services offered at the att.com website are provided by AT&T Inc.

17. The causes of action alleged in the Plaintiffs' complaint apparently arose in California. Since AT&T Inc. has no business presence in California, then these allegations do not and cannot apply to AT&T Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of April, 2006, at San Antonio, Texas.

Starlene Meyerkord

Starlene Meyerkord