PETER D. KEISLER
Assistant Attorney General
KEVIN V. RYAN
United States Attorney
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
ANDREW H. TANNENBAUM
Trial Attorney
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 514-4782/(202) 514-4263
Fax: (202) 616-8460/(202) 616-8202
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | Case No. C-06-0672-VRW |
| v. | **FIRST STATEMENT OF INTEREST OF THE UNITED STATES** |
| AT&T CORP., AT&T INC., and DOES 1-20, inclusive, | Hon. Vaughn R. Walker, Chief Judge |
| Defendants. | |



Dockets.Justia.com

## INTRODUCTION

Pursuant to 28 U.S.C. § 517,[1] the United States of America, through its undersigned counsel, hereby submits this Statement of Interest to advise the Court that the United States intends to assert the military and state secrets privilege in this action. In addition, the United States will also move to intervene to seek dismissal of this case. The United States requests that its forthcoming submission be considered in conjunction with the parties' pending motions.

Plaintiffs, subscribers of various communications services of AT&T Corporation, bring this purported class action alleging that AT&T Corp. and AT&T Incorporated (hereafter "AT&T") participated in a government program to intercept and analyze Plaintiffs' telephone and Internet communications in violation of certain federal electronic surveillance and telecommunications statutes, state law, and the First and Fourth Amendments of the United States Constitution. Plaintiffs' claims seek to put at issue alleged foreign intelligence surveillance activities undertaken by the United States Government. For example, Plaintiffs specifically challenge the Terrorist Surveillance Program acknowledged by the President in December 2005 through which the National Security Agency intercepts certain "one-end foreign" communications where one party is associated with the al Qaeda terrorist organization.

The United States cannot disclose any national security information that may be at issue in this case. However, the fact that the United States will assert the state secrets privilege should not be construed as a confirmation or denial of any of Plaintiffs' allegations, either about AT&T or the alleged surveillance activities. When allegations are made about purported classified government activities or relationships, regardless of whether those allegations are accurate, the existence or non-existence of the activity or relationship is potentially a state secret. Therefore,

---

[1] Section 517 provides that the "Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. A submission by the United States pursuant to this provision does not constitute intervention under Rule 24 of the Federal Rules of Civil Procedure.

the assertion of the state secrets privilege, as a general matter, does not mean that any particular allegation is true but is a reflection of the subject matter at issue.

The United States is preparing to submit its state secrets privilege assertion, motion to intervene, and motion to dismiss by May 12, 2006, prior to the scheduling conference set for May 17, 2006, and in advance of the dates on which Defendants' response to Plaintiffs' pending motion for a preliminary injunction is due (May 18, 2006) and scheduled to be heard (June 21, 2006). *See* Order dated April 26, 2006 (Docket No. 78). Counsel for the United States will attend the May 17 scheduling conference should the Court wish to address the government's participation in this case.

**BACKGROUND**

The President has explained that, following the terrorist attacks of September 11, 2001, he authorized the National Security Agency ("NSA") to intercept international communications into and out of the United States of persons linked to al Qaeda and affiliated organizations. *See* Press Conference of President Bush (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-2.html. The purpose of these intercepts is to provide the United States with an early warning system to detect and prevent another catastrophic terrorist attack on the United States. *See id.*

Following the President's statements, Plaintiffs filed suit alleging, *inter alia*, that the National Security Agency began a classified surveillance program (which they call "the Program") shortly after September 11, 2001, "to intercept the telephone and Internet communications of people inside the United States without judicial authorization. . . ." Amended Complaint for Damages, Declaratory and Injunctive Relief ("Amended Complaint") ¶ 32. Plaintiffs further claim, based on their "information and belief," that NSA personnel have also "intercepted large volumes of domestic and international telephone and Internet traffic in search of patterns of interest." *Id.* ¶ 38. They allege that the NSA intercepts "millions of communications made or received by people inside the United States, and uses powerful

computers to scan their contents for particular names, numbers, words or phrases." *Id.* ¶ 39. Plaintiffs believe that the NSA has accomplished this surveillance program by "arranging with some of the nation's largest telecommunications companies, including Defendants, to gain direct access to the telephone and Internet communications transmitted via those companies' domestic telecommunications facilities," as well as access to those companies' communications records. *Id.* ¶ 41.

Plaintiffs, on behalf of themselves as well as a proposed class of subscribers of Defendants' residential telephone or Internet services, seek declaratory and injunctive relief and damages under various federal and state statutory provisions. *Id.* ¶¶ 65-66 & Counts II-VI. Plaintiffs also seek declaratory and injunctive relief under the First and Fourth Amendments on the theory that the government instigated, directed, or tacitly approved the alleged actions by AT&T and that AT&T acted as an instrument or agent of the government. *Id.* ¶¶ 66, 82, 85 & Count I. Plaintiffs have also moved for a preliminary injunction that would, *inter alia*, enjoin the Defendants "from facilitating the interception, use, or disclosure of its customers' communications by or to the United States Government," except pursuant to a court order or an emergency authorization of the Attorney General for no more than 48 to 72 hours as provided in 18 U.S.C. § 2511(2)(a)(ii), 18 U.S.C. § 2518(7), or 50 U.S.C. § 1805(f). *See* [Proposed] Order Granting Preliminary Injunction (Docket No. 17) ¶ 3.

