PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**ADMINISTRATIVE MOTION TO SET HEARING DATES FOR DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[Civ. L.R. 7-11]**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br><br>Filed concurrently:<br>1. Ericson Declaration<br>2. Proposed Order |


Dockets.Justia.com

## I. RELIEF REQUESTED.

Defendant **AT&T CORP.** ("AT&T") and specially appearing defendant **AT&T INC.** (collectively, "Defendants") hereby move pursuant to Civil L.R. 7-11 for an order specially setting a hearing date for the Motion of Defendant AT&T Corp. to Dismiss Plaintiffs' Amended Complaint (the "AT&T Corp. Motion") and the Motion of Defendant AT&T Inc. to Dismiss Plaintiffs' Amended Complaint (the "AT&T Inc. Motion") (collectively, the "Motions to Dismiss").

Defendants ask that the Motions to Dismiss be heard either on June 8, 2006 or June 15, 2006—or on some other date before June 21, 2006. In the alternative, Defendants ask that the Motions to Dismiss be heard along with Plaintiffs' Motion for Preliminary Injunction (the "Motion for Preliminary Injunction") on June 21, 2006.

## II. REASONS FOR SEEKING A SPECIALLY SET HEARING DATE FOR THE MOTIONS TO DISMISS.

### A. Defendants' proposal does not shorten either side's briefing time.

Defendants' proposal complies with the normal 35-day rule of Civil L.R. 7-2(a). The only reason why this administrative motion is needed is because the Court has already closed all of its normal civil law and motion hearing dates before June 29, 2006—a date after the date set by the Court for hearing the Motion for Preliminary Injunction. Dkt. 78.

### B. Defendants' proposal avoids wasting judicial resources and reflects the law's requirement that certain issues be determined at the threshold.

Resolving the Motions to Dismiss in advance of the hearing on the Motion for Preliminary Injunction is both logical and economical. The Motions to Dismiss address issues that could result in dismissal of one or both of the defendants. The AT&T Inc. Motion argues that this Court lacks personal jurisdiction over AT&T Inc. The AT&T Corp. Motion argues that both defendants should be dismissed because the Amended Complaint fails to plead the absence of immunity from suit and plaintiffs lack standing to bring their claims. Granting either motion will simplify the matters to be determined on the Motion for Preliminary Injunction; granting the AT&T Corp. motion will moot the Motion for

Preliminary Injunction.

The Motion for Preliminary Injunction raises numerous legal and factual issues that need not be considered at all if the Court grants the Motions to Dismiss. To consider the Motion for Preliminary Injunction before the Court has the opportunity to consider whether jurisdictional considerations, immunities or standing doctrine prevent plaintiffs from bringing this action against defendants would be a waste of judicial resources.

Beyond waste, there are substantive legal reasons to decide the Motions to Dismiss first. The legal issue of immunity should be decided before reaching the Motion for Preliminary Injunction because the statutes upon which defendants rely are phrased in a way ("No cause of action shall lie in any court . . . ") that makes clear that Congress intended to preclude completely any judicial proceedings on the merits in cases where the immunities are applicable (*see* AT&T Corp. Motion at 5-6) and because these statutes place the burden of *pleading* the lack of immunity on plaintiffs (*see* AT&T Corp. Motion at 7-10). The legal issue of standing should be decided before reaching the Motion for Preliminary Injunction because standing is a doctrine of constitutional dimension that determines whether the Court has subject-matter jurisdiction over the case. *See* AT&T Corp. Motion at 19-24.

**C. There is no urgency to plaintiffs' Motion for Preliminary Injunction.**

In our meet-and-confer on this administrative motion, plaintiffs have insisted that their Motion for Preliminary Injunction go first, before the Motions to Dismiss. *See* Declaration of Bruce A. Ericson, filed herewith, ¶¶ 5-8. As set forth above, neither judicial economy nor the law favor such an approach.

Nor have plaintiffs demonstrated any particular sense of urgency. They filed this case in January. They did not file their Motion for Preliminary Injunction until the end of March—even though they had been in possession of Mr. Klein's Confidential Documents for "a couple of months" before that. Declaration of Bruce A. Ericson in Support of Motion of AT&T Corp. to Compel Return of Confidential Documents (Dkt. 43) ¶ 8. Once they did file their motion, they set it for June and did not seek to expedite it. We do not criticize

this—and we certainly do not criticize plaintiffs for extending us the professional courtesy of enlarging defendants' time to plead to the complaint. *See* Dkt. 13. We merely note that the procedural history to date does not demonstrate any compelling need to put the cart before the horse by reaching factual issues before deciding threshold legal issues.

**D. Defendants' rationale for the suggested hearing dates.**

There is no magic to the hearing dates of June 8, 2006 or June 15, 2006; these are just the Court's normal dates for hearing civil motions. If either or both would be inconvenient for the Court, AT&T respectfully requests that the Court specially set a hearing at a time convenient for the Court and sufficiently early so that the issues raised by the Motions to Dismiss may be decided in advance of June 21, 2006 hearing on the Motion for Preliminary Injunction.

In the alternative, AT&T asks that the Court set the hearing on the Motions to Dismiss at the same time the June 21, 2006 hearing on the Motion for Preliminary Injunction so that the Court may, at a minimum, consider the Motions to Dismiss simultaneously with the Motion for Preliminary Injunction. For the substantive law reasons stated above, that is the less desirable of the two solutions, but even so it would be better than hearing the Motions to Dismiss after the Motion for Preliminary Injunction.

//

//

//

Dated: April 28, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.