Trone et al v. Peanut Corporation of America Doc. 103

Pillsbury Winthrop Shaw Pittman LLP

50 Fremont Street
San Francisco, CA 94105
Tel 415.983.1000
Fax 415.983.1200

MAILING ADDRESS
P. O. Box 7880
San Francisco, CA 94120
www.pillsburylaw.com

May 2, 2006

Bruce A. Ericson
Phone: 415.983.1560
bruce.ericson@pillsburylaw.com

**Via Electronic Filing**

The Honorable Vaughn R. Walker
Chief Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Hepting, et al. v. AT&T Corporation, et al.*, Case No. C-06-672 VRW

Dear Chief Judge Walker:

Yesterday plaintiffs lodged a letter under seal asking the Court for leave to file a motion to compel AT&T Corp. ("AT&T") to produce documents and a witness under Rule 30(b)(6). Plaintiffs' letter fails to address the most important issues implicated by plaintiffs' discovery demands: (1) the United States' invocation of the military and state secrets privilege, (2) the gun-jumping provision of Rule 26(d), and (3) the litigation immunities and standing problems that undermine plaintiffs' case and discovery objectives.

1. The United States has made it clear that it is not commenting on, and cannot comment on, whether it or AT&T is engaged in the alleged activities, and has invoked the military and state secrets privilege. *See* First Statement of Interest of the United States (filed April 28, 2006) (Dkt. 82-1) at 1, 5. Accordingly, the United States will be moving to dismiss the entire lawsuit. Further, the United States asks that discovery be deferred until the Court has had an opportunity to rule on the state secrets privilege. *Id.* at 5. Such a ruling will presumably not take long, because the Court has established an orderly and expeditious procedure to address the threshold legal issues raised by this case. *See* Order (filed April 26, 2006) (Dkt. 78) (setting briefing and hearing schedule). The United States asks to be heard in keeping with this schedule. *See* First Statement at 5 (stating that although not a party, the United States will appear on May 17 and will brief the state secrets privilege in accordance with the Order).

For their part, plaintiffs do nothing to explain why or how discovery could proceed now, before the Court has ruled on the state secrets privilege. Plaintiffs' plan to commence discovery before a privilege ruling would do nothing but feed their publicity machine. If



Dockets.Justia.com

ordered to appear for deposition or to produce documents without a ruling on the state secrets privilege, AT&T would be unable to waive the government's asserted privilege and would therefore be unable to furnish the requested information.

2. While insisting, without foundation, that discovery commence immediately, plaintiffs also overlook the gun-jumping provision of Federal Rule of Civil Procedure 26(d). Absent leave of court, Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Rule 26(f) conference has not occurred because, in keeping with this Court's Initial CMC Order, the date for the Case Management Conference has been vacated and has not been reset. Dkt. 7-2, at 1-2. Denying plaintiffs leave to file a motion to compel will not, as plaintiffs claim, "contort[] the ordinary discovery and scheduling procedures." Plaintiffs' discovery demands are out of order at this stage of the proceedings.

3. Finally, as explained in AT&T's motion to dismiss, plaintiffs lacks standing to bring this lawsuit or initiate discovery. Further, on the basis of plaintiffs' own allegations, AT&T is immune, not just from liability, but also from suit.

Nonetheless, despite these fundamental defects, plaintiffs want to use this lawsuit to launch a broad-based inquiry into the government program that is their true target. In their Rule 30(b)(6) notice, plaintiffs demand testimony on 18 subjects, including an intensive examination into the existence and extent of any capacity to intercept electronic communications (Request Nos. 1-12), communications, if any, with government officials (Requests Nos. 13-15, 18), interceptions or attempted interceptions anywhere in the United States (Request No. 16), and the existence and substance of any certifications or "purported certifications" (Request No. 17).

Although plaintiffs tell this Court that their discovery demands are "narrowly tailored," the demands themselves undermine this characterization.

For these reasons, AT&T respectfully requests that the Court deny plaintiffs leave to file a motion to compel, and that plaintiffs' discovery demands be taken up at the May 17 conference already scheduled by the Court. If the Court wishes to hear from the parties before May 17, AT&T respectfully requests leave to file a motion for a protective order.

Respectfully yours,
/s/
Bruce A. Ericson
cc: All counsel of record (via ECF)