Trone et al v. Peanut Corporation of America Doc. 106

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AS TO AT&T'S MOTION TO DISMISS**<br><br>**[CIVIL L.R. 7-11 AND 6-3(C)]**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn Walker |



Dockets.Justia.com

Pursuant to Local Rule 6-3(c), plaintiffs hereby oppose defendants' Administrative Motion to Set Hearing Dates on Defendants' Motions to Dismiss.

The Administrative Motion seeks to accelerate the hearing on the motions to dismiss filed by defendants AT&T Corp. and AT&T Inc., by scheduling hearings on defendants' motions prior to the June 21 hearing set by this Court for plaintiffs' motion for a preliminary injunction and before the first open date on this Court's calendar, currently June 29, 2006.[1] This Administrative Motion should be denied because defendants have failed to provide good cause in support of their request for an expedited schedule and hearing. Instead, the hearings on defendants' motions, along with the hearing on government's announced motion to dismiss, should be set on the next available Law and Motion date, according to the ordinary processes of this Court.

**1. Background**

This case is a class action brought on behalf of all residential customers and subscribers of defendants AT&T Corp. and AT&T Inc. ("AT&T"), alleging, among other things, that AT&T is violating the Fourth Amendment of the United States Constitution and the federal wiretap statutes by conducting, on behalf of the government, warrantless, suspicionless searches and seizures of the domestic and international communications of millions of Americans.

On March 31, 2006, plaintiffs filed a preliminary injunction motion seeking interim relief on their claims. (Dkt. 16). The preliminary injunction motion presents evidence that the massive suspicionless interception by defendants of many millions of domestic as well as foreign communications is a surveillance program far broader than the one admitted to by the government so far, which is purportedly limited to foreign communications in which there is a reasonable suspicion that either the sender or the receiver is connected to Al Qaeda. The motion also contends that defendants have received no court order or other judicial authorization for this expanded program, and that defendants have received no executive branch authorization that comports with the Foreign Intelligence Surveillance Act, the Wiretap Act, or any other congressionally-

[1] The Motion of Defendant AT&T Corp. to Dismiss Plaintiffs' Amended Complaint (the "AT&T Corp. Motion") and the Motion of Defendant AT&T Inc. to Dismiss Plaintiffs' Amended Complaint (the "AT&T Inc. Motion") will be referred to in this Opposition collectively as the "Motions to Dismiss."

established procedure.

The preliminary injunction motion is supported by evidence including three internal AT&T documents, as well as testimony by a former AT&T employee and by an expert witness who explains how the documents and witness testimony support plaintiffs' claims. On April 26, this Court specially set the preliminary injunction motion for hearing on June 21, 2006, at 10:00 AM. Order Granting in Part AT&T's Motion to Shorten Time (Dkt. 78).

On April 28, defendants filed two Motions to Dismiss. The AT&T Corp. Motion (Dkt. 86) seeks to dismiss the case under various alternative theories of immunity and standing raised under FRCP 12(b)(6). The AT&T Inc. Motion (Dkt. 79) asserts that this Court lacks jurisdiction over AT&T Inc. Also on April 28, the United States government ("DOJ") filed a Statement of Interest pursuant to 28 U.S.C. § 517, stating its intention to intervene and move to dismiss on May 12 on the basis of the state secrets privilege. (Dkt. 82). On May 1, plaintiffs filed a letter brief regarding their request for an order compelling compliance by AT&T with limited discovery on the matters raised by the preliminary injunction motion. (Dkt. 94). Defendants responded on May 2 (Dkt. 103) requesting that the issue be discussed at the May 17, 2006 Case Management Conference set by the Court.

**2. AT&T Offers No Proper Basis to Accelerate the Court's Schedule**

AT&T has given no reason why it should receive special treatment and jump to the head of the line in the Court's schedule, taking a place on the already-full dates on this Court's Law and Motion calendar. If the AT&T Motions are heard on June 29, the next available Law and Motion date, it will neither substantially prejudice AT&T nor impair judicial economy.

Furthermore, while plaintiffs have been considerate of AT&T's requests to keep to a normal schedule and have not sought to expedite the briefing on the motion for a preliminary injunction, this should not be taken as a sign either that the widespread harms caused by the massive scope of AT&T's illegal conduct are trivial or that plaintiffs do not seek to stop AT&T's illegal activities as soon as possible. Plaintiffs allege that every day, millions of AT&T customers are having their communications illegally diverted and searched, and each day that passes only increases the number of private communications violated.

Moreover, the interaction of the schedule set by the Court for plaintiffs' preliminary injunction motion and AT&T's proposed accelerated schedule for its motions to dismiss would mean that AT&T will have over six weeks to respond to plaintiffs' preliminary injunction motions while plaintiffs would have less than three weeks to respond to AT&T's two motions to dismiss, which together raise numerous legal and factual issues.

While AT&T's administrative motion does not address the putative motions to be filed by the DOJ on May 12, these motions need not change this schedule either. The government proposes to assert the state secrets privilege – an evidentiary privilege. *See United States v. Reynolds*, 345 U.S. 1, 6-7 (1953) ("the privilege against revealing military secrets, a privilege which is well established in the *law of evidence*." (emphasis added)). Until such time as state secrets are in danger of actually being revealed through discovery, the state secret privilege has no application. That threshold event has not yet occurred, and thus, there is no reason or urgency for the government's motion to go forward on the same schedule as the parties' motions.

Finally, plaintiffs would be prejudiced if the Court granted both defendants' request for a June 8 hearing on its two dispositive motions and the government's request that its own dispositive motion be filed on May 12 and heard "in conjunction with" the parties pending motions (Dk. 82-1, page 5:9-11). Taken together, these requests would unfairly require plaintiffs to respond to three complex dispositive motions at the same time.[2]

**3. Plaintiffs' Proposed Schedule**

Plaintiffs propose the following schedule, incorporating the schedule previously set by this Court with the new motions:

| | |
|---|---|
| May 18, 2006 | AT&T's Opposition to Plaintiffs' Motion for Preliminary Injunction (previously set by the Court) |

[2] Indeed, if the government's motion is set for hearing on June 8 along with the defendants as the government seems to request, it would mean that the government's motion is heard on less than the 35 days notice required by Local Rule 7-2(a) and would give plaintiffs less than a week from the filing of the motion on May 12 until their opposition papers are due on May 18.

| | |
|---|---|
| May 25, 2006 | Plaintiffs' Reply to AT&T's Opposition to Preliminary Injunction Motion (previously set by the Court) |
| June 8, 2006 | Plaintiffs' Oppositions to AT&T's Motions to Dismiss |
| June 15, 2006 | AT&T's Replies to Plaintiffs' Oppositions to Motions to Dismiss |
| June 21, 2006 | Hearing on Motion for Preliminary Injunction (previously set by the Court) |
| June 29, 2006 | Hearing on Motions to Dismiss (pursuant to the Court's current law and motion calendar) |

The DOJ's motions to intervene and dismiss can be heard at the next available date on the Court's Law and Motion calendar at the time of filing.

**4. Conclusion**

For the reasons stated above, plaintiffs respectfully request that defendants' Administrative Motion be DENIED.

DATED: May 3, 2006

ELECTRONIC FRONTIER FOUNDATION

By ____________________________________

Cindy A. Cohn, Esq. (SBN.145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

ATTORNEYS FOR PLAINTIFFS

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (121156)
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the following non-CM/ECF participants:

David W. Carpenter
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60600

David L. Lawson
Sidley Austin Brown & Wood
1501 K Street, N.W.
Washington, D.C. 20005

By /s/

Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org