T r o n e e t a l v . P e a n u t C o Ð p o c

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

AT&T CORP., AT&T INC. and DOES 1-20, inclusive,

Defendants.

No. C-06-0672-VRW

**DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO SET HEARING DATES FOR MOTIONS TO DISMISS**

**[Civ. L.R. 7-11, Dkts. 89-91, 106]**

Courtroom: 6, 17th Floor
Judge: Hon. Vaughn R. Walker



D o c k

## I. INTRODUCTION.

By this administrative motion (Dkts. 89-91), Defendants ask that the motions to dismiss (Dkts. 79-81, 82, 86-88) be heard before Plaintiffs' motion for preliminary injunction (Dkts. 16-22, 28-36). Plaintiffs oppose that request, arguing that they filed their motion first and therefore ought to be heard first. Dkt. 106. That sort of playground logic should be afforded little weight. It is inconsistent with the government's recent statement that it will invoke the military and state secrets privilege. Dkt. 82. It is inconsistent with Plaintiffs' own requests to compel discovery *they* say they need for the preliminary injunction motion. Dkt. 94. And it would deny Defendants a fair hearing on the preliminary injunction motion.

Plaintiffs also argue that the hearing on the government's forthcoming motion to dismiss on state-secrets grounds ("Government Motion") should be set so as to afford them the full 35 days contemplated by Civ. L. R. 7-2(a). That point may have more merit but nonetheless does not justify the schedule that Plaintiffs seek. The proper approach is this:

Step 1: Decide the Government Motion and Defendants' motions to dismiss. If they are granted, the case is over. The Court has already reserved June 21 for this case. Therefore, Defendants suggest June 21 for the hearing on these motions.

Step 2: If the motions to dismiss are denied, then decide whether to allow the discovery Plaintiffs want for the preliminary injunction motion. The Court cannot decide whether to allow discovery until it decides whether the state-secrets privilege should bar discovery or end the case. If discovery is allowed, the parties need to complete it before, not after, briefing on the preliminary injunction motion if it truly "address[es] only issues raised by the preliminary injunction motion," as Plaintiffs say. Dkt. 94, at 1.

Step 3: Then decide the preliminary injunction motion. This too cannot occur before a ruling on the motions to dismiss, including the Government Motion. (If it does, Defendants—and presumably the government, which will seek intervention—cannot respond to most of the factual assertions that motion makes.) And—if Plaintiffs are to be believed—it should occur after a ruling on whether Plaintiffs get the discovery they want.

This plan makes sense. Plaintiffs' plan does not.

## II. ARGUMENT.

### A. The legal issues raised by the Government Motion and Defendants' motions to dismiss must be addressed before reaching the factual issues posed by Plaintiffs' preliminary injunction motion.

Defendants' moving papers explain why, as a matter of law, their immunity and standing defenses should be resolved first, before reaching the fact issues posed by Plaintiffs' preliminary injunction motion. Dkt. 89, at 2:7-17; Dkt. 86, at 7:3-10:21, 19:1-24:12. Plaintiffs' opposition offers no response to these points beyond arguing that they ought to go first because they filed first. With all due respect, the questions of immunity and Article III standing posed by Defendants' motion have greater claim to prompt resolution than does the point that Plaintiffs have stood longer in the queue. While Plaintiffs argue that they too champion important interests, those interests cannot be considered until the questions of immunity and standing have been decided. An Article III court cannot issue an injunction if, for example, plaintiffs lack standing. That is hornbook law.

The Government Motion has an even greater claim for prompt resolution. It too addresses a threshold legal issue that could result in dismissal of the entire action.

Plaintiffs correctly observe that the military and state secrets privilege is a privilege. Dkt. 106, at 3:6-13. But then they treat it as if it were a deposition objection to relevance or form—something that can safely be put aside for another day. Not so. The government contends that the very subject matter of the action is a state secret and thus requires dismissal of the entire action. Dkt. 82, at 4:11-17 (citing *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998)). That must be determined at the threshold, lest further proceedings in the case "forc[e] a disclosure of the very thing the privilege is design to protect." *United States v. Reynolds*, 345 U.S. 1, 8 (1953). No matter how long others have stood in the queue, the government's invocation of the state secrets privilege moves it to the head.

**B. Defendants cannot respond to the motion for preliminary injunction or Plaintiffs' discovery until the Government Motion is resolved.**

Plaintiffs' preliminary injunction motion raises factual issues covered by the Government Motion. Therefore, Defendants cannot address these factual allegations until Defendants know whether doing so would be lawful. It would not be fair to Defendants (and indeed could be deemed a denial of due process) to force them to defend themselves, not knowing whether they can even speak to the allegations against them. The state secrets privilege is designed precisely to avoid such a state of affairs. When government secrecy prevents a defendant from defending himself, the state secrets privilege holds that the case against that defendant must be dismissed. *Kasza,* 133 F.3d at 1166.

Defendants, as private parties, can neither invoke nor waive the state-secrets privilege—only the government can. *See United States v. Reynolds,* 345 U.S. at 7-8; *Kasza*, 133 F.3d at 1165-66. Until the Court decides the Government Motion, Defendants cannot address any facts that may be shielded by the privilege—and the government asserts that the entire subject matter of the case is shielded by the privilege. Dkt. 82, at 4:11-17.

This situation is only made worse by the fact that Plaintiffs seek substantial discovery in aid of their motion. Dkt. 94 (seeking to compel discovery); *see also* Dkt. 103 (opposing discovery). The government's position is clear: It "requests that discovery proceedings be deferred until the government's submission has been considered and heard." Dkt. 82, at 5:12-14. Allowing discovery before the Government Motion is resolved would pocket-veto the government's request and violate the principles governing the state-secrets privilege.

If Plaintiffs really seek their discovery in aid of their preliminary injunction motion, as they say, Dkt. 94, at 1, then the order of business must be: (1) resolve the Government Motion and the other motions to dismiss; (2) resolve the discovery issues; and (3) hear the preliminary injunction motion. Nothing else respects all the interests at stake, and nothing else permits Defendants to present a defense raising anything other than purely legal grounds.

### C. Plaintiffs' claim of urgency is belied by their behavior.

Plaintiffs continue to argue that their motion is urgent, asserting that "millions of AT&T customers" are being injured "every day." Dkt. 106, at 2:22-28. But Plaintiffs now admit that they have acted with anything but speed. Their counsel says they obtained the Confidential Documents (which form the basis for the Motion for Preliminary Injunction) on January 20, 2006. *See* Declaration of Kevin S. Bankston (Dkt. 100) ¶ 2. Yet they waited over two months before filing their Motion for Preliminary Injunction on March 31, 2006. Once they did file their motion, they set it for hearing in June and did not seek to expedite it.

## III. CONCLUSION.

The Court should set the Government Motion and the other motions to dismiss for hearing on June 21. Once these motions have been decided, the Court can decide what (if anything) should happen next. Pending decision on these motions, all discovery and all briefing on other motions should be held in abeyance.

Dated: May 3, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.