T r o n e e t a l v . P e a n u t C o Đ p o c

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' CASE MANAGEMENT STATEMENT [DKT. 109]**<br><br>**[Fed R. Civ. P. 26(f); Dkts. 7, 78]**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Hearing: May 17, 2006<br>Time: 10:00 a.m. |



D o c k

# I. INTRODUCTION.

In their zeal to push this case prematurely into discovery, plaintiffs take the position that the Court's April 26, 2006 Order (Dkt. 78, the "April 26 Order") set a Case Management Conference for May 17, 2006. In keeping with this position, plaintiffs filed a Case Management Statement on May 4, 2006 (Dkt. 109, plaintiffs' "CMS"). Defendants did not likewise file a Case Management Statement because defendants—as explained to plaintiffs' counsel on April 25—do not understand the May 17, 2006 hearing to include a Case Management Conference. Defendants' understanding is based both on the April 26 Order and on the Court's standing order filed February 13 (Dkt. 7-2).

Nowhere in the April 26 Order does the Court state that the May 17 hearing will be a Case Management Conference. Instead, the Order vacates the Case Management Conference set for May 16 and states that—in addition to addressing plaintiffs' motion to unseal various pleadings relating to defendants' confidential documents and defendants' motion to compel return of the confidential documents—"[a]t the May 17 hearing, the parties may address case management and scheduling issues regarding other motions in this case." Dkt. 78, at 2:6-8. The Order did *not* describe the May 17 hearing as a Case Management Conference.

Defendants' reading of the April 26 Order is consistent with the Court's standing orders, which provide that, "where a party files a motion to dismiss pursuant to FRCP 12, the court will vacate the date of the Case Management Conference and will re-set it after ruling on the motion to dismiss." February 13, 2006 Order Setting Case Management Conference (Dkt. 7-2, "February 13 Order") at 2:1-2. Defendants have filed two motions to dismiss. The government has said it will file (on May 12) its own motion to dismiss the entire action based on the military and state secrets privilege. Therefore, postponing the Case Management Conference is the only course of action consistent with the standing orders. It also is the only logical way to proceed given the nature and status of the case.

Pursuant to the Court's normal procedure—and in light of particular concerns present in this case—the Case Management Conference, and any associated deadlines and obligations, should be set after the Court rules on the motions to dismiss.

## II. ARGUMENT.

### A. The May 17 hearing should not be a Case Management Conference.

Defendants' view is that the matters in Rule 26(f) of the Federal Rules of Civil Procedure should not be addressed until after the motions to dismiss—in particular, the government's motion to dismiss on state secrets grounds—are decided. Defendants explained why discovery on plaintiffs' preliminary injunction motion should not proceed now in their administrative motion to set hearing dates for the motions to dismiss. *See*, *e.g.*, Dkt. 107, at 1:18-20 ("The Court cannot decide whether to allow discovery until it decides whether the state-secrets privilege should bar discovery or end the case."); *id.* at 2:17-25 (citing cases). The same is true for initial disclosures and the other matters addressed in Rule 26(f).

Discovery cannot proceed until the parties have the conference required by Rule 26(f). Fed R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). The Rule 26(f) conference is to happen at least 21 days before the Case Management Conference. Fed. R. Civ. P. 26(f). Thus, plaintiffs cannot initiate discovery until a Case Management Conference is set and the parties have the Rule 26(f) conference 21 days in advance of it.

The plain language of the Court's orders does not support plaintiffs' position that the May 17 hearing is also a Case Management Conference. The initial Clerk's Notice setting the Case Management Conference read:

> YOU ARE NOTIFIED THAT a Case Management Conference has been scheduled for Tuesday, May 16, 2006 9:00 a.m. before the Honorable Vaughn R Walker. Counsel are directed to file a Joint Case Management Statement one week prior to the conference.

Dkt. 7-1. In the April 26 Order, the Court "vacate[d] the initial case management conference currently set for May 16, 2006." Dkt. 78, at 2:8-9. The April 26 Order does not state that the May 17 hearing is to be a Case Management Conference or contain any language similar to that in the initial Clerk's Notice.

