UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | Case No. C-06-0672-VRW<br><br>**DECLARATION OF LIEUTENANT GENERAL KEITH B. ALEXANDER, DIRECTOR, NATIONAL SECURITY AGENCY** |

I, Keith B. Alexander, declare as follows:

## INTRODUCTION

1. I am the Director of the National Security Agency (NSA), an intelligence agency within the Department of Defense. I am responsible for directing the NSA, overseeing the operations undertaken to carry out its mission and, by specific charge of the President and the Director of National Intelligence, protecting NSA activities and intelligence sources and methods. I have been designated an original TOP SECRET classification authority under Executive Order No. 12958, 60 Fed. Reg. 19825 (1995), as amended on March 25, 2003, and Department of Defense Directive No. 5200.1-R, Information Security Program Regulations, 32 C.F.R. § 159a.12 (2000).

2. The purpose of this declaration is to support the assertion of a formal claim of the military and state secrets privilege (hereafter "state secrets privilege"), as well as a statutory privilege, by the Director of National Intelligence (DNI) as the head of the intelligence community. In this declaration, I also assert a statutory privilege with respect to information about NSA activities. For the reasons described below, and in my classified declaration

provided separately to the court for *in camera* and *ex parte* review, the disclosure of the information covered by these privilege assertions would cause exceptionally grave damage to the national security of the United States. The statements made herein, and in my classified declaration, are based on my personal knowledge of NSA operations and on information made available to me as Director of the NSA.

## THE NATIONAL SECURITY AGENCY

3. The NSA was established by Presidential Directive in 1952 as a separately organized agency within the Department of Defense. Under Executive Order 12333, § 1.12.(b), as amended, NSA's cryptologic mission includes three functions: (1) to collect, process, and disseminate signals intelligence ("SIGINT") information, of which communications intelligence ("COMINT") is a significant subset, for (a) national foreign intelligence purpose, (b) counterintelligence purposes, and (c) the support of military operations; (2) to conduct information security activities; and (3) to conduct operations security training for the U.S. Government.

4. There are two primary reasons for gathering and analyzing intelligence information. The first, and most important, is to gain information required to direct U.S. resources as necessary to counter external threats. The second reason is to obtain information necessary to the formulation of the United States' foreign policy. Foreign intelligence information provided by NSA is thus relevant to a wide range of important issues, including military order of battle; threat warnings and readiness; arms proliferation; terrorism; and foreign aspects of international narcotics trafficking.

5. In the course of my official duties, I have been advised of this litigation and reviewed the allegations in Plaintiffs' Amended Complaint and Motion for a Preliminary Injunction. As described herein and in my separate classified declaration, information implicated by Plaintiffs' claims is subject to the state secrets privilege assertion in this case by the DNI. The disclosure of this information reasonably could be expected to cause exceptionally

grave damage to the national security of the United States. In addition, it is my judgment that any attempt to proceed in the case will substantially risk disclosure of the privileged information and will cause exceptionally grave damage to the national security of the United States.

6. Through this declaration, I also hereby invoke and assert NSA's statutory privilege to protect information related to NSA activities described below and in more detail in my classified declaration. NSA's statutory privilege is set forth in section 6 of the National Security Agency Act of 1959 (NSA Act), Public Law No. 86-36 (codified as a note to 50 U.S.C. § 402). Section 6 of the NSA Act provides that "[n]othing in this Act or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency [or] any information with respect to the activities thereof. . . ." By this language, Congress expressed its determination that disclosure of any information relating to NSA activities is potentially harmful. Section 6 states unequivocally that, notwithstanding *any* other law, NSA cannot be compelled to disclose *any* information with respect to its authorities. Further, NSA is not required to demonstrate specific harm to national security when invoking this statutory privilege, but only to show that the information relates to its activities. Thus, to invoke this privilege, NSA must demonstrate only that the information to be protected falls within the scope of section 6. NSA's functions and activities are therefore protected from disclosure regardless of whether or not the information is classified.

**INFORMATION SUBJECT TO CLAIMS OF PRIVILEGE**

7. Following the attacks of September 11, 2001, the President of United States authorized the NSA to utilize its SIGINT capabilities to collect certain "one-end foreign" communications where one party is associated with the al Qaeda terrorist organization under the Terrorist Surveillance Program (TSP) for the purpose of detecting and preventing another terrorist attack on the United States. Any further elaboration on the public record concerning the TSP would reveal information that could cause the very harms that the DNI's assertion of the state secrets privilege is intended to prevent. My separate classified declaration provides a more

detailed explanation of the information at issue and the harms to national security that would result from its disclosure.

8. Plaintiffs also make allegations regarding other purported activities of the NSA, including allegations about the NSA's purported involvement with AT&T. Regardless of whether these allegations are accurate or not, the United States can neither confirm nor deny alleged NSA activities, relationships, or targets. To do otherwise when challenged in litigation would result in the exposure of intelligence information, sources, and methods and would severely undermine surveillance activities in general. For example, if the United States denied allegations about intelligence targets in cases where such allegations were false, but remained silent in cases where the allegations were accurate, it would tend to reveal that the individuals in the latter cases were targets. Any further elaboration on the public record concerning these matters would reveal information that could cause the very harms that the DNI's assertion of the state secrets privilege is intended to prevent. My separate classified declaration provides a more detailed explanation of the information at issue and the harms to national security that would result from its disclosure.

## CONCLUSION

9. In sum, I support the DNI's assertion of the state secrets privilege and statutory privilege to prevent the disclosure of the information detailed in my classified declaration that is available for the Court's *in camera* and *ex parte* review. I also assert a statutory privilege with respect to information about NSA activities. Moreover, because proceedings in this case risk disclosure of privileged and classified intelligence-related information, I respectfully request that the Court not only protect that information from disclosure, but also dismiss this case to stem the harms to the national security of the United States that will occur if it is litigated.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 12 May 06

LT. GEN. KEITH B. ALEXANDER
Director, National Security Agency