Trone et al v. Peanut Corporation of America Doc. 128

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION OF THE UNITED STATES OF AMERICA TO SET HEARING DATE FOR GOVERNMENT MOTION TO DISMISS AND MOTION TO INTERVENE**<br><br>**[CIVIL L.R. 7-11 AND 6-3(C)]**<br><br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |



Dockets.Justia.com

Pursuant to Local Rule 6-3(c), plaintiffs hereby oppose the administrative motion by the United States to Set Hearing Dates on Its Motion to Intervene and Motion to Dismiss.

The Court has already set the hearing of Plaintiffs' motion for preliminary injunction for June 21, 2006. The government seeks to have its motions heard on the same date, either supplanting or accompanying Plaintiffs' motion. For the reasons stated below, however, the government's motion is not ripe because no discovery has gone forward and there has been no occasion to decide whether the state secrets privilege applies to any particular request for evidence; nor has the government yet publicly filed sufficient information to allow its claims about the privilege to be rationally evaluated. Given the dramatic constitutional implications that applying the state secrets privilege to foreclose judicial review of the claims of ongoing constitutional and statutory violations here, prudence dictates that the Court should not reach the privilege issue unless and until it is absolutely necessary to do so. Instead, the Court should retain Plaintiffs' preliminary injunction motion for hearing on June 21, 2006, and schedule the government's motion for hearing on the next available motion date thereafter.

## BACKGROUND

This case is a class action brought on behalf of all residential customers and subscribers of defendants AT&T Corp. and AT&T Inc. ("AT&T"), alleging, among other things, that AT&T is violating the Fourth Amendment of the United States Constitution and the federal wiretap statutes by conducting, on behalf of the government, warrantless, suspicionless searches and seizures of the domestic and international communications of millions of Americans.

On March 31, 2006, plaintiffs filed a preliminary injunction motion seeking interim relief on their claims. (Dkt. 16). The preliminary injunction motion presents evidence that is not a state secret, and that demonstrates that AT&T has been divulging many millions of domestic as well as foreign communications to the government in a surveillance program far broader than the one admitted to by the government so far. The motion also contends that defendants have received no court order or other judicial authorization for this expanded program, and that defendants have received no executive branch authorization that comports with the Foreign Intelligence Surveillance Act, the Wiretap Act, or any other congressionally-established procedure, a question

that the Court can plainly consider, notwithstanding the state secrets privilege, under federal statutory provisions that provide specific procedures for the Court to do so.

The preliminary injunction motion is supported by evidence including three internal AT&T documents, as well as testimony by a former AT&T employee and by an expert witness who explains how the documents and witness testimony support plaintiffs' claims. Notably, plaintiffs provided the government with copies of the AT&T documents even before filing their motion for preliminary injunction. Far from claiming that the documents contained "state secrets," the government affirmed that the documents could be filed without injury to the government's interests.

On April 26, this Court specially set the preliminary injunction motion for hearing on June 21, 2006, at 10:00 AM. Order Granting in Part AT&T's Motion to Shorten Time (Dkt. 78).

On April 28, defendants filed two Motions to Dismiss, which have not yet been set for hearing. The AT&T Corp. Motion (Dkt. 86) seeks to dismiss the case under various alternative theories of immunity and standing raised under FRCP 12(b). The AT&T Inc. Motion (Dkt. 79) asserts that this Court lacks jurisdiction over AT&T Inc.

On May 13, 2006, the government filed its motion to intervene (Dkt. 122) and its motion to dismiss or, in the alternative, for summary judgment (Dkt. 124), along with an administrative motion (Dkt. 123) asking that the hearing date on its motions be set for June 21, 2006, the same date previously set by the Court for the hearing on plaintiffs' motion for preliminary injunction. Defendants have also asked that their two motions to dismiss be set for June 21, 2006.

## THE GOVERNMENT'S MOTION SHOULD BE HEARD AFTER PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

### 1. The Government's Motion Is Unripe

The government's motion to dismiss invokes as its basis for dismissal the evidentiary privilege known as the state secrets privilege and certain statutory privileges protecting the National Security Agency from compelled disclosure. The government claims in its scheduling motion that its motions "logically need to be heard prior to, or at the same time as, Plaintiffs' pending Motion for Preliminary Injunction." Scheduling Mo. at 2:14-15 (Dkt.123-1).

