Doc. 102 Att. 3

SFGate.com Return to regular view

Print This Article




## U.S. opens assault on wiretap suit
## AT&T is accused of aiding surveillance

- Bob Egelko, Chronicle Staff Writer
Tuesday, May 16, 2006

The Bush administration has launched a multipronged attack on a lawsuit that accuses AT&T of collaborating with the U.S. government in illegal electronic surveillance, arguing that customers can't prove their phones were tapped or that the company or the government broke the law -- and that, in any event, the entire case endangers national security.

Those assertions in a move for dismissal were based on arguments and evidence that the government submitted to a federal judge under seal, keeping them secret from the public and from the privacy-rights group that filed the suit on behalf of AT&T customers.

The sealed documents and a heavily edited public version were submitted in federal court in San Francisco early Saturday along with declarations from John Negroponte, the director of national intelligence, and Lt. Gen. Keith Alexander, director of the National Security Agency. Both officials attest to the need for secrecy as a reason to keep the lawsuit, filed by the Electronic Frontier Foundation, from going forward.

"Any attempt to proceed in this case will substantially risk disclosure of ... privileged information and will cause exceptionally grave damage to the national security of the United States," Alexander said in a public filing accompanying his sealed statement.

The foundation filed suit in January accusing AT&T of illegally giving the NSA access to its voice and data network and its customer databases to help the agency's surveillance program.

The suit was accompanied by documents obtained by a former AT&T technician describing equipment installed in the company's San Francisco office that allegedly would enable the federal agency to sweep up huge amounts of data that it could screen for targeted information. AT&T plans to ask a federal judge Wednesday to declare the documents, which have been sealed, to be trade secrets and order them returned.

The former employee, Mark Klein, handled problems on Internet fiber optic circuits and said in a statement that the equipment was being attached to the circuits in San Francisco and other AT&T offices. The equipment allowed the National Security Agency to conduct "vacuum-cleaner surveillance of all the data crossing the Internet," he said.

His lawyers said in a court filing that the government had never classified as a secret anything that Klein saw.

In Saturday's filing, government lawyers wrote that "the lawfulness of the alleged activities cannot be determined without a full factual record, and that record cannot be made without seriously compromising U.S. national security interests."

Without evidence of how the program operated and whom it targeted -- evidence that the Justice Department argued can't be made public -- the plaintiffs have no chance of proving the essential elements of their case, the government said.

Those elements are:


Dockets.Justia.com

-- That President Bush exceeded his legal authority by authorizing wiretaps and e-mail interception without a warrant;

-- That innocent Americans not in contact with al Qaeda or affiliated groups had their calls or messages intercepted;

-- That AT&T participated in the program;

-- And that any participation by AT&T lacked authorization from the government. The Justice Department endorsed AT&T's argument that the plaintiffs must prove that the company failed to obtain written approval from top federal officials.

The administration asked Chief U.S. District Judge Vaughn Walker to hear its dismissal motion June 21, the day Walker is scheduled to consider the Electronic Frontier Foundation's request for an injunction that would prohibit AT&T from any further cooperation in the surveillance program.

Bush acknowledged in December that he had authorized the National Security Agency to intercept phone calls and e-mails between U.S. residents and terror suspects abroad without the court approval required by a 1978 federal law.

The alleged role of telecommunications companies gained new prominence last week when USA Today reported that the National Security Agency had paid AT&T, Verizon and Bell South for the telephone records of tens of millions of Americans. The government's goal reportedly was to find calling patterns that could indicate communications with terrorists. (BellSouth later said a "thorough review" had found no indication that it had given such records to the

**NSA.)**

The government's dismissal motion in the San Francisco case against AT&T relies on the "state secrets" privilege that the Supreme Court recognized in a 1953 ruling allowing the government to keep military secrets out of court. Lower courts, including the Ninth U.S. Circuit Court of Appeals in San Francisco, have ruled that a lawsuit must be dismissed if it can't be litigated without the risk of exposing military secrets.

A court's consideration of the Electronic Frontier Foundation suit "would require confirmation or denial of the existence, scope and potential targets of alleged intelligence activities, as well as AT&T's alleged involvement," information that cannot be revealed "without causing exceptionally grave danger to the national security," government lawyers said.

Their brief repeatedly referred to arguments that were filed under seal, along with the sealed declarations of Negroponte and Alexander.

Kevin Bankston, a lawyer with the foundation, said Monday that it would be difficult for its attorneys to contest government arguments they hadn't been allowed to see. But he said the factual claims in the lawsuit have already been widely reported in the press, and to some extent conceded by the government, without harming national security.

"We're seeking to protect national security by protecting millions of Americans from a government that is colluding with telecommunications companies in spying on their phone and Internet communications," Bankston said.

He also said the plaintiffs were not arguing that the government had monitored particular calls or messages, only that their phone and Internet records had been turned over to the government illegally, without a warrant or suspicion of wrongdoing. That should be enough to allow them to sue, Bankston said, unless AT&T produces evidence of valid authorization by the government.

The plaintiffs are four AT&T customers. The Electronic Frontier Foundation is proposing that the case become a class action on behalf of all affected customers.

Ann Beeson, an attorney with the American Civil Liberties Union, said she anticipates a similar government dismissal motion Friday in the ACLU's suit on behalf of private citizens who say they have reason to believe their calls and messages have been or will be monitored. That suit, filed in a Michigan federal court, seeks to halt the federal surveillance program.

"There are no secrets here," Beeson said. "All the facts that are needed to decide the case are known and conceded: that the government wiretapped without a warrant and that it did so on U.S. soil."

*E-mail Bob Egelko at begelko@sfchronicle.com.*

Page A - 1
URL: http://sfgate.com/cgi-bin/article.cgi?file=/c/a/2006/05/16/MNG5OISHOH1.DTL

---

©2006 San Francisco Chronicle