Trone et al v. Peanut Corporation of America Doc. 171

United States District Court
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**TASH HEPTING, et al,**

**Plaintiffs,**

**v**

**AT&T CORPORATION, et al,**

**Defendants.**

**/**

**No C-06-672 VRW**

**ORDER**

**At a May 17, 2006, hearing, the court invited the parties and the government to brief two issues: (1) whether this case can be litigated without deciding whether the state secrets privilege applies, thereby obviating any need for the court to review *ex parte* and *in camera* certain classified documents offered by the government and (2) whether the state secrets privilege implicates plaintiffs' FRCP 30(b)(6) deposition request for information on any certification that defendant AT&T Corporation ("AT&T") might have received from the government. Doc #130. After reviewing the submitted papers, the court concludes that this case cannot proceed and discovery cannot commence until the court examines the classified documents to assess whether and to what extent the state secrets privilege applies.**

Dockets.Justia.com

Plaintiffs' principal argument is that the court need not address the state secrets issue nor review the classified documents because plaintiffs can make their *prima facie* case based solely on the public record, including government admissions regarding the wiretapping program and non-classified documents provided by former AT&T technician Mark Klein. Doc #134 (Pl Redact Br) at 5-8. Even if plaintiffs are correct in this argument, it does not afford sufficient reason to delay deciding the state secrets issue.

The government asserts that "the very subject matter of Plaintiffs' allegations is a state secret and further litigation would inevitably risk their disclosure." Doc #145-1 (Gov Br) at 14. If the government is correct, then "the court should dismiss [plaintiffs'] action based solely on the invocation of the state secrets privilege." Kasza v Browner, 133 F3d 1159, 1166 (9th Cir 1998). Moreover, until the applicability and reach of the privilege is ascertained, AT&T might be prevented from using certain crucial evidence, such as whether AT&T received a certification from the government. See Gov Br at 16-17. See also Kasza, 133 F3d at 1166 (noting that a defendant might be entitled to summary judgment if "the privilege deprives the defendant of information that would otherwise give the defendant a valid defense to the claim" (quoting Bareford v General Dynamics Corp, 973 F2d 1138, 1141 (5th Cir 1992)) (emphasis and internal quotation marks omitted)). The state secrets issue might resolve the case, discovery or further motion practice might inadvertently cause state secrets to be revealed and AT&T's defense might be hindered until the scope of the privilege is clarified. Hence, the court agrees with the government that the state secrets issue should be



United States District Court
For the Northern District of California

**addressed first.**

**To address this issue, the government claims that the court should examine the classified documents, which apparently "disclose the sources and methods, the intelligence activities, etc, that could be brought into play by the allegations in plaintiffs' complaint." Doc #138 (5/17/06 Transcript) at 34:15-17. Because the government contends that "the primary reasons for rejecting Plaintiffs' arguments are set forth in the Government's *in camera*, *ex parte* materials," Gov Br at 13, the court would be remiss not to consider those classified documents in determining whether this action is barred by the privilege. And although the court agrees with plaintiffs that it must determine the scope of the privilege before ascertaining whether this case implicates state secrets, Pl Redact Br at 13-14, review of the classified documents is necessary to determine the privilege's scope.**

**Plaintiffs also contend that "the government must make a more specific showing [in its public filings] than it has before this Court may be required to review secret filings *ex parte*." Id at 10. But the government, via Director of National Intelligence John D Negroponte, has stated that "any further elaboration on the public record concerning these matters would reveal information that could cause the very harms my assertion of the state secrets privilege is intended to prevent." Doc #124-2 (Negroponte Decl), ¶ 12. See also Doc #124-3 (Alexander Decl), ¶ 8. Although the court may later require the government to provide a more specific public explanation why the state secrets privilege must be invoked, <u>Ellsberg v Mitchell</u>, 709 F2d 51, 63-64 (DC Cir 1983), the court cannot, without first examining the classified documents, determine**

whether the government could provide a more detailed public explanation without potentially "forc[ing] 'disclosure of the very thing the privilege is designed to protect.'" Id at 63 (quoting <u>United States v Reynolds</u>, 345 US 1, 8 (1953)).

Plaintiffs further assert that adjudicating whether AT&T received any certification does not require the court to review the classified documents. Specifically, plaintiffs rely on 18 USC § 2511(2)(a)(ii)(B), which states in relevant part (emphasis added):

> No provider of wire or electronic communication service * * * or other specified person shall disclose the existence of any interception or surveillance or the device used to accomplish the interception or surveillance with respect to which the person has been furnished an order or certification under this subparagraph, <u>except as may otherwise be required by legal process</u> and then only after prior notification to the Attorney General or to the principal prosecuting attorney of a State or any political subdivision of a State, as may be appropriate.

