Trone et al v. Peanut Corporation of America
Doc. 196 Att. 4

# EXHIBIT E

Dockets.Justia.com

# Feds Go All Out to Kill Spy Suit

By Ryan Singel | Also by this reporter
02:00 AM May, 02, 2006

When the government told a court Friday that it wanted a class-action lawsuit regarding the National Security Agency's eavesdropping on Americans dismissed, its lawyers wielded one of the most powerful legal tools available to the executive branch -- the state secrets privilege.

That privilege allows the government to tell a judge that a civil case may expose information detrimental to national security, and to ask that testimony or documents be hidden or a lawsuit dismissed. That extraordinary executive power was established in English common law and upheld in a 1953 Supreme Court case involving the fatal crash of a secret bomber.

In this case, the government will be asking a federal judge in California to dismiss a lawsuit filed by the Electronic Frontier Foundation against AT&T for its alleged complicity in warrantless government surveillance of its customer's internet and telephone communications. The EFF alleges that AT&T gave the government access to a massive phone billing database and helped the NSA spy on its customers' internet use.

But what exactly is the privilege, and how powerful is it?

The state secrets privilege cannot be found in the U.S. Code, the code of federal regulations or the Constitution. Instead, it is a part of common law, the body of laws and precedents created over centuries of legal decisions. When the government believes that a civil suit might reveal secrets injurious to the country, the head of the appropriate government agency must review the matter and submit a signed affidavit attesting to the danger of the lawsuit or documents that might be disclosed.

Judges almost invariably agree to such requests, according to William Weaver, a law professor and senior adviser to the National Security Whistleblowers Coalition.

"It's like one of magic rings from *The Lord of the Rings*," Weaver said. "You slip it on and you are invisible -- you are now secret.

"Ostensibly judges could have flexibility, but they have not done that," Weaver said. "There has never been an unsuccessful invocation of the state secrets privilege when national security is involved. The (EFF) suit is over."

Weaver points to a 1978 decision by a federal court to dismiss a lawsuit against the NSA by Vietnam War protesters as a precedent for what is likely to happen in the lawsuit against AT&T.

Judges almost always accept, at face value, assertions by the executive branch about the need for secrecy, said Stephen Aftergood, who directs the Federation of American Scientists' Project on Government Secrecy.

"It reflects a judicial lack of self-confidence in the face of national security claims made by the executive branch," Aftergood said. "You also see this deference in Freedom of Information Act cases."

That's a shame, according to Aftergood and Weaver, since one of the most successful ways of exposing government wrongdoing is through lawsuits.

"In a nutshell, invoking the privilege shuts down the judicial process and it says that the courthouse doors are closed," said Aftergood. "In a society ruled by law, that is a subversive action."

National security could be protected, while still allowing cases to move forward, if judges allowed notes and evidence to be seen only in a special room by lawyers with security clearances -- as has happened in Guantanamo Bay criminal cases -- or if judges shut down courtrooms during sensitive sessions, according to Shayana Kadidal, a staff attorney at the Center for Constitutional Rights, which is separately suing the NSA in an effort to stop what it calls unconstitutional wiretaps.

"The government is asserting that none of that is good enough," Kadidal said. "They are saying, 'This is so sensitive we can't rely on the judge.'"

Weaver calls that decision political.

"The privilege is being used to hide criminal activity -- embarrassing activity -- and protect the president from adverse publicity and close off the investigation," Weaver said.

Charles Miller, a Justice Department spokesman, denies that the government is trying to hide any wrongdoing.

"When we file certifications of the state secrets privilege, it is because it is felt that certain disclosures will be injurious to the country," Miller said. "Needless to say, the ultimate decision is by the judge."

That decision might be less predictable than the government or Weaver expects it to be.

The judge handling the case, Chief Judge Vaughn Walker, is a very independent thinker, according to Hastings College of Law professor Rory Little.

"He's a judge that would not have any trouble saying 'no' to any party if the law sent him there," Little said. "He's no pushover and is not predictable in a political way or in a jurisprudential way."

The assertion of the state secrets privilege is consistent with the Bush administration's culture of secrecy. The Department of Homeland Security withholds wide swaths of unclassified data that it deems Sensitive Security Information, including the internal regulation that requires airlines to ask passengers for identification.

In 2001, Attorney General John Ashcroft issued new Freedom of Information guidelines to all federal agencies that tightened the standards for deciding what information to make public. And recently, CIA chief Porter Goss fired a 20-year veteran analyst for unauthorized contact with an investigative journalist.

The FBI is trying to seize control of the notes and papers of the late columnist Jack Anderson, and in Washington, the Justice Department is using espionage statutes to prosecute two former officials of the American Israel Public Affairs Committee for discussing classified matters that they

learned secondhand -- the officials never had a U.S. security clearance and were not bound by any nondisclosure agreements.

The NSA story has even spawned conjecture that the government might prosecute the *New York Times* reporters who broke the news, while the administration continues to fish for the identity of the whistle-blower who leaked the existence of the government's secret domestic spying program in the first place.

Ads by Google

| | | |
|---|---|---|
| Justice Seekers | Lowe's Class Action | Have you taken Vioxx? |
| Represents families that have lost members to drug related suicides. | Recover unpaid overtime wages! Class action lawsuit against Lowe's | And had a heart attack or stroke? Call us toll free 1-877-226-9940 |
| www.justiceseekers.com | www.lowesclassaction.com | www.thekahnlawfirm.com |

**Wired News:** Contact Us | Advertising | Subscribe
We are translated daily into Korean and Japanese

© Copyright 2006, Lycos, Inc. Lycos is a registered trademark of Lycos, Inc. All Rights Reserved.
Your use of this website constitutes acceptance of the Lycos **Privacy Policy** and Terms & Conditions