Trone et al v. Peanut Corporation of America
Doc. 196 Att. 11

# EXHIBIT K

Dockets.Justia.com

# Court Filing Confirms Spy Docs

By Ryan Singel | Also by this reporter
13:30 PM May, 26, 2006

Formerly sealed documents from a lawsuit against AT&T for allegedly helping the National Security Agency spy on Americans' communications without a warrant were released in redacted form Thursday, and confirm the legitimacy of documents published earlier by Wired News.

The papers, which were obtained by Wired News through an anonymous source, included a declaration written by Mark Klein, several snapshots of a secret room in an AT&T facility in San Francisco that Klein alleges is used to spy on a wide swath of domestic internet traffic, and eight pages of wiring diagrams marked "AT&T Proprietary."

In order to help the Electronic Frontier Foundation's class-action lawsuit, Klein provided the online civil liberties advocacy group with a sworn affidavit and three documents, totaling more than 140 pages. The EFF filed these, along with a motion asking for a preliminary injunction that would stop the alleged spying and an evaluation of Klein's evidence by a former FCC internet expert, under seal with the court.

While the judge in the case initially declined to unseal the documents last week, he ordered AT&T and EFF to jointly redact Klein's statement and the preliminary injunction motion and make them public.

Much of the wording in the redacted text of Klein's affidavit (.pdf), which was published in the court docket Thursday afternoon, matches language in the statement published Monday by Wired News.

Technical details in the newly released documents also mesh with the documents published by Wired News. Additionally, both sets of documents

refer to an employee who was cleared by the NSA to work in the room, but who was later laid off by AT&T as part of a downsizing. This shared detail, along with others, was not part of Klein's only previous public statement, which was released by his lawyer in early April and printed in full by Wired News.

The proposed preliminary injunction (.pdf) filed by the EFF also referred to a declaration by J. Scott Marcus, a former senior technical adviser for internet technology for the FCC.

Marcus found that the surveillance room described in documents provided by Klein is "consistent with the media reports describing telecommunication companies' assistance with the program, and illustrates an infrastructure built and designed by AT&T Corp. to conduct large-scale covert collection and intensive analysis of substantial amounts of both international and domestic communications carried by AT&T Corp.'s network, including domestic communications of AT&T WorldNet internet service customers such as the plaintiffs."

Additionally, the preliminary injunction argues that the secret room was connected to an "additional, parallel backbone network that would be unnecessary if AT&T Corp. were merely using the Surveillance Configuration for ordinary business purposes, because such analytical results could, and logically would, be transmitted over the common backbone."

The presence of extra routers on the list of equipment in the documents published by Wired News suggests intercepted traffic is being forwarded somewhere, according to Columbia University computer science professor Steven Bellovin.

But Bellovin points out the system described could not forward all the internet data flowing into the room.

"An OC-3 network (150 Mbit/s) can't possibly carry all of the traffic from multiple OC-3, -12 (621 Mbit/s), and -48 (2488 Mbit/s) networks back to Ft. Meade (NSA headquarters)," Bellovin said in an e-mail. "They'd have to do some filtering there." But the other equipment in the room, including a Narus packet inspection tool, is well suited to pick out traffic of interest and forward it along.

Bellovin was one of the technical experts who looked at the documents for Wired News. He suggested that the room might be part of a network-management system or used to comply with lawful wiretap orders.

But Klein's statements about the room being off-limits to anyone not cleared by the NSA make Bellovin suspicious.

"The taps are oddly located for the alleged purpose, but the restricted-access room is unusual," Bellovin said.

AT&T filed a redacted brief in its defense this week, but carried out the redaction in a sloppy manner that makes it easy to remove the black bars.

The poorly redacted text included the statement, "Although the plaintiffs ominously refer to the equipment as the 'Surveillance Configuration,' the same physical equipment could be utilized exclusively for other surveillance in full compliance with" the Foreign Intelligence Surveillance Act, according to CNET News.com.

That brief, along with one filed by the federal government, argued that the judge should promptly look at secret documents prepared for him by the government.

Those documents, which include sworn statements by the head of the NSA and the director of national intelligence, constitute the government's argument as to why the case should be dismissed on national security grounds.

U.S. District Court Judge Vaughn Walker will review the government and AT&T's motions to dismiss the case June 23.

Ads by Google

Lowe's Class Action
Recover unpaid overtime wages!
Class action lawsuit against Lowe's
www.lowesclassaction.com

Catapult Point of Sale
Inventory Forecasting, Analytics, Multistore, Gift Card, Surveillance
www.ecrsoft.com

Surveillance
Help Protect Your Business w/ ADT® Video Surveillance: 1-866-562-9095
www.ADT.com

**Wired News:** Contact Us | Advertising | Subscribe
We are translated daily into Korean and Japanese

© Copyright 2006, Lycos, Inc. Lycos is a registered trademark of Lycos, Inc. All Rights Reserved.
Your use of this website constitutes acceptance of the Lycos **Privacy Policy** and Terms & Conditions