ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., et al.<br><br>Defendants. | No. C-06-00672-VRW<br><br><u>CLASS ACTION</u><br><br>ADMINISTRATIVE MOTION FOR DESIGNATION OF INTERIM CLASS COUNSEL |

Dockets.Justia.com

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-11 and Fed. R. Civ. P. 23(g), the Electronic Frontier Foundation ("EFF") makes this motion to be designated interim class counsel for the *Hepting* action, and other related, coordinated, or consolidated cases in the Northern District of California. EFF's motion is supported by all counsel in the *Hepting* action who are able to devote resources to this litigation, as requested and overseen by EFF.

## I. PROCEDURAL HISTORY

On January 31, 2006, the *Hepting* plaintiffs filed a class action against AT&T Inc. and AT&T Corp. (collectively, "AT&T"), alleging that the defendants are engaged in a massive warrantless eavesdropping program, at the behest of the United States government. The *Hepting* case has two major factual components: the illegal interception of communications in transit by AT&T and the illegal disclosure of stored communications data by AT&T. After further factual investigation and analysis, on March 31, 2006, the *Hepting* plaintiffs filed a motion for preliminary injunction supported by testimony from a former AT&T employee and from an expert in the telecommunications industry arising from the first of these two factual components.

On April 28, 2006, the United States filed a statement of interest and both corporate defendants moved to dismiss the complaint. On May 13, 2006, the government filed a motion to dismiss plaintiffs' complaint or, in the alternative, for summary judgment based on the state secrets privilege. On May 17, 2006, the Court heard argument on motions regarding the content and origin of certain documents – with defendants moving to compel the return of the documents and to seal the record. *See* Civil Minute Order, dated May 17, 2006. The Court denied the defendants' motions, ordering the parties to meet and confer on producing a redacted version of these documents, and set an expedited schedule for the dismissal motions. *Id*. The *Hepting* plaintiffs have opposed the defendants' motions for dismissal and the government's state secrets motion for dismissal; a hearing is currently scheduled for June 23, 2006.

On May 11, 2006, an article appeared in the *USA Today*, reporting that the National Security Agency was engaged in a classified program to amass a database including information about the

calling records of millions of Americans. Verizon MDL Motion at 4.[1] This article focused on the second of the two factual components of the *Hepting* case and specifically mentioned the case and the EFF's role in it. Following that article, at least 31 complaints have been filed across the country against the telecommunications companies focusing on the facts raised in the *USA Today* article. These complaints are now the subject of an MDL proceeding. One of these actions was filed on May 30, 2006, in the Northern District of California, *Roe, et al. v. AT&T Corp., et al.*, Case No. C-06-03467-VRW. This Court found *Roe* to be a related action on June 8, 2006. Two other actions were filed in state court, and have since been removed to the Northern District of California. *See Riordan, et al. v. Verizon Commc'ns, Inc.*, Case No. C-06-03574-JSW (removed from state court on June 5, 2006); and *Campbell, et al. v. AT&T Commc'ns of Cal., et al.*, Case No. C-06-03596-VRW (removed from state court on June 6, 2006).

## II. RULE 23(g) CONTEMPLATES THE DESIGNATION OF INTERIM CLASS COUNSEL

Amendments to Rule 23(g) in 2003 specifically recognize the need to designate interim class counsel in certain situations. Rule 23(g)(2)(A) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Traditional procedures in which "all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily." Manual for Complex Litigation §10.22, pp. 24-28 (4th ed. 2004). Where, as here, there are many parties and duplicative actions, coordinating counsel early in the litigation avoids these problems.

### A. Designating Interim Class Counsel Is Appropriate to Protect the Interests of Class Members

Designating interim class counsel is appropriate where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary

---

[1] "Verizon MDL Motion" refers to the Memorandum in Support of Defendants Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Motion for Transfer and Coordination Pursuant to 28 U.S.C. §1407, filed May 24, 2006, with the Judicial Panel on Multidistrict Litigation.

to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, Case No. 06-3-GPM, 2006 U.S. Dist. LEXIS 28607, at **2-3; 2006 WL 1308582 (S.D. Ill. May 10 2006). The commentary to Rule 23 anticipated that when duplicative suits are filed, interim counsel can ensure that someone "prepare[s] for the certification decision" and "make[s] or respond[s] to motions before certification." Fed. R. Civ. P. 23(g) advisory committee's note.

Here, as noted above, many potentially dispositive motions have already been filed – and responded to – in the *Hepting* action. EFF has already litigated key collateral issues involving both defendants and the media, including the use of key evidence and the sealing issues. EFF has also, at the Court's request, negotiated redactions to publicly-filed documents with defendants. *Roe* plaintiffs, in recently filed papers with the MDL panel, acknowledge that *Hepting* has "involved extensive motion practice and hearings" and "has progressed much further than every other action." *See Roe* Plaintiffs' Memorandum in Support of Motion for Transfer and Coordination to the Northern District of California Pursuant to 28 U.S.C. §1407, filed June 13, 2006, at 3. The *Roe* plaintiffs also acknowledge that the extensive motion practice has given the *Hepting* plaintiffs "extensive knowledge about the statutory issues and the government's 'state secret' assertions since the case was filed six months ago." *Id*. All of these reasons support designating EFF as interim class counsel.

**B. Recently Filed Duplicative Actions Make Designation of Interim Class Counsel Necessary**

Another factor making the designation of interim class counsel necessary is that duplicative lawsuits have now been filed – months after the *Hepting* case was filed – requiring coordination of resources. The commentary to Rule 23 notes that "in some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." One court has noted that where '"there are a number of overlapping, duplicative, or competing suits pending in other courts, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities. . . ."' *Donaldson*, 2006 U.S. Dist. LEXIS 28607, at **3-4.

Here, several of the recent cases have now been filed in or removed to the Northern District of California, each of which is less inclusive, both factually and legally, than the *Hepting* action.

The *Roe* action only includes a limited subset of the factual allegations of the *Hepting* complaint, specifically those involving public revelations made in the *USA Today* article and alleging causes of action under the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §2702(a)(3) and the Federal Communications Act of 1934, 47 U.S.C. §605, both of which are alleged in the *Hepting* action. The *Hepting* complaint is broader, also alleging violations of the First and Fourth Amendments of the United States Constitution, the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §1809, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §2511(3), and additional ECPA violations, including 18 U.S.C. §2702(a)(1). The individual actions, *Campbell* and *Riordan*, also center around the factual allegations first revealed publicly in the *USA Today* article, but seek only injunctive relief under the California Constitution and California's Public Utility Code.[2]

**C. EFF Is the Most Appropriate Interim Class Counsel**

In designating counsel, the court may consider: (1) counsel's work identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to the case. Fed. R. Civ. P. §23(g)(1)(C)(i). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. §23(g)(1)(C)(ii).

As discussed above, EFF and their supporting counsel have undertaken significant work investigating and developing the facts and identifying potential claims in this action. In addition, EFF and their supporting counsel also have significant experience in handling class actions and other complex litigation. EFF is a non-profit organization, formed in 1990, that has participated in significant litigation involving privacy and electronic surveillance. EFF's expertise in privacy law and electronic media is near unrivaled, having been counsel or *amicus curiae* in cases spanning four

---

[2] The question of whether *Campbell* and *Riordan* are related to *Hepting* is currently pending before this Court. The plaintiffs in those cases are likely to seek remand to the California state courts, and until these questions are answered by this Court, it may be premature to join these cases in the case management order at this time.

circuits, many district courts, and the FISA court.[3] Given EFF's particular expertise in this area of law, it is more than adequate to serve as interim class counsel for cases pending in the Northern District of California.

Firms working with EFF on the litigation comprise several of the largest and most specialized firms in complex litigation. For example, Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") a 160-lawyer firm that specializes in securities, consumer, insurance, healthcare, human rights, employment discrimination, and antitrust class actions. Cohn Decl., Ex. B. Lerach Coughlin attorneys have been responsible for recoveries of more than $45 billion for plaintiffs. Similarly, Heller Ehrman has an extensive practice that bridges many areas of law, including litigation, business and intellectual property capabilities. Cohn Decl., Ex. C. Heller Ehrman has more than 700 attorneys and professionals in 12 cities nationwide and abroad. Other supporting counsel to EFF include Traber & Voorhees, who also specialize in class actions and multi-plaintiff cases, and the Law Offices of Richard R. Wiebe. Cohn Decl., Exs. D-E. These firms, in combination with EFF, have sufficient experience in handling class actions and other complex litigation similar to this action. Likewise, the size and number of firms supporting EFF means that sufficient resources are available to litigate this case.

## III. CONCLUSION

For all the reasons stated above, plaintiffs respectfully request that the Court enter the [Proposed] Case Management Order Number 1, submitted concurrently with this motion.

DATED: June 14, 2006

ELECTRONIC FRONTIER FOUNDATION

/s/

CINDY COHN

---

[3] Examples of EFF's involvement in relevant cases include *Snow v. DirecTV, Inc.*, Case No. 05-13687, 2006 U.S. App. LEXIS 13561, 2006 WL 1493817 (11th Cir. June 1, 2006); *United States v. Councilman*, 418 F.3d 67 (1st Cir. 2005); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002); *Steve Jackson Games, Inc. v. United States Secret Serv.*, 36 F.3d 457 (5th Cir. 1994); *In re Sealed Case No. 02-001*, 310 F.3d 717 (U.S. Foreign Intell. Surveil. Ct. Review 2002). *See also* Declaration of Cindy A. Cohn in Support of Administrative Motion for Designation of Interim Class Counsel ("Cohn Decl."), Ex. A.

CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
CORYNNE MCSHERRY
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA  94110
Telephone:  415/436-9333
415/436-9993 (fax)

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone:  626/585-9611
626/577-7079 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
SHANA E. SCARLETT
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA  94104
Telephone:  415/433-3200
415/433-6382 (fax)

HELLER EHRMAN LLP
ROBERT D. FRAM
MICHAEL M. MARKMAN
333 Bush Street, Suite 3100
San Francisco, CA 94104-2878
Telephone: 415/772-6000
415/772-6268 (fax)

Attorneys for Plaintiffs

I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this ADMINISTRATIVE MOTION FOR DESIGNATION OF INTERIM CLASS COUNSEL. In compliance with General Order 45, X.B., I hereby attest that Cindy A. Cohn has concurred in this filing.

DATED: June 14, 2006

/s/
SHANA E. SCARLETT

W:\AT&T Privacy\mot00031742.doc

CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/

SHANA E. SCARLETT

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: shanas@lerachlaw.com