Trone et al v. Peanut Corporation of America Doc. 216

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
DANIEL J. RICHERT #232208
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., et al.,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**NOTICE OF REASSIGNMENT IN CONNECTION WITH ADMINISTRATIVE MOTION OF DEFENDANT AT&T CORP. TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N.D. Cal. Civ. L.R. 3-12, 7-11] |
| TOM CAMPBELL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, et al,<br><br>Defendants. | No. C-06-3596-VRW |



Dockets.Justia.com

Yesterday, defendant **AT&T CORP.** ("AT&T") filed an Administrative Motion to Consider Whether Cases Should Be Related ("AT&T's Motion to Relate") (Dkt. 208). That motion, made pursuant to Civil Local Rules 3-12 and 7-11, asks the Court to relate *Campbell, et al. v. AT&T Communications of California, et al.*, No. C-06-3596-VRW, to this case (*Hepting*).

AT&T's Motion to Relate made reference to a third case: *Riordan, et al. v. Verizon Communications, Inc.*, No. C-06-3574-JSW, removed on June 5, 2006.[1] The motion noted that plaintiffs' counsel in *Campbell* (who also are plaintiffs' counsel in *Riordan*) had filed an administrative motion to consider whether *Campbell* should be related to *Riordan*. It also stated that *Riordan* was pending before Magistrate Judge Laporte. *Riordan* Dkt. 3. Plaintiffs, however, had declined to proceed before a magistrate judge. *Riordan* Dkt. 6. Today, the Clerk issued a notice indicating that *Riordan* has been reassigned to the Hon. Jeffrey S. White. *Riordan* Dkt. 9. Hence this notice of reassignment.

The reassignment of *Riordan* does not change the analysis set forth in AT&T's Motion to Relate. By their Motion to Relate, the *Campbell* plaintiffs seek to have their case heard by a different court than the one presiding over *Campbell*, namely, this Court. For the reasons stated in AT&T's Motion to Relate, their proposal makes no sense. The most sensible course of action – indeed, the one dictated by Civil Local Rule 3-12 – would be to relate the *Campbell* case to the *Hepting* case, and have both proceed before this Court, which is the most familiar with the legal issues and facts presented in both actions. (For the same reason, it may also be prudent to relate *Riordan* itself to *Hepting* or *Campbell*. Because AT&T and its affiliates are not defendants in *Riordan*, AT&T takes no position on the matter.)

---

[1] Dkt. 208 referred to that case as *DeBonis, et al. v. Verizon Communications, Inc., et al.*, because DeBonis was the first name on the version of the complaint posted on the website of plaintiffs' counsel. We have since learned that the version of the complaint plaintiffs filed manually with the Clerk lists Dennis Riordan as the first named plaintiff. Hence we now refer to the case as *Riordan*.

One other development merits mention. Late today plaintiffs' counsel in *Hepting* filed an administrative motion seeking to have the Electronic Frontier Foundation ("EFF") designated "interim class counsel" (*see* Fed. R. Civ. P. 23(g)(2)(A)). *Hepting* Dkts. 213-15. This motion (to which AT&T will respond in due course) would, if granted, give EFF power to control the positions taken by plaintiffs in *Hepting* and in *Roe* and also in all other "actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact . . . ." Proposed Order, *Hepting* Dkt. 215, at 1:16-18. EFF is somewhat circumspect about whether it should take control of *Campbell* and *Riordan*, deeming that question "premature" (*see Hepting* Dkt. 213, at 4 n.2), but EFF argues that *Campbell* and *Riordan* "center around the factual allegations first revealed publicly in the *USA Today* article," which EFF describes as "focus[ing] on the second of the two factual components of the *Hepting* case . . ." (*id.* at 2:1-3, 4:8-11). Whatever else might be said about EFF's arguments, they certainly support the notion that *Campbell* and *Riordan* should be related to *Hepting* and *Roe*.

Dated: June 13, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
DANIEL J. RICHERT
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Bruce A. Ericson
Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.