Trone et al v. Peanut Corporation of America Doc. 239

# EXHIBIT A

Dockets.Justia.com

ARTER & HADDEN LLP
MICHAEL ZELLERS STATE BAR NO. 146904
MOLLIE BENEDICT STATE BAR NO. 187084
725 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017-5434
Telephone: 213.430.3000
Facsimile: 213.617.9255

and

LAWRENCE A. CALLAGHAN STATE BAR NO. 53258
JOHN R. HURLEY STATE BAR NO. 203641
555 California Street, Suite 3130
San Francisco, CA 94104
Telephone: 415.617.2100
Facsimile: 415.912.3636

Attorneys for Specially Appearing Defendant
SBC COMMUNICATIONS INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| RLH INDUSTRIES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., PACIFIC BELL TELEPHONE COMPANY and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 02 CC 16869<br><br>Complaint Filed: November 7, 2002<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.**<br><br>Date: June 24, 2003<br>Time: 2:30 p.m.<br>Dept.: C 13<br>Judge: Hon. William Monroe<br><br>Accompanying documents: Memorandum of Points and Authorities, [Proposed] Order, Declaration of Starlene Meyerkord |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that June 24, 2003 at 2:30 p.m., or as soon thereafter as the matter may be heard, in Department C 13 of the Orange County Superior Court, 700 Civic Center Drive, Santa Ana, California, specially appearing defendant SBC Communications Inc. will and hereby does move the Court to quash service of the summons and complaint in this

matter.

This motion is made pursuant to Code of Civil Procedure § 418.10 on the grounds that the Court lacks personal jurisdiction over specially appearing defendant SBC Communications Inc. The motion to quash will be based upon this Notice and Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Starlene Meyerkord, the file and records in this case, and any such additional oral or documentary evidence and argument as may be presented beforehand or at the hearing on the motion.

Additional information regarding appearances (including whether appearances at the hearing date are required), tentative rulings, and oral argument can be found at http://www.occourts.org/rulings/monroe.asp.

DATED: May 27, 2003

ARTER & HADDEN LLP

By: Mollie F. Benedict

Mollie F. Benedict
Attorneys for Specially Appearing Defendant SBC COMMUNICATIONS INC.

## PROOF OF SERVICE BY MAIL

I, Estella Licon, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Arter & Hadden LLP, located at 725 S. Figueroa Street, Suite 3400, Los Angeles, California 90017-5434. I am readily familiar with Arter & Hadden LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service and am aware that envelopes placed for collection and mailing within the firm of Arter & Hadden LLP will be deposited within the United States Postal Service on the same day for first class mailing in the ordinary course of business. I served the within **NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.** in said cause by placing a true and correct copy thereof in an envelope addressed as follows:

Richard S. Price, II, Esq.
1235 North Harbor Boulevard
Suite 200
Fullerton, CA 92832-1349
Telephone: (714) 871-1132
Facsimile: (714) 871-5620

H. Kenneth Kudon, Esq.
Two Old Creek Court
Potomac, MD 20854
Telephone: (301) 279-5634
Facsimile: (301) 294-6407

and by then sealing said envelope and placing it for collection and mailing on May 28, 2003, following Arter & Hadden LLP's ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 28, 2003, at Los Angeles, California.

Estella Licon

ARTER & HADDEN LLP
MICHAEL C. ZELLERS STATE BAR NO. 146904
MOLLIE F. BENEDICT STATE BAR NO. 187084
725 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017-5434
Telephone: 213.430.3000
Facsimile: 213.617.9255

and

LAWRENCE A. CALLAGHAN STATE BAR NO. 53258
JOHN R. HURLEY STATE BAR NO. 203641
555 California Street, Suite 3130
San Francisco, CA 94104
Telephone: 415.617.2100
Facsimile: 415.912.3636

Attorneys for Specially Appearing Defendant
SBC COMMUNICATIONS INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| RLH INDUSTRIES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., PACIFIC BELL TELEPHONE COMPANY and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 02 CC 16869<br><br>Complaint Filed: November 7, 2002<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.**<br><br>Date: June 24, 2003<br>Time: 2:30 p.m.<br>Dept.: C 13<br>Judge: Hon. William Monroe<br><br>Accompanying documents: Notice of Motion to Quash; Declaration of Starlene Meyerkord, and [Proposed] Order |

## I. INTRODUCTION

Defendant SBC Communications Inc. ("SBC") appears specially to move to quash service of the summons and complaint in this action. (Code of Civil Procedure § 418.10) SBC does not have sufficient minimum contacts with the state of California to support personal jurisdiction. SBC is an out-of-state corporation with its principal place of business in Texas. SBC does not provide goods or services within the state of California, and does not maintain any offices in the state of California. It is a Delaware holding company.

RLH concedes in its Second Amended Complaint that SBC is a Delaware Corporation with its principal place of business in Texas. (2nd Am. Cplt. ¶ 5.) RLH alleges that an SBC subsidiary, defendant Pacific Bell Telephone Company ("Pacific Bell"), does business in California. (2nd Am. Cplt. ¶¶ 5-6.) However, as a matter of law, this alleged parent-subsidiary relationship does not allow the Court to exercise personal jurisdiction over SBC.

## II. SBC LACKS SUFFICIENT MINIMUM CONTACTS WITH THE STATE OF CALIFORNIA TO SUPPORT PERSONAL JURISDICTION

California's "long arm" statute allows the courts of this state to exercise personal jurisdiction to the full extent allowed under the United States Constitution and the California Constitution. The Court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc. § 410.10.)

The United States Constitution requires a plaintiff to establish that: (1) there are sufficient "minimum contacts" between a defendant and California; and (2) the maintenance of the suit in California does not offend "traditional notions of fair play and substantial justice." (*Lisoni v. Dave Cole Pontiac, Inc.* (1975) 52 Cal.App.3d 445, 447; *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.)

California courts have articulated two tests for determining whether there are sufficient minimum contacts to justify the assertion of jurisdiction over a non-resident: the general jurisdiction test and the specific jurisdiction test.

The "general jurisdiction" test requires that the activities of the non-resident defendant be so "extensive and wide-ranging" or "continuous and systematic" that there is a constitutionally



ARTER & HADDEN LLP
725 South Figueroa Street
Suite 3400
Los Angeles, California

531765_1

sufficient relationship with California to warrant jurisdiction for all causes of action asserted against the defendant by any person and wherever such claims may arise. (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147-148.) To satisfy this test, the defendant must do business in California in a significant and pervasive way. (*Id.*) This would apply, for example, to a foreign corporation that has offices and operations in California. "Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum state as a basis for jurisdiction." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 446.)

The "specific jurisdiction" test focuses on the particular cause of action and the particular plaintiff before the court. Under this test, although there may not be general jurisdiction over the defendant, the defendant's acts in California with regard to the plaintiff and which relate to the plaintiff's claim may be such that there is limited jurisdiction over the defendant with respect to the claim. In such a case, jurisdiction requires a showing that the plaintiff's claim has a "substantial nexus" with the defendant's acts in California. (*Cornelison*, *supra*, 16 Cal.3d at pp. 148-149.)

Under either test, plaintiff has the burden of proof to establish jurisdiction in opposing a motion to quash. (*Sheard v. Superior Court* (1974) 40 Cal.App.3d 207, 211; *Tiffany Records, Inc. v. N.B. Krupp Distributors, Inc.*, (1969) 276 Cal.App.2d 610, 615.) RLH must prove by a preponderance of the evidence the existence of sufficient "minimal contacts" to permit the exercise of jurisdiction. (*Sheard*, *supra*, 40 Cal.App.3d at p. 211.) RLH must make this factual showing by declarations or other competent evidence conforming to the California Rules of Evidence. (*Id.* at p. 212.) This requirement applies even if the moving defendant does not come forward with supporting evidence. (*Floveyor International, Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 794 ("until [plaintiff] makes at least a prima facie showing of . . . sufficient contacts with the State of California, [defendant] may stand mute").

RLH cannot meet that burden with respect to SBC.

///

///



ARTER & HADDEN LLP
725 South Figueroa Street
Suite 3400
Los Angeles, California

### A. There Is No Basis For General Jurisdiction Over SBC.

In order to establish general personal jurisdiction, a plaintiff must prove that a defendant's contacts with California have been significant and pervasive. (*Cornelison, supra*, 16 Cal.3d at pp. 147-148.)

The California Supreme Court described the concept of "doing business" for purposes of general jurisdiction in *Fisher Governor Co. v. Superior Court* (1959) 53 Cal.2d 222. The plaintiff claimed that the defendant Iowa corporation had caused a wrongful death in Idaho through an allegedly defective product it had manufactured. Defendant sold its products in California through commissioned agents. The defendant was also listed in telephone directories in California under the telephone numbers and addresses of the commissioned sales representatives. (*Id.* at p. 224.) The court found that these activities were <u>insufficient</u> to find that the defendant was "doing business" in California to subject it to general jurisdiction for a death caused in Idaho. (*Id.* at 225-226.)

The *Fisher Governor* holding has been reaffirmed on numerous occasions. Discrete and isolated activity in California does not subject a defendant to general personal jurisdiction. (*See, e.g., Carretti v. Italpast* (2002) 101 Cal.App.4th 1236, 1245-46 [Italian company which sold goods to independent distributor who resold in California not subject to general jurisdiction]; *Circus Circus Hotels, Inc. v. Superior Court* (1981) 120 Cal.App.3d 546, 563-566 [advertising "800" telephone listings in California insufficient for general jurisdiction], disapproved on other grounds by *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 461-464.]; *Stanley Consultants, Inc. v. Superior Court* (1978) 77 Cal.App.3d 444, 448-449 [defendant's discrete transactions over several years with various persons or entities in California did not subject defendant to general jurisdiction].)

As set forth in the attached declaration of Starlene Meyerkord, SBC is a Delaware holding company, with its principal place of business located in Texas. SBC does not pay taxes in California. SBC is not qualified to do business in California, does not have an agent for service of process in California, does not do business in California, and does not sell any goods or services in California. SBC has no employees, agents or distributors in California. SBC has

no office or place of business in California, has not solicited business or advertised for the sale of products in California, and has not transacted any intrastate business in California. Decl. of Starlene Meyerkord ["Meyerkord Decl."] ¶¶ 2-4.)

In an attempt to establish some sort of direct connection between SBC and California, RLH erroneously alleges that "SBC is a telecommunications company which provides, among other things, long distance telecommunications service in California." (2nd. Am. Cplt. ¶ 5.) In fact, SBC does not offer long distance telecommunications services or any other services in California. SBC is a holding company that has no customers in California or anywhere else. (Decl. of Starlene Meyerkord ["Meyerkord Decl."] ¶ 5.)

RLH also alleges that SBC has a connection with California because Pacific Bell Telephone Company, a defendant in the action, is a subsidiary of SBC and provides local telephone services to customers in California. (2nd. Am. Cplt. ¶ 6.) Such an allegation is irrelevant for jurisdiction purposes. California law is clear that mere ownership and control of a subsidiary corporation by a foreign parent does not subject the parent corporation to jurisdiction in the state where the subsidiary does business. (*Cannon Mfg. Co. v. Cudahy Packing Co.* (1925) 267 U.S. 333, 336.) The California courts have consistently followed this rule, most recently in *DVI, Inc. v. Superior Court* (Dec. 24, 2002) 104 Cal.App.4th 1080. As explained by the *DVI* court, "a parent company's ownership or control of a subsidiary does not, without more, subject the parent corporation to the jurisdiction of the state where the subsidiary does business." (*Id.* at p. 1092, citing *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 540.)

In *DVI* the plaintiff sued the parent holding company, DVI, and its subsidiary, DVIBC. DVIBC did business in California but DVI did not. DVI's principal activity was to act as a holding company. However, unlike SBC in this case, DVI was registered to do business in California and it maintained an agent for service of process in California. Moreover, its subsidiary used the "DVI" name in its California advertising. Nevertheless, the appellate court found personal jurisdiction lacking. Among other things, DVI had no employees in California, it had no customers in California,, it paid no taxes in California, and it owned no real property in California. (*DVI, supra,* 104 Cal.App.4th at p. 1092.)

SBC's connection to California is even more attenuated. Unlike DVI, SBC is not registered to do business in California and it does not maintain an agent for service of process in California. SBC does not have employees in California. It does not have customers – in California or anywhere -- it does not pay taxes in California, or own real property in California. (Meyerkord Decl. ¶¶ 2-4.) Moreover, like DVI, the fact that the "SBC" brand is used in California by SBC subsidiaries does not subject the parent holding company to the jurisdiction of California courts. (*DVI, supra,* 104 Cal.App.4th at p. 1092.)

SBC cannot be subject to personal jurisdiction in California based on the activities of its California subsidiary. The only exception to this rule is where the plaintiff can show that the parent corporation so totally dominates, directs and controls the subsidiary's activities so as to become the "alter ego" of the subsidiary. (*Sonora, supra,* 83 Cal.App.4th at pp. 538.) No such allegation is made in this case, nor in good faith can such an allegation be made. SBC and Pacific Bell are separate and distinct entities. Each entity has its own separate and independent Board of Directors who are responsible for their respective businesses. (Meyerkord Decl.¶ 6.) As such, jurisdiction over SBC cannot be grounded on the alleged acts of Pacific Bell.

In summary, SBC does not have the "extensive," "wide-ranging" and "continuous" contacts with California that would subject it to general jurisdiction in the California courts

**B. There Is No Basis For Specific Jurisdiction Over SBC.**

Absent general jurisdiction, personal jurisdiction may be upheld only if plaintiff can prove "specific" jurisdiction arising out of its particular cause of action and the defendant's particularized contacts with California related to the cause of action. (*Vons Companies, Inc., supra,* 14 Cal.4th at pp. 445-446.) This test requires the plaintiff to demonstrate that: (1) the "defendant has purposefully availed himself or herself of forum benefits" and (2) "the controversy is related to or arises out of a defendant's contacts with the forum." (*Id.* at p. 446.)

The first factor requires proof that the defendant has intentionally engaged in activities in California and sought the benefits or protections of California law in doing so. (*Id.*) The second factor requires proof that there is a "substantial nexus between plaintiff's cause of action and defendant's activities in California." (*Id.* at p. 448.)


ARTER & HADDEN LLP
725 South Figueroa Street
Suite 3400
Los Angeles, California
531765_1

Again, the only connection between SBC and California is that one of SBC's affiliates, Pacific Bell, provides local phone service in California. That is not enough. Just as corporate relationships do not create general personal jurisdiction, the acts of a subsidiary corporation do not create special jurisdiction over the parent unless the parent was directly involved in the acts. (*Sonora Diamond Corp., supra*, 83 Cal.App.4th at p. 552 [holding the parent corporation must also have engaged in "target acts" in the jurisdiction]; *see, also, J.M. Sahlein Music Co. v. Nippon Gakki Co., Ltd.* (1987) 197 Cal.App.3d 539, 544 [communications between Japanese parent and California subsidiary concerning breach of contract lawsuit insufficient to support California jurisdiction]; *Sammons Enterprises, Inc. v. Superior Court* (1988) 205 Cal.App.3d 1427, 1435 (1988) [communications between Delaware parent and California subsidiary regarding California personnel insufficient to subject parent to California jurisdiction].)

Similarly, RLH's vague allegations of conspiracy with unspecific persons or entities cannot be used as a bootstrap for personal jurisdiction. (2nd Am. Cplt. ¶ 9.) California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party. (*Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750, 1758.) Jurisdiction over one alleged conspirator does not establish jurisdiction over other, nonresident alleged co-conspirators. In deciding whether personal jurisdiction exists, the focus is on each individual's forum-related activities. (*Id.*) Plaintiff RLH cannot obtain personal jurisdiction over SBC based on allegations that SBC conspired with Pacific Bell or with unnamed parties doing business in California.

## III. CONCLUSION

RLH cannot establish personal jurisdiction over specially appearing defendant SBC Communications Inc. This motion to quash should be granted.

DATED: May 27, 2003

ARTER & HADDEN LLP

By: *[signature]*
Mollie F. Benedict
Attorneys for Specially Appearing Defendant SBC COMMUNICATIONS INC.



ARTER & HADDEN LLP
725 South Figueroa Street
Suite 3400
Los Angeles, California

531765_1

## PROOF OF SERVICE BY MAIL

I, Estella Licon, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Arter & Hadden LLP, located at 725 S. Figueroa Street, Suite 3400, Los Angeles, California 90017-5434. I am readily familiar with Arter & Hadden LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service and am aware that envelopes placed for collection and mailing within the firm of Arter & Hadden LLP will be deposited within the United States Postal Service on the same day for first class mailing in the ordinary course of business. I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.** in said cause by placing a true and correct copy thereof in an envelope addressed as follows:

Richard S. Price, II, Esq.
1235 North Harbor Boulevard
Suite 200
Fullerton, CA 92832-1349
Telephone: (714) 871-1132
Facsimile: (714) 871-5620

H. Kenneth Kudon, Esq.
Two Old Creek Court
Potomac, MD 20854
Telephone: (301) 279-5634
Facsimile: (301) 294-6407

and by then sealing said envelope and placing it for collection and mailing on May 28, 2003, following Arter & Hadden LLP's ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 28, 2003, at Los Angeles, California.

Estella Licon

Estella Licon



ARTER & HADDEN LLP
725 South Figueroa Street
Suite 3400
Los Angeles, California

531765_1

ARTER & HADDEN LLP
MICHAEL ZELLERS STATE BAR NO. 146904
MOLLIE BENEDICT STATE BAR NO. 187084
725 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017-5434
Telephone: 213.430.3000/Facsimile: 213.617.9255

and

LAWRENCE A. CALLAGHAN STATE BAR NO. 53258
JOHN R. HURLEY STATE BAR NO. 203641
555 California Street, Suite 3130
San Francisco, CA 94104
Telephone: 415.617.2100/Facsimile: 415.912.3636

Attorneys for Specially Appearing Defendant
SBC COMMUNICATIONS INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| RLH INDUSTRIES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., PACIFIC BELL TELEPHONE COMPANY and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 02 CC 16869<br><br>Complaint Filed: November 7, 2002<br><br>**DECLARATION OF STARLENE MEYERKORD IN SUPPORT OF MOTION TO QUASH BY DEFENDANT SBC COMMUNICATIONS INC.**<br><br>Date: June 24, 2003<br>Time: 2:30 p.m.<br>Dept.: C 13<br>Judge: Hon. William Monroe<br><br>Accompanying documents: Notice of Motion to Quash, Memorandum of Points and Authorities, and [Proposed] Order |

I, Starlene Meyerkord, declare as follows:

1. I am the Director, Office of the Secretary of SBC Communications Inc, a Delaware domestic corporation ("SBC," erroneously sued as SBC Communications). My office is located in San Antonio, Texas. SBC does not consent to jurisdiction in the State of California and I make this declaration only as part of a special appearance in support of SBC's motion to

quash. I have personal knowledge of or, based upon knowledge available to me in the regular course of my position at SBC, am informed and believe the following, and if called as a witness, I could and would competently testify thereto.

2. SBC is a Delaware holding company with its primary place of business in San Antonio, Texas. SBC is the direct or indirect parent corporation or owner of Pacific Bell Telephone Company ("Pacific Bell") and Ameritech Corporation ("Ameritech", erroneously sued as Ameritech, Inc.). SBC is also an indirect parent corporation of the limited liability corporation that serves as general partner of Southwestern Bell Telephone, L.P. ("Southwestern Bell"). SBC is a separate and distinct entity from each of Pacific Bell, Ameritech, and Southwestern Bell.

3. SBC owns no real property in California. SBC does not pay taxes in California. SBC is not registered or qualified to do business in California; does not do business in California; does not sell any goods or services in California; has no employees, agents or distributors in California; has not appointed an agent to receive service of process in California; and does not maintain books or records in California.

4. SBC has no office or place of business in California; has not solicited business or advertised for the sale of products or services in California; and has not transacted any intrastate business in California.

5. While some of its subsidiary corporations do so, SBC does not offer or sell telecommunications products or services. Certain subsidiary corporations may offer or sell telecommunications products or services using "SBC" brands in connection with trademarks, service marks and logo scripts owned and licensed for use by SBC Properties, L.P. SBC Properties, L.P. is an intellectual property holding and management company. SBC holds an indirect interest in SBC Properties, L.P. through a wholly owned subsidiary, SBC Properties GP, Inc., a Delaware corporation and the general partner in SBC Properties, L.P. However, SBC itself does not sell any such products or services, and because SBC simply operates as a holding company, it has no customers in California or elsewhere

6. Each SBC subsidiary corporation is governed by its own Board of Directors.

There are no overlapping directors between SBC and either Pacific Bell, Ameritech, or Southwestern Bell.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of March, 2003 at San Antonio, Texas.

Starlene Meyerkord

Starlene Meyerkord

# PROOF OF SERVICE BY MAIL

I, Estella Licon, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Arter & Hadden LLP, located at 725 S. Figueroa Street, Suite 3400, Los Angeles, California 90017-5434. I am readily familiar with Arter & Hadden LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service and am aware that envelopes placed for collection and mailing within the firm of Arter & Hadden LLP will be deposited within the United States Postal Service on the same day for first class mailing in the ordinary course of business. I served the within **DECLARATION OF STARLENE MEYERKORD IN SUPPORT OF MOTION TO QUASH BY DEFENDANT SBC COMMUNICATIONS INC.** in said cause by placing a true and correct copy thereof in an envelope addressed as follows:

Richard S. Price, II, Esq.
1235 North Harbor Boulevard
Suite 200
Fullerton, CA 92832-1349
Telephone: (714) 871-1132
Facsimile: (714) 871-5620

H. Kenneth Kudon, Esq.
Two Old Creek Court
Potomac, MD 20854
Telephone: (301) 279-5634
Facsimile: (301) 294-6407

and by then sealing said envelope and placing it for collection and mailing on May 28, 2003, following Arter & Hadden LLP's ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 28, 2003, at Los Angeles, California.

Estella Licon



ARTER & HADDEN LLP
555 California Street
Suite 3130
San Francisco, California

LAX 531771.1

ARTER & HADDEN LLP
MICHAEL ZELLERS STATE BAR NO. 146904
MOLLIE BENEDICT STATE BAR NO. 187084
725 S. Figueroa Street, Suite 3400
Los Angeles, CA 90017-5434
Telephone: 213.430.3000
Facsimile: 213.617.9255

and

LAWRENCE A. CALLAGHAN STATE BAR NO. 53258
JOHN R. HURLEY STATE BAR NO. 203641
555 California Street, Suite 3130
San Francisco, CA 94104
Telephone: 415.617.2100
Facsimile: 415.912.3636

Attorneys for Specially Appearing Defendant
SBC COMMUNICATIONS INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| RLH INDUSTRIES, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., PACIFIC BELL TELEPHONE COMPANY, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 02 CC 16869<br><br>Complaint Filed: November 7, 2002<br><br>**[PROPOSED] ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.**<br><br>Accompanying documents: Notice of Motion to Quash; Memorandum of Points and Authorities; and Declaration of Starlene Meyerkord |

The motion to quash service of summons pursuant to Code of Civil Procedure § 418.10 by specially appearing defendant SBC Communications Inc. ("SBC") came on regularly for hearing before this Court on June 24, 2003. The Court, having considered the motion, and GOOD CAUSE APPEARING, FINDS AND ORDERS AS FOLLOWS:

Plaintiff RLH has not satisfied its burden to prove that SBC has sufficient minimum contacts with the State of California to support personal jurisdiction. SBC does not do business

in California, and does not have significant and pervasive contact with California sufficient to support general personal jurisdiction. (*Carretti v. Italpast* (2002) 101 Cal.App.4th 1236, 1245-46.) In addition, RLH has not proven that its claims have a "substantial nexus" with any act by SBC in the State of California to support specific personal jurisdiction for purposes of this action. (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147-149.)

SBC's motion to quash service of Summons and Second Amended Complaint is therefore granted in its entirety and the claims against SBC are hereby dismissed.

DATED:

Hon. William Monroe
Orange County Superior Court

## PROOF OF SERVICE BY MAIL

I, Estella Licon, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Arter & Hadden LLP, located at 725 S. Figueroa Street, Suite 3400, Los Angeles, California 90017-5434. I am readily familiar with Arter & Hadden LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service and am aware that envelopes placed for collection and mailing within the firm of Arter & Hadden LLP will be deposited within the United States Postal Service on the same day for first class mailing in the ordinary course of business. I served the within **[PROPOSED] ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS BY SPECIALLY APPEARING DEFENDANT SBC COMMUNICATIONS INC.** in said cause by placing a true and correct copy thereof in an envelope addressed as follows:

Richard S. Price, II, Esq.
1235 North Harbor Boulevard
Suite 200
Fullerton, CA 92832-1349
Telephone: (714) 871-1132
Facsimile: (714) 871-5620

H. Kenneth Kudon, Esq.
Two Old Creek Court
Potomac, MD 20854
Telephone: (301) 279-5634
Facsimile: (301) 294-6407

and by then sealing said envelope and placing it for collection and mailing on May 28, 2003, following Arter & Hadden LLP's ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 28, 2003, at Los Angeles, California.

Estella Licon