Trone et al v. Peanut Corporation of America Doc. 241

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**DECLARATION OF JOSEPH P. TOCCO IN SUPPORT OF MOTION OF DEFENDANT AT&T INC. TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date: June 23, 2006<br>Time: 9:30 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br><br>Filed concurrently:<br>1. AT&T Inc.'s Reply in Support of Motion to Dismiss.<br>2. Reply Decl. of Starlene Meyerkord<br>3. Request for Judicial Notice. |



Dockets.Justia.com

I, **JOSEPH P. TOCCO**, declare as follows:

1. I am Registered In-House Counsel with SBC California, now AT&T California, which is the d/b/a of Pacific Bell Telephone Company, an indirect subsidiary of AT&T Inc. I make this declaration in support of the motion of defendant **AT&T INC.** to dismiss plaintiffs' Amended Complaint for lack of jurisdiction. The facts stated in this declaration are based upon my own personal knowledge, or upon corporate business records, or, where so indicated, upon my information and belief. If called as a witness, I could and would competently testify.

2. I have reviewed a copy of Plaintiffs' Opposition to Defendant AT&T Inc.'s Motion to Dismiss Amended Complaint and the Declaration of James S. Tyre filed in support ("Tyre Declaration").

3. I am the attorney who verified the Lobbyist Employer Registration Statement, Lobbying Firm Activity Authorization, and the two Reports of Lobbyist Employer, attached as Exhibits B-E to the Tyre Declaration.

4. Various subsidiaries and affiliates of AT&T Inc. employ lobbyists in California. The subsidiaries and affiliates therefore qualify as "lobbyist employers" within the meaning of California Government Code sections 82039.5 and 86105, and are required to register under the Political Reform Act of 1974, as amended (Gov't Code § 81000 et seq.).

5. The California Fair Political Practices Commission ("FPPC") Lobbying Disclosure Information Manual ("Manual") requires that lobbying subsidiaries be identified "along with the corporate parent's name." *Id.* at pp. 3-1. Accordingly, when subsidiaries and affiliates of AT&T Inc. file disclosure statements required by the FPPC, they are filed in the name of "AT&T Inc. and Its Affiliates" to ensure compliance with the Manual. The disclosure statements attached as Exhibits B-E to the Tyre Declaration conform to this practice.

6. Based upon my knowledge and review of lobbying activities of the subsidiaries and affiliates of AT&T Inc. in California, I am informed and believe that AT&T Inc. does not employ lobbyists in California or otherwise contract with any lobbying firms in the State. Under California law, as currently interpreted by AT&T California and its predecessor companies, proceedings litigated before the California Public Utilities Commission ("PUC") are reportable in abbreviated form under the lobbying disclosure provisions of the Political Reform Act of 1974, as amended, and the regulations promulgated thereunder by the California Fair Political Practices Commission Govt Code 86100 et seq, 2 Cal Admin Code 18600 et seq, including the time spent in hearings and preparing witnesses for hearings. SBC Communications Inc. retained outside counsel to represent it in 2005 in connection with a PUC application proceeding regarding the merger between SBC Communications Inc. and AT&T Corp and those fees are reported in the attachments to the Tyre Declaration. AT&T Inc. does not, however, do any substantive lobbying in California, such as spending "millions of dollars to influence California legislators in developing communications policy and passing legislation" as asserted in Plaintiff's Opposition. Opp. at 2. Indeed, AT&T Inc. does not spend any money on such lobbying in California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on this 15th day of June, 2006, at Sacramento, California.

[signature]
Joseph Tocco