James M. Finberg (State Bar No. 114850)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jfinberg@lchb.com
bhimmelstein@lchb.com
msobol@lchb.com
efastiff@lchb.com

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

TASH HEPTING, et al., ,

Plaintiffs,

v.

AT&T CORP., et al.,

Defendants.

Case No. C-06-0672-VRW

**_ROE_ PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION FOR DESIGNATION OF INTERIM CLASS COUNSEL**

---

BENSON B. ROE, and PAUL GOLTZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AT&T CORP., a New York corporation; AT&T INC., a Delaware corporation; SBC LONG DISTANCE, LLC, a Delaware limited liability company dba AT&T Long Distance; PACIFIC BELL TELEPHONE COMPANY, a California corporation dba AT&T California; AT&T COMMUNICATIONS OF CALIFORNIA, INC., a California Corporation, and DOES 1-100,

Defendants.

Case No. C-06-03467-VRW

Judge: Hon. Vaughn R. Walker



Dockets.Justia.com

Plaintiffs Benson R. Roe and Paul Goltz, on behalf of themselves and all others similarly situated, by and through counsel, submit this Response to the Administrative Motion For Designation Of Interim Class Counsel, filed by the Electronic Frontier Foundation ("EFF").[1]

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Lawyers for EFF, counsel for plaintiffs in *Hepting, et al. v. AT&T Corp., et al.*, Case No. C-06-0672-VRW ("*Hepting*") have moved pursuant to Fed. R. Civ. P. 23(g) for their appointment as sole interim class counsel not only in *Hepting*, but also in the related case of *Roe, et al. v. AT&T Corp., et al.*, Case No. C-06-03467-VRW ("*Roe*"), as well as in any overlapping "actions later instituted in, removed to, or transferred to this Court" by the Judicial Panel on Multidistrict Litigation. EFF Proposed Case Management Order Number 1, at 1. *Hepting* is brought on behalf of two *different* classes -- subscribers of defendants' residential telephone services, and subscribers of defendants' internet services -- and asserts several different sets of claims -- that defendants have improperly disclosed to the National Security Agency ("NSA") the *contents* of class members' telephone, email, and internet communications, as well as their telephone customers' "call detail records" (*i.e.*, telephone numbers called, with the date, time, and duration of the call). *Roe* is more narrowly focused, brought only on behalf of defendants' "landline" telephone customers, and seeks statutory damages and injunctive relief for the improper disclosure of defendants' customers' call detail records to the NSA. By keeping *Roe* tightly focused on the already highly publicized *fact* that call detail records were disclosed, rather than the technological *manner* in which they were disclosed, the uses to which they were put by the NSA, or the distinct and severable internet-based claims, *Roe* may avoid some of the discovery delays, class certification defenses, and other legal obstacles that may retard the progress of *Hepting*.

---

[1] EFF's use of the procedures under Local Rule 7-11 governing "administrative motions" is incorrect. The Rule expressly applies to matters "not otherwise governed by a federal statute, Federal or local rule." Local Rule 7-11. The appointment of interim class counsel is governed by Rule 23(g) of the Federal Rules of Civil Procedure, and is therefore not subject to determination by administrative motion. However, *Roe* plaintiffs recognize that the prompt appointment of interim class counsel is in the best interests of the class, and therefore do not object to having the matter decided on the pending administrative motion. Should the Court wish to entertain oral argument on the matter (as it ordinarily would if the matter came up on a regularly notice motion), *Roe* plaintiffs respectfully suggest that the administrative motion be added to the June 23, 2006 motions calendar in *Hepting*, or set for such other date as may be convenient for the parties and the Court.

EFF is a non-profit, public interest enterprise which advances individuals' "digital rights" through legislative action, advising policymakers, developing "freedom enhancing inventions," educating the public, and through litigation. *See* Declaration of Cindy A. Cohn In Support Of Administrative Motion For Designation of Interim Class Counsel ("Cohn Decl.") at Exh. A. *Roe* plaintiffs have nothing but praise for the efforts of EFF in bringing and prosecuting *Hepting*, and agree that EFF should be *one* of the firms appointed as class counsel in this litigation, given its commitment and expertise in the full spectrum of digital privacy rights advocacy. However, *Roe* Plaintiffs respectfully submit that their counsel, the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB") should serve as *co-lead* class counsel, because unlike EFF, LCHB has extensive experience in the litigation of complex, national consumer class actions. *See* Fed. R. Civ. P. 23 Advisory Committee Notes to 2003 Amendments (court may appoint as class counsel "numerous attorneys who are not otherwise affiliated"). Together, EFF and LCHB, as co-lead class counsel, will ensure that the interests of class members will be fully protected.

## II. <u>ARGUMENT</u>

Under Fed. R. Civ. P. 23, "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). Appointment of interim class counsel is appropriate here because "overlapping, duplicative, or competing class suits are pending before a court." *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. Lexis 28607 at * 3 (S.D. Ill., May 10, 2006). Currently, there are two class actions pending in this district, *Hepting* and *Roe*,[2] raising overlapping claims challenging private telecommunication carriers' participation in the government's telecommunications data mining programs, and 31 such cases filed nationally,

---

[2] While there are a total of four cases pending in this District challenging various aspects of the National Security Agency's telecommunications surveillance programs, two of those cases, *Riordan v. Verizon Communications, Inc.* (N.D. Cal. No. C-06-03574-JSW) ("*Riordan*") and *Campbell, et al. v. AT&T Communications of California, et al.* (N.D. Cal. No. C-06-03596 ("*Campbell*") are not class actions. Plaintiffs in *Riordan* and *Campbell* agree that those two cases should be related to one another, but oppose relation to *Hepting* and *Roe*, on the grounds that *Riordan* and *Campbell* are not class actions, and seek only equitable relief based on state law claims, over which this Court lacks jurisdiction. *See* Opposition of Plaintiffs Tom Campbell, *et al*. and Dennis P. Riordan, *et al*., to AT&T Corp.'s Administrative Motion to Consider Whether Cases Should Be Related, at 1-2.

which are subject to a pending motion to transfer under 28 U.S.C. § 1407.[3] To "protect[] the interests of the class during the precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement," appointment of interim class counsel is appropriate. Federal Judicial Center, *Manual for Complex Litigation (Fourth)* § 21.11 (2004).

Courts evaluating the adequacy of representation requirement at the class certification stage have repeatedly held that a class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf. *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d. Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously). Rule 23(g) has only been in effect since December 1, 2003. Courts interpreting Rule 23(g) to date have relied primarily the Advisory Committee notes related thereto, and found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 2004 WL 187332 at *38 (M.D. Tenn. 2004); *see also In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 2003 WL 23014386 (M.D.N.C. 2003). *See also* Fed.R.Civ.P. 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.").

In appointing class counsel under Rule 23(g), the court:

(i) must consider:

- the work counsel has done in identifying or investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and

[3] *Roe* Plaintiffs acknowledge that potential transferee courts may refrain from appointing class counsel while motions for transfer pursuant to 28 U.S.C. § 1407 are pending, so that counsel in the subsequently transferred cases may have an equal chance to compete for such appointments.

- the resources counsel will commit to representing the class;

(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed.R.Civ.P. 23(g)(1)(C).[4]

EFF does not profess to itself having broad national class action experience, but rather its efforts range broadly from promotion of private sector technologies, to lobbying, to litigation. *See* Cohn Decl. at Exh. A. Without a doubt, EFF is a leader in the advancement of consumers' "digital rights." It reports an impressive depth of experience in litigating individuals' privacy rights in the digital, electronic frontier. Its expertise should serve the class well. But that expertise alone, without the extensive class action litigation experience that LCHB brings to the table, is not enough to fully protect the class.

EFF cites the class action experience of its *co-counsel*, but only EFF seeks appointment as, and the responsibilities of, interim class counsel. *See* EFF's Administrative Motion For Designation of Interim Class Counsel, at 5. The appointment of class counsel typically involves an evaluation of those lawyers or law firms who themselves step-up to accept the (sometimes onerous) demands and responsibilities of representing the class. *See* Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 Amendments, Rule 23(g)(2) ("the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment"). Accordingly, only the qualifications of the lawyers or firms seeking appointment as class counsel should be considered in determining their suitability as class counsel. *Id*. The qualifications of other attorneys, who may "hedge their bets" by waiting to see how the case develops (*e.g.*, whether there are any viable claims for damages) before seeking appointment as class counsel, are irrelevant.

With 69 attorneys, 137 staff, and a track record spanning four decades, LCHB is one of the oldest, largest, most experienced, and most successful law firms in the country specializing in the prosecution of consumer class actions, and has served as court-appointed lead

---

[4] Rule 23(g)(1)(C)(iii) also provides that the Court "may direct potential class counsel to . . . propose terms for attorney fees and nontaxable costs." *Roe* plaintiffs would be pleased to make such a proposal, should the Court find such information helpful in appointing interim class counsel.

or co-lead counsel in innumerable such cases (including cases against AT&T and other telecommunications carriers), as set forth in the Declaration of Barry Himmelstein in Support of *Roe* Plaintiffs' Response to Administrative Motion for Designation of Interim Class Counsel ("Himmelstein Decl."), submitted herewith. Where, as here, proposed class counsel "include some of the most experienced lawyers in the United States in the prosecution of . . . class actions" demonstrating that they are "ready, willing and able to commit the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied. *In re NASDAQ*, 169 F.R.D. at 515.

LCHB is ready, willing and able to take on the responsibilities that come with the formal appointment of class counsel. LCHB will commit the resources necessary to litigate this case vigorously. Indeed, LCHB has already committed the time and efforts of six of its attorneys (four partners and two associates) to the legal research and factual investigation of this case, and will continue to do so.

Appointing LCHB to serve as co-lead counsel with EFF will provide the class with counsel who have a depth of experience in nationwide, consumer class action litigation. Indeed, with the exception of litigation under the Private Securities Litigation Reform Act, which has its own unique set of rules for the appointment of class counsel, federal judges presiding over large and complex class action cases typically appoint more than one law firm to act as lead counsel for the class. Such multiple appointments are especially appropriate where, as here, the litigation involves more than one class, whose interests may diverge as the litigation progresses.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court appoint EFF and LCHB as co-lead interim class counsel, pursuant to Fed.R.Civ.P. 23(g)(2)(A).[5]

[5] EFF's [Proposed] Case Management Order No. 1 overreaches by purporting to appoint interim class counsel "[t]o represent plaintiffs at trial and on any appeal of this matter" (*id*. at 3), events which go beyond a precertification appointment under Rule 23(g)(2)(A).

Dated: June 19, 2006

By: *\/s\/ James M. Finberg*
James M. Finberg (State Bar No. 114850)


James M. Finberg (State Bar No. 114850)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Individual and Representative Plaintiffs
Benson B. Roe and Paul Goltz