Trone et al v. Peanut Corporation of America Doc. 255

James M. Finberg (State Bar No. 114850)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jfinberg@lchb.com
bhimmelstein@lchb.com
msobol@lchb.com
efastiff@lchb.com

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

TASH HEPTING, et al., ,

Plaintiffs,

v.

AT&T CORP., et al.,

Defendants.

Case No. C-06-0672-VRW

**[PROPOSED] ORDER DESIGNATING INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

---

BENSON B. ROE, and PAUL GOLTZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AT&T CORP., a New York corporation; AT&T INC., a Delaware corporation; SBC LONG DISTANCE, LLC, a Delaware limited liability company dba AT&T Long Distance; PACIFIC BELL TELEPHONE COMPANY, a California corporation dba AT&T California; AT&T COMMUNICATIONS OF CALIFORNIA, INC., a California Corporation, and DOES 1-100,

Defendants.

Case No. C-06-03467-VRW

Judge: Hon. Vaughan R. Walker



Dockets.Justia.com

This matter came to be heard upon the motion of the Electronic Frontier Foundation ("EFF"), on behalf of the plaintiffs in *Hepting et al. v. AT&T Corp., et al.*, for designation of interim class counsel pursuant to Fed. R. Civ. P. 23(g), and upon the response thereto filed by Lieff Cabraser, Heimann & Bernstein, LLP ("LCHB"), on behalf of plaintiffs in *Roe, et al. v. AT&T Corp., et al.*

WHEREAS, on January 31, 2006, the *Hepting* plaintiffs filed a class action against AT&T Corp. and AT&T Inc. alleging that defendants have illegally provided the United States government with access to their customers' telephone and internet communications and records;

WHEREAS, on May 30, 2006, the *Roe* plaintiffs field a class action against AT&T Corp., AT&T Inc., SBC Long Distance, LLC, Pacific Bell Telephone Company, and AT&T Communications of California, Inc., alleging that the defendants have illegally provided the United States government with records of their customers' telephone calls;

WHEREAS, on June 9, 2006, the Court entered an Order finding that *Roe* and *Hepting* are related actions;

WHEREAS, additional related actions may be filed in or transferred to this Court; and

WHEREAS, pursuant to Fed. R. Civ. P. 23(g)(2)(A), appointment of interim class counsel is appropriate in order to protect the interests of the proposed class during pre-certification activities and will promote the fair and efficient administration of this litigation;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to Fed. R. Civ. P. 23(g)(2)(A), the Court hereby appoints as co-lead Interim Class Counsel the Electronic Frontier Foundation ("EFF") and Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB").

2. Interim Class Counsel shall act as spokespersons, for the side which they represent at all proceedings set on notice before trial subject to the right of each party to present individual or divergent positions and shall have the following additional responsibilities on behalf of all plaintiffs in all coordinated, related and tag-along cases:

(a) Organizing and developing a plan for conducting the litigation on behalf of all class plaintiffs, to the extent that such claims raise similar questions of fact or law, in order to avoid duplication of effort and expense, and to ensure the efficient adjudication of those claims;

(b) Initiating, coordinating, and supervising the efforts of class plaintiffs' counsel in such tasks as Interim Class Counsel may assign in such a manner as to ensure that pretrial and trial preparation is conducted effectively, efficiently, and economically, and that schedules are met and unauthorized, unnecessary or redundant work and expenditures avoided, including, where appropriate, creating and overseeing any necessary committees, and appointing committee chairs;

(c) Retaining and consulting with experts;

(d) Preparing and finalizing all briefs, motions and other papers on behalf of class plaintiffs and designating other plaintiffs' counsel who are responsible for doing so;

(e) Regularly collecting from class plaintiffs' counsel standardized, detailed reports of their time and expenses incurred in connection with the litigation and managing and controlling the time, effort and resources expended by plaintiffs' counsel on behalf of plaintiffs;

(f) Assessing class plaintiffs' counsel for common benefit cost contributions;

(g) Conducting settlement negotiations and receiving all settlement communications as the exclusive representative on behalf of all class plaintiffs with regard to the claims advanced.

3. Interim Class Counsel shall encourage and facilitate full cooperation and efficiency among all counsel appearing and shall act in good faith in the exercise of their discretion to allocate legal work on behalf of the class among counsel of record. In making assignments, Interim Class Counsel shall make determinations in the best interests of the class and shall take into consideration the following criteria: the experience, skill, qualifications and

expertise of the legal personnel available for each particular task; the lawyers' knowledge of the facts and issues; and efficiency and cost-effectiveness.

4. Interim Class Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel, unless otherwise agreed to between the parties. All agreements reached with the Interim Class Counsel shall be binding on all other plaintiffs' counsel in all related or coordinated actions.

5. No motion or request for discovery shall be served or filed by plaintiffs, or other pretrial proceedings initiated by plaintiffs, except by or with the authorization of Interim Class Counsel.

6. The responsibilities set forth in this section apply to all plaintiffs' counsel in *Hepting* and *Roe*, and any other action that may be related thereto, including any action transferred to this Court by the Judicial Panel on Multidistrict Litigation under *In re National Security Agency Telecommunications Records Litigation*, MDL Docket No. 1791, and any other action subsequently governed by this Order.

7. This Order may be modified, supplemented, or superseded by order of the Court upon motion of any party for good cause shown.

* * *

**O R D E R**

IT IS SO ORDERED.

DATED: ______________________

______________________________________
THE HONORABLE VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE