Roger Myers (CA State Bar No. 146164)
Rachel Matteo-Boehm (CA State Bar No. 195492)
Katherine Keating (CA State Bar No. 217908)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Attorneys for CNET News.com
and California First Amendment Coalition

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIC KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>Defendants. | CASE NO. CV-06-0672-VRW<br><br>AMICI CURIAE BRIEF OF CNET NEWS.COM AND CALIFORNIA FIRST AMENDMENT COALITION IN SUPPORT OF MOTION OF LYCOS AND WIRED NEWS TO INTERVENE AND UNSEAL DOCUMENTS<br><br>Date: June 23, 2006<br>Time: 9:30 AM<br>Place: Courtroom 6, 17th Floor<br>(Hon. Vaughn R. Walker)<br>Complaint Filed: January 31, 2006 |

CNET News.com and the California First Amendment Coalition ("CFAC") submit this amici curiae brief in support of the motion of Lycos, Inc. and Wired News (collectively "Wired") to unseal documents essential for the public to understand and monitor the proceedings in this significant case. Those documents are also in the hands of non-parties not subject to the Court's orders, and some have been published on the Internet. In such a case, the sealing order is ineffective and violates the constitutional and common law rights of other members of the public to review records filed with the Court. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609-10 (1982); *In re Charlotte Observer*, 882 F.2d 850 (4th Cir. 1989); *CBS, Inc. v. United States District Court*, 765 F.2d 823 (9th Cir. 1985); *Associated Press v. United States District Court*, 705 F.2d 1143 (9th Cir. 1983).



Dockets.Justia.com

## INTEREST OF AMICI CURIAE

CNET News.com is a news organization and CFAC a public interest organization dedicated to protecting the public's right of access to public records. CNET News.com has reported on this case since its inception, both organizations previously appeared to oppose attempts by AT&T to deny the public its right of access to prior court proceedings in this case, and both are aware of the factual and legal issues presented by Wired's motion.

## ARGUMENT OF AMICI CURIAE

As explained by CNET and CFAC in their letter to the Court of May 17 in response to AT&T's request to close a hearing, and by Wired in its moving papers, the public and its surrogates in the press have both a First Amendment and common law right of access to records filed on substantive issues in this case.[1] Consequently, continued sealing of the documents at issue violates both the First Amendment and common law because, *inter alia*, AT&T cannot show that continued sealing "will be effective in protecting against the perceived harm," *Associated Press*, 705 F.2d at 1146, since "most of the information [AT&T] seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record." *CBS*, 765 F.2d at 825.[2]

---

[1] The Ninth Circuit has recognized a "strong presumption in favor of access" to court records under the common law. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Ninth Circuit has also recognized a First Amendment right of access to "documents filed" in criminal cases, *CBS*, 765 F.2d at 825; *Associated Press*, 705 F.2d at 1170, and, while it has not yet addressed whether that constitutional right extends to civil cases, other circuits have held that it does. *See Westmoreland v. Columbia Broadcasting Sys.*, 752 F.2d 16, 23 (2d Cir. 1984) ("the First Amendment does secure to the public and to the press a right of access to civil proceedings"); *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) (recognizing First Amendment right of access to civil cases to "'permit[] the public to participate in and serve as a check upon the judicial process – an essential component of our structure of self-government'") (quoting *Globe Newspaper Co.*, 457 U.S. at 606); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988); *Doe v. Stegal*, 653 F.2d 180, 185 & n.10 (5th Cir. 1981); *Brown & Williamson*, 710 F.2d at 1177-78; *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983); *accord, e.g., NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178 (1999).

[2] Continued sealing of the records violates the First Amendment unless the Court expressly finds that AT&T has shown: (1) a compelling interest supporting sealing, (2) that cannot be protected by an alternative means short of sealing, and (3) "a substantial probability that closure will be effective in protecting against the perceived harm." *Associated Press*, 705 F.2d at 1146 (internal quotation

It has been clear to AT&T since at least May 4 that the documents at issue were in the hands of non-parties, such as the former AT&T technician who had provided copies to various media, including the New York Times. *See* Motion of Mark Klein for Leave to File Brief as Amici Curiae at 2 (Doc. No. 111). At the hearing on May 17, this Court made clear that it had no authority to impose restrictions on non-parties, such as Mr. Klein, who had copies of the documents. Yet as far as amici are aware, AT&T took no separate legal action seeking to prevent further distribution.

Not surprisingly, at least one of the media entities that had obtained a copy of the documents ultimately decided that it was in the public interest to allow the public to see those documents, on which plaintiffs have based a lawsuit of profound public significance. As CNET and other media have reported, Wired published on the Internet "the full text" of several of the sealed documents. *Wired News publishes AT&T's NSA-leak papers*, http://reviews.cnet.com/4531-10921_7-6530123.html. As is standard in online reporting, CNET and other online media, such as E-Commerce Times, subsequently provided their readers with links to the Wired web pages where the documents can be found. *Id.*; *AT&T's Sealed Documents Exposed as Domestic Surveillance Controversy Heats Up*, http://www.ecommercetimes.com/story/50704.html.

Publication of these documents forecloses continuation of the sealing order. There is no question but that AT&T could not obtain an order purporting to require online media to remove the documents from the Internet, for such an order would "constitute[] a 'transparently invalid prior restraint on pure speech.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (9th Cir. 1996) (quoting *In re Providence Journal Co.*, 820 F.2d 1342, 1344, *as modified on reh'g*, 820 F.2d 1354 (1st Cir. 1986)). Consequently, to continue the sealing order "'at this time and under these circumstances would be similar to "closing the barn door after the horse is gone"'" and would be unconstitutional for that reason. *In re Charlotte Observer*, 882 F.2d at 855 n. 3 (quoting *New York v. Harris*, 6 Media L. Rptr. 2107 (N.Y. Co. Ct 1980), which denied a motion to close a hearing in the Scarsdale Diet murder case for that reason).

---

omitted). Under the common law, the proponent of sealing also must "meet[] the 'compelling reasons' standard," *Kamakana*, 447 F.3d at 1178, and must show sealing would be effective. *CBS*, 765 F.2d at 825 (applying First Amendment and common law right of access to vacate sealing order).

It is not only the published documents that should be unsealed for this reason. Unless AT&T can establish that there are legitimate trade secrets in other sealed documents that are materially different than – and cannot "be surmised" from – the published documents, the seal must be lifted on all the records. *CBS*, 765 F.2d at 825. "Where closure is wholly inefficacious to prevent a perceived harm, that alone suffices to make it constitutionally impermissible." *In re Charlotte Observer*, 882 F.2d at 855 (citing *Globe Newspaper Co.*, 457 U.S. at 609-10).

## CONCLUSION

Regardless of how the Court rules on the motion to unseal, non-parties can continue to disseminate and publish copies of the documents in their possession. Continuing the seal would only prevent other members of the public and the media from monitoring the performance of their government, and the judicial system in this case, by reviewing the records filed with the Court. It would turn the right of access on its head to require the public to rely solely on the sufferance of strangers – private non-parties who may or may not decide to make their copies publicly available – in order to read documents on file with the Court that the public has a presumptive right to view whenever it wants. For this reason and those set forth in Wired's moving and reply papers, CNET News.com and the California First Amendment Coalition file this amici curiae brief to respectfully urge the Court to grant the motion to intervene and unseal the records at issue.

Dated: June 21, 2006 HOLME ROBERTS & OWEN LLP

By: /s/
Roger Myers
Attorneys for CNET News.com and the
California First Amendment Coalition