Trone et al v. Peanut Corporation of America 

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

DEPARTMENT C13

| | |
|---|---|
| RLH INDUSTRIES, INC., PLAINTIFF, | ) |
| VS. | ) NO. 02CC16869 |
| SBC COMMUNCATIONS, INC., DEFENDANT. | ) |

THE HONORABLE WILLIAM M. MONROE, JUDGE

REPORTER'S TRANSCRIPT

TUESDAY, AUGUST 26, 2003

APPEARANCES OF COUNSEL:

FOR PLAINTIFF: RICHARD S. PRICE II
ATTORNEY AT LAW

FOR DEFENDANT: TUCKER, ELLIS & WEST
BY: MICHAEL C. ZELLERS

LISA C. DUNMORE, CSR #9571
COURT REPORTER, PRO TEMPORE

Dockets.Justia.com

# EXHIBIT B

SANTA ANA, CALIFORNIA - TUESDAY, AUGUST 26, 2003

AFTERNOON SESSION

* * * * *

(THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT:)

THE COURT: AND THEN RLH INDUSTRIES. OH, GOOD OLD RLH INDUSTRIES.

MR. ZELLERS: GOOD AFTERNOON, YOUR HONOR, MICHAEL ZELLERS, Z-E-L-L-E-R-S, FOR DEFENDANT SBC COMMUNICATIONS.

THE COURT: MR. ZELLERS, GOOD AFTERNOON.

MR. PRICE: GOOD AFTERNOON, YOUR HONOR, RICHARD PRICE, P-R-I-C-E, REPRESENTING THE PLAINTIFF AND RESPONDING PARTY RLH INDUSTRIES, INC.

THE COURT: HI, MR. PRICE.

ALL RIGHT. WHO WANTS TO TALK TO ME?

MR. ZELLERS: WELL, I WANT TO TALK TO YOU, YOUR HONOR.

THE COURT: OKAY. MR. ZELLERS.

MR. ZELLERS: YOUR HONOR, YOUR TENTATIVE, RESPECTFULLY --

THE COURT: WHICH MEANS, "JUDGE MONROE, YOU DON'T KNOW WHAT YOU'RE TALKING ABOUT."

GO AHEAD.

MR. ZELLERS: WELL, IT MISAPPLIES THE CASE LAW

AND THE CONSTITUTION. WE'RE WILLING TO CONCEDE BECAUSE IT'S NOT AN ISSUE FOR PURPOSES OF THIS MOTION OF ALTER EGO WITH RESPECT TO SBC AND ALSO JURISDICTION.

WHEN PLAINTIFFS FIRST BROUGHT THIS ACTION, THEY BROUGHT THE ACTION AGAINST AMERITECH WHICH IS A SUBSIDIARY OF SBC THAT OPERATES TELEPHONE SERVICES IN FIVE STATES. THEY BROUGHT THE ACTION AGAINST SOUTHWESTERN BELL TELEPHONE COMPANY, WHICH OPERATES IN ANOTHER FIVE STATES, AND PACIFIC BELL. THROUGH A SERIES OF DEMURRERS AND MOTIONS TO STRIKE, PLAINTIFF DECIDED TO DISMISS AMERITECH AND TO DISMISS SOUTHWESTERN BELL.

THE COURT: IT WAS A PRUDENT THING TO DO.

MR. ZELLERS: OF COURSE IT WAS, BECAUSE THE ACTIONS THAT OCCURRED IN THE OTHER 12 STATES IN WHICH SBC HAS A SUBSIDIARY THAT OPERATES A TELEPHONE COMPANY ARE NOT AT ISSUE IN THIS LAWSUIT. WHAT'S AT ISSUE IN THIS LAWSUIT IS WHAT OCCURRED WITH PACIFIC BELL AND SBC WITHIN CALIFORNIA.

THE CASES WHICH HAVE BEEN CITED BY BOTH THE PLAINTIFF AND BY THE DEFENDANT WITH RESPECT TO THIS MOTION TO STRIKE ALL GO FOR THE PROPOSITION THAT A COURT DOES HAVE THE POWER TO ENJOIN ACTIVITY THAT COMES IN -- OR CONTACT THAT COMES INTO THE STATE OF CALIFORNIA, BUT OUR FACT SITUATION HERE IS DIFFERENT THAN THE CASES THAT HAVE BEEN CITED BY BOTH THE PLAINTIFF AND BY THE DEFENDANT. IN THE CASES CITED, WE HAVE OUT-OF-STATE COMPANIES WHO HAVE

AIMED CONDUCT AT CALIFORNIA, AT CALIFORNIA CONSUMERS.

IN THIS CASE, WE HAVE A CALIFORNIA COMPANY WHO HAS CHOSEN TO LEAVE THE STATE OF CALIFORNIA TO GO OUT INTO OTHER STATES, AND THE LAW IS CLEAR AND WE, YOU KNOW, CITE THE NORWEST DECISION, THAT WHEN A COMPANY CHOOSES TO GO OUTSIDE THE STATE, THEN THAT COMPANY IS SUBJECT TO THE LAWS OF WHATEVER STATE THEY GO AND CHOOSE TO DO BUSINESS IN. JUST AS WHEN A COMPANY CHOOSES TO COME TO CALIFORNIA, THEY'RE SUBJECT TO THE LAWS AND REGULATIONS OF CALIFORNIA.

WHAT OUR REAL PROBLEM HERE IS IS THAT EVEN ASSUMING THAT THERE WAS SOME STATUTORY AUTHORITY THAT COULD BE APPLIED BY THIS COURT FOR WHATEVER ACTIONS OCCUR IN 12 OTHER STATES, WHICH WE DON'T BELIEVE THAT THERE IS, IF THAT'S DONE, THEN, IN ESSENCE, WHAT THIS COURT IS DOING IS REGULATING FOR THIS ASPECT HOW TELEPHONE SERVICES ARE RENDERED IN 12 OTHER STATES WHERE THE LAWS ARE VERY DIFFERENT. YOU CAN HAVE CONDUCT THAT IS LAWFUL AND PROPER IN CALIFORNIA, BUT NOT LAWFUL UNDER THE TARIFFS OF OHIO OR LAWFUL UNDER THE TARIFFS OF TEXAS OR LAWFUL UNDER THE TARIFFS OF OKLAHOMA.

SO THE WAY WE'RE POSITIONED RIGHT NOW, IF THIS MATTER PROCEEDS, WHAT WE'RE GOING TO NEED TO DO IS HAVE, I GUESS, A TRIAL, A MINI TRIAL, AS TO WHAT THE LAW IS IN EACH OF THOSE STATES TO DETERMINE WHETHER OR NOT, YOU KNOW, SOME SORT OF INJUNCTIVE OR DAMAGES RELIEF MIGHT BE IMPROPER.

SO IT'S THE DEFENDANT'S POSITION THAT WHAT THIS COURT DOES HAVE THE JURISDICTION OVER AND WHAT IS AT ISSUE HERE IS CONDUCT THAT OCCURS IN CALIFORNIA, BE IT CONDUCT AIMED AT CALIFORNIA FROM SBC THROUGH PACIFIC BELL OR BY PACIFIC BELL ITSELF, BUT WHAT THIS COURT DOES NOT HAVE THE POWER TO DO AND WHAT THE CASES DO NOT SUPPORT IS ENJOINING ACTIVITY OR CONDUCT THAT OCCURS IN OTHER STATES.

THE COURT: MR. PRICE, WHAT DO YOU WANT TO TELL ME?

MR. PRICE: YOUR HONOR, I THINK THE COURT KNOWS THAT MR. ZELLERS IS A CAPABLE AND ABLE ATTORNEYS. HE AND HIS COLLEAGUE MS. BENEDICT ARE VERY CAPABLE. THEIR HEARTS REALLY CAN'T BE IN THIS, THOUGH, BECAUSE WHAT THIS REALLY IS, YOUR HONOR, IS A REHASH OF THE JURISDICTIONAL MOTION THAT THEY LOST ON JULY 1.

IF THIS IS REALLY A MOTION TO STRIKE, THE ONLY THING THE COURT CAN DO IS TO STRIKE IRRELEVANT MATTERS, MATTERS THAT ARE NOT RELEVANT TO THE COMPLAINT. WHAT WE'RE LOOKING AT HERE, YOUR HONOR, ARE ALLEGATIONS THAT DO HAVE TO DO WITH EXTRATERRITORIAL CONDUCT, BUT WHICH EMANATE FROM THE STATE OF CALIFORNIA.

WE'VE ALLEGED A CONSPIRACY BY SBC AND ITS SUBSIDIARIES. WE'VE ALLEGED THAT THERE IS AN INDIVIDUAL HERE IN CALIFORNIA, DON MURRAY, WHO IS CONTROLLING THE CONDUCT OUTSIDE THE STATE OF CALIFORNIA OF THESE SUBSIDIARY ENTITIES. THE COURT CERTAINLY HAS --

THE COURT: DON MURRAY. SERGEANT MAJOR AND I WOULD REMEMBER THAT NAME.

DO YOU REMEMBER DON MURRAY'S BLACKOUTS?

THE BAILIFF: THAT'S RIGHT. AS SOON AS HE SAID IT.

MR. PRICE: WELL, YOUR HONOR, THE COURT CERTAINLY HAS JURISDICTION OVER CONDUCT OF SBC THAT OCCURS HERE IN CALIFORNIA THAT MAY RELATE TO EXTRATERRITORIAL EVENTS, BUT WE'RE NOT LOOKING TO APPLY THE LAWS OF THE STATE OF OHIO OR ANY OTHER STATE. WE ARE LOOKING FOR THIS COURT TO DO WHAT IT'S ALREADY AGREED TO, THAT IS, ASSERT JURISDICTION OVER SBC, AND IF THERE IS CONDUCT THAT IS FROM THE STATE OF CALIFORNIA, THAT EMANATES FROM THE STATE OF CALIFORNIA, THIS COURT CERTAINLY HAS JURISDICTION TO ACT.

NOW, WHAT THE DEFENDANT IS COMPLAINING OF IS WHAT MIGHT HAPPEN IN THE FUTURE IF THE COURT ISSUES SOME ORDER. WELL, THAT'S REALLY NOT THE SUBJECT OF A MOTION TO STRIKE. WE HAVE SUFFICIENT ALLEGATIONS OF CONSPIRACY OF CONDUCT THAT IS CALIFORNIA-BASED, AND THEREFORE, THE MOTION TO STRIKE IS TOTALLY IMPROPER, AND I THINK THAT WE'RE REALLY NOT USING -- PUTTING TO GOOD USE THIS COURT'S TIME WITH THE CONSIDERATION OF THIS MOTION, IN ALL DUE RESPECT TO MR. ZELLERS AND TO HIS COLLEAGUE.

THE COURT: ANYTHING ELSE YOU WANT TO TELL ME, MR. PRICE?

MR. PRICE: NO, YOUR HONOR.

THE COURT: MR. ZELLERS, PLEASE, YOU GET THE LAST BITE OF THE APPLE.

MR. ZELLERS: MR. MURRAY IS NOT IN CALIFORNIA. HE IS IN RENO, AND SO THIS COURT -- ALL OF THE CASES WHICH HAVE BEEN CITED BY THE PLAINTIFF IN SUPPORT OF THEIR MOTION, IN EACH OF THOSE CASES IN WHICH INJUNCTIVE RELIEF WAS GRANTED, IT WAS GRANTED TO ENJOIN ACTIVITY AIMED INTO CALIFORNIA.

THIS CASE IS TOTALLY DIFFERENT IN WHICH WE HAVE A BUSINESS THAT HAS GONE TO OHIO AND IS COMPLAINING THAT SOMEHOW IT'S BEING TREATED UNFAIRLY. IF THAT'S TRUE, WELL, THEN THE REMEDY IS FOR RLH TO BRING ITS ACTION IN OHIO. THE LAWS OF OHIO WILL BE APPLIED, WHICH ARE DIFFERENT THAN THE LAWS OF CALIFORNIA, AND WHAT IS IMPROPER HERE IS TO TAKE THE LAWS OF CALIFORNIA AND HAVE THAT APPLY TO CONDUCT AND ACTIVITY WHICH OCCURS IN STATES OUTSIDE OF CALIFORNIA.

WE DON'T DISPUTE AT ALL THAT WE ARE PROPERLY HERE AND THAT THIS COURT HAS THE POWER TO ISSUE AN AWARD -- OR AN AWARD OF DAMAGES OR TO INJUNCTIVE RELIEF WITH RESPECT TO CONDUCT THAT IMPACTS THE STATE OF CALIFORNIA.

THE COURT: EXTRATERRITORIAL CONDUCT THAT IMPACTS THE STATE OF CALIFORNIA.

MR. ZELLERS: EXACTLY.

TO GIVE YOU AN EXAMPLE, IF RLH HAPPENED TO BE A MISSOURI CORPORATION AND IF THEY HAD GONE INTO COURT IN

MISSOURI, YOU KNOW, THE IMPACT OF WHAT YOUR ORDER WOULD BE IS THAT THE COURT IN MISSOURI WOULD ISSUE AN ORDER THAT WOULD INSTRUCT SBC AND PACIFIC BELL HOW IT NEEDS TO OPERATE ITS BUSINESS HERE IN CALIFORNIA.

THE PROBLEM WITH THAT IS THE TARIFFS, AND WHAT'S PERMITTED OR NOT PERMITTED IN CALIFORNIA IS MUCH DIFFERENT THAN WHAT'S PERMITTED IN MISSOURI, AND, YOU KNOW, THAT MAKES IT DIFFERENT IN ALL 13 STATES.

SO CALIFORNIA IS PROPER, THAT'S PROPERLY BEFORE THE COURT, BUT WHAT IS NOT PROPERLY BEFORE THE COURT -- AND THIS ISN'T ABOUT JURISDICTION, IT ISN'T ABOUT ALTER EGO. IT'S ABOUT THIS COURT'S POWER TO ISSUE INJUNCTIVE RELIEF FOR EXTRATERRITORIAL CONDUCT OUTSIDE OF THE STATE OF CALIFORNIA.

IF I COULD, THE NORWEST CASE, YOU KNOW, IS RIGHT ON POINT WITH RESPECT TO THE STATEMENT THAT A CALIFORNIA LAW CANNOT BE USED TO PRECLUDE SALES PRACTICES THAT OCCUR ENTIRELY WITHIN OTHER STATES.

THERE IS NOTHING IN THE CARTWRIGHT ACT, WHICH IS A CALIFORNIA ACT DESIGNED TO PROTECT CALIFORNIA COMPETITION AND CALIFORNIA MARKETS, THAT ALLOWS OR PERMITS IT TO BE USED IN 12 OTHER STATES. SAME THING WITH THE UNFAIR COMPETITION LAW.

THERE IS NOTHING IN THE UNFAIR COMPETITION LAW WHICH SAYS THAT THAT CAN BE USED OR APPLIED OUTSIDE THE STATE OF CALIFORNIA, AND WE CITE IN THE MOVING PAPERS THE

CASE OF NORTH ALASKA SALMON WHICH SAYS THAT AN ACT HAS TO EXPRESSLY SAY THAT IT CAN BE APPLIED OUTSIDE THE STATE OF CALIFORNIA IN ORDER FOR A COURT TO BE ABLE TO APPLY THAT LAW TO CONDUCT OUTSIDE THE STATE OF CALIFORNIA.

SO OUR FUNDAMENTAL DISTINCTION IS CASES CITED BY THE PLAINTIFF ALL INVOLVE CONDUCT AIMED AT CALIFORNIA WHERE COMPANIES HAVE COME AND CHOSEN TO DO BUSINESS IN THE STATE OF CALIFORNIA, IMPACTING CALIFORNIA RESIDENTS AND CONSUMERS.

HERE, FOR THIS PART OF THE CASE, FOR THE MOTION TO STRIKE, WE'VE GOT A CALIFORNIA BUSINESS THAT'S CHOSEN TO GO OUTSIDE OF CALIFORNIA, AND NORWEST COMES BACK AGAIN TO SAY, TO THE EXTENT THAT A PLAINTIFF SEEKS TO ENGAGE IN BUSINESS IN THOSE OTHER STATES, THEN THE PLAINTIFF MUST LOOK TO THE LAW OF THOSE OTHER STATES FOR PROTECTION.

SO CALIFORNIA'S PROPER. I MEAN, WE ARE HERE. SBC IS HERE, GIVEN THE RULING THAT THE COURT HAS MADE ON JURISDICTION, BUT WHAT WE'RE OBJECTING TO IS THE IMPACT OF THIS CASE AND THE REQUEST FOR RELIEF IN THIS CASE ON 12 OTHER STATES AND BUSINESS PRACTICES IN 12 OTHER STATES.

MR. PRICE: YOUR HONOR, IF YOU WOULD LIKE FOR ME TO RESPOND, I CAN RESPOND.

THE COURT: NO.

MR. PRICE: OKAY.

THE COURT: HERE IS WHAT I DID, BECAUSE I NEVER -- I'M AN OLD CRIMINAL TYPE WHO DID ALL THE MURDERS

AND MAJOR HOMICIDES AND MAJOR CRIMINAL FRAUDS AND THINGS OF THAT SORT. I NEVER THOUGHT I'D SAY I FOUND A CIVIL CASE REALLY ALL THAT INTERESTING. HOWEVER, I HAVE FOUND THIS ONE VERY, VERY INTERESTING, AND I GAVE IT CONSIDERABLE THOUGHT, AND SO HERE ARE MY FEELINGS.

FIRST, I TOOK A LOOK AT THIS INTEGRAL DEVELOPMENT CORPORATION V. WEISSENBACH, W-E-I-S-S-E-N-B-A-C-H, 99 CAL.APP.4TH 576, AND IT'S A 2002 CASE, AND FOR THE PROPOSITION THAT PERSONAL JURISDICTION MAY BE EITHER GENERAL OR SPECIFIC, THE COURT MAY FIND GENERAL JURISDICTION IF THE DEFENDANT HAS SUCH MINIMUM CONTACTS THAT IT HAS DEVELOPED AN EXTENSIVE OR SUBSTANTIAL OR CONTINUOUS AND SYSTEMATIC PRESENCE IN THE STATE.

AND THIS COURT MAY STILL FIND PERSONAL JURISDICTION IF THE DEFENDANT HAS PURPOSEFULLY AVAILED ITSELF OF THE BENEFITS OF DOING BUSINESS IN CALIFORNIA AND THE, QUOTE, CONTROVERSY ARISES OUT OF, UNQUOTE, THE DEFENDANT'S ACTIVITIES IN CALIFORNIA, AND I THINK THAT'S THE CASE HERE.

EVERY TIME I TURN AROUND, I PICK UP SOMETHING THAT HAS SBC'S NAME ON IT. THERE'S GOT TO BE 42 MILLION TELEPHONE NUMBERS IN CALIFORNIA, AND PART OF THAT REPRESENTS ABOUT 19 TO 25 PERCENT OF THE BUSINESS MARKET. SO I THINK THE DEFENDANT CERTAINLY HAS ESTABLISHED AN EXTENSIVE AND CONTINUOUS AND SYSTEMATIC PRESENCE IN CALIFORNIA.

THE ALLEGATIONS OF MR. PRICE THAT THE DEFENDANT HAS COMMITTED AN INTENTIONAL TORT AGAINST HIS CLIENT IS SUFFICIENT TO ESTABLISH THAT SPECIFIC JURISDICTION IN THIS COURT.

I TOOK A LOOK AT CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17203 WHICH DEFINES UNFAIR COMPETITION AND ALSO OUTLINES THE POWERS THAT THE COURT HAS WITH RESPECT TO THAT. THE COURT MAY ENJOIN A PARTY, EVEN IF THE INJUNCTION TAKES ON AN EXTRATERRITORIAL EFFECT, AND THAT'S MY EMPHASIS, SO LONG AS THE DECREE RENDERED IS DIRECTLY ON A PARTY OVER WHICH THE COURT HAS PERSONAL JURISDICTION. I THINK THIS COURT HAS THAT JURISDICTION.

AND I LOOKED AT THAT STOP YOUTH ADDICTIONS V. LUCKY STORES, INC., 17 CAL.4TH 553. THAT'S A 1998 CASE. AND THEN THE GOOD OLD PEOPLE EX REL. MOSK, M-O-S-K, V. NATIONAL RESEARCH COMPANY OF CALIFORNIA, 201 CAL.APP.2ND 765, WHICH WE TALKED ABOUT AT LENGTH THE LAST TIME AROUND ALSO SUPPORTS THAT PROPOSITION.

IN THAT STOP YOUTH CASE, THE CALIFORNIA SUPREME COURT HELD THAT THE 1992 AMENDMENT TO THE UNFAIR COMPETITION LAW EFFECTIVELY OVERRULED FORMER CASE LAW THAT HAD LIMITED THE STATUTE'S APPLICATION.

THE COURT IN ALLIED ARTISTS PICTURES CORPORATION V. FRIEDMAN, 68 CAL.APP.3RD 127, A 1977 CASE, HELD THAT AN INJUNCTION ISSUED UNDER THE UNFAIR COMPETITION LAW COULD

PROPERLY APPLY NATIONWIDE.

THE MOSK CASE, THAT COURT HELD THAT THE, QUOTE, TRIAL COURT WAS VESTED IN EQUITY WITH A WIDE DISCRETION IN DETERMINING THE TYPE OF RELIEF REASONABLY NECESSARY UNDER THE FACTS FOUND TO EXIST. THE MOSK COURT ALSO REASONED THAT ITS GRANT OF AN INJUNCTION WAS DONE, QUOTE, IN PERSONAM, UNQUOTE, AGAINST THE DEFENDANTS, AND THAT IT WAS IMMATERIAL THAT THE CONTROL ASSERTED OVER THEIR ACTIONS EXTENDED BEYOND THE BOUNDARIES OF CALIFORNIA.

I WAS CONCERNED WITH THAT NORWEST CASE, MR. ZELLERS, BECAUSE I THOUGHT SUPERFICIALLY IT LOOKED LIKE YOU REALLY HAD A GOOD POINT THERE. NORWEST MORTGAGE, INC. V. THE SUPERIOR COURT OF SAN DIEGO, 72 CAL.APP.4TH 214, THAT'S A 1999 CASE, BUT THE HOLDING THERE WAS TO SUPPORT THEIR CLAIM THAT THIS COURT -- YOU TOOK THE POSITION THAT THIS COURT COULD NOT ISSUE AN INJUNCTION THAT BINDS THEIR OUT-OF-STATE ACTIONS.

NORWEST MORTGAGE, HOWEVER, IS DISTINGUISHABLE BECAUSE IT HELD THAT A CLASS ACTION HAD BEEN CERTIFIED IN ERROR. THE CLASS ACTION IN NORWEST INCLUDED THE CATEGORY OF CLASS MEMBERS THAT WERE BOTH OUT-OF-STATE PLAINTIFFS AND OUT-OF-STATE DEFENDANTS. THE COURT IN NORWEST MORTGAGE REASONED THAT THE UNFAIR COMPETITION LAW WAS NOT INTENDED TO REGULATE CONDUCT THAT WAS WHOLLY UNCONNECTED TO CALIFORNIA.

I FIND THAT THE CONDUCT OF THE DEFENDANTS IS

RELATED TO CALIFORNIA, THE EXTRATERRITORIAL CONDUCT, SO I THINK THE DEFENDANTS HAVE A SUBSTANTIAL AND A CONTINUOUS AND SYSTEMATIC PRESENCE IN CALIFORNIA, AND THEREFORE, THAT GIVES THIS COURT FREE EXERCISE OF GENERAL JURISDICTION OVER THEM.

AND EVEN IF GENERAL JURISDICTION DID NOT APPLY, CALIFORNIA RESIDENT PLAINTIFFS HERE ALLEGE THE COMMISSION OF AN INTENTIONAL TORT ON THEM FASHIONING, THEREBY ESTABLISHING A PERSONAM JURISDICTION, AND THAT WOULD GIVE THEM THE SPECIFIC JURISDICTION OVER THE DEFENDANT IN THIS CASE.

SO IT'S NOT THAT I TREATED THIS THING IN A CURSORY FASHION, MR. ZELLERS. I GAVE IT CONSIDERABLE THOUGHT, AND THAT'S WHY I PUT MY THOUGHTS DOWN HERE IN WRITING.

MR. ZELLERS: YOUR HONOR --

THE COURT: SO THE COURT'S RULING IS THE MOTION IS DENIED.

MR. ZELLERS: COULD I MAKE A COUPLE ADDITIONAL COMMENTS, YOUR HONOR? THIS IS AN IMPORTANT ISSUE.

THE COURT: GO AHEAD.

MR. ZELLERS: OKAY. AND I APPRECIATE THIS. THIS IS NOT ABOUT JURISDICTION. WE'LL CONCEDE JURISDICTION.

THE COURT: YOU TOLD ME THAT.

MR. ZELLERS: OKAY.

THE COURT: IT'S ABOUT THE COURT'S POWER TO

REGULATE CONDUCT THAT IS EXTRATERRITORIAL, AND THE COURT HAS REASON AND THE COURT, I THOUGHT, HAD MADE CLEAR THAT THIS COURT HAS THE JURISDICTION AND THE POWER TO CONTROL ACTIVITIES, EXTRATERRITORIAL ACTIVITIES, THAT IMPACT THE PLAINTIFFS IN THE STATE OF CALIFORNIA. THAT'S WHAT THE COURT'S SAYING.

MR. ZELLERS: YOUR HONOR, AND HERE'S THE CRITICAL DIFFERENCE. SBC DID NOT COME TO CALIFORNIA TO DO BUSINESS WITH RLH. IF IT DID, IT SHOULD BE SUBJECT TO THE LAWS OF THE STATE OF CALIFORNIA. RLH HAS GONE OUTSIDE OF CALIFORNIA TO GO DO BUSINESS WITH A NUMBER OF DIFFERENT SUBSIDIARIES OF SBC OUTSIDE OF CALIFORNIA, AND IN EACH OF THE CASES THAT YOU CITED, THE MOSK CASE, THE STOP YOUTH ADDICTION, THE A&M RECORDS, THE ALLIED ARTISTS, ALL RELATED TO INJUNCTIONS, YOU KNOW, AFFECTING CALIFORNIA, CALIFORNIA RESIDENTS, CONDUCT AIMED AT CALIFORNIA.

I'VE SAID MY PIECE. I APPRECIATE IT. I DO HAVE ONE QUESTION.

THE COURT: YOU'RE BOTH VERY COURTEOUS GENTLEMEN. IT SORT OF MAKES IT A PLEASURE AFTER DEALING WITH WHAT YOU'VE SEEN ME DO THIS AFTERNOON.

GO AHEAD.

MR. ZELLERS: YOUR HONOR, ONE QUESTION WE'RE GOING TO HAVE TO WORK THROUGH IS WHAT LAW IS GOING TO APPLY IN THIS CASE. IS IT GOING TO BE CALIFORNIA LAW, MISSOURI LAW, TEXAS LAW, OHIO LAW, INDIANA LAW, WISCONSIN

LAW, AND I'M NOT SURE WHAT THE FORUM IS TO TRY TO DECIDE HOW WE ADDRESS THAT, BUT --

THE COURT: THAT SOUNDS LIKE THE OLD DAYS OF RENVOI AND THE CONFLICT OF LAWS AND THE ERIE RAILROAD CASE AND WASHINGTON NATIONAL SHOE AND ALL THOSE THINGS THAT I LEARNED WHEN I WAS DOING THE CODE OF HAMARABI THE FIRST TIME IN LAW SCHOOL, BUT I ANSWERED YOUR QUESTION. THE LAW OF CALIFORNIA, AS FAR AS I'M CONCERNED.

MR. PRICE: THAT'S THE WAY WE SEE IT, YOUR HONOR, AND CERTAINLY, IF THERE'S AN ISSUE WITH RESPECT TO THAT, WE'D BE HAPPY TO BRIEF IT AND TAKE IT UP AT THE TIME OF TRIAL.

THE COURT: IT WILL BE ABSOLUTELY FASCINATING.

ONCE AGAIN, MR. ZELLERS, YOU'RE A REAL GENTLEMAN, JUST A PLEASURE TO HAVE YOU HERE.

MR. PRICE, THANK YOU FOR YOUR COURTESIES.

MR. PRICE: THANK YOU, YOUR HONOR.

MR. ZELLERS: THANK YOU, YOUR HONOR.

THE COURT: WHEN ARE WE GOING TO TRIAL ON THIS?

MR. ZELLERS: WE'RE SET IN NOVEMBER, NOVEMBER 17TH, YOUR HONOR.

THE COURT: IS ANYBODY GOING TO BE COMING UP HERE AND SHUCKING AND JIVING TO KICK THE CASE OVER OR ARE YOU READY TO GO?

MR. PRICE: WE'VE GOT A LOT OF WORK TO DO, YOUR HONOR, THERE IS A CONSIDERABLE AMOUNT OF WORK TO DO,

SO --

THE COURT: HAVE WE HAD ANY CONTINUANCES BEFORE?

MR. ZELLERS: ONLY A COUPLE OF MINOR CONTINUANCES, YOUR HONOR, FOR A WEEK OR TWO TO ACCOMMODATE SOME BRIEFING THAT WAS DONE.

THE COURT: GIVE ME A HEADS-UP, IF YOU'RE LOOKING TO COME IN HERE AND SEE IF I'LL GRANT A CONTINUANCE, BECAUSE I'M NOT WILD ABOUT IT, BUT IF I THINK IT'S IMPORTANT ENOUGH, I WILL ACCOMMODATE YOU, BUT I NEED YOU FOLKS TO WORK THAT OUT BETWEEN YOURSELVES AND COME IN HERE AND TELL ME WITH PLENTY OF TIME.

MR. PRICE: YOUR HONOR, I THINK THIS IS DIFFERENT THAN MOST CASES YOU REGULARLY SEE.

THE COURT: OH, YEAH. THANK YOU.

MR. PRICE: THANK YOU, YOUR HONOR.

MR. ZELLERS: THANK YOU, YOUR HONOR.

(PROCEEDINGS CONCLUDED.)