Trone et al v. Peanut Corporation of America Doc. 306

ELECTRONIC FRONTIER FOUNDATION
CINDY A. COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., et al.<br><br>Defendants. | No. C-06-00672-VRW<br><br>CLASS ACTION<br><br>*HEPTING* PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |

Dockets.Justia.com

*Hepting* plaintiffs file this memorandum in opposition to the Administrative Motion to Consider Whether Cases Should be Related ("Admin. Motion"), filed by plaintiffs in *Spielfogel-Landis v. MCI, LLC,* Case No. C-06-4221 MJJ (filed July 7, 2006).[1]

## I. *SPIELFOGEL-LANDIS* IS NOT A RELATED ACTION

Under Local Rule 3-12(a)(1), a related action should "concern substantially the same parties, property, transaction or event." Here, because the *Spielfogel-Landis* action does not concern the same parties, it seems unlikely that relating the cases will result in any judicial efficiency.

First, the *Spielfogel-Landis* plaintiff wrongly asserts that "[t]his Court previously related *Riordan, et al. v. Verizon Communications, Inc*., Case No. C-06-3574-VRW . . . to *Hepting*." Admin. Motion at 2. This is not correct. On June 20, 2006, this Court found that *Campbell, et al. v. AT&T Communications of California*, Case No. 06-3596-VRW, was related to the *Hepting* action. Both of these cases involve similar corporate defendants. Likewise, this Court issued an order on July 5, 2006 relating the *Riordan* and *Campbell* actions. This Court has not, however, issued an order relating the *Riordan* and *Hepting* actions, and indeed, the pending motions to stay and motions for remand to state court filed in the *Riordan* action are not being served or filed in the *Hepting* action.

Second, regardless of superficial similarities, significant factual differences among the *Hepting* and *Spielfogel-Landis* cases militate against coordination. Different plaintiffs have filed the various cases on behalf of different classes, against different defendants, asserting a variety of claims that have different factual predicates. What AT&T Corp. and AT&T Inc. (collectively "AT&T") did with its customers' communications has no bearing on, and cannot establish liability for, the claims that MCI, LLC ("MCI") customers have filed against MCI. And proof that MCI did or did not violate their own customers' privacy rights will neither establish nor undermine the claims by AT&T customers in the *Hepting* action. Each company has separate technical infrastructures for carrying

---

[1] Although in filing the Administrative Motion to Consider Whether Cases Should be Related, the PACER notification suggested that the *Hepting* plaintiffs were being represented by Lieff Cabraser Heimann & Bernstein, and attorney Eric Fastiff from this firm, in fact the *Hepting* plaintiffs did not participate or agree to the filing of this motion.

and storing telephone and Internet traffic, as well as complex and distinct histories of mergers and acquisitions which will be relevant to the particular claims made against each. Because the cases present different plaintiffs, different defendants and will be proved with different facts and different defenses unique to each defendant, they should not be considered related. *See, e.g.*, *In re Not-For-Profit Hospitals/Uninsured Patients Litig.*, 341 F. Supp. 2d 1354, 1356 (J.P.M.L. 2004) (declining to coordinate because there was insufficient commonality of facts among cases with different defendants).

Nor will the defenses presented involve common facts. For instance, while AT&T has hinted that it may have some sort of certification from the government, and even assuming *arguendo* that such a certification exists and could be held legally sufficient to protect AT&T from liability for its actions, there is no basis for assuming that any disclosure of customer information by MCI operated under the same certification.[2] Each defendant will have to present its own evidence of whatever authorization it claims to have for whatever actions it is or has been taking.

## II. TAG-ALONG ACTIONS NECESSITATE THE DESIGNATION OF INTERIM CLASS COUNSEL

Lieff Cabraser Heimann and Bernstein, counsel representing the plaintiff in the *Spielfogel-Landis* action, are the same counsel representing plaintiffs in the *Roe* action. This tag-along filing, coming nearly six months after the *Hepting* case was originally filed and over three weeks after this Court heard argument on three motions to dismiss, demonstrates the need for designating interim class counsel.

On June 14, 2006, the Electronic Frontier Foundation ("EFF") filed an Administrative Motion for Designation of Interim Class Counsel. Designating interim class counsel is appropriate where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, Case No. 06-3-GPM, 2006 U.S. Dist. LEXIS 28607, at **2-3; 2006 WL

---

[2] This Court is well aware that plaintiffs strongly dispute whether any sort of legal authorization or certification from the government could be legally sufficient to protect AT&T here.

1308582 (S.D. Ill. May 10 2006). The commentary to Rule 23 anticipated that when duplicative suits are filed, interim counsel can ensure that someone "prepare[s] for the certification decision" and "make[s] or respond[s] to motions before certification." Fed. R. Civ. P. 23(g) advisory committee's note.

Here, motions to dismiss the *Hepting* complaint (briefed and argued by the *Hepting* plaintiffs) are currently awaiting ruling by this Court. The multi-district litigation panel will be meeting on July 27, 2006, to consider consolidation of all of these cases, but a decision is not expected until several weeks thereafter. To prevent duplicative motions and unnecessary work by plaintiffs' counsel, designating interim class counsel is appropriate at this time.

## III. CONCLUSION

For the above reasons *Hepting* plaintiffs respectfully request that this Court deny *Spielfogel-Landis* plaintiff's Administrative Motion to Consider Whether Cases Should be Related, and respectfully request that the Court enter the [Proposed] Case Management Order Number 1, submitted to the Court on June 14, 2006.

DATED: July 14, 2006

Respectfully submitted,


ELECTRONIC FRONTIER FOUNDATION
CINDY A. COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
CORYNNE MCSHERRY
JAMES S. TYRE

/s/ Cindy A. Cohn
CINDY A. COHN

454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: 626/585-9611
626/577-7079 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
SHANA E. SCARLETT
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415/433-3200
415/433-6382 (fax)

HELLER EHRMAN LLP
ROBERT D. FRAM
MICHAEL M. MARKMAN
333 Bush Street, Suite 3100
San Francisco, CA 94104-2878
Telephone: 415/772-6000
415/772-6268 (fax)

Attorneys for Plaintiffs

I, Shana E. Scarlett, am the ECF User whose ID and password are being used to file this *HEPTING* PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED. In compliance with General Order 45, X.B., I hereby attest that Cindy A. Cohn has concurred in this filing.

W:\AT&T Privacy\mot00032885.doc

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shana E. Scarlett
SHANA E. SCARLETT

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail:ShanaS@lerachlaw.com

# Mailing Information for a Case 3:06-cv-00672-VRW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Timothy L. Alger**
  timalger@quinnemanuel.com albertvillamil@quinnemanuel.com
- **Kevin Stuart Bankston**
  bankston@eff.org
- **Bradford Allan Berenson**
  bberenson@sidley.com vshort@sidley.com
- **James J. Brosnahan**
  jbrosnahan@mofo.com bkeaton@mofo.com
- **Cindy Ann Cohn**
  cindy@eff.org barak@eff.org
- **Anthony Joseph Coppolino**
  tony.coppolino@usdoj.gov
- **Elena Maria DiMuzio**
  Elena.DiMuzio@hellerehrman.com
- **Bruce A. Ericson**
  bruce.ericson@pillsburylaw.com
- **Eric B. Fastiff**
  efastiff@lchb.com
- **Robert D. Fram**
  rfram@hewm.com mawilliams@hewm.com;kim.sydorak@hellerehrman.com
- **Jeff D Friedman**
  JFriedman@lerachlaw.com
- **Jennifer Stisa Granick**
  JENNIFER@LAW.STANFORD.EDU
- **Terry Gross**
  terry@grossbelsky.com
- **Barry R. Himmelstein**
  bhimmelstein@lchb.com
- **Eric A. Isaacson**
  erici@lerachlaw.com
- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com
- **Michael M. Markman**
  mmarkman@hewm.com
- **Brian Martinez**
  brianmartinez@mofo.com
- **Edward Robert McNicholas**
  emcnicholas@sidley.com vshort@sidley.com
- **Corynne McSherry**
  corynne@eff.org

- **Maria V. Morris**
mariam@lerachlaw.com e_file_sf@lerachlaw.com
- **Roger R. Myers**
roger.myers@hro.com
- **Karl Olson**
ko@lrolaw.com amw@lrolaw.com,slighthill@gmail.com,elc@lrolaw.com
- **Kurt Opsahl**
kurt@eff.org
- **Renee Sharon Orleans**
renee.orleans@usdoj.gov
- **Laurence F. Pulgram**
lpulgram@fenwick.com mburt@fenwick.com
- **Shana Eve Scarlett**
shanas@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com
- **Jacob R. Sorensen**
jake.sorensen@pillsburylaw.com
- **Andrew H Tannenbaum**
andrew.tannenbaum@usdoj.gov
- **Tze Lee Tien**
tien@eff.org aram@eff.org;vkhall@aol.com
- **Theresa M. Traber, Esq**
tmt@tvlegal.com
- **James Samuel Tyre**
jstyre@jstyre.com jstyre@eff.org
- **Marc Van Der Hout**
ndca@vblaw.com
- **Bert Voorhees**
bv@tvlegal.com
- **Richard Roy Wiebe**
wiebe@pacbell.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**David L. Anderson**
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

**David W. Carpenter**
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street

Chicago, IL 60600

**Susan A. Freiwald**
USF School of LAW
2130 Fulton St
San Francisco, CA 94117

**Peter D. Keisler**
USDOJ
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20001

**David L. Lawson**
Sidley Austin Brown & Wood
172 Eye Street, N.W.
Washington, DC 20006

**Eric Schneider**
1730 South Federal Hwy. #104
Delray Beach, FL 33483

# DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on July 14, 2006, declarant served the HEPTING PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to:

MCI, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of July, 2006, at San Francisco, California.

s/Ruth A. Cameron
RUTH A. CAMERON