Trone et al v. Peanut Corporation of America Doc. 310

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

AT&T CORP., AT&T INC. and DOES 1-20, inclusive,

Defendants.

No. C-06-0672-VRW

**ADMINISTRATIVE MOTION FOR INTERIM STAY PENDING DETERMINATION OF AT&T CORP.'S MOTION TO STAY**

**[Civ. L.R. 7-11]**

Courtroom: 6, 17th Floor
Judge: Hon. Vaughn R. Walker

Filed concurrently:
1. Sorensen Declaration
2. Proposed Order


Dockets.Justia.com

## I. RELIEF REQUESTED.

Defendant AT&T Corp. ("AT&T") hereby moves pursuant to Civil L.R. 7-11 for a temporary order staying further proceedings in this matter pending this Court's ruling on AT&T's forthcoming motion to stay ("Stay Motion"). The Court's July 20, 2006 Order (Dkt. 308, "Order") directs the parties to "describe what portions of this case, if any, should be stayed if this order is appealed" by Monday, July 31, 2006. Order at 71:13-14. Pursuant to the Order, AT&T will be filing on July 31 a motion seeking a stay of all proceedings pending appeal to the Ninth Circuit. AT&T respectfully requests that this Court issue an interim stay of proceedings until this Court rules on AT&T's stay motion.

## II. REASONS FOR SEEKING AN INTERIM STAY OF PROCEEDINGS.

Recognizing the gravity of the issues presented in this litigation, this Court has certified the issue of the state secrets privilege for immediate interlocutory appeal under 28 U.S.C. § 1292(b). Order at 70:22-27. An interim stay of proceedings pending the Court's consideration of the Stay Motion is necessary both to avoid compromising the interlocutory appeal and to prevent disclosures that the United States contends threaten national security interests.

Unless this Court grants an interim stay of proceedings, by August 3, 2006 AT&T would, under normal operation of the Federal Rules of Civil Procedure, be required to file an answer to plaintiffs' First Amended Complaint ("FAC"). Yet, AT&T cannot provide any meaningful response to plaintiffs' allegations without tending to confirm or deny the existence or nonexistence of the government intelligence activities alleged in the FAC, AT&T's participation (if any) in those activities, and other details that plaintiffs have alleged—information which the United States has deemed a state secret. *See* Mot. to Dismiss Or, In the Alternative, For Summ. J. By the United States of America (Dkt. 124-1) at 17:14-18:3. Moreover, AT&T would be required to plead affirmative defenses, some of which might be based on additional factual allegations. In the current posture of this case, it is difficult to imagine how this could be done without making factual assertions covered by the government's state secrets assertion.

As the Stay Motion will explain in more detail, the interlocutory appeal of the state secrets issue could be mooted, at least in part, unless further proceedings are stayed immediately. *In re Pacific Gas & Elec. Co.*, No. C-02-1550, 2002 WL 32071634, at *2, 2002 U.S. Dist. LEXIS 27549, at *8 (N.D. Cal. Nov. 14, 2002) ("[T]he quintessential form of prejudice justifying a stay" exists where, as here, the appeal may be "rendered moot" unless a stay is entered.). Disclosures once made cannot be recalled; that is why courts routinely stay proceedings pending appeal of orders rejecting confidentiality and privilege claims, even where the disclosures at issue implicate only confidential commercial and fiduciary information that has no national security implications.[1]

An interim stay is also required to avoid an unnecessary risk to the public interest. Further proceedings, including the answer to plaintiffs' FAC, would risk disclosure of information the United States has declared "would cause exceptionally grave damage to the national security."[2] Whatever the Court's current view of the danger to national security arising from the disclosures and further proceedings contemplated by the Order, courts are obligated to "err on the side of caution" when faced with "national defense concerns," *Gentex Corp. v. United States*, 58 Fed. Cl. 634, 655 (2003); *see also* Order at 26:11-12 (recognizing that this Court "is hardly in a position to second-guess the government's

---

[1] *See, e.g., United States v. Griffin*, 440 F.3d 1138, 1142 (9th Cir. 2006) (stating that an order contemplating disclosure of information claimed to be privileged or confidential should be stayed pending appeal for the simple reason that "there exists a real possibility . . . that privileged information would be irreparably leaked . . . if it turns out that the district court erred."); *In re Ford Motor Co.*, 110 F.3d 954, 963 (3d Cir. 1997) (granting appeal before final judgment of privilege issues because "[a]ppeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials. At best, on appeal after final judgment, an appellate court could send the case back for re-trial without use of the protected materials. At that point, however, the cat is already out of the bag.")

[2] Mot. to Dismiss Or, In the Alternative, For Summ. J. By the United States of America (Dkt. 124-1) at 13:9-13 (citing declarations of Director of National Intelligence, John D. Negroponte, and Director of the National Security Agency, Keith T. Alexander); Public Negroponte Declaration (Dkt. 124-2) ¶ 12 ("any further elaboration on the public record concerning these matters would reveal information that could cause the very harms my assertion of the state secrets privilege is intended to prevent").

assertions" about threats to national security).

Both the possibility of mooting the appeal and the paramount public interest in protecting national security plainly outweigh any interests plaintiffs may have in proceeding with this case before this Court's resolution of the Stay Motion. Indeed, it is doubtful that it would ever be proper to consider sacrificing national security interests to a plaintiff's desire for speedier prosecution of private litigation during the pendency of a stay motion. *See In re United States*, 872 F.2d 472, 476 (D.C. Cir. 1989) ("the balance has already been struck in favor of protecting secrets of state over the interests of a particular litigant").

For these reasons, AT&T respectfully requests an interim stay of further proceedings until this Court rules on AT&T's stay motion.

Dated: July 27, 2006.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By /s/ Jacob R. Sorensen
Jacob R. Sorensen

Attorneys for Defendants
AT&T CORP. and AT&T INC.