ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO AT&T'S ADMINISTRATIVE MOTION FOR INTERIM STAY**<br><br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker, Chief Judge |



Dockets.Justia.com

Plaintiffs have alleged serious and ongoing irreparable harm to their statutory and constitutional rights, and to the rights of millions of other Americans, through ongoing dragnet surveillance of their telephone calls and Internet activity. Plaintiffs have supported these allegations with credible evidence of AT&T's active participation in this surveillance, by providing its customers communications to the government without a warrant or other sufficient legal process. AT&T contends that its actions are lawful; plaintiffs strongly disagree and seek to move forward to stop this illegal surveillance as soon as possible. Regardless of the outcome, it will benefit the parties and the public to set the stage for a speedy resolution of this dispute..

Instead, however, AT&T invokes the government's state secrets privilege and presents an administrative motion (Dkt. 310) asking this Court to stop the plaintiffs' case cold—in its entirety—by issuing a temporary stay pending the Court's decision on its motion for a stay (Dkt. 324) pending the Ninth Circuits' ruling on AT&T's and the government's separate interlocutory appeals of this Court's July 20th Order. *Hepting v. AT&T,* 2006 WL 2038464 (N.D. Cal. 2006).

An interim stay is both unnecessary and unjust. It is unnecessary because, as explained in detail in plaintiffs' July 31 brief in response to the order to show cause (Dkt. 317), significant portions of the case can move forward without risk to the government's asserted state secrets, and, as explained below, AT&T's concerns about answering in light of the government's claimed privilege, if the Court deems them sufficient, can be addressed without the need for a stay. It is unjust because plaintiffs should have the opportunity to have as much of the litigation as possible ready to proceed promptly upon the appeals courts' decision.

For the reasons set forth below, AT&T's administrative motion for a temporary order staying further proceedings in this matter pending this Court's ruling on AT&T's July 31st motion to stay should be denied.

## A. <u>AT&T Is Not Entitled to Invoke the State Secret Privilege</u>

AT&T has admitted, as it must, that "Defendants, as private parties, can neither invoke nor waive the state-secrets privilege—only the government can." Defendants' Reply ISO Admin. Motion To Set Hearing Dates (Dkt. 107, p. 3:11-12); *see also United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Yet the only basis for the temporary stay sought by AT&T is the concern that

further proceeding may result in disclosure of purportedly state secret material pending an interlocutory appeal. AT&T Admin. Mot., p. 1 (Dkt. 310). Simply put, this is the government's argument to make, not AT&T's.

While the government has separately sought a stay (Gov't Response to OSC, (Dkt. 315-1)), the government also sees "no apparent reason why the [stay] matter should now be calendared as a separate motion." *Id*. at p. 4 n.4. Plaintiffs likewise believe that the question of what portions of this case, if any, should be stayed is best addressed through the parties' responses to the July 20th Order, not AT&T's separately calendared motion for a stay, nor AT&T's proposed interim stay pending the newly calendared motion.

### B. <u>This Litigation Should Not Be Stayed</u>

AT&T proposes to stay this proceeding *in its entirety* until this Court rules on its motion for a stay. Proposed Order, p. 2 (Dkt. 312). AT&T noticed its motion for a stay (Dkt. 324) for a hearing on September 14th, meaning that the proposed interim stay would halt the proceeding for at least six weeks. Even the government, whose privilege is at issue, has not sought to delay a ruling on what aspects of the case should be stayed until mid-September.

As discussed more fully in the plaintiffs' response to the Court's July 20th order, this proceeding should not be stayed because neither the government nor AT&T can meet the legal standard for a stay. However, for purposes of the present administrative motion, the Court need not delve deeply into these legal tests, for AT&T has shown neither irreparable harm nor any hardship ***to AT&T***. As discussed above, AT&T's motion focuses solely on the possibility of harm to the government's interest.

Furthermore, if necessary, this Court can mitigate the only possible harm identified that might arise without an interim stay by allowing AT&T to initially provide its answer to the Complaint *in camera* on an *ex parte* basis.

#### 1. <u>Legal Standard for a Stay</u>

AT&T's administrative neither presents nor addresses the legal standard for a stay. "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th

Cir. 1983), *rev'd on other grounds*, 463 U.S. 1328 (1983) (noting the common language of the test for stay pending appeal and the test for a preliminary injunction, *citing Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980)).

In the Ninth Circuit, there are two legal tests for the issuance of a preliminary injunction: a showing of either "(1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir. 2000*); accord Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc); *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1987). These tests are "not separate" but rather represent "the outer reaches 'of a single continuum.'" *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1201 (9th Cir. 1980).

AT&T has not advanced a single argument that anyone faces harm or even hardship arising from proceeding with those aspects of the litigation that do not implicate state secrets.[1] Yet numerous aspects manifestly do not implicate state secrets (i.e. selecting a Rule 706 expert, holding the scheduled Case Management Conference or ruling on the pending motions to unseal). Nor has AT&T advanced any argument that the government faces harm from any event anticipated in the near future other than its pending Answer to the complaint.[2] As explained below, AT&T's pending answer to the complaint does not require any interim stay, let alone a stay of the entire litigation that AT&T desires.

2. The Pending Answer to the Complaint Does Not Require An Interim Stay

The only purported harm that AT&T suggests requires an interim stay is that on "August 3, 2006 AT&T would, under normal operation of the Federal Rules of Civil Procedure, be required to file an answer to plaintiffs' First Amended Complaint." Admin. Mot. For Interim Stay, p. 1:17-19.

---

[1] AT&T also fails to make any such argument in its July 31st motion for a stay (Dkt. 324).

[2] Indeed, it is difficult to see how even the government faces imminent harm, since it is entitled to object to the disclosure of purportedly state secret evidence during the discovery process. The parties can then litigate the propriety of such objections as necessary. *See Ellsberg v. Mitchell*, 709 F.2d 51, 56 (D.C. Cir. 1983). (state secret privilege is designed to "block *discovery* in a lawsuit of any information that, if disclosed, would adversely affect national security." (emphasis added)).

Even if this concern were AT&T's to raise, it does not require an interim stay.

If the Court considers this argument sufficient to warrant keeping AT&T's Answer out the public docket, the plaintiffs respectfully suggest that the Court mitigate these concerns by allowing AT&T to initially file its Answer to the Complaint pursuant to Section 1806(f) of the Foreign Intelligence Surveillance Act. *See* 50 U.S.C. § 1806(f); *Fitzgerald v. Penthouse Intern, Ltd.*, 776 F.2d 1236, 1238, n.312 (4th Cir. 1985) (advising courts to use "creativity and care" in devising procedures to promote the ultimate resolution on the merits); *see also Halpern v. U.S.*, 258 F.2d 36, 43 (2nd Cir. 1958); *Loral Corp. v. McDonnell Douglas Corp.*, 558 F.2d 1130 (2nd Cir. 1977); *Spock v. U.S.*, 464 F. Supp. 510, 520 (S.D.N.Y. 1978) (endorsing creative solutions to manage state secret privilege issues).

Section 1806(f) provides for *in camera* and *ex parte* review of "materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." *See generally* Plaintiffs' Opp. to Gov't Motion to Dismiss, pp. 21-26 (Dkt. 181). Until such time as this Court rules on the extent and scope of any stay, AT&T can initially file its complete Answer directly in chambers pursuant to these procedures. In addition, a redacted Answer showing those portions of AT&T's answer that do not implicate disputed material can be placed on the public record and served. Since the state secret privilege belongs to the government, AT&T may need some guidance determining which paragraphs to redact. It would seem appropriate for the government to file a brief identifying which specific paragraphs of the Complaint it would object to AT&T answering publicly pending the resolution of any interlocutory appeal the government intends to file. Upon receipt of the government's papers, AT&T should be required to immediate file the redacted version.

Under these procedures, neither AT&T nor the government would face any harm, let alone the irreparable harm or extreme hardship required for a stay. At the same time, the plaintiffs, who are suffering the irreparable harm of ongoing statutory and constitutional violations (*see Burlington N. R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1074 (9th Cir. 1991)), would not have their case unnecessarily delayed, and the plaintiffs would be put on notice of at least the affirmative defenses AT&T intends to raise that can be publicly disclosed at this stage.

### C. **Conclusion**

For the reasons set forth above, this Court should deny AT&T's administrative motion for an interim stay.

DATED: August 1, 2006

ELECTRONIC FRONTIER FOUNDATION

By /s/

Cindy A. Cohn, Esq. (SBN 145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

ATTORNEYS FOR PLAINTIFFS

Additional Plaintiffs' Counsel:

HELLER EHRMAN LLP
ROBERT D. FRAM
MICHAEL M. MARKMAN
ETHAN C. GLASS
SAMUEL F. ERNST
NICOLE ACTON-JONES
NATHANIEL SHAFROTH
ELENA DIMUZIO
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 841-2369

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the following non-CM/ECF participants:

David W. Carpenter
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60600

David L. Lawson
Sidley Austin Brown & Wood
1501 K Street, N.W.
Washington, D.C. 20005

Peter D. Keisler
USDOJ
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20001

Susan Freiwald
University of San Francisco School of Law
2130 Fulton Street
San Francisco, CA 94117

Eric Schneider
1730 South Federal Hwy. #104
Delray Beach, FL 33483

Daniel N. Gall
c/o Luna Innovations
2851 Commerce Street
Blacksburg, VA 24060

By /s/

Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org