Trone et al v. Peanut Corporation of America Doc. 335

# EXHIBIT A

Dockets.Justia.com

Case No.: 06-80109, 06-80110

RECEIVED
OFFICE OF THE CLERK
U.S. COURT OF APPEALS
PUBLIC INFORMATION UNIT
2006 AUG -9 PM 1:49
FILED
DOCKETED
DATE INITIAL

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL, AND ERIK KNUTZEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-RESPONDENTS AND CROSS-PETITIONERS,

v.

AT&T CORPORATION, DEFENDANT-PETITIONER AND AT&T, INC., DEFENDANT, AND

THE UNITED STATES, INTERVENOR AND PETITIONER.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
THE HONORABLE VAUGHN R. WALKER, CHIEF DISTRICT JUDGE
CIVIL No. C-06-0672-VRW

---

# CROSS-PETITION OF PLAINTIFFS-RESPONDENTS TO CERTIFY CROSS-APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND RESPONSE TO THE PETITIONS TO CERTIFY APPEAL BY THE UNITED STATES AND BY AT&T

---

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

LERACH COUGHLIN STOIA
GELLER RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

HELLER EHRMAN LLP
ROBERT D. FRAM
E. JOSHUA ROSENKRANZ
MICHAEL M. MARKMAN
ETHAN C. GLASS
SAMUEL F. ERNST
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

*Additional Counsel on Following Page*

ATTORNEYS FOR RESPONDENTS/CROSS-PETITIONERS TASH HEPTING ET AL.

RICHARD R. WIEBE
LAW OFFICES OF RICHARD R. WIEBE
425 California Street, No. 2025
San Francisco, California 94104
Phone: (415)433-3200
Fax: (415) 433-6382

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 841-2369

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

## TABLE OF CONTENTS

Page No.

INTRODUCTION .......... 1

BACKGROUND .......... 2

I. PLAINTIFFS' ANSWER TO THE PETITIONS .......... 4

II. CROSS-PETITION FOR PERMISSION TO CROSS-APPEAL QUESTION PRESENTED .......... 6

REASONS WHY A CROSS-APPEAL SHOULD BE PERMITTED .......... 7

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Garner v. Wolfinbarger*,
430 F.2d 1093 (5th Cir. 1970) .......... 9

*Kasza v. Browner*,
133 F.3d 1159 (9th Cir. 1998) .......... 4

*Kerr v. United States Dist. Court*,
511 F.2d 192 (9th Cir. 1975) .......... 4

*Nixon v. Administrator of General Services*,
433 U.S. 425 (1977) .......... 4

*United States v. Reynolds*,
345 U.S. 1 (1953) .......... 4, 5

## STATUTES AND RULES

Fed. R. App. P. 5(b)(2) .......... 1

18 U.S.C. § 2702(a)(3) .......... 7

28 U.S.C. § 1292(b) .......... 6, 7, 10

50 U.S.C. § 1806(f) .......... 8

50 U.S.C. § 1825(g) .......... 8

50 U.S.C. § 1845(f) .......... 8

## INTRODUCTION

The District Court's July 20, 2006 Order ("the Order") addressed two separate motions by two different parties. The first was the government's motion to dismiss this action based on the state secrets privilege. The District Court largely denied the government's motion, but, in doing so, applied the state secrets privilege to preclude Plaintiffs from pursuing some of their claims. Second, the District Court denied AT&T's motion to dismiss for lack of standing and based on various immunity theories. AT&T did not seek dismissal on state secrets grounds because it understood that it had no standing to do so.

Plaintiffs do not oppose the government's Petition for interlocutory review of the District Court's Order denying the government's motion to dismiss based on the states secrets privilege. Plaintiffs join the government's request that an appeal, if allowed, be briefed and argued on an expedited basis. Plaintiffs agree with the government – and the District Court – that the issues central to the state secrets privilege are worthy of interlocutory review. AT&T has also joined in the request to expedite disposition of the appeal, if permitted. Dkt. 324 at 6:12-13. Plaintiffs also seek leave to take an interlocutory and expedited cross-appeal from the same Order to the extent that the District Court resolved state secrets questions against them. *See* Fed. R. App. P. 5(b)(2).

Plaintiffs do, however, oppose AT&T's Petition. The issues AT&T presents

are not especially worthy of review, and the District Court did not certify those issues for review. AT&T's Petition should be denied.

## BACKGROUND

This lawsuit is based on allegations that for at least the last three years, AT&T has engaged in the wholesale and illegal interception of its domestic customers' personal communications and records, and disclosed them to the government. The activities include the vast, dragnet surveillance and interception of all, or a substantial portion of, the electronic mail, web-browsing, and telephone traffic crossing AT&T's network. They also include the disclosure of a massive volume of customer data records. Plaintiffs pled seven claims based on AT&T's violation of the United States Constitution and of multiple statutes governing electronic surveillance, eavesdropping, and misuse of stored data records.

AT&T moved to dismiss the case on, *inter alia*, the ground that Plaintiffs lacked standing. Two weeks later the government moved to intervene and simultaneously moved to dismiss the case or, alternatively, for summary judgment based on the state secrets privilege. AT&T never joined the government's motion.

In the Order presented for review, the District Court denied both motions to dismiss. The District Court first held that the state secrets privilege did not bar the litigation of the entire subject matter of this action, as the government had urged, and that Plaintiffs' claims relating to AT&T's dragnet interception of domestic

communications could proceed. But the District Court then held that Plaintiffs would not be able to pursue discovery to the extent that certain of Plaintiffs' claims revolved around AT&T's divulgence of customer data records to the NSA. The District Court reasoned that because the government had not acknowledged that it was receiving customer data records disclosed by AT&T, AT&T's participation in those activities might still be a secret. The District Court also held, however, that if the government or AT&T were to publicly announce that the government was receiving customer data records from AT&T, or if Plaintiffs were to obtain other evidence beyond reasonable dispute of AT&T's activities, Plaintiffs could then be permitted to pursue discovery about that activity.

In a separate part of its opinion, the District Court denied AT&T's motion to dismiss for lack of standing because Plaintiffs had pled facts alleging injury in fact that, if true, are sufficient to establish standing.

The District Court certified its order for interlocutory review, but only for the state secrets issues. As the Court put it:

> [G]iven that the *state secrets issues* resolved herein represent controlling questions of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the litigation, the court certifies this order for the parties to apply for an immediate appeal pursuant to 28 USC § 1292(b).

Order at 70 (emphasis added).

## I. PLAINTIFFS' ANSWER TO THE PETITIONS

Plaintiffs do not oppose the government's request to certify the Order for appeal. Plaintiffs disagree with the government's characterization of the law and of the District Court's opinion – most notably the assertion that the application of the state secrets privilege (a judge-made evidentiary rule) was a "usurpation of the proper role of the Executive in the field of protection of information that is key to national defense." Gov't Pet. at 14; *but see Kasza v. Browner*, 133 F.3d 1159, 1165 (9th Cir. 1998) (explaining that "[t]he state secrets privilege is a common law evidentiary privilege").

That said, Plaintiffs reserve those disputes for the merits briefs. For now, what matters is that the government and the District Court were both correct in concluding that application of the state secrets privilege to this case is a potentially dispositive issue that is worthy of this Court's immediate attention, and of expedited briefing and oral argument.

Plaintiffs oppose AT&T's Petition to appeal the Order. Simply put, the government holds the state secrets privilege, not AT&T. *United States v. Reynolds*, 345 U.S. 1, 6-7 (1953); *Nixon v. Administrator of General Services*, 433 U.S. 425, 448 (1977) (quoting *Reynolds*); *Kasza v. Browner*, 133 F.3d 1159, 1165-66 (9th Cir. 1998) (same); *Kerr v. United States Dist. Court*, 511 F.2d 192, 198 (9th Cir. 1975) (same). Only the government can invoke the privilege, only the

government did invoke the privilege, and only the government can appeal the District Court's decision declining to dismiss this action based on the privilege.

In declining to assert the state secrets privilege before the District Court, or even to join the government's motion to dismiss, AT&T tacitly conceded that it lacked standing to do so. AT&T did not contest the government's assertion in the District Court that the government, alone, has standing to assert the state secrets privilege. As the government explained when it moved to intervene:

> None of the parties has either the obligation or the ability to assert the state secrets privilege or specified statutory privileges in this litigation. The privilege belongs to the Government alone and cannot be asserted by private citizens. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must be asserted by head of department which has control over issue).

Dkt. No. 122 at 7. Even in its pending Petition to this Court, AT&T all but concedes that it lacks standing to appeal the District Court's state secrets decision, accurately stating that "'the privilege belongs to the Government.'" AT&T Pet. at 14 (quoting *Reynolds*, 345 U.S. at 7). Unremarkably, Judge Walker's Order expressly acknowledged that the privilege belongs to the government alone. Order at 8 (quoting *Reynolds*, 345 U.S. at 7-8).

To allow AT&T to bootstrap its own appeal onto the government's appeal would achieve nothing other than to double the amount of briefing devoted to supporting the government's position. That is not an appropriate basis for granting AT&T's Petition, and it is not a fair application of appellate procedure.

Should this Court allow AT&T's Petition, however, it should make clear that the scope of AT&T's appeal is limited in scope to the state secrets issues. AT&T should not be allowed to reargue its Motion to Dismiss, or require Plaintiffs to respond to those arguments.

## II. <u>CROSS-PETITION FOR PERMISSION TO CROSS-APPEAL</u>

### QUESTION PRESENTED

Did the District Court err by declining to permit discovery regarding AT&T's divulgence of its customers' communications records on the ground that the state secrets privilege bars any litigation over the communications records claims unless the government and/or AT&T has publicly conceded AT&T's conduct or Plaintiffs present "other evidence beyond reasonable dispute?

### REASONS WHY A CROSS-APPEAL SHOULD BE PERMITTED

While denying the government's motion to dismiss on state secrets grounds, the District Court did rely on the state secrets privilege to preclude Plaintiffs from pursuing their claims relating to AT&T's divulgence of customer records. This ruling, like the ruling denying the government's motion to dismiss outright, "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). It falls directly within the scope of the District Court's certification of state secrets issues for appeal. And, as is true of the portions of the Order the government seeks to appeal, "an immediate appeal

from [this portion of] the order may materially advance the ultimate termination of the litigation." *Id.*

First, the question presented is a controlling question of law. If the District Court is correct that the state secrets privilege bars Plaintiffs' ability to take discovery on claims relating to divulgence of customer communication records, that could well be the end of the litigation on that claim. In particular, resolution of this question directly affects the Plaintiffs' claim under 18 U.S.C. § 2702(a)(3), the Stored Communications Act. Unless the government or AT&T publicly announce more information concerning AT&T's divulgence of customer records, or Plaintiffs obtain further evidence beyond a reasonable dispute concerning AT&T's activities, the District Court's Order bars Plaintiffs from pursuing their claims relating to that activity. In this way, the District Court's Order is controlling as to Plaintiffs' ability to litigate their claims relating to AT&T's divulgence of customer records (as distinct from Plaintiffs' claims relating to AT&T's dragnet interception and surveillance of the contents of communications, as to which the Order permits Plaintiffs to proceed).

Second, there is substantial ground for difference of opinion as to the District Court's conclusion concerning Plaintiffs' customer records claims. The District Court held that the entire subject of whether or not AT&T divulged customer data to the NSA is a state secret that is subject to the government's

assertion of privilege unless and until the government or AT&T decides to reveal it to the public or Plaintiffs produce "other evidence beyond reasonable dispute."

On appeal, Plaintiffs will demonstrate that Congress has decided otherwise. Provisions of the Foreign Intelligence Surveillance Act of 1978 ("FISA") provide a process to permit the discovery of electronic surveillance materials where the state secrets privilege is applicable and even where the government asserts that disclosure would harm national security. 50 U.S.C. § 1806(f). FISA provides a specific procedure for claims of the sort presented here:

> Whenever any motion or request is made by an aggrieved person ... to discover ... materials relating to electronic surveillance ... the United States district court ... shall, notwithstanding any other law, if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and *ex parte* the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted. In making this determination, the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance.

*Id.*; *see also* 50 U.S.C. § 1845(f) (parallel provision governing the use of pen registers and trap-and-trace devices); 50 U.S.C. § 1825(g) (parallel provision governing physical searches); S. Rep. No. 95-604(I), at 8, 1978 U.S.C.C.A.N. at 3910 (explaining Congress adopted FISA "to curb the practice by which the executive branch may conduct warrantless electronic surveillance on its own

unilateral determination that national security justifies it").

This statutory scheme reflects Congress's judgment that the state secrets privilege may not be applied preemptively to bar any discovery whatsoever on the subject of disclosure of customer data. Plaintiffs seek no further relief than what the FISA scheme provides – the right to commence and use discovery related to AT&T's divulgence of communications records.

Third, an immediate appeal from this portion of the Order may materially advance the ultimate termination of this lawsuit. It makes little sense to appeal the District Court's state secrets ruling piecemeal. *Cf. Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970) (explaining "review under section 1292(b) is available where decision on an issue would affect the scope of the evidence in a complex case, even short of requiring complete dismissal"). Neither Plaintiffs nor the government, nor the public interest, would be served by freezing litigation concerning the customer record claims until litigation of Plaintiffs' claims relating to unlawful interception and surveillance of communications has concluded. Indeed, Plaintiffs anticipate that the government itself will be addressing in its appeal the same portion of the District Court's Order, to the extent that the Order suggests further statements by the government or by AT&T could (as was true in the context of the program of mass interception of communications content) similarly result in removing state secrets protection from AT&T's divulgence of

domestic customer data records.

## III. THE APPEALS ARE DESERVING OF EXPEDITED TREATMENT BY THIS COURT

This litigation seeks an end to ongoing violations of the constitutional liberties, and congressionally-mandated statutory rights, of millions of individual Americans. Plaintiffs have presented substantial evidence, submitted in support of their motion for preliminary injunction pending before the District Court, to support their claims.

The pendency of the appeals proposed by the government and by AT&T unfortunately threatens to delay redress of the ongoing harm that Plaintiffs allege. Plaintiffs therefore respectfully join the government in requesting that this Court accord the government's appeal and Plaintiffs' cross-appeal expedited treatment. Specifically, Plaintiffs respectfully request that the Court set at this time an expedited briefing schedule and oral argument for the appeal.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to allow their Cross-Petition for an expedited interlocutory cross-appeal of the Order pursuant to 28 U.S.C. § 1292(b), to allow the government's Petition for an expedited interlocutory appeal of the Order, and to deny AT&T's Petition for interlocutory appeal.

DATED: August 9, 2006

HELLER EHRMAN LLP

By [signature]
ROBERT D. FRAM
E. JOSHUA ROSENKRANZ
MICHAEL M. MARKMAN
ETHAN C. GLASS
SAMUEL F. ERNST
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ATTORNEYS FOR PLAINTIFFS


ELECTRONIC FRONTIER FOUNDATION
CINDY A. COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 841-2369

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

RICHARD R. WIEBE
LAW OFFICES OF RICHARD R. WIEBE
425 California Street No. 2025
San Francisco, California 94104
Phone: (415)433-3200
Fax: (415) 433-6382

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079