Trone et al v. Peanut Corporation of America Doc. 346

United States District Court
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE:**
**NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION**

**MDL Docket No 06-1791 VRW**

**ORDER**

**This Document Relates To:**

**ALL CASES**

**___________________________________/**

**On May 19, 2006, members of the news media — the *San Francisco Chronicle*, *Los Angeles Times*, The Associated Press, *San Jose Mercury News*, Bloomberg News and *USA Today* (collectively "media entities") — moved pursuant to FRCP 24(b)(2) to intervene and unseal "all sealed documents" filed in <u>Hepting v AT&T Corp</u>, 06-672. Doc #133-1 at 1. On May, 23, 2006, Lycos, Inc and Wired News moved to intervene and unseal documents on similar grounds. Doc #139. The court heard argument on these motions on December 21, 2006. For reasons discussed below, the court GRANTS the media entities' motions to intervene but DENIES their motions to unseal documents.**

Dockets.Justia.com

I

On April 5, 2006, plaintiffs in Hepting v AT&T Corp, 06-672, filed under seal an amended motion for preliminary injunction. Doc #30. Along with this motion, plaintiffs filed under seal the declarations of Mark Klein (Doc #31) and J Scott Marcus (Doc #32). Attached to the Klein declaration were certain AT&T documents that allegedly contain proprietary and trade secret information. See Doc #31, Ex A, B, C. Over the next several weeks, the parties and amici filed a number of briefs concerning whether the Klein documents should remain under seal. See, e g, Doc ##33, 61, 71, 77, 84, 112, 114, 115.

At a hearing on May 17, 2006, the court heard argument regarding the sealing of the Klein documents. Shortly before the hearing, the media entities moved to have all sealed records unsealed. Doc #129. Counsel for the media entities appeared at the May 17 hearing and attempted to argue the sealing issues. Doc #138 at 4, 61 (transcript). At the hearing, the court noted that "the best course of action is to preserve the status quo" and ordered that "plaintiffs, plaintiffs' counsel and their consultants not further disclose [the Klein] documents to anyone or any entity without further order of the court." Doc #138 at 27-28.

Following the hearing, the court ordered that "[a]ll papers heretofore filed or lodged under seal shall remain under seal pending further order of court. Counsel for plaintiffs and AT&T are directed to confer and to submit by May 25, 2006, jointly agreed-upon redacted versions of the Preliminary Injunction Motion (Doc #30) and the Klein declaration (Doc #31)." Doc #130. The court declined to hear argument from the media entities, ruling

United States District Court
For the Northern District of California

that "[t]he court will entertain motions to intervene only on written application therefor with appropriate notice and service on all parties * * *." Doc #130 at 2.

Two days later, on May 19, 2006, the media entities filed their motion to unseal. Doc #133. Meanwhile, pursuant to the court's minute order, plaintiffs and AT&T reached agreement on redacting the text of the Klein declaration and the preliminary injunction memorandum; accordingly, on May 25, 2006, plaintiffs filed redacted versions of each (Doc ##147, 149). On June 22, 2006, plaintiffs filed a redacted version of the Marcus declaration. Doc #277.

## II

### A

The media entities seek to intervene under FRCP 24(b)(2), which permits, under certain circumstances, the intervention of a non-party in ongoing litigation. A non-party seeking to intervene (applicant) bears the burden to demonstrate that it meets the requirements of FRCP 24(b) for intervention. Petrol Stops Northwest v Continental Oil Co, 647 F2d 1005, 1010 (9th Cir 1981). In ruling on a motion to intervene, however, "a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." Southwest Center for Biological Diversity v Berg, 268 F3d 810 (9th Cir 2001).

Section (b) of FRCP 24 governs permissive intervention:

> Upon timely application, anyone may be permitted to intervene in an action: * * * when an applicant's claim or defense and the main action have a question of law or fact in common.

FRCP 24(b).

If the applicant meets these criteria under FRCP 24(b), the determination whether to permit intervention is committed to the discretion of the court. In exercising this discretion, FRCP 24(b) instructs courts to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b). See also Donnelly v Glickman, 159 F3d 405, 409 (9th Cir 1998). The court may grant an applicant permissive intervention for a limited purpose: for example, to gain access to discovery materials under seal. San Jose Mercury News, Inc v United States Dist Court – Northern Dist (San Jose), 187 F3d 1096, 1100 (9th Cir 1999). The Ninth Circuit has also approved permissive intervention under FRCP 24(b) to allow a non-party to seek the modification of a protective order, even if that protective order was the product of an agreement between the original parties. See Beckman Industries, Inc v International Ins Co, 966 F2d 470, 473 (9th Cir 1992).

AT&T opposes intervention, contending that the EFF and ACLU would adequately represent the media entities' interest in unsealing the documents and that intervention would unnecessarily protract the litigation. Doc #160 at 3-5. The court disagrees. As the media entities note, courts routinely permit the media to intervene for the purpose of unsealing judicial records. Moreover, the existing plaintiffs assert that the media entities provide a distinct "point of view" not necessarily represented in the litigation. See Lockyer, 450 F3d at 445. Accordingly, the court finds that the media entities satisfy the requirements set forth in FRCP 24(b).



United States District Court
For the Northern District of California

B

The court turns to the media entities' argument that the court should unseal documents attached to plaintiffs' motion for preliminary injunction. The public's common law right of access in civil cases "creates a strong presumption in favor of access." San Jose Mercury News, Inc v United States District Court, 187 F3d 1096, 1102 (9th Cir 1999); see also Foltz v State Farm Mut Auto Ins Co, 331 F3d 1122, 1135 (9th Cir 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). Overcoming this presumption requires a showing of compelling reasons for denying access. Foltz, 331 F3d at 1135; San Jose Mercury News, 187 F3d at 1102. Yet the public's right of access has its limits; indeed, a presumption of access does not extend to "sealed discovery document[s] attached to * * * non-dispositive motion[s]." Kamakana v City & County of Honolulu, 447 F3d 1172, 1179 (9th Cir 2006) (citing Phillips v General Motors, 307 F3d 1206, 1212 (9th Cir 2002)).

The decisive issue here is whether a motion for a preliminary injunction constitutes a dispositive motion. AT&T portrays this question as premature, arguing that a motion is not dispositive until the motion actually disposes of the case. See Doc #160 ("Perhaps someday it will have [dispositive] status; today it does not"). Lending credence to this reasoning, AT&T observes that the courts in Kamakana, Foltz and Phillips dealt with sealing issues after the district court had ruled on the underlying motions. Id. But these cases fail to mention – let alone emphasize — the fact that the district court had disposed of the case. The framework established by the courts in Kamakana, Foltz

**United States District Court**
For the Northern District of California

and Phillips centers on the *potential* outcome of the motion. As such, the court does not read these cases as mandating that a motion actually dispose of a case before it may be considered a dispositive motion.

The media entities principally rely on Leucadia, Inc v Applied Extrusion Technologies, Inc, 998 F2d 157 (3rd Cir 1993), in asserting that a preliminary injunction motion is dispositive and thus triggers the presumption of the public's right of access. Although the Leucadia court unsealed documents attached to a preliminary injunction motion, it did so pursuant to the Third Circuit's more exacting standard, which extends the right of access to all "pretrial motions of a nondiscovery nature, *whether preliminary or dispositive*." Id at 164 (emphasis added). Hence, the Leucadia decision is inapplicable here; indeed, to the extent it pertains to the present motions, the decision's reasoning undermines the media entities' argument, as the case distinguishes between preliminary and dispositive motions.

In the absence of explicit guidance on this issue, the court looks to the underlying rationale for distinguishing between dispositive and non-dispositive motions. The Ninth Circuit imposes a heightened standard for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana, 447 F3d 1172, 1179 (quoting Valley Broadcasting, 798 F2d at 1294. See also Foltz, 331 F3d at 1135-36 (supporting access to motions for summary judgment because they "adjudicate[] substantive rights and serve[] as a substitute for

trial." (quoting Rushford v The New Yorker Magazine, 846 F2d 249, 252 (4th Cir 1988)). By contrast, the Ninth Circuit asserts that the public's interest in non-dispositive motions is comparatively modest because "those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" Kamakana, 447 F3d 1172, 1179 (citing Seattle Times co v Rhinehart, 467 US 20, 33 (1984)).

According to the media entities, the rationale articulated in Kamakana compels the inference that a preliminary injunction is dispositve because such a motion "inevitably involve[s] consideration of the merits of a dispute." Doc #133 at 5. But this argument misconstrues the discussion in Kamakana, which emphasizes the "resolution of a dispute on the merits," not the mere "consideration" of the merits. The media entities similarly place undue emphasis on the Kamakana court's characterization of non-dispositive motions (that such motions "are often unrelated, or only tangentially related, to the underlying cause of action."). Disregarding the term "often," the media entities proclaim that plaintiffs' preliminary injunction motion must be dispositive because it is not "tangentially related to the underlying cause of action." Id. The court rejects this attempt to forge an independent requirement out of the Kamakana court's dicta.

In view of the Ninth Circuit's reasoning, the court concludes that a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial. Accordingly, due to the court's prior finding, the usual

presumption of the public’s right of access is rebutted and the media entities must present “sufficiently compelling reasons” why the court should reconsider its May 17, 2006, order, maintaining the status quo regarding sealing.

Two considerations weigh against unsealing the documents at the present juncture in the litigation: first, the parties already released redacted versions of the documents at issue. Although the media entities understandably seek unbridled access, the disclosure in part vindicates the interests they assert in their motions to unseal. Second, the present posture of the case warrants caution. In certifying the Hepting order for appeal pursuant to 28 USC § 1292(b), the court recognized that its order posed issues for which “there is a substantial ground for difference of opinion.” See Doc #308 at 70, 06-672. In view of this uncertainty, the court declines to disturb the existing compromise between the parties. The court nevertheless recognizes the distinct perspective the media entities offer to this litigation. Because the court may revisit this issue at a later point in the litigation, the court grants the media entities’ motions to intervene.

//

//

//

//

//

//

//

//



**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

III

In sum, the court GRANTS the media entities' motions to intervene for the purpose of unsealing judicial records in MDL 1791 but DENIES their motions to unseal documents at the present time.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge