Trone et al v. Peanut Corporation of America Doc. 356 Att. 1

# EXHIBIT B

Dockets.Justia.com

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Friday, July 13, 2007 2:27 PM
To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
Cc: Lee Tien; Barry R. Himmelstein; Robert Haefele; Harvey Grossman; Kurt Opsahl; Ann Brick
Subject: re: NSA MDL-1791 - Spoliation Order Issue

Dear Counsel,

I write because plaintiffs find the government's June 29, 2007 response to my April 30, 2007 correspondence confusing. Plaintiffs would like to put this matter to rest, and avoid seeking the Court's assistance on what should be a straightforward matter, but we still do not understand the government's position about its duties to preserve evidence and we seek to confirm our understanding of the carriers' positions. To that end, our questions and requests are:

1) Mr. Coppolino states that he does not agree with our description of specific document preservation obligations, but does says that he understands that the parties have obligations to preserve relevant evidence. Our description was of those duties was simply through reference to two relevant cases. My previous email said: "We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/ destruction policies in effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. Zublake v. UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003)."

What aspects of those two citations does the government disagree with? Or perhaps more simply, what does the government understand its obligations to include?

As we've said several times now, we are not asking for the government or the carriers to admit, even by implication, that any relevant documents exist. But plaintiffs do need to know whether we disagree about the basic legal requirements to preserve relevant documents, and if we do disagree, to bring those disagreements to the attention of the court before any relevant information is destroyed.

2) The government's position acknowledges obligations to preserve relevant evidence but does not state that the government intends to abide by those obligations. Since that was our specific question, it seems reasonable to expect a specific answer. Does the government intend to abide by its obligations to preserve relevant evidence?

3) Plaintiffs' original message was sent to all of the carriers as well as the Government, and asked for a prompt response only if the carriers and/or the government did not intend to abide by their duties of preservation. We stated: "Accordingly, if it is not the understanding of either the Government or the Carriers that you

remain under the litigation obligation to preserve potentially discoverable evidence, please contact me immediately so that we can continue our discussions and, if necessary, present any disputes to the Court."

We have now heard from the government only, not from the carriers. This leaves us to conclude that the carriers do agree both that they remain under the litigation obligation to preserve potentially discoverable evidence and about the scope of that obligation as outlined in the two case citations discussed above. Given the close relationship between the government's position and the carriers' positions on other matters, however, we wanted to double check this. We ask that lead counsel for each carrier please provide an affirmative confirmation that they will abide by their duties to ensure that information that is likely to lead to the discovery of admissible evidence in this case is preserved.

I understand that most of us are occupied with other portions of the litigation. However, given that the issue concerns preservation of relevant evidence, we do not want it to go too long without resolution. Because of this, please respond by August 1, 2007, so that we can prepare a motion to Judge Walker if necessary and can correctly include the positions of all of the parties in that motion.

Sincerely,

Cindy