Trone et al v. Peanut Corporation of America Doc. 356 Att. 2

# EXHIBIT C

Dockets.Justia.com

From: "Coppolino, Tony \(CIV\)" <Tony.Coppolino@usdoj.gov>
Date: June 29, 2007 2:41:46 PM PDT
To: "Cindy Cohn" <cindy@eff.org>, "Bruce A. Ericson" <bruce.ericson@pillsburylaw.com>, "Axelbaum, Marc H." <marc.axelbaum@pillsburylaw.com>, "John Rogovin" <John.Rogovin@wilmerhale.com>, "Samir Jain" <Samir.Jain@wilmerhale.com>, "Bradford Berenson" <bberenson@sidley.com>, "McNicholas, Edward R." <emcnicholas@sidley.com>
Cc: "Coppolino, Tony \(CIV\)" <Tony.Coppolino@usdoj.gov>
Subject: RE: NSA MDL-1791 - Spoliation Order Issue

Cindy -

Sorry for the delay in responding to your email on this topic(as you know we've had many other matters to address in the MDL). We don't agree with your description of specific document preservation obligations and, as indicated in my February 8 email (below), remain concerned at attempting to reach an understanding on this matter in a vacuum since we cannot discuss with plaintiffs the existence, nature, or scope of any information that might be at issue and preservation steps that might be applicable. We do understand that parties to litigation have obligations to take steps to preserve their relevant evidence. But I reiterate that any specific understanding between the parties on the matter does not seem possible in the unique circumstances of this case. I am willing to talk with you about the issue further if you would like.

Tony Coppolino
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
(202) 514-4782

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Monday, April 30, 2007 8:45 PM
To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.; Nichols, Carl (CIV); John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
Cc: Lee Tien; Harvey Grossman; Kurt Opsahl
Subject: NSA MDL-1791 - Spoliation Order Issue

Dear Counsel,

I write to ensure that Plaintiffs' understanding of the Government's position concerning evidence preservation is correct, and also to ensure that the Carriers share this position

concerning their own, separate duties to preserve evidence in this case. I hope I have included all of the necessary parties for both the government and the carriers as recipients of this email, but please let me know if there are others I should include.

This email is prompted, in part, by the recent statements that the FBI planned to destroy telephone records and other information improperly collected pursuant to NSL letters, as well as the statement in the White House Privacy and Civil Liberties Board Report to Congress that any NSA surveillance must be conducted with a "reviewable audit trail."

In his February 8, 2007, email Mr. Coppolino stated: "In sum, we are not suggesting that relevant evidence in this case, if any, need not be preserved." We understand this statement as an acknowledgment of the government's duty to preserve what you know or reasonably should know will be relevant evidence in these pending lawsuits, including any evidence the destruction of which would prejudice plaintiffs. We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/destruction policies in effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. Zublake v.
UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003).

We understand that the Government and the Carriers may have arguments that some or even all of this information is not properly discoverable, including due to the application of the state secrets privilege. We do not seek any waiver or other limitation of those arguments or privileges now.

We also recognize the government's stated concerns that the sort of detailed, technical consultation concerning evidence preservation envisioned by FRCP 26 may not be appropriate for this case, or at least at this time. In light of this, we do not seek a detailed technical presentation about how such information is stored and the precise methods by which it will be retained now.

We simply seek to confirm that both the Government and the Carriers will abide by their duties to ensure that information that is likely to lead to the discovery of admissible evidence in this case is preserved, so that those arguments and discussions are not rendered moot due to spoliation.

Accordingly, if it is not the understanding of either the Government or the Carriers that you remain under the litigation obligation to preserve potentially discoverable evidence, please contact me immediately so that we can continue our discussions and, if necessary, present any disputes to the Court. Otherwise, we will trust that both the Government and the Carriers intend to abide by their evidence preservation obligations and we will not raise the issue with the Court at this time.

Cindy

On Feb 8, 2007, at 9:30 AM, Coppolino, Tony ((CIV)) wrote:

> First, my apologies for the delay in responding on this topic but, as
> you may gather, Government counsel have been involved in numerous
> filings in recent weeks not only in this case (on the stay motion and
> order to show cause), but also in connection with the Sixth Circuit
> appeal heard Jan. 31 and, unexpectedly, a TRO motion being heard today
> in Maine. But I wanted to get back to you on this topic before
> tomorrow's hearing.
> The Government has reviewed the draft preservation order that
> plaintiffs proposed and have given it careful consideration. As I
> have indicated previously, the central problem with discussing such an
> order is that the claims raised in the MDL cases concern alleged
> classified activities that cannot be confirmed or denied, including
> whether relationships exist between telecommunication carriers and the
> Government, and whether the activities alleged are in fact occurring.
> Under these circumstances, the Government believes that agreement on
> an appropriate spoliation order is not possible.
>
> The Manual for Complex Litigation makes clear that the specific facts
> underlying a spoliation order should be discussed before an order is
> entered, including the identification of the types of materials to be
> preserved. See Manual for Complex Litigation, Fourth § 40.25 (2). The
> Manual notes that "a preservation order will likely be ineffective if
> it is formulated without reliable information from the responding
> party regarding what data- management systems are already in place,
> the volume of data affected, and the costs and technical feasability
> of implementation." See id., § 11.442. Among the points to consider in
> formulating an effective preservation order are whether the order
> might disrupt the operation of computers and computer networks in the
> routine course of business. See id. The Manual states further that
> "[s]uch an order requires the parties to define the scope of the
> contemplated discovery as narrowly as possible, identify the
> particular computers or network servers affected, and agree on a
> method for data preservation . . . ." Id. The Manual also observes
> that "[a] blanket preservation order may be prohibitively expensive
> and unduly burdensome for parties dependent on computer systems for
> their day-to-day operations." Id.
>
> Because the allegations in the MDL cases implicate alleged classified
> activities and the need for a state secrets privilege assertion, the
> Government believes that the specific discussions necessary to craft
> an appropriate preservation order are not possible. Plaintiffs' draft
> order does not describe the type of records they believe the order
> should cover, except for a general reference to "information relevant
> to electronic surveillance." It is not clear, nor could it be

> confirmed, whether that term would cover the claims raised in the
> various MDL cases. Likewise, plaintiffs' draft order does not address
> the potential disruption of computer networks, and that issue could
> not be resolved without confirmation or denial of the allegations
> raised in the MDL cases and the identification of any systems that may
> be at issue.
> Because we are unable to discuss the implications of a preservation
> order in specific terms, the parties would be left to speculate
> whether relevant information exists that should be covered by the
> order and whether any such information could be preserved as
> plaintiffs propose without undue disruption. The Government is
> unwilling to agree to a hypothetical order, covering an unidentified
> scope of hypothetical records, where the potential impact of that
> order is not clear and cannot be addressed prior to its entry.
>
> In sum, we are not suggesting that relevant evidence in this case, if
> any, need not be preserved. However, we are unable to discuss with
> plaintiffs whether and to what extent information that may be relevant
> exists, where any such information may reside, how it may be
> preserved, and whether there are any practical burdens arising from
> plaintiffs' proposed preservation steps---all of which should be
> undertaken before a preservation order is entered.
>
> If plaintiffs continue to seek a preservation order (and we do not
> believe you have or could make the showing necessary for one), the
> prudent course would be for the Government to address the matter with
> the Court through an ex parte, in camera submission. If plaintiffs
> wish, the parties can discuss this issue with the Court at the hearing
> tomorrow.
>
> Tony Coppolino, Department of Justice (202) 514-4782
>

>


************************************************************

Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)