PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8470

*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br><u>This Document Relates To</u>:<br><br>ALL CASES except *Al-Haramain v. Bush* (07-109); *CCR v. Bush* (07-1115); *United States v. Farber* (07-1324); *United States v. Adams* (07-1323); *United States v. Palermino* (07-1326); *United States v. Volz* (07-1396) | **No. M:06-cv-01791-VRW**<br><br>**DECLARATION OF ANTHONY J. COPPOLINO SUBMITTED WITH UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER TO PRESERVE EVIDENCE**<br><br>Judge: Hon. Vaughn R. Walker<br><br>Date: November 15, 2007<br>Time: 2 p.m.<br>Courtroom: 6 - 17th Floor |

I, ANTHONY J. COPPOLINO, do hereby state and declare as follows:

1. I am Special Litigation Counsel for the United States Department of Justice, Civil Division, Federal Programs Branch, and one of the counsel of record for the United States in this action. I make this declaration in support of the United States' Response to the Plaintiffs' Motion for an Order to Preserve Evidence. The statements made herein are based on my personal knowledge and information provided to me in the course of my official duties. I set forth herein a summary of the conferrals that took place between the parties and the United States



Dockets.Justia.com

in connection with the preservation of any relevant evidence in these proceedings, including true and correct copies of electronic mail communications referred to below.

2. Plaintiffs' counsel first raised the issue of a preservation order at hearing on November 17, 2006. *See* Exhibit 1, *Transcript* at 99-102 (11/7/06). Counsel for AT&T and the Government advised that the parties had not yet conferred on the matter and could not discuss it further without considering the impact of the state secrets privilege. *See id*. at 100, 101. The Plaintiffs agreed to confer on the matter. *See id.* at 102.

3. I next heard from Plaintiffs on the matter on December 19, 2006, when one of their counsel (Mr. Haefele) conferred with me and counsel for AT&T (Mr. Ericson). In this conversation, I advised Plaintiffs of the Government's concern that, because the allegations in the cases concern alleged intelligence activities that have not been confirmed or denied, including any alleged role of carrier Defendants, the parties would be unable to discuss specific facts set forth in the Manual for Complex Litigation required to develop a preservation order. Nonetheless, the parties agreed to continue conferring and Plaintiffs' counsel agreed to circulate a proposed preservation order.

4. By electronic mail dated January 8, 2007, Plaintiffs' counsel transmitted to the Government and the counsel for the carriers, a copy of a proposed preservation order. *See* Exhibit 2.

5. By electronic mail dated February 8, 2007, I responded to the Plaintiff's proposed order. *See* Exhibit 3. In this email, I again expressed the Government's concern that the factual discussion needed to develop a preservation order, as outlined in the Manual for Complex Litigation, was not possible in light of the Government's state secrets privilege assertion in this case. I made clear that the Government was not suggesting that any relevant evidence in this case need not be preserved, but, because of the information protected by the Government's state secrets privilege assertion, the parties are unable to discuss "whether and to what extent information that may be relevant exists, where any such information may reside, how it may be preserved, and whether there are any practical burdens arising from Plaintiffs' proposed

preservation steps—all of which should be undertaken before a preservation order is entered." *See id.* I also indicated that if the Plaintiffs sought a preservation order, the prudent course would be for the Government to address the matter with the Court through an *in camera*, *ex parte* submission. *See id.*

6. By electronic mail dated April 30, 2007, Plaintiffs' counsel (Ms. Cohn) sent a further email to the Government again seeking confirmation of the Government's and Carrier Defendants' preservation obligations. *See* Exhibit 4.

7. I responded to Ms. Cohn by electronic mail dated June 29, 2007.[1] *See* Exhibit 4. I reiterated the Government's concern at attempting to reach an understanding on this matter in a vacuum since the parties could not discuss with Plaintiffs the existence, nature, or scope of any information that might be at issue and preservation steps that might be applicable. I again also noted the Government's understanding that parties to litigation have obligations to take steps to preserve their relevant evidence and indicated a willingness to discuss the issue further. *See id.*

8. By electronic mail dated July 13, 2007, Plaintiffs' counsel (Ms. Cohn) responded to my email of June 29, 2007, *see* Exhibit 5, directing renewed questions at both the Government and carrier defendants concerning their preservation obligations.

9. By electronic mail dated August 2, 2007, I again responded to Plaintiffs' renewed questions, *see* Exhibit 6. In this communication, I proposed that, without the need for any motion by the Plaintiffs, and without confirming or denying any allegation or whether relevant documents even exist, the Government would file with the Court for its *in camera*, *ex parte* review facts concerning the preservation of information (if any) that may be relevant in these lawsuits. I proposed that Plaintiffs would then file their position on document preservation issues with the Court and suggested further that the parties develop a scheduling stipulation for these submissions. *See id.*

---

[1] The timing of the parties' communications on this issue resulted from the fact that extensive briefing was occurring in several cases, including in the *CCR*, *Shubert*, *Verizon* and *State PUC* cases before this Court, and the *Hepting* and *Al-Haramain* cases before the Court of Appeals.

10. By electronic mail dated August 6, 2007, Plaintiffs counsel appeared to agree to this proposal. *See* Exhibit 7.

11. In subsequent conversations and emails (dated August 24, 2007 and September 6, 2007), Plaintiffs' counsel indicated they would file a motion seeking a preservation order and to notice a hearing on the issue. *See* Exhibits 8 and 9 (indicating that Plaintiffs would file a motion on the issue).

12. By electronic mail dated September 10, 2007, I proposed to Plaintiffs a stipulation setting forth the background of the issue and proposing a schedule for briefing the Plaintiffs' motion, but leaving the question of whether a hearing on the matter was necessary to the Court. *See* Exhibit 10.

13. By electronic mail dated September 10, 2007, Plaintiffs declined to enter into this stipulation, *see* Exhibit 11, and on that same date filed their Motion for an Order to Preserve evidence.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, this 25th day of October, in the City of Washington, District of Columbia.

*/s/ Anthony J. Coppolino*

ANTHONY J. COPPOLINO
Special Litigation Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8470

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VAUGHN R. WALKER, JUDGE, CHIEF

COPY

IN RE: NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION

MDL C 06-1791 (VRW)

San Francisco, California
Friday, November 17, 2006

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff Hepting, et al.: Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110
BY: CINDY ANN COHN, Legal Director
LEE TIEN, Sr. Staff Attorney

For Plaintiffs: ACLU - Northern California
39 Drumm Street
San Francisco, California 94111
BY: ANN BRICK, Staff Counsel

For Plaintiffs: ACLU - Illinois
180 North Michigan Avenue
Suite 2300
Chicago, Illinois 60601-1287
BY: HARVEY M. GROSSMAN, Legal Director

For Plaintiffs Riordan/Campbell: Fenwick & West LLP
275 Battery Street
San Francisco, California 94111
BY: LAURENCE F. PULGRAM

For Plaintiffs: Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras
New Orleans, Louisiana 70163-2800
BY: JUSTIN I. WOODS

THE COURT: Is there opposition to that?

MR. ERICSON: I wanted -- we join completely in the ECT. We agreed with that. And we said so in our statement.

The second part about filings under seal, we aren't opposed in principle, but we haven't actually seen a concrete proposal, so we suggest that counsel prepare a proposed form of order, show it to us. It may well be that we can agree on that, but we simply, as we said in the joint case management statement, haven't seen a concrete proposal, so we're not quite sure what they have in mind. I think we can work it out, but we'd like --

THE COURT: Why don't you see if you can work it out. If you cannot, let's take the matter up on the 21st of December.

MS. COHN: That sounds perfect, your Honor.

MR. ERICSON: What was the third one you were raising?

MS. COHN: To amend the order in Hepting so we can show our cocounsel the Klein evidence.

MR. ERICSON: I think, again, send us a proposed amendment and let us look at it. We can probably work it out, but we'd like to see it before we sign.

MS. COHN: That's fine, your Honor. I'm happy to do that. That can wait until December.

There's also -- we would like the defendants -- as you know, there's a lot of evidence here about the network

structure and other evidence. We'd like them to be subject to an order to preserve evidence, and we actually -- as you may know, the judicial conference is coming out with a new rule on preservation of electronic evidence and it goes into effect on December 1st, but we'd like them to be subject to it now. It puts an affirmative obligation on them to go out and figure out what responsive evidence they may have and preserve it so that when the time comes that we get discovery -- I'm very hopeful we will -- there will be information left to discover.

MR. ERICSON: I need to speak to that one for a moment. Again, the devil's in the details here. Certainly if what we're being asked to do is, if our attention is being drawn to Rule 26 and to the upcoming changes to Rule 26, we are familiar with it and we're pleased to abide by it. But there's a lot in there. For example, the new rules contemplate a meet and confer in which we'd sit down and discuss electronic architecture and things like that. We're not in a position to discuss electronic architecture relevant to this case with plaintiffs' counsel for state secrets reasons. I think it's obvious. So if it's -- if we're just being told to please follow the preservation aspects of Rule 26, yes, we understand that. We obviously will do it. But beyond that, I think we need to take smaller steps and look at the various aspects of the rules because there's simply some parts of them we can't do. We can't discusses these things.

THE COURT: Mr. Nichols.

MR. NICHOLS: I would echo what Mr. Ericson just said, and frankly, I think this is premature. We don't have anything approaching a proposal from the plaintiffs on this. Typically what you do is you meet and confer, as Mr. Ericson said, about preservation orders. Miss Cohn is free to contact us to talk about preservation orders. At that point, we can assess whether, as Mr. Ericson says, there are state secrets-related issues we can or can't discuss, what would be appropriate, what wouldn't be appropriate, but frankly, doing this on the fly is not consistent with the rule and doesn't make good sense to us.

MS. COHN: I don't think we're doing it is on the fly. I have raised the question of preservation of evidence with Mr. Ericson from our very first conversation. Obviously, we took a little detour in the motion to dismiss, but he has assured me that his client is going to preserve things. I don't think there's any harm in doing a meet and confer about that, and the questions, you know, that are raised in the context of the rule are, you know, big categories of information. Where they are and whether you're going to hold them, I don't think there's any state secrets privileges issues raised by that. Do they have e-mails? Are they going to preserve them?

THE COURT: I'm not sure what I'm being asked to do.

MR. ERICSON: That's part of the problem, I think.

THE COURT: That makes me reluctant to do anything.
MS. COHN: Fair enough. I think that what you need to do is just order them to abide by the incoming rule and that would be sufficient. If they want to meet and confer, I'm always happy to talk to Mr. Ericson.
THE COURT: I'm always happy to advise people to abide by the law.
MS. COHN: It just hasn't come into effect yet. We're a couple of weeks early.
THE COURT: Well, I don't know whether that's a real issue or not, Miss Cohn. If you think it is, let's take it up on the 21st of December.
MS. COHN: Okay.
THE COURT: And in any event, by that time, the new rule is going to be in effect, so....
MS. COHN: Okay.
THE COURT: All right. Anything further?
MR. NICHOLS: Just one clarification, your Honor. Counsel requested I ask -- we wanted to just make sure that the 21st -- December 21st, the hearing on December 21st is limited to remand removal issues. Media intervenors' motion to unseal, all the other issues we talked about, propriety of answers, etc., etc., everything else --
THE COURT: The 1st of February. Now, with the exception of anything along these housekeeping details that

# EXHIBIT 2

## Coppolino, Tony (CIV)

**From:** Haefele, Robert [rhaefele@motleyrice.com]
**Sent:** Monday, January 08, 2007 4:49 PM
**To:** Coppolino, Tony (CIV); bruce.ericson@pillsburylaw.com
**Cc:** Flowers, Jodi; Hodkin, Michelle D.; Scott, Marvetta D.
**Subject:** Draft Spoliation Order

**Attachments:** ORDER PRESERVATION OF RECORDS - MH - RTH DRAFT.pdf

ORDER
RVATION OF RECOI

Tony and Bruce - Further to our discussions during our telephone conference on December 19, 2006, I am attaching a draft of a proposed order regarding the preservation of records (spoliation order).
Inasmuch as you both articulated that you were willing to consider a proposed agreement and work with us on the language, I am attaching such a proposal. I believe that you will see that the proposal satisfies the parties' concerns that evidence that may exist will remain protected from spoliation while satisfying the concerns you both expressed regarding the defendants' position that they cannot recognize the existence of the program as alleged in plaintiffs' complaints.

I do not believe the agreement, as proposed, would have the defendants acknowledge that the documents exists -- only that they will take steps to ensure that IF such documents exist, they will take reasonable steps to preserve them.

I would reiterate once again what I expressed during our telephone discussion, that while we are considering and negotiating the language of this agreement, we would ask that you make certain that -- as to whatever evidence that may exist -- your clients ensure that it is maintained and not destroyed, whether actively or passively, and that any destruction, even if done passively pursuant to a "document retention/destruction plan" would be considered spoliation by the plaintiffs.

After you have had an opportunity to review, let's schedule a call to discuss. Perhaps Thursday or Friday would work?

Robert T. Haefele
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792 (29465)
Mount Pleasant, SC 29464
direct: (843) 216-9184
fax: (843) 216-9450
email: RHaefele@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

## ORDER PRESERVATION OF RECORDS

The Court has considered the proposed orders and/or stipulations submitted by the parties and the Manual for Complex Litigation, Fourth, §§ 11.442 and 40.25, and now ORDERS AS FOLLOWS:

1. **PRESERVATION.** (a) During the pendency of this litigation, and until a final order is entered by the Court closing this case, each of the parties herein and their respective officers, agents, servants, employees, contractors, carriers, bailees, and attorneys, and all persons in active concert or participation with them as well as all non-parties who possess materials reasonably anticipated to be subject to discovery in this action, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, and must take reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, interlining, or in any other fashion changing any and all documents, electronically stored information, and tangible things that are in the actual or constructive care, possession, custody, or control of such person, wherever such materials and documents are physically or electronically located. Such persons are also enjoined from changing the location of any such materials to a location outside of the jurisdiction of the United States.

(b) To ensure the preservation of relevant documents and data, each of the parties herein are further enjoined from engaging in routine document retention/destruction policies that may destroy or have any other affect on the preservation of potential evidence as set forth in the preceding paragraph, such as server back-up tape rotation, electronic data shredding, drive re-imaging, the

sale/gift/destruction of computer systems, disk defragmentation, data compression, data deletion, or routine computer maintenance,.

(c) Counsel must exercise reasonable efforts to identify and notify the following persons of these data retention obligations: Each of the parties herein, their respective officers, agents, servants, employees, contractors, carriers, bailees, and attorneys, and all persons in active concert or participation with them, as well as all non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Any Information Technology ("IT") personnel or employees with access to electronic and computer systems must be specifically instructed to suspend the recycling of backup tapes or other procedures that may overwrite or otherwise destroy relevant data. Copies of email accounts, voicemails, computers, and servers that contain data belonging to key custodians, departments, and systems must be preserved via tape backups, forensic images, or utilities for file copying.

2. **SCOPE.** (a) "Document" shall mean any writing, drawing, film, videotape, chart, photograph, phonograph record, tape rrecord, mechanical or electronic sound recording or transcript thereof, retrievable data (whether carded, taped, coded, electrostatically or electromagnetically recorded, or otherwise), or other tangible or electronic data, metadata, legacy data, backup media, non-apparent and ancillary electronically stored information, or electronic compilation from which information can be obtained, including (but not limited to) notices, memoranda, diaries, minutes, purchase records, purchase invoices, market data, correspondence, computer storage tapes, computer storage cards or discs, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks,

diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, tangible or electronic data, metadata, legacy data, backup media, non-apparent and ancillary electronically stored information, or electronic compilation compilations, computations, and other formal and informal writings or tangible preservations of information.

(b) This Order pertains only to documents containing information that may be relevant to, or may lead to the discovery of information relevant to electronic surveillance. This Order pertains only to documents which are now in or come into the actual or constructive possession of the parties, and documents which have been written or generated after [date], which includes newly generated data, and until a final order is entered by the Court closing this case. Any document described or referred to in any discovery request made during this litigation shall, from the time of the request, be treated for purposes of this Order as containing such information unless and until the Court rules such information to be irrelevant.

(c) Counsel are directed to confer to resolve questions as to what documents are outside the scope of this order or otherwise need not be preserved and as to an earlier date for permissible destruction of particular categories of documents. If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order upon reasonable notice. A party which, within 30 days after receiving written notice from another party that specified documents will be destroyed, lost, or otherwise altered pursuant to routine policies and programs, fails to indicate in writing its objection shall be deemed to have agreed to such destruction.

3. **IMPLEMENTATION.** Each party will, within 10 days after receiving this Order, designate an individual who shall be responsible for ensuring that the party carries out the requirements of this Order.

[City, State], this ______ day of __________, 1994.

____________________________________

# EXHIBIT 3

**From:** Coppolino, Tony (CIV)
**Sent:** Thursday, February 08, 2007 12:30 PM
**To:** 'Val P. Exnicios'; 'Haefele, Robert'; 'Cindy Cohn'; Hodkin, Michelle D.; Flowers, Jodi
**Cc:** 'Ericson, Bruce A.'; 'Axelbaum, Marc H.'; 'Berenson, Bradford'; 'McNicholas, Edward R.'; Jain, Samir; 'Rogovin, John'; jkester@wc.com; Nichols, Carl (CIV); Coppolino, Tony (CIV)
**Subject:** NSA MDL-1791 - Spoliation Order Issue

First, my apologies for the delay in responding on this topic but, as you may gather, Government counsel have been involved in numerous filings in recent weeks not only in this case (on the stay motion and order to show cause), but also in connection with the Sixth Circuit appeal heard Jan. 31 and, unexpectedly, a TRO motion being heard today in Maine. But I wanted to get back to you on this topic before tomorrow's hearing.

The Government has reviewed the draft preservation order that plaintiffs proposed and have given it careful consideration. As I have indicated previously, the central problem with discussing such an order is that the claims raised in the MDL cases concern alleged classified activities that cannot be confirmed or denied, including whether relationships exist between telecommunication carriers and the Government, and whether the activities alleged are in fact occurring. Under these circumstances, the Government believes that agreement on an appropriate spoliation order is not possible.

The Manual for Complex Litigation makes clear that the specific facts underlying a spoliation order should be discussed before an order is entered, including the identification of the types of materials to be preserved. *See* Manual for Complex Litigation, Fourth § 40.25 (2). The Manual notes that "a preservation order will likely be ineffective if it is formulated without reliable information from the responding party regarding what data-management systems are already in place, the volume of data affected, and the costs and technical feasability of implementation." *See id.*, § 11.442. Among the points to consider in formulating an effective preservation order are whether the order might disrupt the operation of computers and computer networks in the routine course of business. *See id.* The Manual states further that "[s]uch an order requires the parties to define the scope of the contemplated discovery as narrowly as possible, identify the particular computers or network servers affected, and agree on a method for data preservation . . . ." *Id.* The Manual also observes that "[a] blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations." *Id.*

Because the allegations in the MDL cases implicate alleged classified activities and the need for a state secrets privilege assertion, the Government believes that the specific discussions necessary to craft an appropriate preservation order are not possible. Plaintiffs' draft order does not describe the type of records they believe the order should cover, except for a general reference to "information relevant to electronic surveillance." It is not clear, nor could it be confirmed, whether that term would cover the claims raised in the various MDL cases. Likewise, plaintiffs' draft order does not address the potential disruption of computer networks, and that issue could not be resolved without confirmation or denial of the allegations raised in the MDL cases and the identification of any systems that may be at issue. Because we are unable to discuss the implications of a preservation order in specific terms, the parties would be left to speculate whether relevant information exists that should be covered by the order and whether any such information could be preserved as plaintiffs propose without undue disruption. The Government is unwilling to agree to a hypothetical order, covering an unidentified scope of hypothetical records, where the potential impact of that order is not clear and cannot be addressed prior to its entry.

In sum, we are not suggesting that relevant evidence in this case, if any, need not be preserved. However, we are unable to discuss with plaintiffs whether and to what extent information that may be relevant exists, where any such information may reside, how it may be preserved, and whether there are any practical burdens arising from plaintiffs' proposed preservation steps---all of which should be undertaken before a preservation order is entered.

If plaintiffs continue to seek a preservation order (and we do not believe you have or could make the showing necessary for one), the prudent course would be for the Government to address the matter with the Court through an *ex parte, in camera* submission. If plaintiffs wish, the parties can discuss this issue with the Court at

the hearing tomorrow.

Tony Coppolino, Department of Justice (202) 514-4782

# EXHIBIT 4

From: Coppolino, Tony (CIV)
Sent: Friday, June 29, 2007 5:42 PM
To: Cindy Cohn; Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
Cc: Coppolino, Tony (CIV)
Subject: RE: NSA MDL-1791 - Spoliation Order Issue

Cindy -

Sorry for the delay in responding to your email on this topic(as you know we've had many other matters to address in the MDL). We don't agree with your description of specific document preservation obligations and, as indicated in my February 8 email (below), remain concerned at attempting to reach an understanding on this matter in a vacuum since we cannot discuss with plaintiffs the existence, nature, or scope of any information that might be at issue and preservation steps that might be applicable. We do understand that parties to litigation have obligations to take steps to preserve their relevant evidence. But I reiterate that any specific understanding between the parties on the matter does not seem possible in the unique circumstances of this case. I am willing to talk with you about the issue further if you would like.

Tony Coppolino
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
(202) 514-4782

-----Original Message -------
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Monday, April 30, 2007 8:45 PM
To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.; Nichols, Carl (CIV); John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
Cc: Lee Tien; Harvey Grossman; Kurt Opsahl
Subject: NSA MDL-1791 - Spoliation Order Issue

Dear Counsel,

I write to ensure that Plaintiffs' understanding of the Government's position concerning evidence preservation is correct, and also to ensure that the Carriers share this position concerning their own, separate duties to preserve evidence in this case. I hope I have included all of the necessary parties for both the government and the carriers as recipients of this email, but please let me know if there are others I should include.

This email is prompted, in part, by the recent statements that the FBI planned to destroy telephone records and other information improperly collected pursuant to NSL letters, as well as

the statement in the White House Privacy and Civil Liberties Board Report to Congress that any NSA surveillance must be conducted with a "reviewable audit trail."

In his February 8, 2007, email Mr. Coppolino stated: "In sum, we are not suggesting that relevant evidence in this case, if any, need not be preserved." We understand this statement as an acknowledgment of the government's duty to preserve what you know or reasonably should know will be relevant evidence in these pending lawsuits, including any evidence the destruction of which would prejudice plaintiffs. We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/destruction policies in effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. Zublake v. UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003).

We understand that the Government and the Carriers may have arguments that some or even all of this information is not properly discoverable, including due to the application of the state secrets privilege. We do not seek any waiver or other limitation of those arguments or privileges now.

We also recognize the government's stated concerns that the sort of detailed, technical consultation concerning evidence preservation envisioned by FRCP 26 may not be appropriate for this case, or at least at this time. In light of this, we do not seek a detailed technical presentation about how such information is stored and the precise methods by which it will be retained now.

We simply seek to confirm that both the Government and the Carriers will abide by their duties to ensure that information that is likely to lead to the discovery of admissible evidence in this case is preserved, so that those arguments and discussions are not rendered moot due to spoliation.

Accordingly, if it is not the understanding of either the Government or the Carriers that you remain under the litigation obligation to preserve potentially discoverable evidence, please contact me immediately so that we can continue our discussions and, if necessary, present any disputes to the Court. Otherwise, we will trust that both the Government and the Carriers intend to abide by their evidence preservation obligations and we will not raise the issue with the Court at this time.

Cindy

On Feb 8, 2007, at 9:30 AM, Coppolino, Tony ((CIV)) wrote:

> First, my apologies for the delay in responding on this topic but, as
> you may gather, Government counsel have been involved in numerous
> filings in recent weeks not only in this case (on the stay motion and
> order to show cause), but also in connection with the Sixth Circuit
> appeal heard Jan. 31 and, unexpectedly, a TRO motion being heard today

> in Maine. But I wanted to get back to you on this topic before
> tomorrow's hearing.
> The Government has reviewed the draft preservation order that
> plaintiffs proposed and have given it careful consideration. As I
> have indicated previously, the central problem with discussing such an
> order is that the claims raised in the MDL cases concern alleged
> classified activities that cannot be confirmed or denied, including
> whether relationships exist between telecommunication carriers and the
> Government, and whether the activities alleged are in fact occurring.
> Under these circumstances, the Government believes that agreement on
> an appropriate spoliation order is not possible.
>
> The Manual for Complex Litigation makes clear that the specific facts
> underlying a spoliation order should be discussed before an order is
> entered, including the identification of the types of materials to be
> preserved. See Manual for Complex Litigation, Fourth § 40.25 (2). The
> Manual notes that "a preservation order will likely be ineffective if
> it is formulated without reliable information from the responding
> party regarding what data- management systems are already in place,
> the volume of data affected, and the costs and technical feasability
> of implementation." See id., § 11.442. Among the points to consider in
> formulating an effective preservation order are whether the order
> might disrupt the operation of computers and computer networks in the
> routine course of business. See id. The Manual states further that
> "[s]uch an order requires the parties to define the scope of the
> contemplated discovery as narrowly as possible, identify the
> particular computers or network servers affected, and agree on a
> method for data preservation . . . ." Id. The Manual also observes
> that "[a] blanket preservation order may be prohibitively expensive
> and unduly burdensome for parties dependent on computer systems for
> their day-to-day operations." Id.
>
> Because the allegations in the MDL cases implicate alleged classified
> activities and the need for a state secrets privilege assertion, the
> Government believes that the specific discussions necessary to craft
> an appropriate preservation order are not possible. Plaintiffs' draft
> order does not describe the type of records they believe the order
> should cover, except for a general reference to "information relevant
> to electronic surveillance." It is not clear, nor could it be
> confirmed, whether that term would cover the claims raised in the
> various MDL cases. Likewise, plaintiffs' draft order does not address
> the potential disruption of computer networks, and that issue could
> not be resolved without confirmation or denial of the allegations
> raised in the MDL cases and the identification of any systems that may
> be at issue.

> Because we are unable to discuss the implications of a preservation
> order in specific terms, the parties would be left to speculate
> whether relevant information exists that should be covered by the
> order and whether any such information could be preserved as
> plaintiffs propose without undue disruption. The Government is
> unwilling to agree to a hypothetical order, covering an unidentified
> scope of hypothetical records, where the potential impact of that
> order is not clear and cannot be addressed prior to its entry.
>
> In sum, we are not suggesting that relevant evidence in this case, if
> any, need not be preserved. However, we are unable to discuss with
> plaintiffs whether and to what extent information that may be relevant
> exists, where any such information may reside, how it may be
> preserved, and whether there are any practical burdens arising from
> plaintiffs' proposed preservation steps---all of which should be
> undertaken before a preservation order is entered.
>
> If plaintiffs continue to seek a preservation order (and we do not
> believe you have or could make the showing necessary for one), the
> prudent course would be for the Government to address the matter with
> the Court through an ex parte, in camera submission. If plaintiffs
> wish, the parties can discuss this issue with the Court at the hearing
> tomorrow.
>
> Tony Coppolino, Department of Justice (202) 514-4782
>
>
>

*******************************************************

Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT 5

## Coppolino, Tony (CIV)

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Friday, July 13, 2007 2:27 PM
**To:** Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
**Cc:** Lee Tien; Barry R. Himmelstein; Robert Haefele; Harvey Grossman; Kurt Opsahl; Ann Brick
**Subject:** re: NSA MDL-1791 - Spoliation Order Issue

Dear Counsel,

I write because plaintiffs find the government's June 29, 2007 response to my April 30, 2007 correspondence confusing. Plaintiffs would like to put this matter to rest, and avoid seeking the Court's assistance on what should be a straightforward matter, but we still do not understand the government's position about its duties to preserve evidence and we seek to confirm our understanding of the carriers' positions. To that end, our questions and requests are:

1) Mr. Coppolino states that he does not agree with our description of specific document preservation obligations, but does says that he understands that the parties have obligations to preserve relevant evidence. Our description was of those duties was simply through reference to two relevant cases. My previous email said: "We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/destruction policies in effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. Zublake v. UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003)."

What aspects of those two citations does the government disagree with? Or perhaps more simply, what does the government understand its obligations to include?

As we've said several times now, we are not asking for the government or the carriers to admit, even by implication, that any relevant documents exist. But plaintiffs do need to know whether we disagree about the basic legal requirements to preserve relevant documents, and if we do disagree, to bring those disagreements to the attention of the court before any relevant information is destroyed.

2) The government's position acknowledges obligations to preserve relevant evidence but does not state that the government intends to abide by those obligations. Since that was our specific question, it seems reasonable to expect a specific answer. Does the government intend to abide by its obligations to preserve relevant evidence?

3) Plaintiffs' original message was sent to all of the carriers as well as the Government, and asked for a prompt response only if the carriers and/or the government did not intend to abide by their duties of preservation. We stated: "Accordingly, if it is not the understanding of either the Government or the Carriers that you remain under the litigation obligation to preserve potentially discoverable evidence, please contact me immediately so that we can continue our discussions and, if necessary, present any disputes to the Court."

We have now heard from the government only, not from the carriers.
This leaves us to conclude that the carriers do agree both that they remain under the litigation obligation to preserve potentially discoverable evidence and about the scope of that obligation as outlined in the two case citations discussed above. Given the close relationship between the government's position and the carriers' positions on other matters, however, we wanted to double check this.
We ask that lead counsel for each carrier please provide an affirmative confirmation that they will abide by their duties to ensure that information that is likely to lead to the discovery of admissible evidence in this case is preserved.

I understand that most of us are occupied with other portions of the litigation. However, given that the issue concerns preservation of relevant evidence, we do not want it to go too long without resolution. Because of this, please respond by August 1, 2007, so that we can prepare a motion to Judge Walker if necessary and can correctly include the

positions of all of the parties in that motion.

Sincerely,

Cindy

On Jun 29, 2007, at 2:41 PM, Coppolino, Tony ((CIV)) wrote:

> Cindy -
>
> Sorry for the delay in responding to your email on this topic(as you
> know we've had many other matters to address in the MDL). We don't
> agree with your description of specific document preservation
> obligations and, as indicated in my February 8 email (below), remain
> concerned at attempting to reach an understanding on this matter in a
> vacuum since we cannot discuss with plaintiffs the existence, nature,
> or scope of any information that might be at issue and preservation
> steps that might be applicable. We do understand that parties to
> litigation have obligations to take steps to preserve their relevant
> evidence. But I reiterate that any specific understanding between the
> parties on the matter does not seem possible in the unique
> circumstances of this case. I am willing to talk with you about the
> issue further if you would like.
>
> Tony Coppolino
> Special Litigation Counsel
> United States Department of Justice
> Civil Division, Federal Programs Branch
> (202) 514-4782
>
>
>
>
>
> -----Original Message-----
> From: Cindy Cohn [mailto:cindy@eff.org]
> Sent: Monday, April 30, 2007 8:45 PM
> To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.;
> Nichols, Carl (CIV); John Rogovin; Samir Jain; Bradford Berenson;
> McNicholas, Edward R.
> Cc: Lee Tien; Harvey Grossman; Kurt Opsahl
> Subject: NSA MDL-1791 - Spoliation Order Issue
>
> Dear Counsel,
>
> I write to ensure that Plaintiffs' understanding of the Government's
> position concerning evidence preservation is correct, and also to
> ensure that the Carriers share this position concerning their own,
> separate duties to preserve evidence in this case. I hope I have
> included all of the necessary parties for both the government and the
> carriers as recipients of this email, but please let me know if there
> are others I should include.
>
> This email is prompted, in part, by the recent statements that the FBI
> planned to destroy telephone records and other information improperly
> collected pursuant to NSL letters, as well as the statement in the
> White House Privacy and Civil Liberties Board Report to Congress that
> any NSA surveillance must be conducted with a "reviewable audit
> trail."
>
> In his February 8, 2007, email Mr. Coppolino stated: "In sum, we are
> not suggesting that relevant evidence in this case, if any, need not
> be preserved." We understand this statement as an acknowledgment of
> the government's duty to preserve what you know or reasonably should

> know will be relevant evidence in these pending lawsuits, including
> any evidence the destruction of which would prejudice plaintiffs. We
> expect that you understand that this duty includes the institution of
> a "litigation hold" on any document retention/destruction policies in
> effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060
> (N.D. Cal. 2006). The information that must be preserved is any that
> would tend to support (or disprove) plaintiffs claims. Zublake v.
> UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003).
>
> We understand that the Government and the Carriers may have arguments
> that some or even all of this information is not properly
> discoverable, including due to the application of the state secrets
> privilege. We do not seek any waiver or other limitation of those
> arguments or privileges now.
>
> We also recognize the government's stated concerns that the sort of
> detailed, technical consultation concerning evidence preservation
> envisioned by FRCP 26 may not be appropriate for this case, or at
> least at this time. In light of this, we do not seek a detailed
> technical presentation about how such information is stored and the
> precise methods by which it will be retained now.
>
> We simply seek to confirm that both the Government and the Carriers
> will abide by their duties to ensure that information that is likely
> to lead to the discovery of admissible evidence in this case is
> preserved, so that those arguments and discussions are not rendered
> moot due to spoliation.
>
> Accordingly, if it is not the understanding of either the Government
> or the Carriers that you remain under the litigation obligation to
> preserve potentially discoverable evidence, please contact me
> immediately so that we can continue our discussions and, if necessary,
> present any disputes to the Court. Otherwise, we will trust that both
> the Government and the Carriers intend to abide by their evidence
> preservation obligations and we will not raise the issue with the
> Court at this time.
>
> Cindy
>
>
> On Feb 8, 2007, at 9:30 AM, Coppolino, Tony ((CIV)) wrote:
>
>> First, my apologies for the delay in responding on this topic but, as
>> you may gather, Government counsel have been involved in numerous
>> filings in recent weeks not only in this case (on the stay motion and
>> order to show cause), but also in connection with the Sixth Circuit
>> appeal heard Jan. 31 and, unexpectedly, a TRO motion being heard
>> today in Maine. But I wanted to get back to you on this topic before
>> tomorrow's hearing.
>> The Government has reviewed the draft preservation order that
>> plaintiffs proposed and have given it careful consideration. As I
>> have indicated previously, the central problem with discussing such
>> an order is that the claims raised in the MDL cases concern alleged
>> classified activities that cannot be confirmed or denied, including
>> whether relationships exist between telecommunication carriers and
>> the Government, and whether the activities alleged are in fact
>> occurring.
>> Under these circumstances, the Government believes that agreement on
>> an appropriate spoliation order is not possible.
>>
>> The Manual for Complex Litigation makes clear that the specific facts
>> underlying a spoliation order should be discussed before an order is
>> entered, including the identification of the types of materials to be
>> preserved. See Manual for Complex Litigation, Fourth § 40.25 (2).
>> The
>> Manual notes that "a preservation order will likely be ineffective if
>> it is formulated without reliable information from the responding

>> party regarding what data- management systems are already in place,
>> the volume of data affected, and the costs and technical feasability
>> of implementation." See id., § 11.442. Among the points to consider
>> in formulating an effective preservation order are whether the order
>> might disrupt the operation of computers and computer networks in the
>> routine course of business. See id. The Manual states further that
>> "[s]uch an order requires the parties to define the scope of the
>> contemplated discovery as narrowly as possible, identify the
>> particular computers or network servers affected, and agree on a
>> method for data preservation . . . ." Id. The Manual also observes
>> that "[a] blanket preservation order may be prohibitively expensive
>> and unduly burdensome for parties dependent on computer systems for
>> their day-to-day operations." Id.
>>
>> Because the allegations in the MDL cases implicate alleged classified
>> activities and the need for a state secrets privilege assertion, the
>> Government believes that the specific discussions necessary to craft
>> an appropriate preservation order are not possible. Plaintiffs'
>> draft
>> order does not describe the type of records they believe the order
>> should cover, except for a general reference to "information relevant
>> to electronic surveillance." It is not clear, nor could it be
>> confirmed, whether that term would cover the claims raised in the
>> various MDL cases. Likewise, plaintiffs' draft order does not
>> address the potential disruption of computer networks, and that issue
>> could not be resolved without confirmation or denial of the
>> allegations raised in the MDL cases and the identification of any
>> systems that may be at issue.
>> Because we are unable to discuss the implications of a preservation
>> order in specific terms, the parties would be left to speculate
>> whether relevant information exists that should be covered by the
>> order and whether any such information could be preserved as
>> plaintiffs propose without undue disruption. The Government is
>> unwilling to agree to a hypothetical order, covering an unidentified
>> scope of hypothetical records, where the potential impact of that
>> order is not clear and cannot be addressed prior to its entry.
>>
>> In sum, we are not suggesting that relevant evidence in this case, if
>> any, need not be preserved. However, we are unable to discuss with
>> plaintiffs whether and to what extent information that may be
>> relevant exists, where any such information may reside, how it may be
>> preserved, and whether there are any practical burdens arising from
>> plaintiffs' proposed preservation steps---all of which should be
>> undertaken before a preservation order is entered.
>>
>> If plaintiffs continue to seek a preservation order (and we do not
>> believe you have or could make the showing necessary for one), the
>> prudent course would be for the Government to address the matter with
>> the Court through an ex parte, in camera submission. If plaintiffs
>> wish, the parties can discuss this issue with the Court at the
>> hearing tomorrow.
>>
>> Tony Coppolino, Department of Justice (202) 514-4782
>>
>>
>>

*********************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT 6

## Coppolino, Tony (CIV)

**From:** Coppolino, Tony (CIV)
**Sent:** Thursday, August 02, 2007 10:36 AM
**To:** Cindy Cohn; Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.; Nichols, Carl (CIV); Tannenbaum, Andrew (CIV); Coppolino, Tony (CIV); Moss, Randolph
**Cc:** Lee Tien; Barry R. Himmelstein; Robert Haefele; Harvey Grossman; Kurt Opsahl; Ann Brick
**Subject:** RE: NSA MDL-1791 - Spoliation Order Issue

Cindy -

I am responding to your email on behalf of the Government and carrier defendants. As I have indicated previously, where the Government has asserted privilege over whether or not the carriers' alleged involvement in the alleged intelligence activities can be confirmed or denied, and as to other allegations in the MDL complaints, it is not possible for the parties to have the kind of discussion that normally occurs concerning preservation issues. We do not believe it would be appropriate to rely on general understandings of what the law provides where there can be no confirmation of any allegation and no meeting of the minds as to how legal requirements may apply in these particular cases. For this reason, we do not believe the Government or carriers can state what they understand preservation obligations "to include" as you have requested, since that is among the issues that cannot be addressed between the parties. Rather than having more back and forth on this issue, we propose the following to address the matter:

1. Without confirming or denying any allegation or whether relevant documents exist, the Government is willing, without the need for any motion, to file with the court for its ex parte, in camera review, facts concerning the preservation of information that may be relevant in these lawsuits. That is, again without confirming or denying anything, we would provide the court with a record concering whether and, if so, what Government and carrier documents exist that may be relevant, if any, and how they are being preserved.

2. At that point, if plaintiffs believe it is necessary, they could file a memorandum stating their position on the legal requirements concerning preservation, which the Court could then consider in connection with the Government's classified submission, and the Government and carriers would reply if necessary.

I would like to work with you on a scheduling stipulation for such filings. As you know, we are quite busy this month and thus propose that the Government would file such a submission in September. If you still feel the need to file a motion at this time, I hope you would work with us on the schedule for that as well.

Tony Coppolino
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
(202) 514-4782

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Friday, July 13, 2007 2:27 PM
To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
Cc: Lee Tien; Barry R. Himmelstein; Robert Haefele; Harvey Grossman; Kurt Opsahl; Ann Brick
Subject: re: NSA MDL-1791 - Spoliation Order Issue

Dear Counsel,

I write because plaintiffs find the government's June 29, 2007 response to my April 30, 2007 correspondence confusing. Plaintiffs would like to put this matter to rest, and avoid seeking the Court's assistance on what should be a straightforward matter, but we still do

not understand the government's position about its duties to preserve evidence and we seek to confirm our understanding of the carriers' positions. To that end, our questions and requests are:

1) Mr. Coppolino states that he does not agree with our description of specific document preservation obligations, but does says that he understands that the parties have obligations to preserve relevant evidence. Our description was of those duties was simply through reference to two relevant cases. My previous email said: "We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/destruction policies in effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. Zublake v. UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003)."

What aspects of those two citations does the government disagree with? Or perhaps more simply, what does the government understand its obligations to include?

As we've said several times now, we are not asking for the government or the carriers to admit, even by implication, that any relevant documents exist. But plaintiffs do need to know whether we disagree about the basic legal requirements to preserve relevant documents, and if we do disagree, to bring those disagreements to the attention of the court before any relevant information is destroyed.

2) The government's position acknowledges obligations to preserve relevant evidence but does not state that the government intends to abide by those obligations. Since that was our specific question, it seems reasonable to expect a specific answer. Does the government intend to abide by its obligations to preserve relevant evidence?

3) Plaintiffs' original message was sent to all of the carriers as well as the Government, and asked for a prompt response only if the carriers and/or the government did not intend to abide by their duties of preservation. We stated: "Accordingly, if it is not the understanding of either the Government or the Carriers that you remain under the litigation obligation to preserve potentially discoverable evidence, please contact me immediately so that we can continue our discussions and, if necessary, present any disputes to the Court."

We have now heard from the government only, not from the carriers.
This leaves us to conclude that the carriers do agree both that they remain under the litigation obligation to preserve potentially discoverable evidence and about the scope of that obligation as outlined in the two case citations discussed above. Given the close relationship between the government's position and the carriers' positions on other matters, however, we wanted to double check this.
We ask that lead counsel for each carrier please provide an affirmative confirmation that they will abide by their duties to ensure that information that is likely to lead to the discovery of admissible evidence in this case is preserved.

I understand that most of us are occupied with other portions of the litigation. However, given that the issue concerns preservation of relevant evidence, we do not want it to go too long without resolution. Because of this, please respond by August 1, 2007, so that we can prepare a motion to Judge Walker if necessary and can correctly include the positions of all of the parties in that motion.

Sincerely,

Cindy

On Jun 29, 2007, at 2:41 PM, Coppolino, Tony ((CIV)) wrote:

> Cindy -
>
> Sorry for the delay in responding to your email on this topic(as you
> know we've had many other matters to address in the MDL). We don't
> agree with your description of specific document preservation
> obligations and, as indicated in my February 8 email (below), remain

> concerned at attempting to reach an understanding on this matter in a
> vacuum since we cannot discuss with plaintiffs the existence, nature,
> or scope of any information that might be at issue and preservation
> steps that might be applicable. We do understand that parties to
> litigation have obligations to take steps to preserve their relevant
> evidence. But I reiterate that any specific understanding between the
> parties on the matter does not seem possible in the unique
> circumstances of this case. I am willing to talk with you about the
> issue further if you would like.
>
> Tony Coppolino
> Special Litigation Counsel
> United States Department of Justice
> Civil Division, Federal Programs Branch
> (202) 514-4782
>
>
>
>
>
> -----Original Message-----
> From: Cindy Cohn [mailto:cindy@eff.org]
> Sent: Monday, April 30, 2007 8:45 PM
> To: Coppolino, Tony (CIV); Bruce A. Ericson; Axelbaum, Marc H.;
> Nichols, Carl (CIV); John Rogovin; Samir Jain; Bradford Berenson;
> McNicholas, Edward R.
> Cc: Lee Tien; Harvey Grossman; Kurt Opsahl
> Subject: NSA MDL-1791 - Spoliation Order Issue
>
> Dear Counsel,
>
> I write to ensure that Plaintiffs' understanding of the Government's
> position concerning evidence preservation is correct, and also to
> ensure that the Carriers share this position concerning their own,
> separate duties to preserve evidence in this case. I hope I have
> included all of the necessary parties for both the government and the
> carriers as recipients of this email, but please let me know if there
> are others I should include.
>
> This email is prompted, in part, by the recent statements that the FBI
> planned to destroy telephone records and other information improperly
> collected pursuant to NSL letters, as well as the statement in the
> White House Privacy and Civil Liberties Board Report to Congress that
> any NSA surveillance must be conducted with a "reviewable audit
> trail."
>
> In his February 8, 2007, email Mr. Coppolino stated: "In sum, we are
> not suggesting that relevant evidence in this case, if any, need not
> be preserved." We understand this statement as an acknowledgment of
> the government's duty to preserve what you know or reasonably should
> know will be relevant evidence in these pending lawsuits, including
> any evidence the destruction of which would prejudice plaintiffs. We
> expect that you understand that this duty includes the institution of
> a "litigation hold" on any document retention/destruction policies in
> effect. In re Napster, Inc. Copyright Litigation 462 F.Supp.2d 1060
> (N.D. Cal. 2006). The information that must be preserved is any that
> would tend to support (or disprove) plaintiffs claims. Zublake v.
> UBS Warburg LLC, 220 FRD 212, 217-8 (S.D.N.Y. 2003).
>
> We understand that the Government and the Carriers may have arguments
> that some or even all of this information is not properly
> discoverable, including due to the application of the state secrets
> privilege. We do not seek any waiver or other limitation of those
> arguments or privileges now.
>
> We also recognize the government's stated concerns that the sort of
> detailed, technical consultation concerning evidence preservation

> envisioned by FRCP 26 may not be appropriate for this case, or at
> least at this time. In light of this, we do not seek a detailed
> technical presentation about how such information is stored and the
> precise methods by which it will be retained now.
>
> We simply seek to confirm that both the Government and the Carriers
> will abide by their duties to ensure that information that is likely
> to lead to the discovery of admissible evidence in this case is
> preserved, so that those arguments and discussions are not rendered
> moot due to spoliation.
>
> Accordingly, if it is not the understanding of either the Government
> or the Carriers that you remain under the litigation obligation to
> preserve potentially discoverable evidence, please contact me
> immediately so that we can continue our discussions and, if necessary,
> present any disputes to the Court. Otherwise, we will trust that both
> the Government and the Carriers intend to abide by their evidence
> preservation obligations and we will not raise the issue with the
> Court at this time.
>
> Cindy
>
>
> On Feb 8, 2007, at 9:30 AM, Coppolino, Tony ((CIV)) wrote:
>
>> First, my apologies for the delay in responding on this topic but, as
>> you may gather, Government counsel have been involved in numerous
>> filings in recent weeks not only in this case (on the stay motion and
>> order to show cause), but also in connection with the Sixth Circuit
>> appeal heard Jan. 31 and, unexpectedly, a TRO motion being heard
>> today in Maine. But I wanted to get back to you on this topic before
>> tomorrow's hearing.
>> The Government has reviewed the draft preservation order that
>> plaintiffs proposed and have given it careful consideration. As I
>> have indicated previously, the central problem with discussing such
>> an order is that the claims raised in the MDL cases concern alleged
>> classified activities that cannot be confirmed or denied, including
>> whether relationships exist between telecommunication carriers and
>> the Government, and whether the activities alleged are in fact
>> occurring.
>> Under these circumstances, the Government believes that agreement on
>> an appropriate spoliation order is not possible.
>>
>> The Manual for Complex Litigation makes clear that the specific facts
>> underlying a spoliation order should be discussed before an order is
>> entered, including the identification of the types of materials to be
>> preserved. See Manual for Complex Litigation, Fourth § 40.25 (2).
>> The
>> Manual notes that "a preservation order will likely be ineffective if
>> it is formulated without reliable information from the responding
>> party regarding what data- management systems are already in place,
>> the volume of data affected, and the costs and technical feasability
>> of implementation." See id., § 11.442. Among the points to consider
>> in formulating an effective preservation order are whether the order
>> might disrupt the operation of computers and computer networks in the
>> routine course of business. See id. The Manual states further that
>> "[s]uch an order requires the parties to define the scope of the
>> contemplated discovery as narrowly as possible, identify the
>> particular computers or network servers affected, and agree on a
>> method for data preservation . . . ." Id. The Manual also observes
>> that "[a] blanket preservation order may be prohibitively expensive
>> and unduly burdensome for parties dependent on computer systems for
>> their day-to-day operations." Id.
>>
>> Because the allegations in the MDL cases implicate alleged classified
>> activities and the need for a state secrets privilege assertion, the
>> Government believes that the specific discussions necessary to craft

>> an appropriate preservation order are not possible. Plaintiffs'
>> draft
>> order does not describe the type of records they believe the order
>> should cover, except for a general reference to "information relevant
>> to electronic surveillance." It is not clear, nor could it be
>> confirmed, whether that term would cover the claims raised in the
>> various MDL cases. Likewise, plaintiffs' draft order does not
>> address the potential disruption of computer networks, and that issue
>> could not be resolved without confirmation or denial of the
>> allegations raised in the MDL cases and the identification of any
>> systems that may be at issue.
>> Because we are unable to discuss the implications of a preservation
>> order in specific terms, the parties would be left to speculate
>> whether relevant information exists that should be covered by the
>> order and whether any such information could be preserved as
>> plaintiffs propose without undue disruption. The Government is
>> unwilling to agree to a hypothetical order, covering an unidentified
>> scope of hypothetical records, where the potential impact of that
>> order is not clear and cannot be addressed prior to its entry.
>>
>> In sum, we are not suggesting that relevant evidence in this case, if
>> any, need not be preserved. However, we are unable to discuss with
>> plaintiffs whether and to what extent information that may be
>> relevant exists, where any such information may reside, how it may be
>> preserved, and whether there are any practical burdens arising from
>> plaintiffs' proposed preservation steps---all of which should be
>> undertaken before a preservation order is entered.
>>
>> If plaintiffs continue to seek a preservation order (and we do not
>> believe you have or could make the showing necessary for one), the
>> prudent course would be for the Government to address the matter with
>> the Court through an ex parte, in camera submission. If plaintiffs
>> wish, the parties can discuss this issue with the Court at the
>> hearing tomorrow.
>>
>> Tony Coppolino, Department of Justice (202) 514-4782
>>
>>
>>


*********************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT 7

**Coppolino, Tony (CIV)**

---

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Monday, August 06, 2007 5:02 PM
**To:** Bruce A. Ericson; Axelbaum, Marc H.; Samir Jain; John Rogovin; Bradford Berenson; McNicholas, Edward R.; Nichols, Carl (CIV); Tannenbaum, Andrew (CIV); Coppolino, Tony (CIV); Moss, Randolph
**Cc:** Lee Tien; Kurt Opsahl; Barry R. Himmelstein; Robert Haefele; Harvey Grossman; Ann Brick
**Subject:** NSA MDL-1791 - Spoliation Order Issue - Response from Plaintiffs

Dear Tony,

While we continue to disagree with your position that it is not possible to have any substantive discussions whatsoever about evidence preservation, we do agree that it is time to present this issue to Judge Walker. Your proposal for doing so is generally acceptable to us, although we definitely will be filing a memorandum.
Are you suggesting an in camera joint submission from the Government and the Carriers or something else?

Why don't you draft a stipulation with suggested dates to get this rolling? Given the heavy court schedule in August, and our good faith belief that neither the government nor the carriers will destroy any evidence in the meantime, we're willing present this to the Court in September, as you suggest, but we would ask that it be in the earlier part of the month.

Cindy

On Aug 2, 2007, at 7:36 AM, Coppolino, Tony (CIV) wrote:

> Cindy -
>
> I am responding to your email on behalf of the Government and carrier
> defendants. As I have indicated previously, where the Government has
> asserted privilege over whether or not the carriers'
> alleged involvement in the alleged intelligence activities can be
> confirmed or denied, and as to other allegations in the MDL
> complaints, it is not possible for the parties to have the kind of
> discussion that normally occurs concerning preservation issues. We do
> not believe it would be appropriate to rely on general understandings
> of what the law provides where there can be no confirmation of any
> allegation and no meeting of the minds as to how legal requirements
> may apply in these particular cases. For this reason, we do not
> believe the Government or carriers can state what they understand
> preservation obligations "to include" as you have requested, since
> that is among the issues that cannot be addressed between the parties.
> Rather than having more back and forth on this issue, we propose the
> following to address the matter:
>
> 1. Without confirming or denying any allegation or whether relevant
> documents exist, the Government is willing, without the need for any
> motion, to file with the court for its ex parte, in camera review,
> facts concerning the preservation of information that may be relevant
> in these lawsuits. That is, again without confirming or denying
> anything, we would provide the court with a record concering whether
> and, if so, what Government and carrier documents exist that may be
> relevant, if any, and how they are being preserved.
>
> 2. At that point, if plaintiffs believe it is necessary, they could
> file a memorandum stating their position on the legal requirements
> concerning preservation, which the Court could then consider in
> connection with the Government's classified submission, and the
> Government and carriers would reply if necessary.
>
> I would like to work with you on a scheduling stipulation for such

> filings. As you know, we are quite busy this month and thus propose
> that the Government would file such a submission in September. If you
> still feel the need to file a motion at this time, I hope you would
> work with us on the schedule for that as well.
>
> Tony Coppolino
> Special Litigation Counsel
> United States Department of Justice
> Civil Division, Federal Programs Branch
> (202) 514-4782
>

# EXHIBIT 8

## Coppolino, Tony (CIV)

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Friday, August 24, 2007 7:12 PM
**To:** Coppolino, Tony (CIV)
**Cc:** Bruce A. Ericson; Axelbaum, Marc H.; John Rogovin; Samir Jain; Bradford Berenson; McNicholas, Edward R.
**Subject:** NSA MDL -1791 - Spoliation Order Scheduling

Dear Tony,

As I recall, based on our conversation at the hearing on August 9, you were going to be sending me a proposal for a schedule for the spoliation briefing on August 20. Did you send something and I missed it?

In the meantime, I took a look at Judge Walker's schedule and he is unavailable on September 27 and October 4. Based on that, and our discussion about procedure, the government's intention to make a fully secret filing with only a basic description of the dispute publicly, and the government's desire to respond to what we file, I would suggest that we schedule this like a regular motion.
Plaintiffs can file an opening brief on September 6, the government and carriers file a response on September 20, which can both respond to our legal arguments and present information in camera to the court, as you've indicated, and plaintiffs file a reply on September 27, with a hearing date of October 11. That should give you sufficient time, given the staffing issues you mentioned.

Again, we are agreeable to this delayed schedule because we would like to be courteous in this matter and because we trust that both the government and the carriers are undertaking to preserve potentially discoverable evidence in accordance with the ordinary rules of litigation in the meantime. If that is not the case, please let me know right away.

Cindy
********************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT 9

## Coppolino, Tony (CIV)

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Thursday, September 06, 2007 2:04 PM
**To:** Coppolino, Tony (CIV)
**Cc:** Bruce A. Ericson; Samir Jain; John Rogovin; Bradford Berenson; Lee Tien; McNicholas, Edward R.; Barry R. Himmelstein; Kurt Opsahl; Ann Brick; Harvey Grossman; Robert Haefele; Axelbaum, Marc H.; Aram Antaramian; Vince Parrett
**Subject:** Spoliation/preservation motion schedule

Hi Tony,

It looks like Judge Walker isn't going to require you to fly out for the CCR motion. Are you going to oppose the supplement?

I'd like to get the spoliation/preservation motion scheduled.
October 25 works for us. I do think it makes sense to treat this as plaintiffs' motion for a preservation order. This gives us a simple procedure that doesn't require any stipulations or court approvals, since the dates for oppositions, etc. all count back from the hearing date under the Northern District Local Rules.

Also, I do think it may make sense to have a hearing, although it's not really easy to tell until we see what each other has to say in the briefs. You can of course suggest to the court that you don't think a hearing is necessary and I'm sure Judge Walker will make his own decision about that, as he did for CCR.

If we set the hearing for October 25, our opening brief would be due September 27, opposition from the carriers and the government would be due October 4 and our Reply on October 11.

Please let me know if this works for you by the end of the week so that we can reserve the date with Cora. Judge Walker's schedule does fill up quickly.

Cindy


*******************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT 10

## Coppolino, Tony (CIV)

**From:** Coppolino, Tony (CIV)
**Sent:** Monday, September 10, 2007 9:21 AM
**To:** Cindy Cohn
**Cc:** Bruce A. Ericson; Samir Jain; John Rogovin; Bradford Berenson; Lee Tien; McNicholas, Edward R.; Barry R. Himmelstein; Kurt Opsahl; Ann Brick; Harvey Grossman; Robert Haefele; Axelbaum, Marc H.; Aram Antaramian; Vince Parrett; Nichols, Carl (CIV); Tannenbaum, Andrew (CIV); Coppolino, Tony (CIV)
**Subject:** RE: Spoliation/preservation motion schedule

**Attachments:** Stipulation on Schedule for Preservation 091007.wpd; Stipulation on Schedule for Preservation 091007.pdf; Stipulation on Schedule for Preservation 091007.doc

Stipulation on Schedule for Pr... Stipulation on Schedule for Pr... Stipulation on Schedule for Pr...

Cindy

Attached (in Word, PDF, and Wordperfect) is a draft stipulation along the lines of the proposal I offered on Friday. Let me know if you agree in principle, any changes you would propose, and which plaintiffs' counsel to add.

If you do not intend to stipulate along these lines, let me know when you intend to file your motion. Also, I think you should advise the Court's Deputy when you call to schedule a hearing date that we have not agreed on a hearing date and expect to file a motion on the matter.

I will be at the Georgetown Law conference today on FISA legislation (I see Kevin will be there as well), but will be checking my blackberry and back at the office at some point.

Tony Coppolino
(202) 514-4782

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Thursday, September 06, 2007 2:04 PM
To: Coppolino, Tony (CIV)
Cc: Bruce A. Ericson; Samir Jain; John Rogovin; Bradford Berenson; Lee Tien; McNicholas, Edward R.; Barry R. Himmelstein; Kurt Opsahl; Ann Brick; Harvey Grossman; Robert Haefele; Axelbaum, Marc H.; Aram Antaramian; Vince Parrett
Subject: Spoliation/preservation motion schedule

Hi Tony,

It looks like Judge Walker isn't going to require you to fly out for the CCR motion. Are you going to oppose the supplement?

I'd like to get the spoliation/preservation motion scheduled.
October 25 works for us. I do think it makes sense to treat this as plaintiffs' motion for a preservation order. This gives us a simple procedure that doesn't require any stipulations or court approvals, since the dates for oppositions, etc. all count back from the hearing date under the Northern District Local Rules.

Also, I do think it may make sense to have a hearing, although it's not really easy to tell until we see what each other has to say in the briefs. You can of course suggest to the court that you don't think a hearing is necessary and I'm sure Judge Walker will make his own decision about that, as he did for CCR.

If we set the hearing for October 25, our opening brief would be due September 27, opposition from the carriers and the government would be due October 4 and our Reply on October 11.

Please let me know if this works for you by the end of the week so that we can reserve the date with Cora. Judge Walker's schedule does fill up quickly.

Cindy

*******************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

**DRAFT - 9/10/07**

**[INSERT GOVERNMENT COUNSEL]**
**[INSERT PLAINTIFFS COUNSEL]**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **No. M:06-cv-01791-VRW** |
| | STIPULATION AND PROPOSED ORDER TO SET SCHEDULE ON DOCUMENT PRESERVATION ISSUE |
| This Document Relates Only To: ALL CASES | Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

**RECITALS**

A. Whereas the United States and the Plaintiffs and the Defendants in actions brought against various telecommunication carriers in this MDL proceeding have been conferring through their undersigned counsel on whether an order should be entered in this proceeding that addresses the preservation of potentially relevant discoverable documents; and

B. Whereas the United States has advised the parties of its position that (i) where the Government has asserted the state secrets privilege over whether or not alleged intelligence activities at issue in these proceedings can be confirmed or denied, including alleged carrier involvement in any alleged activity, a full and necessary discussion of the terms of a preservation order is not possible; but (ii) recognizing a party's obligation to preserve relevant evidence, the

United State has also offered, without confirming or denying any allegation, to provide the Court, *in camera, ex parte,* with facts concerning the preservation of documents that may be relevant in these actions, if any, without the need for a motion; and

C. Whereas Plaintiffs in these actions, through their undersigned counsel (hereafter "the Plaintiffs") intend to file a motion requesting that the Court set forth a preservation order; and

D. Whereas the Plaintiffs, the Defendants, and the United States, through their undersigned counsel, have agreed on a schedule for making their respective submissions on this issue but disagree as to whether a hearing should be held on the matter.

**STIPULATION ON SUBMISSIONS**

The Plaintiffs, the Defendants, and the United States, through their undersigned counsel, hereby stipulate to the following schedule for their respective submissions concerning the preservation of relevant documents in their respective cases:

1. The Plaintiffs, through their undersigned counsel, shall file any motion concerning the preservation of documents by September 20, 2007.
2. The United States and/or Defendants, through their undersigned counsel, shall file any response to the Plaintiffs' motion, including any *in camera, ex parte* submission by the United States, by October 4, 2007.
3. The Plaintiffs shall file any reply by October 11, 2007.

**THE PARTIES' RESPECTIVE POSITIONS ON HEARING DATE**

The undersigned Plaintiffs propose that a hearing on the document preservation issue be set for October 25, 2007 at 2 p.m.

The United States and the Defendants, through their undersigned counsel, believe that the

Court should review the parties' respective submissions before scheduling a hearing on the matter because the Court may find that such a hearing is unnecessary, and because the issue of document preservation in the cases at issue in this proceeding, which concern alleged intelligence activities and the alleged assistance of telecommunication carriers in those activities, cannot be addressed in an appropriate fashion at a hearing where critical underlying facts, including the very existence of potentially relevant documents, cannot be discussed. Alternatively, the United States and Defendants, through their undersigned counsel, propose that any such hearing be deferred until after any ruling by the Court of Appeals in *Hepting v. AT&T*, 06-672 (VRW).

DATED: ________________ Respectfully Submitted,

**INSERT GOVERNMENT/PLAINTIFFS' COUNSEL**

## [PROPOSED] ORDER

Pursuant to the foregoing stipulation, and good cause appearing, it is hereby ORDERED that:

**I. Briefing Schedule**

1. The Plaintiffs shall file any motion concerning the preservation of documents by September 20, 2007.

2. The United States and/or any defendant in this action shall file any response to the Plaintiffs' motion and/or other submission, including any *in camera, ex parte* submission by the Government, by October 4, 2007.

3. The Plaintiffs shall file any reply by October 11, 2007.

**II. Hearing Date** [*ALTERNATIVES*]

A. [*Plaintiffs' Proposal*]: The matter shall be set for a hearing on October 25, 2007 at 2 p.m.

OR

B. [*Government/Defendants' Proposal*]: The Court shall take the matter under submission and will schedule a hearing when and if it determines one is necessary.

IT IS SO ORDERED.

Dated: ________, 2007.

______________________________
Hon. Vaughn R. Walker
United States District Chief Judge

**EXHIBIT 11**

## Coppolino, Tony (CIV)

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Monday, September 10, 2007 3:29 PM
**To:** Coppolino, Tony (CIV)
**Cc:** Bruce A. Ericson; Samir Jain; John Rogovin; Bradford Berenson; Lee Tien; McNicholas, Edward R.; Barry R. Himmelstein; Kurt Opsahl; Ann Brick; Harvey Grossman; Robert Haefele; Axelbaum, Marc H.; Aram Antaramian; Vince Parrett; Nichols, Carl (CIV); Tannenbaum, Andrew (CIV)
**Subject:** Re: Spoliation/preservation motion schedule

Tony,

We have reviewed the stipulation and we still don't see any need for it.

Plaintiffs are willing to file their motion in accordance with the schedule (Sept. 20), giving the government and the defendants an extra week to prepare their oppositions. No stipulation is needed for this.

If the government and the carriers want to argue that no hearing is appropriate, they can certainly do that in its opposition. There is no need for a stipulation for this purpose. Also, the opposition is the correct time for the government to explain its desire to make an ex parte, in camera presentation to the court. Plaintiffs will not sign a stipulation that could be interpreted as agreeing that the government has the freestanding authority to make such presentations outside the context and protections of 1806(f) or some similar process.

Finally, any such stipulation would have to include plaintiffs view of the dispute, not just the governments' view as the current stipulation does, and I believe that the time that will likely be needed to reach agreement on that language is not going to be well spent and could result in us losing the October 25 hearing date. As you know, this issue has been dragging on now for well over a year and we accommodated your requests for additional time in August and September.

We will go ahead and notice the motion for October 25 and, except for voluntarily filing our supporting papers early, we believe that the Northern District's ordinary rules for motions are appropriate here and will give both the government and the carriers ample opportunity to present their positions to the Court.

Cindy

On Sep 10, 2007, at 6:20 AM, Coppolino, Tony (CIV) wrote:

> Cindy
>
> Attached (in Word, PDF, and Wordperfect) is a draft stipulation along
> the lines of the proposal I offered on Friday. Let me know if you
> agree in principle, any changes you would propose, and which
> plaintiffs'
> counsel to add.
>
> If you do not intend to stipulate along these lines, let me know when
> you intend to file your motion. Also, I think you should advise the
> Court's Deputy when you call to schedule a hearing date that we have
> not agreed on a hearing date and expect to file a motion on the
> matter.
>
> I will be at the Georgetown Law conference today on FISA legislation
> (I see Kevin will be there as well), but will be checking my
> blackberry and back at the office at some point.
>
> Tony Coppolino
> (202) 514-4782
>

> -----Original Message-----
> From: Cindy Cohn [mailto:cindy@eff.org]
> Sent: Thursday, September 06, 2007 2:04 PM
> To: Coppolino, Tony (CIV)
> Cc: Bruce A. Ericson; Samir Jain; John Rogovin; Bradford Berenson; Lee
> Tien; McNicholas, Edward R.; Barry R. Himmelstein; Kurt Opsahl; Ann
> Brick; Harvey Grossman; Robert Haefele; Axelbaum, Marc H.; Aram
> Antaramian; Vince Parrett
> Subject: Spoliation/preservation motion schedule
>
> Hi Tony,
>
> It looks like Judge Walker isn't going to require you to fly out for
> the CCR motion. Are you going to oppose the supplement?
>
> I'd like to get the spoliation/preservation motion scheduled.
> October 25 works for us. I do think it makes sense to treat this as
> plaintiffs' motion for a preservation order. This gives us a simple
> procedure that doesn't require any stipulations or court approvals,
> since the dates for oppositions, etc. all count back from the hearing
> date under the Northern District Local Rules.
>
> Also, I do think it may make sense to have a hearing, although it's
> not really easy to tell until we see what each other has to say in the
> briefs. You can of course suggest to the court that you don't think a
> hearing is necessary and I'm sure Judge Walker will make his own
> decision about that, as he did for CCR.
>
> If we set the hearing for October 25, our opening brief would be due
> September 27, opposition from the carriers and the government would be
> due October 4 and our Reply on October 11.
>
> Please let me know if this works for you by the end of the week so
> that we can reserve the date with Cora. Judge Walker's schedule does
> fill up quickly.
>
> Cindy
>
>
>
> ********************************************************
> Cindy Cohn ---- Cindy@eff.org
> Legal Director ---- www.eff.org
> Electronic Frontier Foundation
> 454 Shotwell Street
> San Francisco, CA 94110
> (415) 436-9333 x108
> (415) 436-9993 (fax)
>
>
> <Stipulation on Schedule for Preservation 091007.wpd> <Stipulation on
> Schedule for Preservation 091007.pdf> <Stipulation on Schedule for
> Preservation 091007.doc>

********************************************************
Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)