Trone et al v. Peanut Corporation of America Doc. 366

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL CASES except AL HARAMAIN v. BUSH 07-0109; CENTER FOR CONSTITUTIONAL RIGHTS v. BUSH 07-1115; UNITED STATES V. FARBER, ET AL 07-1324; UNITED STATES V. ADAMS, ET. AL. 07-1323; UNITED STATES V. PALERMINO, ET AL, 07-1326; UNITED STATES V. VOLZ, ET AL, 07-1396 | ) | MDL Docket No 06-1791 VRW<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER TO PRESERVE EVIDENCE**<br><br>Judge: The Hon. Vaughn R. Walker<br>Date: November 15, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor |



Dockets.Justia.com

## INTRODUCTION

Plaintiffs have now spent over a year trying to get a basic evidence preservation agreement from defendants and the intervenor. Starting from shortly after the *Hepting* case was filed in early 2006, plaintiffs began discussions, first with AT&T and the government and later, after all the cases were consolidated into this multi-district litigation, with all of the carrier defendants. Plaintiffs' goal is simple: to avoid a situation in which plaintiffs are finally entitled to engage in substantive discovery only to find that needed relevant evidence has been destroyed. Given the context of this case – a complex litigation where the evidence relates to communications and communications records of millions of ordinary Americans over a period of many years – a formal stipulation or order should govern the critical issue of evidence preservation. This is especially the case since substantive discovery is, at best, months away.

Plaintiffs have tried multiple times to accommodate the government's concerns about its invocation of the state secrets privilege. Plaintiffs have said that they are willing to await the Ninth Circuit's decision in *Hepting* before engaging in discussions concerning the details of the parties' preservation duties (without conceding that the state secrets privilege applies). They have framed their request as generously as possible, merely asking defendants and the intervenor to agree that the scope of the legal duty is as expressed in the leading caselaw. The specific proposed order is modeled on the "Interim Order Regarding Preservation" in the Manual for Complex Litigation ("MCL"). That interim order is designed to be used "[u]ntil the parties reach agreement on a preservation plan." MCL, Fourth § 40.25, item 3 (a). This seems to be the appropriate model since the parties are not going to address a more detailed preservation plan at least until after the Ninth Circuit provides some clarity on the scope of the state secrets privilege.

Plaintiffs ultimately brought this matter to the court's attention because the government insisted that their invocation of the state secrets privilege meant that neither they nor the carriers could make *any* agreement to preserve evidence. The most the government would say was that they knew that generally "parties to litigation" had obligations to preserve evidence, not that they or the carriers had any obligations or would abide by them. Declaration of Cindy Cohn in Support

of Plaintiffs' Motion to Preserve Evidence, Exh. C, (Coppolino email of June 29, 2007). The government did offer to make an *ex parte, in camera* presentation to the court on this issue, although they resisted plaintiffs' suggestion that the best vehicle for such a presentation was the court's ordinary motion schedule.

At heart, defendants' and intervenor's position was that because the government has made a state secrets privilege assertion over at least some of the technological details, they cannot be held to any formal duty to preserve relevant evidence. Yet the state secrets privilege does not allow parties to evade basic procedural duties. As plaintiffs noted in their opening brief, "invocation of the privilege results in no alteration of pertinent substantive or procedural rules . . .." *Ellsberg v. Mitchell*, 709 F.2d 51,64 (D.C. Cir. 1983).

In their opposition and joinders, both the government and the carriers take baby steps toward agreeing to preserve relevant evidence, while still resisting the imposition of any preservation order that could enforce these duties. The Verizon Defendants actually move the closest, formally stating in their joinder "that they are obligated to take reasonable steps to preserve" potentially discoverable evidence. Verizon Opposition (Docket No. 388) at 1:8-9.[1] Yet Verizon still opposes plaintiffs' motion. The government initially repeats its limited assertion that it "recognizes[s]" the obligations. Government Opposition (Docket No. 386) at 1:6. It later states that the *ex parte, in camera* declaration by an unnamed NSA agent "shows that if any potentially relevant information exists as to any allegations . . . appropriate preservation steps, if any, are being taken." Govt. Opp. at p. 12:12-15.[2] The AT&T[3] and Sprint Defendants merely join in the government's opposition (AT&T Joinder (Docket No. 391); Sprint Joinder (Docket No. 390),

[1] All references are to docket numbers in the *In Re National Security Agency Telecommunications Records Litigation*, MDL case no. 1791-VRW.

[2] The government insists in two footnotes that its *ex parte, in camera* filing is not made pursuant to 50 U.S.C. §1806(f). Govt. Opp. at footnote 1 and 10. Plaintiffs disagree. Situations in which the parties are discussing evidence where the government has raised concerns about national security are exactly what Section 1806(f) covers, and the government appears to be using the process laid out by Congress, just without naming it. Nonetheless, the court need not resolve this issue now. Plaintiffs do not oppose the government's *ex parte, in camera* filing because it appears to substantially comply with the Section 1806(f) process.

[3] Referencing the AT&T Defendants here we include the AT&T, Cingular and BellSouth defendants as defined in footnotes 3 and 5 of the Joint Case Management Statement, docket 61-1.

presumably meaning that the unnamed NSA agent's declaration also explains what these carrier defendants are doing to preserve potentially relevant evidence.[4]

Given these small steps, it is not much more to require the defendants and intervenor to abide by the normal preservation duties applicable in complex litigation, as expressed in plaintiffs' proposed order. These duties are: 1) identification of the persons responsible at each defendant and the intervenor for ensuring that evidence is preserved; 2) the institution of a litigation hold; 3) a standard for preservation so that later disputes can be properly framed, and 4) the availability of sanctions if the parties breach their duty.

The Court may also wish to make more specific requirements of the carriers and government in an *ex parte*, *in camera* order (presented only to the affected parties), based on the presumably more specific information it has received from the government *in camera, ex parte*. Obviously, plaintiffs are not in a position to list the specifics of such a secret order, but it could ensure that the information reasonably needed to address plaintiffs' statutory and Constitutional claims is preserved (for instance, information related to the communications of ordinary citizens which pass through the split cables referenced in the Klein documents, which are admittedly not state secrets, and information sufficient to establish which call records belonging to which customers were turned over by which carriers at approximately which times).[5] Such a secret order could also eliminate the government's concern that the public order proposed by plaintiffs would leave them and the carriers without specific guidance about what to preserve. *See* Govt. Opp. at p.

---

[4] It seems strange that an unnamed NSA agent could give admissible evidence about what AT&T, Sprint, and Verizon defendants are doing individually to preserve relevant evidence. Given the range of information from each carrier that would be relevant in these cases, it is hard to imagine how one NSA declarant could credibly give admissible testimony about the preservation efforts taken by the individual carriers. While the *in camera* nature of the declaration makes it difficult to be sure, it seems that the unnamed NSA agent's declaration would appear, at best, to be hearsay about the efforts taken by the carriers, or perhaps not to address the actions taken by the carriers at all. If either of these is the case, we ask that the court require the carrier defendants to present their own declarations about efforts to preserve relevant evidence from individuals with appropriate knowledge.

[5] Given the uncertainty as to what information may be privileged and what information the court may have to examine in making that determination or as part of the 50 U.S.C 1806(f) process, the parties must preserve all evidence which might fall within the scope of discovery. *United States v. Reynolds*, 345 U.S. 1, 10 (1953) (Noting that a court may "require a complete disclosure to the judge before the claim of privilege will be accepted . . .")

11:20-12:2. What cannot be the case is the Catch-22 that the government wishes to impose on plaintiffs: on the one hand, that the state secrets privilege prevents a detailed factual determination of what should be preserved and on the other, that any order short of that cannot be imposed because it does not provide sufficient factual detail about what should be preserved.

Plaintiffs respectfully request that their motion be granted.

**ARGUMENT**

The government makes a two-part argument in opposition. The government's first argument fails because it incorrectly asserts that the applicable standard is the one articulated in a *non-complex* case from the Western District of Pennsylvania, *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 (W.D. Penn. 2004). *Capricorn Power* expressly distinguishes itself from complex litigation, stating:

> The Court recognizes that it has become routine to order the preservation of evidence prior to the beginning of the discovery period at the initial case management conference and sometimes even before such a conference in complex litigation. Manual for Complex Litigation, Fourth § 11.442. The circumstances of the three motions before the Court do not concern "complex" litigation nor are we at the initial stages of discovery with all of the attendant circumstances which are normally present in cases for which the Manual for Complex Litigation is intended to provide guidance. *Id* at §§ 10.1, 11.442. Therefore, the Court does not invoke any of the recommendations of that manual for the present analysis.

*Id*. at 434, n.2. Similarly, the government mistakenly relies on a Southern District of New York case, *Treppel v. Bovail Corp.*, 233 F.R.D. 363 (S.D.N.Y 2006), which concerned an alleged attempt to harm the reputation of an individual stock analyst. Plainly, that case was also not complex litigation.

As the plaintiffs explained in their opening brief, the proper place to look for assistance in determining whether an interim preservation order is appropriate in complex litigation such as this is the MCL. It says, "[b]efore discovery starts, and perhaps before the initial conference, the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litigation." MCL, Fourth § 11.442. As noted above, plaintiffs' proposed order is modeled on an interim preservation order designed to be used "[u]ntil the parties reach agreement on a preservation plan." MCL, Fourth § 40.25, item 3 (a). This seems to be the appropriate course until the Ninth Circuit decides the *Hepting* appeal, since

plaintiffs have agreed to forgo detailed discussions regarding a preservation plan until then.

The second part of the government's argument extends its erroneous reasoning, claiming that the motion "cannot be resolved without state secrets" because of the detailed inquiry involved. Govt. Opp. at p. 6:23. The government makes the "straw man" argument that resolving this motion would invariably disclose "intelligence sources and methods subject to the state secrets privilege." *Id*. at p. 10:19-22. Plaintiffs are not seeking a factually specific preservation order. As noted above, plaintiffs have expressly modeled their request on the MCL's "Interim Order Regarding Preservation", which is imposed *before* the parties engage in the factual discussion of a preservation plan. The *Capricorn Power* court observed that such orders are "routine" in complex cases. *Capricorn Power, supra* at 434, n.2. More importantly, though, such an order does not require the defendants to reveal *any* information whatsoever to plaintiffs, much less to reveal state secrets.

The risk of spoliation of evidence in a large, complex, litigation such as this is real, and plaintiffs' concerns are reasonable. Mindful of the state secrets privilege issue before the Ninth Circuit, plaintiffs seek a modest preservation order that would simply spell out the parties' legal obligations, require identification of responsible persons, and provide plaintiffs with clear recourse in the event that relevant evidence is destroyed. It may make sense for the Court to supplement plaintiffs' proposed public order with a more specific, *ex parte, in camera* Order to give the defendants and the intervenor more factually detailed assistance in carrying out their preservation duties.

Finally, the government maintains that no hearing should be held because the issues are "inherently factual." Plaintiffs disagree, and believe that the core of this dispute is about whether an interim preservation order is appropriate to ensure that evidence is not destroyed, not what a specific final preservation order should say. Because of this, plaintiffs respectfully submit that it may be helpful to the Court to have the parties before it to answer any questions.

## CONCLUSION

For the reasons stated above, the plaintiffs respectfully request this Court grant the plaintiffs' motion for an order to preserve evidence.

DATED: November 1, 2007

ELECTRONIC FRONTIER FOUNDATION

By ______________/s/______________________

Cindy A. Cohn, Esq. (SBN 145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

Additional Plaintiffs' Counsel on Executive Committee and Liaison Counsel:

ROGER BALDWIN FOUNDATION OF ACLU
HARVEY GROSSMAN
ADAM SCHWARTZ
180 North Michigan Avenue
Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760

PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
ELIZABETH J. CABRASER
BARRY R. HIMMELSTEIN
ERIC B. FASTIFF
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS

MOTLEY RICE LLC
RONALD MOTLEY
DONALD MIGLIORI
JODI WESTBROOK FLOWERS
JUSTIN KAPLAN
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS

GEORGE & BROTHERS, L.L.P.
R. JAMES GEORGE, JR.
DOUGLAS BROTHERS
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094

PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS

THE MASON LAW FIRM, PC
GARY E. MASON
NICHOLAS A. MIGLIACCIO
1225 19th St., NW, Ste. 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS

MAYER LAW GROUP
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, New Jersey 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

BRUCE I AFRAN, ESQ.
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
VAL PATRICK EXNICIOS
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

KRISLOV & ASSOCIATES, LTD.
CLINTON A. KRISLOV
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207

PLAINTIFFS' COUNSEL FOR
BELLSOUTH SUBSCRIBER CLASS

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.
STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

ANN BRICK
NICOLE A. OZER
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

LAURENCE F. PULGRAM
JENNIFER L. KELLY
CANDACE MOREY
AARON K. PERZANOWSKI
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ATTORNEYS FOR PLAINTIFFS
(*Campbell v. ATT Communications of California*, C-06-3596, and *Riordan v. Verizon Communications, Inc.,* C-06-3574)

PEGGY A. WHIPPLE (MO 54758)
JENNIFER HEINTZ (MO 57128)
P.O. BOX 360
Jefferson City, MO 65102

ATTORNEYS FOR MISSOURI PUBLIC SERVICE COMMISSION
(Plaintiffs in *Clayton v. AT&T*, 07-1187 and Defendants in *United States v. Gaw*, 07-1242)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

By /s/

Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org