ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
JAMES S. TYRE (083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333; Fax: 415/436-9993

THOMAS E. MOORE III (115107)
tmoore@moorelawteam.com
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone: 650/798-5352; Fax: 650/798-5001

RICHARD R. WIEBE (121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415/433-3200; Fax: 415/433-6382

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AT&T CORP.,*et al.*,

Defendants.

CASE NO. C-06-0672-VRW

**ADMINISTRATIVE MOTION BY PLAINTIFFS TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF KEVIN S. BANKSTON**

**[PROPOSED ORDER FILED CONCURRENTLY]**

CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

NATIONAL SECURITY AGENCY, *et al.*,

Defendants.

CASE NO. C-08-4373-CRB

[N.D. CAL Civ. L.R. 3-12, 7-11]

Dockets.Justia.com

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs hereby move the Court for an Order relating *Jewel, et al., v. NSA, et al.*, No. C-08-4373-CRB (hereinafter simply "*Jewel*") to *Hepting, et al. v. AT&T Corp. et al.*, No. C-06-0672-VRW (hereinafter simply "*Hepting*").

**APPLICABLE RULE**

Civil Local Rule 3-12 provides, in pertinent part: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

**THE RELATIONSHIP BETWEEN *JEWEL* AND *HEPTING***

On September 18, 2008, all four of the named Plaintiffs in *Hepting*, along with a fifth AT&T customer, Joice Walton, filed a complaint in the U.S. District Court for the Northern District of California in San Francisco. That complaint seeks damages on behalf of the named Plaintiffs, and equitable relief for a class of AT&T customers, against the U.S. government and its agencies, including the National Security Agency, as well as a number of current and former government officials in their official and/or personal capacities. As in *Hepting*, the Plaintiffs in this pending case, *Jewel*, allege that AT&T and the government have illegally collaborated in a program of surveillance of Plaintiffs' and class members telephone and internet communications and communications records ("the Program"), in violation of, *inter alia*, the U.S. Constitution, the Foreign Intelligence Surveillance Act ("FISA"), and the Electronic Communications Privacy Act ("ECPA"). *Hepting* originally was assigned to, and is still pending before, Chief Judge Vaughn R. Walker; *Jewel* has been assigned to Judge Charles R. Breyer.

*Jewel* and *Hepting* concern substantially the same parties. As already noted, all four named Plaintiffs in *Hepting* are also named Plaintiffs in *Jewel*; the Electronic Frontier Foundation serves as lead counsel for the Plaintiffs in both cases. Furthermore, the definition of the *Jewel* class is identical to the definition of the *Hepting* Nationwide Class:

> All individuals in the United States that are current residential subscribers or customers of AT&T's telephone services or Internet services, or that were

residential telephone or Internet subscribers or customers at any time after September 2001.[1]

*Hepting* named two AT&T entities as Defendants, while *Jewel* is exclusively against the United States, its agencies, and current and former U.S. government officials. However, the United States has intervened in *Hepting*, and has been an extremely active participant in that case. And although Plaintiffs have been advised by the Department of Justice ("DOJ") that attorneys in the Constitutional Torts section of the DOJ will represent individuals sued in their personal capacity in *Jewel*, it appears that the same Department of Justice attorneys representing the United States in *Hepting* will also represent the United States and its agencies and offices in *Jewel*.

In addition to concerning substantially the same parties, *Jewel* and *Hepting* concern substantially the same transactions and events. In particular, both cases allege the same facts: that in 2001 the President authorized a program of domestic surveillance without court approval or other lawful authorization, and that through this Program, the government illegally obtained and continues to obtain with AT&T's assistance the contents of Plaintiffs' and class members' telephone and Internet communications, as well as records concerning those communications. Discovery related to those allegations and the findings of fact required in both cases are therefore also substantially the same, leading to unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Furthermore, although the specific counts asserted in *Hepting* against the AT&T Defendants are not strictly identical to those against the government and its officials in *Jewel*, they do raise identical legal questions, *i.e.* and *e.g.*, whether the Program violated or violates Plaintiffs' rights under the U.S. Constitution, FISA and ECPA. Litigating those legal questions before different judges, as with the factual questions, will undoubtedly lead to unduly burdensome duplication of labor and expense by both Plaintiffs and the government, and would threaten to generate conflicting results.

---

[1] Although the same in substance, the class definition in *Jewel* varies slightly in form from the *Hepting* Nationwide Class definition: Because *Hepting* named AT&T entities as Defendants, while *Jewe*l does not, the *Hepting* definition refers to customers of "Defendants," while the definition in *Jewel* refers to customers of "AT&T." Additionally, *Hepting* includes a separate California Class not included in *Jewel*.

## NEED FOR ADMINISTRATIVE MOTION

As explained in more detail in the attached Declaration of Kevin S. Bankston, and as required by Civil Local Rule 7-11(a), counsel for Plaintiffs in both *Hepting* and *Jewel* have attempted but failed to secure a stipulation from counsel for the Government and government Defendants in *Hepting* and *Jewel*, for AT&T in *Hepting*, and for the personal capacity Defendants in *Jewel*. However, as detailed in the Bankston declaration, neither the Government nor AT&T oppose this motion. Counsel for the personal capacity Defendants in *Jewel* has indicated that because those Defendants have not yet been served with the *Jewel* complaint, their consent is irrelevant for this motion.

## CONCLUSION

The parties, transactions and events in *Hepting* and *Jewel* are substantially the same, and there is a substantial risk of unduly burdensome litigation, and, more important, of conflicting results, if *Jewel* is not related to *Hepting*. Plaintiffs therefore respectfully submit that *Jewel* can and should be related to *Hepting* pursuant to Civil Local Rule 3-12. Plaintiffs further direct the Court's attention to Rule 7.5(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. That rule provides that the assignment of potential "tag-along actions" such as *Jewel* to this court as a part of *In re National Security Agency Telecommunications Records Litigation*, MDL No. M:06-cv-01791-VRW (a proceeding that also includes *Hepting*) may be accomplished without any action on the part of the Panel on Multidistrict Litigation, and Plaintiffs respectfully ask for such assignment here.

DATED: October 21, 2008

By /s/

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
JAMES S. TYRE

454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

RICHARD R. WIEBE (121156)
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

THOMAS E. MOORE III (115107)
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone: (650) 798-5352
Facsimile: (650) 798-5001

Attorneys for Plaintiffs

## DECLARATION OF KEVIN BANKSTON

I, KEVIN S. BANKSTON, declare and state:

1. On Wednesday, October 1, 2008, I was informed by Plaintiffs' counsel and Electronic Frontier Foundation (EFF) Legal Director Cindy Cohn that she had spoken that morning with counsel for the government Defendants, Anthony Coppolino of the U.S. Department of Justice's Civil Division, who indicated that the government would not oppose relation of *Jewel* to *Hepting* or assignment of *Jewel* to the MDL. He further indicated to Ms. Cohn that based on a voicemail message he had received from AT&T counsel Bradford Berenson, he believed that AT&T would oppose, although he noted that the voicemail was somewhat garbled.

2. To seek clarity on the Government and AT&T's position on the matter, on Friday, October 3, 2008, I circulated via email to Mr. Coppolino and Mr. Berenson a copy of our draft motion to relate the cases, seeking their consent and requesting a response by Wednesday, October 8, 2008.

3. Mr. Berenson responded to me by email on Monday, October 6, 2008, stating in relevant part that:

> AT&T has reviewed your draft and decided that it will not oppose the motion. AT&T does not wish to join in the motion or to be represented as affirmatively consenting or stipulating, but you may represent that AT&T has no objection to the requested relief and does not oppose the motion. It is possible that after you file, AT&T may make a very short submission explaining its non-opposition.

4. After alerting me in a timely manner that there would be a slight delay in his response as he consulted with his clients, Mr. Coppolino responded to me by email on Thursday, October 9, 2008, stating in relevant part that:

> The Government Defendants sued in their official capacity in the *Jewel* case (08-cv-4373-CRB) do not oppose the relief requested in your administrative motion, made pursuant to Local Rule 3-12, for an Order relating *Jewel* to the *Hepting* case (06-cv-00672-VRW) and, in turn, for the assignment of *Jewel* to MDL 06-cv-1791-VRW pursuant to MDL Rule 7.5(a). Other than this consent, the Government Defendants do not agree to or adopt any statement or representation made in the motion itself.

5. Mr. Coppolino further explained in a subsequent email on October 9 that the appropriate contact regarding the personal capacity Defendants in Jewel was trial attorney Jim Whitman of the Constitutional Torts Section of the Torts Branch of the U.S. Department of

Justice's Civil Division. I emailed the draft motion to Mr. Whitman, along with our draft proposed order, that same day, seeking his consent on behalf of the Jewel personal capacity Defendants.

6. The next day, Friday, October 10, 2008, Mr. Whitman left a voicemail message for me indicating that because he had not yet secured authority to represent all of the individual personal capacity Defendants in Jewel, and because those Defendants had not yet been served with the Jewel complaint, he was unable to provide—and did not believe Plaintiffs required—the consent of those Plaintiffs.

7. Mr. Whitman summarized his voicemail in an email to me later that same day. In relevant part:

> To summarize, I do not yet have authority to represent all the individual Defendants in their personal capacity. With that, and because those Defendants have not yet been served in their personal capacity (for the same reason, I'm still working on getting authority to accept service on behalf of the Defendants), I am not in a position to oppose or not oppose Plaintiffs' motion to relate. In theory, I see no reason to oppose that motion, but I simply cannot make that representation at this time. So, since the individual Defendants are technically not "in the case" yet, I see no problem with Plaintiffs going forward with their motion to relate without obtaining the individual Defendants' consent (or, more accurately, non-opposition).

8. On Tuesday, October 14, 2008, I was informed by Plaintiffs' counsel and EFF Civil Liberties Director Jennifer Granick, who had been conferring with Mr. Whitman on service issues, that he had indicated to her by phone that afternoon that he had secured authority to represent the individual Jewel Defendants in their personal capacity and that he could accept service of Plaintiffs' motion to relate Jewel to Hepting, but again indicating that he could not and need not consent to such because the individual Defendants had not yet been served with the complaint.

9. Ms. Granick forwarded to me on October 14, 2008 an email from Mr. Whitman sent to her that same day summarizing their discussion, which stated in relevant part:

> As I indicated, I am now authorized to represent all of the individual Defendants in the *Jewel* case in their individual capacities…. [T]his [email] will confirm that I am authorized to accept service of Plaintiffs' motion to relate the case and motion to reassign it to the MDL on behalf of the individual Defendants. For that purpose, you can serve me … by e-mail at this e-mail address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 21, 2008

By /s/ Kevin S. Bankston
KEVIN S. BANKSTON
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

## PROOF OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled actions. My business address is 454 Shotwell Street, San Francisco, California 94110. On October 21, 2008, I served true and correct copies of the documents described as

- ADMINISTRATIVE MOTION BY PLAINTIFFS TO CONSIDER WHETHER CASES SHOULD BE RELATED; SUPPORTING DECLARATION OF KEVIN S. BANKSTON; and
- PROPOSED ORDER DEEMING CASES RELATED AND ASSIGNING *JEWEL* TO MDL Docket No 06-1791 VRW, IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION

BY EMAIL on JAMES WHITMAN, trial attorney, U.S. Department of Justice, Civil Division, Torts Branch, Constitutional Torts Section, counsel to the personal capacity Defendants in *Jewel, et al., v. NSA, et al.*, No. C-08-4373-CRB, by transmitting copies of the documents to James.Whitman@usdoj.gov, and

BY ELECTRONIC FILING using the Court's CM/ECF system on the parties to *Hepting, et al. v. AT&T Corp. et al.*, No. C-06-0672-VRW, counsel for whom includes counsel for the government Defendants in *Jewel*.

I declare that I am a member of the bar of this court at whose direction the service was made.

Executed on October 21, 2008, at San Francisco, California.

\s\ *Kevin S. Bankston*
KEVIN S. BANKSTON