Trone et al v. Peanut Corporation of America Doc. 385

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
DANIEL J. RICHERT #232208
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. MCNICHOLAS (admitted *pro hac vice*)
ERIC A. SHUMSKY #206164
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendant AT&T CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Dkt. No. 06-1791-VRW<br><br>**RESPONSE OF AT&T CORP. TO *HEPTING* PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE *JEWEL* TO *HEPTING* [Docket Nos. 383-84]**<br><br>[Civ. L.R. 3-12(e)]<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |
| This Document Relates To:<br><br>*TASH HEPTING, et al. v. AT&T CORP.*, No. C-06-0672-VRW | |



Dockets.Justia.com

This is the response of **AT&T CORP.** ("AT&T") to the "Administrative Motion by Plaintiffs to Consider Whether Cases Should Be Related; Declaration of Kevin Bankston," MDL Docket No. 383, filed Oct. 21, 2008.

*Jewel* is a case brought solely against the federal government and various government officials. *Hepting* is a case brought solely against AT&T and its parent (although the federal government intervened to assert the state secrets defense).

*Jewel* asserts 17 claims, at least nine of which do not appear in *Hepting*. *Hepting* asserts seven claims, only three of which appear in *Jewel*. (The numbers do not add up because some legal theories asserted as one count in *Hepting* appear in as many as four counts in *Jewel*.) Despite some "subject matter" overlap, the two cases raise different legal issues and may be met by very different defenses.

AT&T does not object to relating *Jewel* to *Hepting* so long as relating the two cases does not affect in any way the Court's briefing schedule (MDL Docket No. 381) for dispositive motions pursuant to the FISA Amendments Act of 2008, Pub. L. No. 110-261. The principal purpose of Title II of the FISA Amendments Act is to achieve a prompt dismissal of cases such as *Hepting* filed against carriers. It would frustrate congressional intent to let a procedural device such as a related-case motion delay the Court's consideration of dispositive motions filed pursuant to the FISA Amendments Act.

Dated: October 23, 2008.

PILLSBURY WINTHROP
SHAW PITTMAN LLP
BRUCE A. ERICSON
JACOB R. SORENSEN
MARC H. AXELBAUM
DANIEL J. RICHERT
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER*
BRADFORD A. BERENSON*
DAVID L. LAWSON*
EDWARD R. McNICHOLAS*
ERIC A. SHUMSKY
1501 K Street, N.W.
Washington, DC 20005

* admitted *pro hac vice*

By /s/ Bruce A. Ericson
Bruce A. Ericson

By /s/ Bradford A. Berenson
Bradford A. Berenson

Attorneys for Defendant AT&T Corp.