**DISCUSSION**

On March 6, 2006, the parties filed a Stipulation Setting Uniform Time for Defendants and Possible Intervenor to Respond to Plaintiffs' Amended Complaint. *See* Docket No. 13. In the Stipulation, the parties agreed that Defendants may have until April 28, 2006 to respond to the Amended Complaint. *Id.* The Stipulation further noted the following regarding the United States' possible participation in the case:

> The United States, through the Department of Justice ("DOJ") has represented the following: It presently is considering whether and, if so, how it will participate in this case, and requests until April 28, 2006 to make that decision. If the United States chooses to

> participate – whether by intervening or by filing a statement of interest pursuant [to] 28 U.S.C. § 517 – it anticipates filing its papers by April 28, 2006.

Docket No. 13, ¶ D.

The government intends to assert the military and state secrets privilege pursuant to 28 U.S.C. § 517. The state secrets privilege permits the government to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds,* 345 U.S. 1, 7-8 (1953); *Kasza v. Browner,* 133 F.3d 1159, 1166 (9th Cir. 1998). If upheld, a state secrets privilege assertion has the initial effect of excluding certain information from a case. *See Kasza*, 133 F.3d at 1166 ("[B]y invoking the privilege over particular evidence, the evidence is completely removed from the case.").

In addition, however, the protection of state secrets often requires dismissal of a case. *See Kasza*, 133 F.3d at 1166 ("'[I]f the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege.") (quoting *Reynolds*, 345 U.S. at 11 n.26). The United States believes that principle to be applicable here; thus, in addition to asserting the state secrets privilege, the United States also intends to file a motion to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure for the purpose of seeking dismissal of this case. Because this case is in its initial stages, the government's intervention will be timely. In addition, the United States has an interest relating to the subject matter of this action that cannot adequately be represented by the other parties because this case specifically puts at issue alleged government surveillance activities. While intervention is not necessary to seek the protection of state secrets, it is appropriate in cases where the government intends to seek dismissal on state secrets grounds. *See Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d 1236, 1239, 1241-42 (4th Cir. 1985) (court allowed intervention and granted dismissal because sensitive military secrets were so central to the subject matter of the litigation that any attempt to proceed would threaten disclosure of the privileged matters).

The government anticipated filing its submission on April 28 to correspond to the date on which the Defendants' response to the Amended Complaint is due. Because of the significance of the matter, a brief additional amount of time is necessary for the government to complete its submission, which will also take into account allegations made in Plaintiffs' recent motion for a preliminary injunction.[2] In addition, the privilege itself must be asserted by the agency head responsible for protecting the information at issue after actual personal consideration by the officer. *Reynolds*, 345 U.S. at 7-8. The government intends to file its submission by May 12, 2006 – prior to the Court's scheduling conference set for May 17, 2006, and well before the scheduled hearing date of June 21, 2006 for Plaintiffs' motion for a preliminary injunction. The United States requests that its submission be considered in conjunction with the parties' pending motions.

Finally, because the United States intends to assert the state secrets privilege and file a dispositive motion to dismiss this action, the United States requests that discovery proceedings be deferred until the government's submission has been considered and heard.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court consider the government's assertion of the state secrets privilege, motion to intervene, and motion to dismiss, which will be filed by May 12, 2006, in conjunction with its consideration of the parties' pending motions, and that the Court defer any discovery until the government's submission has been considered and heard.

---

[2] The Plaintiffs' preliminary injunction motion was filed on March 31, 2006. At the time of the parties' March 6 stipulation, the United States had not been made aware that Plaintiffs intended to file this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

*s/ Andrew H. Tannenbaum*
ANDREW H. TANNENBAUM
Trial Attorney
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 514-4782/(202) 514-4263
Fax: (202) 616-8460/(202) 616-8202

Attorneys for the United States of America

DATED: April 28, 2006

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **FIRST STATEMENT OF INTERESTS OF THE UNITED STATES OF AMERICA** will be served by means of the Court's CM/ECF system, which will send notification of such filing to the following:

Electronic Frontier Foundation
Cindy Cohn
Lee Tien
Kurt Opsahl
Kevin S. Bankston
Corynne McSherry
James S. Tyre
545 Shotwell Street
San Francisco, CA 94110

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Reed R. Kathrein
Jeff D. Friedman
Shana E. Scarlett
100 Pine Street, Suite 2600
San Francisco, CA 94111

Traber & Voorhees
Bert Voorhees
Theresa M. Traber
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103

Pillsbury Winthrop Shaw Pittman LLP
Bruce A. Ericson
David L. Anderson
Patrick S. Thompson
Jacob R. Sorensen
Brian J. Wong
50 Freemont Street
PO Box 7880
San Francisco, CA 94120-7880

Sidney Austin LLP
David W. Carpenter
Bradford Berenson
Edward R. McNicholas
David L. Lawson
1501 K Street, NW
Washington, DC 20005

*s/ Anthony J. Coppolino*