**B. The Court's standing orders provide the appropriate procedure and there is no need to alter it so plaintiffs can jump the gun on discovery.**

Contrary to plaintiffs' assertions in their CMS, defendants have not taken the position that "their decision to file motions to dismiss excuses them from participation in the standard case management processes." CMS at 1:5-7. Defendants do not seek anything unusual here. The Court's standing orders address situations such as this and support defendants' position that the May 17 hearing is not a Case Management Conference. The operation of the Court's standing case management order and the April 26 Order vacating the May 16 Conference have eliminated the need for the Rule 26(f) process at this point in the case, and rightly so.

Where a motion to dismiss is filed, the Court's normal procedure is to "vacate the date of the Case Management Conference and … re-set it after ruling on the motion to dismiss." Dkt. 7-2, at 2:1-2. Defendants understand the Court to have followed its normal procedure in this case. There is no reason to deviate from it.

Application of the Court's normal procedure is particularly appropriate here, where the government contends that the very subject matter of the action is a state secret and thus requires dismissal of the entire action. Dkt. 82, at 4:11-17 (citing *Kasza v. Browner,* 133 F.3d 1159, 1166 (9th Cir. 1998)). That must be determined at the threshold, lest further proceedings in the case "forc[e] a disclosure of the very thing the privilege is design to protect." *United States v. Reynolds,* 345 U.S. 1, 8 (1953). Defendants, as private parties, can neither invoke nor waive the state-secrets privilege—only the government can. *See United States v. Reynolds*, 345 U.S. at 7-8; *Kasza*, 133 F.3d at 1165-66. The government "requests that discovery proceedings be deferred until the government's submission has been considered and heard." Dkt. 82, at 5:12-14. Delaying case management issues and deferring discovery until after the motions to dismiss are decided is not unusual, contrary to plaintiffs' contention. Even if it were unusual, doing so is warranted here.

**C. The case should proceed as outlined in defendants' administrative motion.**

By their administrative motion (Dkts. 89-91, 107), defendants asked that the motions to dismiss (Dkts. 79-81, 82, 86-88) be heard before plaintiffs' motion for preliminary injunction

(Dkts. 16-22, 28-36). Plaintiffs opposed that request. Dkt. 106. Defendants' motions to dismiss should be heard first for the reasons set forth in the administrative motion and reply, which defendants will not repeat here. Defendants propose the following schedule:

Step 1: Decide the government's and the defendants' motions to dismiss. If they are granted, the case is over. The Court has already reserved June 21 for this case. Therefore, defendants suggest June 21 for the hearing on these motions.

Step 2: If the motions to dismiss are denied, then decide whether to allow the discovery plaintiffs want for the preliminary injunction motion. The Court cannot decide whether to allow discovery until it decides whether the state-secrets privilege should bar discovery or end the case. If any discovery is allowed, the parties need to complete it before briefing on the preliminary injunction motion. Briefing the preliminary injunction motion before understanding what, if any, discovery will be allowed would be a waste of resources and inevitably invite a second round of briefs post-discovery.

Step 3: The preliminary injunction motion should be heard and decided. This too cannot logically occur before a ruling on the motions to dismiss, including the government's motion. The motions, if granted, might moot the preliminary injunction motion. And the motions, even if denied, might result in a ruling limiting the extent to which factual development and discovery is appropriate or possible in this case.

Step 4: Schedule the Case Management Conference to address the matters in Rule 26(f) and the balance of the case.

## III. CONCLUSION.

Defendants read the April 26 Order in a manner that is consistent with its plain language and with the Court's normal procedures, as set forth in the February 13 Order. Plaintiffs do not. The Court should follow its normal procedures and set the initial Case Management Conference after the motions to dismiss are addressed. The schedule on the pending motions should be discussed at the May 17 hearing, as set forth in the April 26 Order. It would be premature to address other case management issues at this time.

Dated: May 10, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.