The government is looking down the wrong end of the telescope. Logically, its motion should be heard last, not first. Because this case stands at the threshold, before any discovery has occurred, the government's motion is premature and unripe. The state secrets privilege and the NSA statutory privileges are evidentiary privileges. No party, however, has sought any evidence from the government. The only party or non-party from whom any discovery has been sought, AT&T Corp., has steadfastly refused to comply. This Court has not compelled any party or non-party to produce evidence. And plaintiffs' preliminary injunction motion does not rely on any state secrets evidence; to the contrary, the government reviewed and approved the filing of plaintiffs' evidence.

Given that no compulsory discovery has gone forward to date in this action, the government's motion, and its premise that it is impossible for plaintiffs to prove—or for defendants to defend against—even a single one of the claims in the complaint without relying on state secrets evidence, are entirely speculative and hypothetical. The speculativeness of the government's motion is particularly pronounced in light of recent public disclosures of AT&T's cooperation with NSA spying that have occurred independent of this litigation. New disclosures revealing additional information about the government's surveillance program are appearing regularly. Many of these disclosures originate ultimately with senior government officials, and many of them appear to be authorized leaks designed to sway public opinion in favor of the government's surveillance program. It may well be that all the information necessary to litigate this case will have been publicly disclosed by the time of trial.

As noted above, plaintiffs' preliminary injunction motion also demonstrates that this case can be litigated without reliance on state secrets evidence. By hearing the preliminary injunction motion first, the Court will be in a much better position to assess the merits and deficiencies of the government's extreme argument that this case should be dismissed at the outset, rather than proceeding by a case-by-case application of the state secrets privilege as discovery progresses.

**2. The Radical Constitutional Revision Proposed By The Government's Motion Should Be Reached By This Court Only If Absolutely Necessary**

The government's motion is no ordinary state secrets motion, for it seeks to deny all

judicial scrutiny of the massive ongoing constitutional and statutory violations of individual liberties by claiming that these continuing violations are themselves state secrets. The government's motion thus seeks to transform a common-law evidentiary privilege into an Executive power to nullify the Article III jurisdiction of the federal courts, a power that is as sweeping as it is questionable. "We have long since made clear that a state of war is not a blank check for the President when it comes to the rights of the Nation's citizens. . . . Whatever power the United States Constitution envisions for the Executive in its exchanges with other nations or with enemy organizations in times of conflict, it most assuredly envisions a role for all three branches when individual liberties are at stake." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004).

Before the Court embarks on such a fundamental and radical revision of our constitutional structure of limited government and separated powers and accepts the Executive's withdrawal from Judiciary of the fundamental power of judicial review, it should first assure itself that the government's novel constitutional reworking is necessary. The necessity of addressing the government's proposal will arise only if and when the state secrets privilege is invoked in response to an actual discovery request in this case, something that has not yet occurred, and only if and when the invocation of the state secrets privilege in response to discovery requests becomes so pervasive and all-encompassing that further litigation becomes impossible.

**3. The Government's Motion Cannot be Heard Until the Government Provides Sufficient Factual Basis for Its Claim of State Secrets.**

Because the government's public filings are insufficiently specific, the Court should demand that more public details be provided about the scope of the claimed state secrets and the claimed potential harm from disclosure, before considering an accelerated hearing. As explained by *Ellsberg v. Mitchell*, 709 F.2d 51, 63 (D.C. Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984):

> The more specific the public explanation, the greater the ability of the opposing party to contest it. The ensuing arguments assist the judge in assessing the risk of harm posed by dissemination of the information in question. This kind of focused debate is of particular aid to the judge when fulfilling his duty to disentangle privileged from non-privileged materials-to ensure that no more is shielded than is necessary to avoid the anticipated injuries.

In *Ellsberg*, the court noted that in "the case before us . . . considerable time and resources might

have been saved by adherence to the principle that *in camera* proceedings should be preceded by as full as possible a public debate over the basis and scope of a privilege claim." *Id.* at 64.

An example of greater specificity is *Kasza v. Browner*, 133 F.3d 1159 (9th Cir.), *cert. denied*, 525 U.S. 967 (1998), where the government publicly filed an unclassified affidavit that listed ten categories of information covered by its state secrets privilege claim and provided some public explanation of "why certain environmental data is sensitive to the national security." *Id.* at 1181-1183 (Appendix) (setting forth government's unclassified affidavit). Here, the government has said virtually nothing about what information is claimed to be subject to the state secrets privilege or how its disclosure might harm national security. *See, e.g.*, Gov't State Secrets Privilege Mem., at 13 (redacting description of the "categories of privileged information at issue in this case.") ; *id.* at 16 (redacting discussion of why further litigation would inevitably risk the disclosure of state secrets) (Dkt 124-1).

Accordingly, it would be premature for the Court to set a hearing date for the government's motion before the government provides a more specific public explanation of its state secrets claims.

**4. Scheduling The Government's Motion For Hearing On June 21, 2006 Would Prejudice Plaintiffs**

In addition, the government's proposed schedule would prejudice plaintiffs. The government has been aware of this litigation since it was first filed, on January 31, 2006, because plaintiffs provided the government with a courtesy copy of the complaint. The government has therefore had over three months to prepare its motion to dismiss. Yet the schedule it would have the court adopt would provide plaintiffs with only 18 days to prepare an opposition to that motion, plus the motion to intervene. This is not reasonable.

Moreover the schedule urged by the government becomes even more untenable in light of the schedule urged by AT&T, which proposes setting AT&T's two motions for hearing on June 21, 2006 as well as the government's motion.[1] This would require plaintiffs to prepare oppositions to

[1] Defendants originally sought an even more unreasonable hearing date of June 8, but in their recent filings, including their "Opposition" to plaintiffs Case Management Conference Statement

three different dispositive motions all within the next two weeks. By contrast, if the government's motions are heard on July 6, the next available Law and Motion date, it will neither substantially prejudice the government nor impair judicial economy.

**5. Plaintiffs' Proposed Schedule**

Plaintiffs propose the following briefing and hearing schedule, incorporating the schedule previously set by this Court with a proposed schedule for the AT&T and government motions:

| | |
|---|---|
| May 18, 2006 | AT&T's Opposition to Plaintiffs' Motion for Preliminary Injunction (previously set by the Court) |
| May 25, 2006 | Plaintiffs' Reply to AT&T's Opposition to Preliminary Injunction Motion (previously set by the Court) |
| June 8, 2006 | Plaintiffs' Oppositions to AT&T's Motions to Dismiss |
| June 15, 2006 | AT&T's Replies to Plaintiffs' Oppositions to Motions to Dismiss.<br>Plaintiffs' Oppositions to the Government's Motion to Dismiss and Motion to Intervene |
| June 21, 2006 | Hearing on Motion for Preliminary Injunction (previously set by the Court) |
| June 22, 2006 | Government's Replies in Support of its Motion to Dismiss and Motion to Intervene |
| June 29, 2006 | Hearing on AT&T's Motions to Dismiss (pursuant to the Court's current law and motion calendar) |
| July 6, 2006 | Hearing on the Government's Motion to Dismiss and Motion to Intervene (pursuant to the Court's current law and motion calendar) |

///

///

///

(Dkt. 121) and their "Reply" to their own Administrative Motion (Dkt. 107) regarding scheduling, they have shifted their requested hearing date to June 21, 2006.

**6. Conclusion**

For the reasons stated above, plaintiffs respectfully request that the government's Administrative Motion be DENIED.

DATED: May 16, 2006

Respectfully submitted,

ELECTRONIC FRONTIER FOUNDATION

By ______________________________

Cindy A. Cohn, Esq. (SBN.145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (121156)
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the following non-CM/ECF participants:

David W. Carpenter
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60600

David L. Lawson
Sidley Austin Brown & Wood
1501 K Street, N.W.
Washington, D.C. 20005

By /s/

Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org