Plaintiffs claim that the phrase "except as may otherwise be required by legal process" means that "if the AT&T defendants are claiming that they have a certification defense, then 'legal process' would require the disclosure of the fact of that certification in the ordinary course of litigation." Pl Redact Br at 8-9.

This argument fails, however, because the government's "state secrets assertion 'covers any information tending to confirm or deny' whether 'AT&T was involved with any' of the 'alleged intelligence activities.'" Gov Br at 17 (quoting Doc #124-1 (Gov Mot Dis) at 17-18). Because the existence or non-existence of a certification would tend to prove or disprove whether AT&T was involved in the alleged intelligence activities, the privilege as claimed prevents the disclosure of any certification. And because

**United States District Court**
For the Northern District of California

**the "legal process" could not require AT&T to disclose a certification if the state secrets privilege prevented such disclosure, discovery on the certification issue cannot proceed unless the court determines that the privilege does not apply with respect to that issue.**

**Finally, plaintiffs claim that they should be able to review the classified documents alongside the court. Plaintiffs note that due process disfavors deciding this case based on secret evidence and they contend that "the Court should proceed incrementally, examining only the least amount of *ex parte* information when — and if — this becomes absolutely necessary." Pl Redact Br at 3. Although *ex parte*, *in camera* review is extraordinary, this form of review is the norm when state secrets are at issue. See <u>Kasza</u>, 133 F3d at 1169 ("Elaborating the basis for the claim of privilege through *in camera* submissions is unexceptionable."). See also <u>Black v United States</u>, 62 F3d 1115, 1119 & n6 (8th Cir 1995); <u>Ellsberg</u>, 709 F2d at 60 ("It is well settled that a trial judge called upon to assess the legitimacy of a state secrets privilege claim should not permit the requester's counsel to participate in an *in camera* examination of putatively privileged material."). And for the reasons stated above, review of the classified documents is necessary here to determine whether the state secrets privilege applies.**

**Plaintiffs also contend that a statutory provision, 50 USC § 1806(f), entitles them to review the classified documents. Pl Redact Br at 4. Section 1806(f) provides in relevant part:**

**//**

**//**

United States District Court
For the Northern District of California

> [W]henever any motion or request is made by an aggrieved person * * * to discover or obtain applications or orders or other materials relating to electronic surveillance * * * the United States district court * * * shall, notwithstanding any other law, if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review *in camera* and *ex parte* the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted. In making this determination, the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance.

Plaintiffs contend if the court determines that it must review the classified documents, this provision indicates that the court "should do so under conditions that provide for some form of appropriate access by plaintiffs' counsel." Pl Redact Br at 4.

The government and AT&T contend that this provision is inapplicable here because "[p]laintiffs' claims are based on their contention that the alleged surveillance activities should have occurred under FISA, but allegedly did not, whereas the review available under section 1806(f) is available only when electronic surveillance did, in fact, occur 'under this chapter.'" Gov Br at 11 (citation omitted); Doc #150 (AT&T Redact Br) at 10. Even if this provision applies to the present case, it does not follow that plaintiffs are entitled to view some or all of the classified documents at this time. Section 1806(f) requires the court to "review *in camera* and *ex parte* the application, order, and such other materials relating to the surveillance" when determining whether the surveillance was legal. Only after such review may the court disclose the protected materials to the aggrieved person to

**United States District Court**
For the Northern District of California

the extent "necessary to make an accurate determination of the legality of the surveillance." Hence, § 1806(f) does not provide plaintiffs with a present right to view the classified documents.

The court is mindful of the extraordinary due process consequences of applying the privilege the government here asserts. The court is also mindful of the government's claim of "exceptionally grave damage to the national security of the United States" (Negroponte Decl, ¶ 3) that failure to apply the privilege could cause. At this point, review of the classified documents affords the only prudent way to balance these important interests.

Accordingly, because review of the classified documents is necessary to determine whether and to what extent the state secrets privilege applies, the court ORDERS the government forthwith to provide *in camera* and no later than June 9, 2006, the classified memorandum and classified declarations of John D Negroponte and Keith B Alexander for review by the undersigned and by any chambers personnel that he so authorizes.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge